29. 11. 96  | EN |  Official Journal of the European Communities  No L 309/1

# I

*(Acts whose publication is obligatory)*

## COUNCIL REGULATION (EC) No 2271/96

### of 22 November 1996

### protecting against the effects of the extra-territorial application of legislation adopted by a third country, and actions based thereon or resulting therefrom

THE COUNCIL OF THE EUROPEAN UNION,

Having regard to the Treaty establishing the European Community, and in particular Articles 73c, 113 and 235 thereof,

Having regard to the proposal from the Commission,

Having regard to the opinion of the European Parliament (¹),

Whereas the objectives of the Community include contributing to the harmonious development of world trade and to the progressive abolition of restrictions on international trade;

Whereas the Community endeavours to achieve to the greatest extent possible the objective of free movement of capital between Member States and third countries, including the removal of any restrictions on direct investment — including investment in real estate — establishment, the provision of financial services or the admission of securities to capital markets;

Whereas a third country has enacted certain laws, regulations, and other legislative instruments which purport to regulate activities of natural and legal persons under the jurisdiction of the Member State;

Whereas by their extra-territorial application such laws, regulations and other legislative instruments violate international law and impede the attainment of the aforementioned objectives;

Whereas such laws, including regulations and other legislative instruments, and actions based thereon or resulting therefrom affect or are likely to affect the established legal order and have adverse effects on the interests of the Community and the interests of natural and legal persons exercising rights under the Treaty establishing the European Community;

Whereas, under these exceptional circumstances, it is necessary to take action at Community level to protect the established legal order, the interests of the Community and the interests of the said natural and legal persons, in particular by removing, neutralising, blocking or otherwise countering the effects of the foreign legislation concerned;

Whereas the request to supply information under this Regulation does not preclude a Member State from requiring information of the same kind to be provided to the authorities of that State;

Whereas the Council has adopted the Joint Action 96/668/CFSP of 22 November 1996 (²) in order to ensure that the Member States take the necessary measures to protect those natural and legal persons whose interests are affected by the aforementioned laws and actions based thereon, insofar as those interests are not protected by this Regulation;

Whereas the Commission, in the implementation of this Regulation, should be assisted by a committee composed of representatives of the Member States;

Whereas the actions provided for in this Regulation are necessary to attain objectives of the Treaty establishing the European Community;

Whereas for the adoption of certain provisions of this Regulation the Treaty does not provide powers other than those of Article 235,

---

(¹) Opinion delivered on 25 October 1996 (OJ No C 347, 18. 11. 1996).

(²) See page 7 of this Official Journal.

No L 309/2 | EN | Official Journal of the European Communities | 29. 11. 96

HAS ADOPTED THIS REGULATION:

### Article 1

This Regulation provides protection against and counteracts the effects of the extra-territorial application of the laws specified in the Annex of this Regulation, including regulations and other legislative instruments, and of actions based thereon or resulting therefrom, where such application affects the interests of persons, referred to in Article 11, engaging in international trade and/or the movement of capital and related commercial activities between the Community and third countries.

Acting in accordance with the relevant provisions of the Treaty and notwithstanding the provisions of Article 7 (c), the Council may add or delete laws to or from the Annex to this Regulation.

### Article 2

Where the economic and/or financial interests of any person referred to in Article 11 are affected, directly or indirectly, by the laws specified in the Annex or by actions based thereon or resulting therefrom, that person shall inform the Commission accordingly within 30 days from the date on which it obtained such information; insofar as the interests of a legal person are affected, this obligation applies to the directors, managers and other persons with management responsibilities (¹).

At the request of the Commission, such person shall provide all information relevant for the purposes of this Regulation in accordance with the request from the Commission within 30 days from the date of the request.

All information shall be submitted to the Commission either directly or through the competent authorities of the Member States. Should the information be submitted directly to the Commission, the Commission will inform immediately the competent authorities of the Member States in which the person who gave the information is resident or incorporated.

### Article 3

All information supplied in accordance with Article 2 shall only be used for the purposes for which it was provided.

Information which is by nature confidential or which is provided on a confidential basis shall be covered by the obligation of professional secrecy. It shall not be disclosed by the Commission without the express permission of the person providing it.

---

(¹) Information should be supplied to the following address: European Commission, Directorate General I, Rue de la Loi/Wetstraat 200, B — 1049 Brussels (fax (32-2) 295 65 05).

Communication of such information shall be permitted where the Commission is obliged or authorized to do so, in particular in connection with legal proceedings. Such communication must take into account the legitimate interests of the person concerned that his or her business secrets should not be divulged.

This Article shall not preclude the disclosure of general information by the Commission. Such disclosure shall not be permitted if this is incompatible with the original purpose of such information.

In the event of a breach of confidentiality, the originator of the information shall be entitled to obtain that it be deleted, disregarded or rectified, as the case may be.

### Article 4

No judgment of a court or tribunal and no decision of an administrative authority located outside the Community giving effect, directly or indirectly, to the laws specified in the Annex or to actions based thereon or resulting there from, shall be recognized or be enforceable in any manner.

### Article 5

No person referred to in Article 11 shall comply, whether directly or through a subsidiary or other intermediary person, actively or by deliberate omission, with any requirement or prohibition, including requests of foreign courts, based on or resulting, directly or indirectly, from the laws specified in the Annex or from actions based thereon or resulting therefrom.

Persons may be authorized, in accordance with the procedures provided in Articles 7 and 8, to comply fully or partially to the extent that non-compliance would seriously damage their interests or those of the Community. The criteria for the application of this provision shall be established in accordance with the procedure set out in Article 8. When there is sufficient evidence that non-compliance would cause serious damage to a natural or legal person, the Commission shall expeditiously submit to the committee referred to in Article 8 a draft of the appropriate measures to be taken under the terms of the Regulation.

### Article 6

Any person referred to in Article 11, who is engaging in an activity referred to in Article 1 shall be entitled to recover any damages, including legal costs, caused to that person by the application of the laws specified in the Annex or by actions based thereon or resulting therefrom.

29. 11. 96   EN   Official Journal of the European Communities   No L 309/3

Such recovery may be obtained from the natural or legal person or any other entity causing the damages or from any person acting on its behalf or intermediary.

The Brussels Convention of 27 September 1968 on jurisdiction and the enforcement of judgments in civil and commercial matters shall apply to proceedings brought and judgments given under this Article. Recovery may be obtained on the basis of the provisions of Sections 2 to 6 of Title II of that Convention, as well as, in accordance with Article 57 (3) of that Convention, through judicial proceedings instituted in the Courts of any Member State where that person, entity, person acting on its behalf or intermediary holds assets.

Without prejudice to other means available and in accordance with applicable law, the recovery could take the form of seizure and sale of assets held by those persons, entities, persons acting on their behalf or intermediaries within the Community, including shares held in a legal person incorporated within the Community.

*Article 7*

For the implementation of this Regulation the Commission shall:

(a) inform the European Parliament and the Council immediately and fully of the effects of the laws, regulations and other legislative instruments and ensuing actions mentioned in Article 1, on the basis of the information obtained under this Regulation, and make regularly a full public report thereon;

(b) grant authorization under the conditions set forth in Article 5 and, when laying down the time limits with regard to the delivery by the Committee of its opinion, take fully into account the time limits which have to be complied with by the persons which are to be subject of an authorization;

(c) add or delete, where appropriate, references to regulations or other legislative instruments deriving from the laws specified in the Annex, and falling under the scope of this Regulation;

(d) publish a notice in the *Official Journal of the European Communities* on the judgments and decisions to which Articles 4 and 6 apply;

(e) publish in the *Official Journal of the European Communities* the names and addresses of the competent authorities of the Member States referred to in Article 2.

*Article 8*

For the purposes of the implementation of Article 7 (b) and (c), the Commission shall be assisted by a Committee composed of the representatives of the Member States and chaired by the representative of the Commission.

The representative of the Commission shall submit to the committee a draft of the measures to be taken. The committee shall deliver its opinion on the draft within a time limit which the chairman may lay down according to the urgency of the matter. The opinion shall be delivered by the majority laid down in Article 148 (2) of the Treaty in the case of decisions which the Council is required to adopt on a proposal from the Commission. The votes of the representatives of the Member States within the committee shall be weighted in the manner set out in that Article. The chairman shall not vote.

The Commission shall adopt the measures envisaged if they are in accordance with the opinion of the committee.

If the measures envisaged are not in accordance with the opinion of the committee, or if no opinion is delivered, the Commission shall, without delay, submit to the Council a proposal relating to the measures to be taken. The Council shall act by a qualified majority.

If, on the expiry of a period of two weeks from the date of referral to the Council, the Council has not acted, the proposed measures shall be adopted by the Commission.

*Article 9*

Each Member State shall determine the sanctions to be imposed in the event of breach of any relevant provisions of this Regulation. Such sanctions must be effective, proportional and dissuasive.

*Article 10*

The Commission and the Member States shall inform each other of the measures taken under this Regulation and of all other relevant information pertaining to this Regulation.

*Article 11*

This Regulation shall apply to:

1. any natural person being a resident in the Community [1] and a national of a Member State,

---

[1] For the purposes of this Regulation, 'being a resident in the Community' means: being legally established in the Community for a period of at least six months within the 12-month period immediately prior to the date on which, under this Regulation, an obligation arises or a right is exercised.

2. any legal person incorporated within the Community,

3. any natural or legal person referred to in Article 1 (2) of Regulation (EEC) No 4055/86 (¹),

4. any other natural person being a resident in the Community, unless that person is in the country of which he is a national,

5. any other natural person within the Community, including its territorial waters and air space and in any aircraft or on any vessel under the jurisdiction or control of a Member State, acting in a professional capacity.

### Article 12

This Regulation shall enter into force on the day of its publication in the *Official Journal of the European Communities*.

This Regulation shall be binding in its entirety and directly applicable in all Member States.

Done at Brussels, 22 November 1996.

*For the Council*
*The President*
S. BARRETT

---

(¹) Council Regualation (EEC) No 4055/86 of 22 December 1986 applying the principle of freedom to provide services to maritime transport between Member States and between Member States and third countries (OJ No L 378, 31.12.1986, p. 1). Regulation as last amended by Regulation (EC) No 3573/90 (OJ No C 353, 17.12.1990, p. 16).

29. 11. 96    | EN |    Official Journal of the European Communities    No L 309/5

*ANNEX*

**LAWS, REGULATIONS AND OTHER LEGISLATIVE INSTRUMENTS** (¹)

referred to in Article 1

COUNTRY: UNITED STATES OF AMERICA

*ACTS*

1. 'National Defense Authorization Act for Fiscal Year 1993', Title XVII 'Cuban Democracy Act 1992', sections 1704 and 1706

   Required compliance:

   The requirements are consolidated in Title I of the 'Cuban Liberty and Democratic Solidarity Act of 1996', see below.

   Possible damages to EU interests:

   The liabilities incurred are now incorporated within the 'Cuban Liberty and Democratic Solidarity Act of 1996', see below.

2. 'Cuban Liberty and Democratic Solidarity Act of 1996'

   Title I

   Required compliance:

   To comply with the economic and financial embargo concerning Cuba by the USA, by, *inter alia*, not exporting to the USA any goods or services of Cuban origin or containing materials or goods originating in Cuba either directly or through third countries, dealing in merchandise that is or has been located in or transported from or through Cuba, re-exporting to the USA sugar originating in Cuba without notification by the competent national authority of the exporter or importing into the USA sugar products without assurance that those products are not products of Cuba, freezing Cuban assets, and financial dealings with Cuba.

   Possible damages to EU interests:

   Prohibition to load or unload freight from a vessel in any place in the USA or to enter a USA port; refusal to import any goods or services originating in Cuba and to import into Cuba goods or services originating in the USA, blocking of financial dealings involving Cuba.

   Title III and Title IV:

   Required compliance:

   To terminate 'trafficking' in property, formerly owned by US persons (including Cubans who have obtained US citizenship) and expropriated by the Cuban regime. (Trafficking includes: use, sale, transfer, control, management and other activities to the benefit of a person).

   Possible damages to EU interests:

   Legal proceedings in the USA, based upon liability already accruing, against EU citizens or companies involved in trafficking, leading to judgments/decisions to pay (multiple) compensation to the USA party. Refusal of entry into the USA for persons involved in trafficking, including the spouses, minor children and agents thereof.

---

(¹) Further information with regard to the aforementioned laws and regulations can be obtained from the European Commission, Directorate General I.E.3, Rue de la Loi/Wetstraat 200, B-1049 Brussels (fax: (32-2) 295 65 05).

3. 'Iran and Libya Sanctions Act of 1996'

   Required compliance:

   Not to invest in Iran or Libya any amount greater than USD 40 million during a period of 12 months that directly and significantly contributes to the enhancement of the Iranian or Libyan ability to develop their petroleum resources. (Investment covering the entering into a contract for the said development, or the guaranteeing of it, or the profiting therefrom or the purchase of a share of ownership therein.)

   *NB:*   Investments under contracts existing before 5 August 1996 are exempted.

   Respect of embargo concerning Libya established by Resolutions 748 (1992) and 883 (1993) of the Security Council of the United Nations [1].

   Possible damages to EU interests:

   Measures taken by the US President to limit imports into USA or procurement to USA, prohibition of designation as primary dealer or as repository of USA Government funds, denial of access to loans from USA financial institutions, export restrictions by USA, or refusal of assistance by EXIM-Bank.

*REGULATIONS*

1. 1 CFR (Code of Federal Regulations) Ch. V (7-1-95 edition) Part 515 — Cuban Assets Control Regulations, subpart B (Prohibitions), E (Licenses, Authorizations and Statements of Licensing Policy) and G (Penalties)

   Required compliance:

   The prohibitions are consolidated in Title I of the 'Cuban Liberty and Democratic Solidarity Act of 1996', see above. Furthermore, requires the obtaining of licences and/or authorizations in respect of economic activities concerning Cuba.

   Possible damages to EU interests:

   Fines, forfeiture, imprisonment in cases of violation.

---

[1] See Community implementation of those Resolutions through Council Regulation (EC) No 3274/93 (OJ No L 295, 30. 11. 1993, p. 1).