7.8.2018 EN Official Journal of the European Union L 199 I/7

## COMMISSION IMPLEMENTING REGULATION (EU) 2018/1101

### of 3 August 2018

**laying down the criteria for the application of the second paragraph of Article 5 of Council Regulation (EC) No 2271/96 protecting against the effects of the extra-territorial application of legislation adopted by a third country, and actions based thereon or resulting therefrom**

THE EUROPEAN COMMISSION,

Having regard to the Treaty on the Functioning of the European Union,

Having regard to Council Regulation (EC) No 2271/96 of 22 November 1996 protecting against the effects of the extra-territorial application of legislation adopted by a third country, and actions based thereon or resulting therefrom ([1]), and in particular the second paragraph of Article 5 thereof,

Whereas:

(1) Regulation (EC) No 2271/96 provides protection against and counteracts the unlawful effects of the extra-territorial application of some listed laws, including regulations and other legislative instruments adopted by third countries, and of actions based thereon or resulting therefrom, where such application affects the interests of natural and legal persons referred to in Article 11 of that Regulation engaging in international trade and/or the movement of capital and related commercial activities between the Union and third countries.

(2) Regulation (EC) No 2271/96 acknowledges that by their extra-territorial application, such laws, including regulations and other legislative instruments, violate international law.

(3) Pursuant to the first paragraph of Article 5 of Regulation (EC) No 2271/96, persons referred to in Article 11 of that Regulation shall not comply whether directly or through a subsidiary or other intermediary person, actively or by deliberate omission, with any requirement or prohibition, including requests of foreign courts, based on or resulting from such laws or from actions based thereon or resulting therefrom.

(4) However, the second paragraph of Article 5 of Regulation (EC) No 2271/96 allows persons referred to in Article 11 of that Regulation to request from the Commission an authorisation to fully or partially comply with such requirement or prohibition to the extent that non-compliance would seriously damage their interests or those of the Union.

(5) In order to provide legal certainty as well as to ensure the effective implementation of Regulation (EC) No 2271/96 while taking into account, in specific and duly justified circumstances, the risk of serious damages to the interests of the natural and legal persons referred to in Article 11 of that Regulation, it is necessary to lay down the criteria for the application of the second paragraph of Article 5 of Regulation (EC) No 2271/96.

(6) In view of the role of the Commission overseeing the uniform implementation of EU law including Regulation (EC) No 2271/96, the Commission will follow closely the application of the present Regulation and adopt any necessary adaptation based on its assessment of the implementation thereof.

(7) The main steps of the procedure following the submission to the Commission of an application for an authorisation to fully or partially comply with such requirement or prohibition should also be laid down.

(8) Any processing of personal data of natural persons under this Regulation should respect Regulation (EU) 2016/679 of the European Parliament and of the Council ([2]) and Regulation (EC) No 45/2001 of the European Parliament and of the Council ([3]).

(9) Applications pursuant to this Regulation should concern actions or omissions based on or resulting directly or indirectly from the application of the laws specified in the Annex to Regulation (EC) No 2271/96 or actions based thereon or resulting therefrom.

---

[1] OJ L 309, 29.11.1996, p. 1.
[2] Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation) (OJ L 119, 4.5.2016, p. 1).
[3] Regulation (EC) No 45/2001 of the European Parliament and of the Council of 18 December 2000 on the protection of individuals with regard to the processing of personal data by the Community institutions and bodies and on the free movement of such data (OJ L 8, 12.1.2001, p. 1).

L 199 I/8    EN    Official Journal of the European Union    7.8.2018

(10) The handling of an application shall be carried out as soon as possible.

(11) The measures provided for in this Regulation are in accordance with the opinion of the Committee on Extra-territorial Legislation and have been adopted pursuant to Regulation (EU) No 182/2011 of the European Parliament and of the Council (¹),

HAS ADOPTED THIS REGULATION:

### Article 1

### Subject-matter

This Regulation lays down the criteria for the application of the second paragraph of Article 5 of Regulation (EC) No 2271/96.

### Article 2

### Definitions

For the purposes of this Regulation, the following definitions apply:

(a) 'listed extra-territorial legislation' means the laws, regulations and other legislative instruments specified in the Annex to Regulation (EC) No 2271/96, including regulations and other legislative instruments based thereon or resulting therefrom;

(b) 'subsequent actions' means actions based on the listed extra-territorial legislation or resulting therefrom;

(c) 'non-compliance' means non-compliance by direct actions or deliberate omissions with requirements or prohibitions, including requests of foreign courts, based on or resulting, directly or indirectly, from the listed extra-territorial legislation or subsequent actions;

(d) 'protected interests' means the interest of any person referred to in Article 11 of Regulation (EC) No 2271/96, the interest of the Union or both;

(e) 'applicant' means any person referred to in Article 11 of Regulation (EC) No 2271/96 who applied for an authorisation referred to in the second paragraph of Article 5 of Regulation (EC) No 2271/96.

### Article 3

### Submission of applications

1. Applications for an authorisation referred to in the second paragraph of Article 5 of Regulation (EC) No 2271/96 shall be submitted in writing to:

European Commission  
Service for Foreign Policy Instruments  
EEAS 07/99  
B-1049 Brussels, Belgium  
EC-AUTHORISATIONS-BLOCKING-REG@ec.europa.eu

2. Applications shall include the name and contact details of the applicants, shall indicate the precise provisions of the listed extra-territorial legislation or the subsequent action at stake, and shall describe the scope of the authorisation that is being requested and the damage that would be caused by non-compliance.

3. The applicants shall provide in their application sufficient evidence that non-compliance would cause serious damage to at least one protected interest.

---

(¹) Regulation (EU) No 182/2011 of the European Parliament and of the Council of 16 February 2011 laying down the rules and general principles concerning mechanisms for control by Member States of the Commission's exercise of implementing powers (OJ L 55, 28.2.2011, p. 13).

7.8.2018 EN Official Journal of the European Union L 199 I/9

4. Where necessary, the Commission may request additional evidence from the applicants, which shall provide it within a reasonable period set by the Commission.

5. The Commission shall inform the Committee on Extra-territorial Legislation as soon as it receives applications.

*Article 4*

**Assessment of applications**

When assessing whether a serious damage to the protected interests as referred to in the second paragraph of Article 5 of Regulation (EC) No 2271/96 would arise, the Commission shall consider, inter alia, the following non-cumulative criteria, where appropriate:

(a) whether the protected interest is likely to be specifically at risk, based on the context, the nature and the origin of a damage to the protected interest;

(b) the existence of an ongoing administrative or judicial investigation against the applicant from, or a prior settlement agreement with, the third country which is at the origin of the listed extra-territorial legislation;

(c) the existence of a substantial connecting link with the third country which is at the origin of the listed extraterritorial legislation or the subsequent actions; for example the applicant has parent companies or subsidiaries, or participation of natural or legal persons subject to the primary jurisdiction of the third country which is at the origin of the listed extra-territorial legislation or the subsequent actions;

(d) whether measures could be reasonably taken by the applicant to avoid or mitigate the damage;

(e) the adverse effect on the conduct of economic activity, in particular whether the applicant would face significant economic losses, which could for example threaten its viability or pose a serious risk of bankruptcy;

(f) whether the applicant's activity would be rendered excessively difficult due to a loss of essential inputs or resources, which cannot be reasonably replaced;

(g) whether the enjoyment of the individual rights of the applicant would be significantly hindered;

(h) whether there is a threat to safety, security, the protection of human life and health and the protection of the environment;

(i) whether there is a threat to the Union's ability to carry out its humanitarian, development and trade policies or the external aspects of its internal policies;

(j) the security of supply of strategic goods or services within or to the Union or a Member State and the impact of any shortage or disruption therein;

(k) the consequences for the internal market in terms of free movement of goods, persons, services and capital, as well as financial and economic stability or key Union infrastructures;

(l) the systemic implications of the damage, in particular as regards its spill over effects into other sectors;

(m) the impact on the employment market of one or several Member States and its cross-border consequences within the Union;

(n) any other relevant factor.

*Article 5*

**Outcome of the application**

1. When, after completing the assessment referred to in Article 4, the Commission finds sufficient evidence that non-compliance would cause serious damage to the protected interests, the Commission shall expeditiously submit to the Committee on Extra-territorial Legislation a draft decision containing the appropriate measures to be taken.

2. If, after completing the assessment referred to in Article 4, the Commission does not find sufficient evidence that non-compliance would cause serious damage to the protected interests, the Commission shall submit to the Committee on Extra-territorial Legislation a draft decision rejecting the application.

3. The final decision shall be notified by the Commission to the applicant without delay.

L 199 I/10        EN        Official Journal of the European Union        7.8.2018

*Article 6*

**Data processing**

1. The Commission shall process personal data in order to carry out its tasks under this Regulation.

2. Any processing of personal data shall comply with Regulation (EU) 2016/679 and Regulation (EC) No 45/2001.

3. For the purposes of this Regulation, the Service for Foreign Policy Instruments is designated as 'controller' for the Commission within the meaning of Article 2(d) of Regulation (EC) No 45/2001, in order to ensure that the natural persons concerned can exercise their rights under that Regulation.

*Article 7*

**Entry into force**

This Regulation shall enter into force on the day of its publication in the *Official Journal of the European Union*.

This Regulation shall be binding in its entirety and directly applicable in all Member States.

Done at Brussels, 3 August 2018.

*For the Commission*
*The President*
Jean-Claude JUNCKER