UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUIS MANUEL RODRIGUEZ, *et al.*,

                Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

                Defendants.

Case No.: 1:20-cv-23287-DPG

## DEFENDANT IMPERIAL BRANDS PLC'S MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT WHILE THE COURT CONSIDERS IMPERIAL'S PENDING MOTION TO STAY

Defendant Imperial Brands plc ("Imperial") submits this motion, pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(A), for an extension of its deadline to respond to the complaint or otherwise move until after the Court has ruled on Imperial's pending motion to stay.[1] This extension is necessary to preserve the Court's ability to award meaningful relief in the event it grants the requested stay. In support, Imperial states as follows:

1. On August 19, 2020, Plaintiffs served Imperial with the summons and complaint in this lawsuit, through which they seek hundreds of millions of dollars in treble damages under Title III of the Helms-Burton Act, 22 U.S.C. §§ 6081-85. The action is based on allegations that Imperial is "trafficking" in real property—a factory in Cuba—that the Cuban government confiscated from Plaintiffs' ancestor in the 1960s. There is no nexus between Plaintiffs' claim and this forum.

---

[1] Imperial submits this motion subject to and without waiver of any of its defenses, including defenses as to jurisdiction. *Kramer v. MRT, LLC*, No. 9:07-cv-80931, 2008 WL 877211, at *2 (S.D. Fla. Apr. 1, 2008) (motion for extension of time does not waive Rule 12 defenses, "because a motion for extension of time is not a Rule 12 Motion or an Answer").

2. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), absent an extension, Imperial's response to the complaint would be due on September 9, 2020.

3. On August 28, 2020, Imperial sought a limited stay of this action to give the European Commission time to consider Imperial's expedited request for authorization to defend this litigation. ECF No. 14 ("Stay Motion"). As more fully explained in the Stay Motion, the European Commission takes the position that European Union ("EU") law prohibits EU companies like Imperial from participating in Title III lawsuits like this one—including by filing motions to dismiss—without the Commission's prior authorization. Violation of that prohibition is a criminal offense, punishable on indictment by an unlimited criminal fine. *Id.* ¶¶ 9-13. Accordingly, promptly after it was served herein, Imperial requested that the European Commission authorize Imperial to defend this lawsuit or, at a minimum, authorize Imperial in the first instance to file and litigate a motion to dismiss the complaint. *Id.* ¶¶ 3, 16. The Honorable Robert A. Scola, Jr. recently granted similar relief to that requested in the Stay Motion to an EU-based defendant in another Title III case that is pending in this District. *Id.* ¶ 23 & Ex. A.

4. Under Local Rule 7.1(c)(1), briefing on the Stay Motion will be completed on September 18, 2020, *i.e.*, *after* the usual September 9, 2020 deadline to respond to the complaint. Should the Court grant the relief requested in the Stay Motion, Imperial's response to the complaint would be due on the earlier of: (a) forty-five days after the European Commission grants Imperial's request for authorization, or (b) February 9, 2021. Stay Motion ¶ 17.

5. Imperial now seeks an extension of time to respond to the complaint or otherwise move while the Court considers the Stay Motion. This extension is necessary to preserve the Court's ability to grant the relief that Imperial seeks through the pending Stay Motion—a stay of Imperial's obligation to respond to the complaint until the European Commission grants Imperial's request for authorization, so that Imperial is not required to choose between (a) defying the

European Commission by moving to dismiss without first securing authorization to do so, and (b) risking (unwarranted) default proceedings if it fails to respond to the complaint by September 9, 2020. A default would be unwarranted here,[2] but based on Plaintiffs' refusal to agree to this extension, Imperial infers that, absent an order of the Court, Plaintiffs may bring meritless default proceedings if Imperial does not respond to the complaint while the Stay Motion is pending. Imperial should be allowed to receive the Court's ruling on its Stay Motion, free of the coercive threat of meritless default proceedings.

6. A movant for an extension of time must show "good cause." Fed. R. Civ. P. 6(b)(1)(A). When good cause is shown, an extension "should be liberally granted absent a showing of bad faith . . . or undue prejudice." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (ellipsis in original; citation and quotation marks omitted).

7. Here, good cause exists for the requested extension of time. The Stay Motion raises substantial issues of international comity that arise due to the conflict between Title III and EU law as implemented in the United Kingdom. Through the Stay Motion, Imperial seeks relief that

---

[2] Default judgments are warranted "only in extreme situations" due to the "usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (citation omitted). A default judgment would not be warranted here, even absent an extension of Imperial's deadline to respond to the complaint, given Imperial's pending motion to stay, *Edwards v. Yu*, No. 3:08-cv-561/LAC/EMT, 2010 WL 3002094, at *1 (N.D. Fla. June 28, 2010), *report and recommendation adopted*, No. 3:08-cv-561/LAC/EMT, 2010 WL 3002095 (N.D. Fla. July 29, 2010), and its request for European Commission authorization to defend this litigation, *Acoustic Innovations, Inc. v. Theatermax, LLC*, No. 05-80842-cv-RYSKAMP/VITUNAC, 2005 WL 8156016, at *2 (S.D. Fla. Nov. 30, 2005). A default would also be unwarranted for the further reason that there is no basis for the Court to exercise personal jurisdiction over Imperial, *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210 (11th Cir. 2009) (setting aside default judgment due to lack of personal jurisdiction); Stay Motion ¶ 3 n.1, and because the Court also lacks subject-matter jurisdiction, *see infra* n.3.

will avoid needlessly requiring it to choose between risking (a) criminal proceedings in its home jurisdiction and (b) default proceedings in the United States.

8. The Eleventh Circuit has cautioned that "[c]ourts and legislatures should take *every reasonable precaution*" to avoid subjecting participants in global commerce to "differing legal commands of separate sovereigns." *In re Grand Jury Proceedings*, 691 F.2d 1384, 1391 (11th Cir. 1982) (emphasis added; citation and quotation marks omitted). Affording Imperial an extension of time to move to dismiss the complaint while the Stay Motion is pending is a "reasonable precaution" the Court should take to maintain the status quo and avoid subjecting Imperial to differing legal commands of separate sovereigns while the Court adjudicates the Stay Motion.

9. Briefing on the Stay Motion will be completed on September 18, 2020. If the Court grants the relief requested in the Stay Motion, Imperial's response to the complaint will be due after the European Commission grants Imperial's request for authorization, with a longstop date of February 9, 2021. Stay Motion ¶ 17. But the Court will not be able to grant that relief unless Imperial's deadline to respond to the complaint is extended while the Stay Motion is pending. Therefore, an extension of time to respond to the complaint is required so that the Court will be able to grant meaningful relief if it decides that Imperial's Stay Motion should be granted.

10. Imperial does not seek this extension in "bad faith." *Lizarazo*, 878 F.3d at 1012. To the contrary, Imperial has acted in good faith by promptly seeking both (a) authorization to defend itself and (b) a limited stay of this action to give the European Commission time to consider the request for authorization. When authorized to do so, Imperial will defend this action robustly,

including, without limitation, by demonstrating that the Court lacks both personal and subject-matter jurisdiction.[3]

11. Finally, the requested extension will not cause plaintiffs "undue prejudice." *Lizarazo*, 878 F.3d at 1012. There is nothing emergent about the purely monetary relief that Plaintiffs seek, and Plaintiffs cannot plausibly argue that the extension requested is unreasonable, given that it took them almost sixteen months to file this lawsuit after Title III went into effect, and almost five months to file and serve the complaint on Imperial after they first threatened to do so. Stay Motion ¶¶ 14-15, 25-26. Moreover, the docket reflects that Plaintiffs have not even issued a summons for one of the defendants, further undermining any claim of urgency.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

In accordance with Local Rule 7.1(a)(3), Imperial has conferred with Plaintiffs' counsel about its request to extend its deadline to respond to the complaint until after the Court has ruled on Imperial's Stay Motion. Plaintiffs' counsel do not agree to the requested relief. Plaintiffs' counsel would agree only to extend Imperial's response deadline until seven days after the completion of *briefing* on the Stay Motion, regardless of whether the Court had ruled on the stay motion by then.

Counsel for other defendants as to which Plaintiffs have issued summonses and purported to serve process—WPP plc, Young & Rubicam LLC, and BCW LLC—consent to the relief requested by Imperial.

---

[3] *See, e.g.*, Order, *Cueto v. Pernod Ricard*, No. 1:20-cv-20157-KMW (S.D. Fla. Aug. 17, 2020), ECF No. 55 (dismissing Helms-Burton Title III case against foreign defendant for lack of personal jurisdiction) (attached as Ex. A hereto); *Del Valle v. Trivago GmbH*, No. 1:19-cv-22619-RNS, 2020 WL 2733729 (S.D. Fla. May 26, 2020) (same); *Glen v. American Airlines, Inc.*, No. 4:20-cv-482-A, 2020 WL 4464665 (N.D. Tex. Aug. 3, 2020) (dismissing Helms-Burton Title III case for lack of standing and, therefore, lack of subject-matter jurisdiction).

WHEREFORE, Imperial respectfully requests that the Court enter an order extending the deadline for Imperial to respond to the Complaint to the later of thirty (30) days from the date that the Court rules on Imperial Brands plc's Motion to Stay [DE 14] or the date set forth in the order on the Motion to Stay.

Dated: August 31, 2020
Miami, Florida

Respectfully submitted,

/s/ Mark Raymond
NELSON MULLINS BROAD AND CASSELL
Mark F. Raymond
Mark.Raymond@nelsonmullins.com
Jonathan Etra
Jonathan.Etra@nelsonmullins.com
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Telephone: 305-373-9425

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300

*Attorneys for Defendant Imperial Brands plc*