UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ,
MARIA TERESA RODRIGUEZ, a/k/a
MARIA TERESA LANDA,
ALFREDO RAMON FORNS,
RAMON ALBERTO RODRIGUEZ,
RAUL LORENZO RODRIGUEZ,
CHRISTINA CONROY, and
FRANCISCO RAMON RODRIGUEZ,

    Plaintiffs,

v.

IMPERIAL BRANDS PLC,
CORPORACIÓN HABANOS, S.A.,
WPP PLC, YOUNG & RUBICAM LLC,
and BCW LLC, a/k/a BURSON COHN &
WOLFE LLC,

    Defendants.

**MOTION TO JOIN STAY FOR DEFENDANT IMPERIAL BRANDS PLC BY
DEFENDANTS WPP PLC, YOUNG & RUBICAM LLC, AND BCW LLC**

    Defendants WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC a/k/a Burson Cohn & Wolfe LLC ("BCW") (collectively, "WPP Defendants") have reviewed Defendant Imperial Brands plc's ("Imperial") motion for a limited stay, ECF No. 14 ("Mot").[1] To promote judicial economy and facilitate efficient management of the litigation, WPP

---

[1] The WPP Defendants acknowledge the Court's requirement that in cases involving multiple defendants, where possible, the defendants move jointly. *See* Notice of Court Practice (ECF No. 4). In this instance, however, Imperial's motion was filed before the WPP Defendants appeared in this action. Even so, the WPP Defendants' request for stay joins the request previously filed by Imperial and seeks a stay only to the extent that the Court also determines that it is appropriate to stay these proceedings as to Imperial.

1

Defendants respectfully request that the Court stay the proceedings against them to the extent they are stayed against Imperial.

## BACKGROUND

Members of the Rodriguez family ("Plaintiffs") bring suit against Defendants for allegedly violating the Cuban Liberty and Democratic Solidarity Act of 1996 (known as the "Helms-Burton Act"), 22 U.S.C. § 6021 *et seq*. The statute purports to create a cause of action for damages against any person or entity who "knowingly and intentionally" "traffics" in property confiscated by the Cuban government from any U.S. citizen or company. 22 U.S.C. §§ 6023(13)(A), 6082(a). As well described by Imperial's motion, the extraterritorial reach of the Helms Burton Act caused "international uproar." *See* Mot. at 4 (quoting *Odebrecht Constr., Inc. v. Prasad*, 876 F. Supp. 2d 1305, 1311-12 (S.D. Fla. 2012)). In light of the negative foreign reaction, President Clinton suspended the right to bring suit under the Helms Burton Act shortly after the law's enactment.[2] Successive Republican and Democratic administrations continued to suspend this provision based on the determination that doing so was "necessary to the national interests of the United States" and would "expedite a transition to democracy in Cuba," *see* 22 U.S.C. § 6085, until President Trump allowed the suspension to expire in May 2019, *see* U.S. Dep't of State, *Sec. of State Michael R. Pompeo's Remarks to the Press* (April 17, 2019), https://www.state.gov/remarks-to-the-press-11/.

Plaintiffs allege that they own a claim to real property—a cigarette factory referred to in the complaint as the "RRHSC Property"—allegedly confiscated by the Cuban government in 1961. ECF No. 1 ("Compl.") ¶¶ 3, 40. The crux of Plaintiffs' allegations is that Defendants Imperial and Corporación Habanos S.A. ("Habanos") used the RRHSC Property to produce,

---

[2] *See* David E. Sanger, *Clinton Grants, Then Suspends, Right to Sue Foreigners on Cuba*, N.Y. Times (July 17, 1996), https://www.nytimes.com/1996/07/17/world/clinton-grants-then-suspends-right-to-sue-foreigners-on-cuba.html.

store, and ship cigars and other tobacco products without Plaintiffs' consent and without providing compensation.  *Id.* ¶ 6.  The complaint alleges that, today, the factory is "in the exclusive control of the Cuban government through Tabacuba [the Cuban tobacco company], Habanos and its joint venture partner, Imperial."  *Id.* ¶ 45.  Plaintiffs claim that Imperial did or will profit from the RRHSC Property by selling its joint venture stake in Habanos.  *Id.* ¶¶ 26, 52.

Plaintiffs do not claim that any WPP Defendant had an ownership interest in or control over the RRHSC Property.  Nor do Plaintiffs claim that any WPP Defendant made direct use of the RRHSC Property.  Rather, Plaintiffs allege that Y&R and BCW were hired by Imperial to publicize Habanos products and to establish "portals" on Twitter, YouTube, and Instagram for Imperial to market Habanos products.[3]  Compl. ¶¶ 8-10, 48.  WPP's supposed involvement in the alleged trafficking is solely through its corporate ownership of Y&R and BCW.  *Id.* ¶¶ 8, 10, 27, 32, 48.  Plaintiffs do not allege that Y&R, BCW, or WPP were aware that any products they allegedly marketed were made, stored in, or distributed from a property nationalized by the Cuban government.

## ARGUMENT

District courts have inherent authority to stay proceedings "to control the disposition of the causes on [their] docket with economy of time and effort for [themselves], for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "Stays of proceedings can promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions."  *Zia v. Citimortgage, Inc.*, No. 15-23026-CIV, 2016 WL 1230597, at *2 (S.D. Fla. Mar. 22, 2016) (Gayles, J.) (citing *Clinton v. Jones,* 520 U.S. 681, 706 (1997)).  Indeed, "[f]ederal courts routinely exercise their power to stay a proceeding where a stay would promote

---

[3] Although the complaint accuses Twitter, YouTube, and Instagram of also unlawfully "trafficking" in the cigar factory, Compl. ¶¶ 27-29, 48, these companies are not defendants here.

judicial economy and efficiency." *Cypress Chase Condo. Ass'n A v. QBE Ins. Corp.* No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)). The decision to stay a case is within the "broad discretion" of the district court. *Clinton*, 520 U.S. at 706; *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases.")

Imperial has moved for a limited stay until the European Commission rules on its pending request for authorization to defend itself in this litigation.[4] Imperial explains that such a stay is warranted to promote international comity and preserve scarce judicial resources, and is appropriate because it is limited in duration and does not prejudice Plaintiffs. Mot. at 9-13. A stay of proceedings against WPP Defendants—commensurate with any stay granted for Imperial—similarly preserves judicial resources. It also facilitates orderly management of the litigation.

*First*, the litigation is likely to involve legal issues common to Imperial and WPP Defendants. Imperial's motion for a limited stay anticipates several defenses to the complaint, including that "evidence from public sources reveals that the factory has been closed for the better part of a decade" and that Plaintiffs' claim is accordingly barred by the statute of

---

[4] Although the complaint alleges that WPP is a U.K.-incorporated entity, Compl. ¶ 21, the company is incorporated in the Bailiwick of Jersey. Jersey is a British Crown Dependency and not part of either the United Kingdom or the European Union (although it has significant relationships with each). Jersey has not yet implemented European Council Regulation 2271/96—discussed in detail in Imperial's motion—in Jersey territory. Accordingly, WPP is not obligated to seek authorization to defend itself in this litigation under the Regulation. The Regulation also does not require applications for authorization from Y&R or BCW, which are incorporated in Delaware. Compl. ¶¶ 22-23.

limitations. Mot. at 7.[5] Other recent Helms Burton cases have addressed purely legal issues that may also arise here. *See, e.g.*, *Glen v. Am. Airlines, Inc.*, No. 4:20-CV-482-A, 2020 WL 4464665, at *2-3 (N.D. Tex. Aug. 3, 2020) (dismissing case based in part on lack of Article III standing); *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-cv-23590, 2020 WL 1905219, at *10-11 (S.D. Fla. Apr. 17, 2020) (discussing interpretation of "trafficking" under the Helms Burton Act). Efficient use of judicial resources favors adjudicating any common legal questions at one time, rather than in serial motions brought by WPP, Y&R, and BCW and then, later, by Imperial. *Cf. Friends of the Everglades v. United States*, No. 08-21785-CIV, 2008 WL 11410108, at *2-3 (S.D. Fla. Nov. 7, 2008) (staying case as to all defendants pending the appeal of a related matter involving only some of the defendants).

*Second*, Plaintiffs allege that WPP, Y&R, and BCW's unlawful "trafficking" in the property arises from "assisting" Imperial, Habanos, and non-defendant Tabacuba in marketing and publicizing the Habanos products made, stored at, or shipped from the RRHSC Property. Compl. ¶ 56. All actions ascribed in the complaint to WPP Defendants were purportedly taken as part of Y&R and BCW's engagement by Imperial to undertake these marketing efforts, and all claims against WPP Defendants are therefore derivative of claims Plaintiffs allege against Imperial. Accordingly, it makes little sense for litigation to proceed against WPP, Y&R, and BCW while staying litigation against Imperial.

*Third*, the requested stay will not prejudice Plaintiffs. The complaint requests purely monetary relief, Compl. ¶¶ 63-64, and makes no claim that such relief is needed on an

---

[5] Imperial also asserts that it is likely to seek to dismiss the complaint based on lack of personal jurisdiction. Mot. at 2 n.1. Imperial explains that it is a U.K.-incorporated and U.K. headquartered company, and Plaintiffs' claim "does not arise out of or relate to any connection between Imperial and the forum." *Id.* Similarly, the only apparent connection between the forum, Plaintiffs' claim, and WPP Defendants—none of which is incorporated in or has its principal places of business in Florida—appears to be the residence of certain Plaintiffs. Compl. ¶¶ 27-30.

5

emergency basis.  Moreover, the stay proposed by Imperial is limited in duration:  to the earlier of forty-five days after the European Commission grants Imperial's request for authorization to defend the litigation, or February 9, 2021.[6]  *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264-65 (11th Cir. 2000) (vacating stay when the district court did not justify its "indefinite" duration).

For the foregoing reasons, WPP Defendants respectfully request a stay of proceedings commensurate with any stay granted to Imperial.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

In accordance with Local Rule 7.1(a)(3), WPP, Y&R, and BCW have conferred with Plaintiffs' counsel about their request to stay the proceedings commensurate with any stay granted to Imperial.  Plaintiffs' counsel does not agree to the requested relief.  Counsel for Imperial—the only other defendant as to which Plaintiffs have issued summonses and purported to serve process—consents to the relief requested.

---

[6] As explained in Imperial's motion, European Council Regulation 2271/96 prohibits European Union-incorporated companies from complying with any requirement or prohibition based on or resulting from the Helms-Burton Act or lawsuits filed under the Helms-Burton Act, unless the companies receive authorization from the European Commission.  Mot. at 5.  Violation of this Regulation is a criminal offense in the United Kingdom, where Imperial is incorporated.  *Id.* at 6.  Imperial must therefore receive authorization from the European Commission before participating in this lawsuit through a motion to dismiss, or risk criminal liability in the United Kingdom.  *Id.* at 8, 11-12.  It appears that Imperial filed an application for authorization with the European Commission on August 27, 2020.  ECF No. 15-1 (Decl. of Andrew Rhys Davies).

Date: August 31, 2020          *s/Naim S. Surgeon*
NAIM S. SURGEON
Florida Bar No. 101682
E-Mail: naim.surgeon@akerman.com
PEDRO FREYRE
Florida Bar No. 192140
E-Mail: pedro.freyre@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Tel: (305) 982-5507
Fax: (305) 374-5095

CHRISTOPHER DAVIES
(*pro hac vice*)
E-Mail: christopher.davies@wilmerhale.com
JESSICA LUTKENHAUS
(*pro hac vice*)
E-Mail: jessica.lutkenhaus@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363


Attorney for Defendants WPP PLC, YOUNG & RUBICAM LLC, and BCW LLC, a/k/a BURSON COHN & WOLFE LLC

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 31, 2020, I electronically filed the foregoing Motion to Join Stay for Defendant Imperial Brands plc By Defendants WPP plc, Young & Rubicam LLC, and BCW LLC with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

                                              *s/Naim S. Surgeon*
                                              Naim S. Surgeon