UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUIS MANUEL RODRIGUEZ, *et al.*,<br><br>                 Plaintiffs,<br><br>   v.<br><br>IMPERIAL BRANDS PLC, *et al.*,<br><br>                 Defendants. | Case No.: 1:20-cv-23287-DPG |

## DEFENDANT IMPERIAL BRANDS PLC'S OPPOSITION TO MOTION TO STRIKE THE DECLARATION OF ANDREW RHYS DAVIES

Defendant Imperial Brands plc ("Imperial") submits this opposition to Plaintiffs' Motion to Strike the Declaration of Andrew Rhys Davies [DE 41 ("Motion to Strike")].

### PRELIMINARY STATEMENT

1. Plaintiffs seek to strike a declaration [DE 15-1 ("Declaration")] filed in support of Imperial's pending motion for a time-limited stay of this action on international comity grounds, to afford the European Commission time to decide Imperial's application for authorization to defend this case. [DE 14 ("Stay Motion")]. As interpreted by the European Commission, EU law required Imperial to file such an application prior to moving to dismiss this case. *Id.* ¶ 10.

2. The Declaration informed the Court, based on the declarant's personal knowledge, that promptly after being served in this action, Imperial filed with the European Commission an application for authorization to defend itself in this action. Declaration ¶¶ 1, 4-5. Plaintiffs now ask the Court to strike the Declaration, complaining that it violates the hearsay and best-evidence rules.

3. The Motion to Strike should be denied, for four independently dispositive reasons. First, the Declaration is not a "pleading," and therefore cannot be stricken under the only rule that

authorizes motions to strike. Second, the Motion to Strike is untimely, because it was filed only after Plaintiffs had responded to the Stay Motion and Declaration. Third, the hearsay and best-evidence rules are inapplicable to the Stay Motion. Fourth, even if those rules were applicable, Plaintiffs mistakenly invoke them here. The Declaration is not hearsay, and it does not violate the best-evidence rule because the declarant has personal knowledge of the facts contained in it. In any event, the Motion to Strike is futile because the Stay Motion should be granted even if the Court were to disregard the Declaration. Regardless of the Declaration, the record shows that if Imperial were to respond to the Complaint without securing authorization, it would be defying the European Commission and risking criminal exposure in the United Kingdom.

## ARGUMENT

**A.      The Motion to Strike Should Be Denied Because It Is Procedurally Improper**

      **(i)      The Court lacks authority to strike a declaration**

      4.      Plaintiffs identify no authority for striking a declaration filed in support of a motion. Motions to strike are governed by Federal Rule of Civil Procedure 12(f), and are limited to "pleadings" as defined by Federal Rule of Civil Procedure 7(a). *Siegmund v. Xuelian*, 12-62539-cv, 2016 WL 1444582, at *4 (S.D. Fla. Apr. 11, 2016) (Gayles, J.) (declining to strike a motion), *aff'd*, 746 F. App'x 889, 891 n.2 (11th Cir. 2018). Declarations and affidavits are not pleadings. *See* Fed. R. Civ. P 7(a). Therefore, courts lack authority to strike them. *Foliar Nutrients, Inc. v. Plant Food Sys., Inc.*, 6:13-cv-748ORL37KRS, 2014 WL 12625978, at *1 (M.D. Fla. July 14, 2014) (denying motion to strike declaration); *see also Polite v. Dougherty Cty. Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) (affirming denial of motion to strike affidavit); *Silver Creek Farms, LLC v. Fullington*, 16-80353-CIV, 2018 WL 1967133, at *1 (S.D. Fla. Feb. 15, 2018) ("[A] motion to strike that is directed at filings other than pleadings is improper.").

### (ii) The Motion to Strike should be denied because it is untimely

5.      Even if a declaration were a pleading that could be stricken, Rule 12(f)(2) requires that a motion to strike be filed "before responding to the pleading." Plaintiffs did not file their Motion to Strike until September 15, 2020, four days *after* they responded to Imperial's Stay Motion, including the Declaration. [DE 39 at 2, 6]. A motion to strike should be denied when—as here—it is filed after a party has already responded to the pleading to be stricken. *Tracfone Wireless, Inc. v. Unlimited PCS, Inc.*, 12-cv-20013-UU, 2012 WL 12996615, at *1 (S.D. Fla. Mar. 14, 2012).

6.      Even though Plaintiffs first raised their evidentiary arguments in a September 5, 2020 filing [DE 36 ¶ 4], Plaintiffs did not contact Imperial's counsel to arrange a Local Rule 7.1(a)(3) meet and confer on their Motion to Strike until Friday, September 11, 2020, *i.e.*, the very last day to file that motion. Imperial's counsel was not available until Monday, September 14, 2020, and the meet and confer took place that day. Even if the Court were to forgive Plaintiffs' tardiness in seeking a meet and confer, Plaintiffs' September 11, 2020 opposition to the Stay Motion indicated that they understood their Motion to Strike would be due no later than September 14, 2020, *i.e.*, the day on which the meet and confer took place. [DE 39 at 6]. Inexplicably, Plaintiffs did not file the Motion to Strike until September 15, 2020.

### B. There Is No Basis for Plaintiffs' Hearsay and Best-Evidence Objections to the Declaration

### (i) Plaintiffs' evidentiary objections are inapplicable to the Stay Motion

7.      Plaintiffs assert hearsay and best-evidence-rule objections to the Declaration. As Imperial shows below, those evidentiary objections are ill-founded. Those evidentiary objections are also misplaced here because the Stay Motion presents a "preliminary matter to which the Federal Rules of Evidence do not apply." *Carasquero v. Intrepid Glob. Imaging 3D, Inc.*, 3:08-

cv-241-J-34JRK, 2010 WL 11507477, at *8 n.15 (M.D. Fla. July 2, 2010). Plaintiffs rely exclusively on cases involving motions *in limine* to exclude evidence from jury trials,[1] but unlike a jury, "'[a] district judge can be trusted in general . . . to give evidence its proper weight without regard to the technical rules of evidence.'" *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 14-22739-CIV-KING, 2016 WL 4055685, at *2 (S.D. Fla. July 19, 2016) (brackets and ellipses in original) (quoting *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1568 (7th Cir. 1987)).

8. Accordingly, a district court may, for example, rely on hearsay evidence in the context of a motion to remand, *Cordova v. Sensa Prods., LLC*, 11-cv-80835, 2011 WL 13160763, at *1 (S.D. Fla. Dec. 27, 2011), or a preliminary-injunction motion, *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). No reason exists to impose stricter evidentiary standards on the Stay Motion.

### (ii) Plaintiffs' hearsay and best-evidence-rule objections to the Declaration are also incorrect as a matter of law

9. The Declaration affirms, based on the affiant's personal knowledge, that, on August 27, 2020, eight days after being served in this matter, Imperial filed with the European Commission an application for authorization to defend itself, pursuant to Article 5 of Council Regulation (EC) No. 2271/96 [DE 14-2]. Declaration ¶¶ 1, 4. The Declaration informed the Court that the application primarily seeks blanket authorization to defend this lawsuit. *Id.* ¶ 5. In the interests of candor, the Declaration also informed the Court that, to guard against the risk of a blanket denial, the application seeks, in the alternative, at a minimum, authorization in the first instance to file and litigate a motion to dismiss the Complaint. *Id.*

---

[1]     *See* Motion to Strike ¶ 9 (citing *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 8:12-cv-691-T-24-MAP, 2014 WL 4983912, at *4-5, *8-9 (M.D. Fla. Oct. 6, 2014); *Middleby Corp. v. Hussmann Corp.*, 90 C 2744, 1993 WL 151290, at *1 (N.D. Ill. May 7, 1993)).

10. Plaintiffs have no genuine basis to question the veracity of the Declaration. Nor do they have any genuine interest in having it stricken. As Imperial has shown in the context of the Stay Motion [DE 45 ¶ 8], the requested stay should be granted in the interests of international comity *even if the Declaration were disregarded*. Regardless of the Declaration, the record demonstrates that Imperial would be defying the European Commission and exposing itself to the risk of criminal liability if it moved to dismiss without authorization. *A fortiori*, the elimination of paragraph 5 of the Declaration—the only portion about which Plaintiffs appear to have a complaint, Motion to Strike ¶¶ 7, 9—would not undermine the Stay Motion.

11. In any event, Plaintiffs' hearsay objection is baseless, as the Federal Rules of Civil Procedure permit a motion to be supported by a declaration. *See* Fed. R. Civ. P. 43(c); 28 U.S.C. § 1746. Here, the declarant has personal knowledge of the facts stated, Decl. ¶ 1, so could competently testify to the facts if required. Plaintiffs offer no support for their assertion that the Declaration was required to "explain the source of that knowledge," Motion to Strike ¶ 7, but counsel explained during the meet and confer that the declarant—as the principal counsel responsible for this matter—supervised the preparation and filing of the application.

12. Plaintiffs are equally mistaken with their "best evidence" rule objection. Motion to Strike ¶¶ 9-12. The best-evidence rule only requires the use of original documents "where the party presenting evidence seeks to prove the specific contents of a writing." *Telecom Tech. Servs. Inc. v. Rolm Co.*, 388 F.3d 820, 830 (11th Cir. 2004). It does not bar the use of testimonial evidence to show the occurrence of an event—here, that Imperial has sought authorization. *Id*. And the best-evidence rule does not "require production of a document simply because the document contains facts that are also testified to by a witness." *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994). "While the document itself may provide more detailed evidence as to precisely what

5

[was] represented in writing, the best evidence rule does not preclude declaratory evidence on the matter." *Jackson v. Nat'l Credit Sys., Inc.*, 1:16-cv-01029-ODE-WEJ, 2017 WL 2903353, at *3 n.9 (N.D. Ga. Feb. 27, 2017).[2]

13. Finally, there is no basis for Plaintiffs' footnoted assertion, Motion to Strike ¶ 11 n.1, that there is "no reason why" the Declaration was not filed with Imperial's Stay Motion. Although *Plaintiffs* have articulated no genuine interest in reviewing the application for authorization, *Imperial* has legitimate reasons for *not* filing it publicly. Under Article 3 of Regulation 2271/96 [DE 14-2], the authorization process is confidential. Another federal court aptly noted that a party would "make hash" of a similar EU confidentiality provision by disclosing the document to its adversary in U.S. litigation. *In re Qualcomm Antitrust Litig.*, 17-md-02773 LHK (NC), 2018 WL 10731128, at *2, 4 (N.D. Cal. Mar. 26, 2018) (declining to order production absent "a particularized showing of need"); *see also In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078 (N.D. Cal. 2007) (denying on comity grounds motion to compel disclosure of defendant's communications with the European Commission). No doubt, Plaintiffs would be pleased if public disclosure of Imperial's application undermined Imperial's request, but Imperial will not risk that outcome by disrespecting the confidentiality of the process. Moreover, under Article 5 of Regulation 2271/96 [DE 14-2], and as reflected in Section 6 of the official EU application form [DE 45-2], an applicant for authorization must disclose the "serious damage" it would suffer if not permitted to defend itself. Imperial has legitimate interests in not disclosing

---

[2] *See also Indus. Eng'g & Dev., Inc.*, 2014 WL 4983912, at *5 ("'[I]f a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document, however, then [the best-evidence rule] does not apply.'") (quoting *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648-49 (7th Cir. 2006)); *Exemar v. Urban League of Greater Miami, Inc.*, 585 F. Supp. 2d 1377, 1382 (S.D. Fla. 2008) (best-evidence rule "does not apply where a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document").

such information to its adversaries, and, as a public company, legitimate interests in not disclosing such nonpublic information more broadly.

14. Nevertheless, if the Court believes that it would be helpful to review the application, Imperial will voluntarily make it available for *in camera* review.

WHEREFORE, Imperial respectfully requests that the Court deny Plaintiffs' Motion to Strike.

Dated: September 22, 2020
      Miami, Florida

    Respectfully submitted,

/s/ *Mark F. Raymond*
NELSON MULLINS BROAD AND CASSEL
Mark F. Raymond
Mark.Raymond@nelsonmullins.com
Jonathan Etra
Jonathan.Etra@nelsonmullins.com
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Telephone: 305-373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (*admitted pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (*admitted pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300

*Attorneys for Defendant Imperial Brands plc*