UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, *et al.*,

                        Plaintiffs,

        v.

IMPERIAL BRANDS PLC, *et al.*,

                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**<u>MOTION TO DISMISS THE COMPLAINT</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ............................................................................................................................2

    A.    Title III of the Helms-Burton Act ...........................................................................2

    B.    The Complaint ..........................................................................................................4

ARGUMENT ..................................................................................................................................5

I.      PLAINTIFFS LACK ARTICLE III STANDING BECAUSE THIS LAWSUIT
      DOES NOT SEEK TO REMEDY ANY CONCRETE INJURY CAUSED BY
      DEFENDANTS ...........................................................................................................5

II.     THE COMPLAINT DOES NOT STATE A TITLE III CLAIM .......................................9

    A.    Because the Only Alleged Trafficking Occurred in 2010, It Is Apparent
        from the Face of the Complaint that the Claim Is Barred by the Statute of
        Repose ....................................................................................................................10

    B.    The Complaint Does Not Plead the "Trafficking" Element of a Title III
        Claim Because the Alleged Conduct Was Performed by Cuban Companies ........12

    C.    The Complaint Does Not Plead that Defendants Have Knowingly and
        Intentionally Trafficked in Confiscated Property to Which a United States
        National Owns a Claim ..........................................................................................13

    D.    The Complaint Does Not Plead the Ownership Element of a Title III
        Claim......................................................................................................................15

        1.    The Complaint does not allege that the RRHSC Property was
            confiscated from a United States national ................................................15

        2.    The Complaint also does not plead that Plaintiffs now own the
            claim they assert through this lawsuit .......................................................17

CONCLUSION...............................................................................................................................18

REQUEST FOR HEARING...........................................................................................................19

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aaron Priv. Clinic Mgmt. LLC v. Berry*,
   912 F.3d 1330 (11th Cir. 2019) ...............................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................9, 10, 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................9, 10, 13

*Bouton v. Ocean Props., Ltd.*,
   201 F. Supp. 3d 1341 (S.D. Fla. 2016) ...............................................................10

*Brown v. Gadsden Reg'l Med. Ctr. LLC*,
   748 F. App'x 930 (11th Cir. 2018) ...............................................................10

*Cordoba v. DIRECTV, LLC*,
   942 F.3d 1259 (11th Cir. 2019) ...............................................................8

*Crowder v. Delta Air Lines, Inc.*,
   963 F.3d 1197 (11th Cir. 2020) ...............................................................11

*Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*,
   1 So. 3d 400 (Fla. 3d DCA 2009) ...............................................................7

*Federal Republic of Germany v. Philipp*,
   141 S. Ct. 703 (2021)...............................................................................16, 17

*Garcia-Bengochea v. Carnival Corp.*,
   No. 1:19-cv-21725-JLK, 2020 WL 4590825 (S.D. Fla. July 9, 2020), *appeal
   docketed*, No. 20-12960 (11th Cir. Aug. 6, 2020) ...............................................................15

*Garcia-Bengochea v. Norwegian Cruise Line Holdings Ltd.*,
   No. 1:19-cv-23593-JLK, 2020 WL 5028209 (S.D. Fla. Aug. 25, 2020)................................13

*Garcia-Bengochea v. Royal Caribbean Cruises, Ltd.*,
   No. 1:19-cv-23592-JLK, 2020 WL 6081658 (S.D. Fla. Oct. 15, 2020), *appeal docketed*,
   No. 20-14251 (11th Cir. Nov. 10, 2020)...............................................................15

*Glen v. American Airlines, Inc.*,
   No. 4:20-cv-482-A, 2020 WL 4464665 (N.D. Tex. Aug. 3, 2020), *appeal
   docketed*, No. 20-10903 (5th Cir. Sept. 2, 2020) ........................................................... *passim*

*Glen v. Club Méditerranée S.A.*,
  365 F. Supp. 2d 1263 (S.D. Fla. 2005), *aff'd*, 450 F.3d 1251 (11th Cir. 2006)........................6

*Glen v. Club Méditerranée, S.A.*,
  450 F.3d 1251 (11th Cir. 2006) .................................................................. *passim*

*Gonzalez v. Amazon.com, Inc.*,
  No. 19-cv-23988, 2020 WL 1169125 (S.D. Fla. Mar. 11, 2020) ....................................13, 15

*Gonzalez v. Amazon.com, Inc.*,
  No. 20-12113, 2021 WL 510234 (11th Cir. Feb. 11, 2021) .............................................15, 18

*Gonsalvez v. Celebrity Cruise Lines Inc.*,
  750 F.3d 1195 (11th Cir. 2013) .................................................................10

*Havana Docks Corp. v. Carnival Corp.*,
  No. 19-cv-21724, 2020 WL 5517590, (S.D. Fla. Sept. 14, 2020) ...........................................7

*Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*,
  No. 19-cv-23591, 2020 WL 5217218 (S.D. Fla. Sept. 1, 2020) .........................................7, 13

*In re Healthsouth Corp. Sec. Litig.*,
  No. 98-J-2634-S, 2000 WL 34211319 (N.D. Ala. Dec. 13, 2000) ...........................................9

*In re Shek*,
  947 F.3d 770 (11th Cir. 2020) ...................................................................14

*Krys v. Pigott*,
  749 F.3d 117 (2d Cir. 2014)......................................................................13

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)...............................................................................5

*McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*,
  623 F. App'x 980 (11th Cir. 2015) ...............................................................10

*McCullough v. Finley*,
  907 F.3d 1324 (11th Cir. 2018) ............................................................... *passim*

*Muransky v. Godiva Chocolatier, Inc.*,
  979 F.3d 917 (11th Cir. 2020) (en banc) .............................................................6, 7

*Odebrecht Constr., Inc. v. Prasad*,
  876 F. Supp. 2d 1305 (S.D. Fla. 2012), *aff'd sub nom.*, *Odebrecht Constr., Inc.*
  *v. Sec'y, Florida Dept. of Transp.*, 715 F.3d 1268 (11th Cir. 2013)....................................2, 16

*Oxford Asset Mgmt., Ltd. v. Jaharis*,
  297 F.3d 1182 (11th Cir. 2002) ..................................................................11

*Parrish v. Consol. City of Jacksonville*,
   No. 3:04-cv-00986-TJC-HTS, 2005 WL 1500894 (M.D. Fla. June 22, 2005) ........................9

*Salcedo v. Hanna*,
   936 F.3d 1162 (11th Cir. 2019) ....................................................................................................7

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) ........................................................................................................................8

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ...............................................................................................................5, 6

*Thole v. U.S. Bank N.A.*,
   140 S. Ct. 1615 (2020) ..................................................................................................................9

*Trichell v. Midland Credit Mgmt., Inc.*,
   964 F.3d 990 (11th Cir. 2020) ..........................................................................................5, 6, 7, 8

*Trump v. Hawai'i*,
   138 S. Ct. 2392 (2018) ..................................................................................................................8

*United States v. Amodeo*,
   916 F.3d 967 (11th Cir.), *cert. denied*, 140 S. Ct. 526 (2019) ................................................17

*United States v. Belmont*,
   301 U.S. 324 (1937) ...............................................................................................................16, 17

*Universal City Studios v. Nissim Corp.*,
   Nos. 14-cv-81344-KAM, 14-cv-81349-KAM, 14-cv-81350-KAM,
   2015 WL 1124704 (S.D. Fla. Mar. 12, 2015) ......................................................................10, 13

*Wilding v. DNC Servs. Corp.*,
   941 F.3d 1116 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2828 (2020) ..................................8, 9

**Statutes**

22 U.S.C. § 6023(10) ............................................................................................................3, 12

22 U.S.C. § 6023(13) ............................................................................................................. *passim*

22 U.S.C. § 6023(15) .....................................................................................................................15

22 U.S.C. § 6081(1) .......................................................................................................................17

22 U.S.C. § 6081(2) ...................................................................................................................8, 16

22 U.S.C. § 6081(6)(B) ..................................................................................................................16

22 U.S.C. § 6081(8) .......................................................................................................................17

22 U.S.C. § 6081(9) ...................................................................................................................17

22 U.S.C. § 6081(11) ...............................................................................................................3, 16

22 U.S.C. § 6082(a)(1)(A) .................................................................................................3, 8, 9, 17

22 U.S.C. § 6082(a)(1)(B) .............................................................................................................3

22 U.S.C. § 6082(a)(3)(B) .............................................................................................................3

22 U.S.C. § 6082(a)(3)(C) ..........................................................................................................3, 8

22 U.S.C. § 6082(a)(4)(B) .........................................................................................................3, 17

22 U.S.C. § 6084 .......................................................................................................................3, 10

22 U.S.C. § 6085(a) .......................................................................................................................3

**Rules**

Fed. R. Civ. P. 9(b) .....................................................................................................................13

Fed. R. Civ. P. 12(b)(1)................................................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 9

**Other Authorities**

United States Dep't of State, Legal Considerations Regarding Title III of the
    Libertad Bill, 141 Cong. Rec. S15106 (Oct. 12, 1995) ...........................................................9

Defendant Imperial Brands plc ("Imperial"), and Defendants WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC a/k/a Burson Cohn & Wolfe LLC ("BCW") (collectively, "WPP Defendants"), submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss the Complaint dated August 6, 2020.

## PRELIMINARY STATEMENT

Plaintiffs sue under Title III of the Helms-Burton Act, 22 U.S.C. §§ 6081–85, seeking to recover the value of real property in Havana, Cuba that the Cuban Government allegedly confiscated in 1961. They seek that recovery, not from the Cuban Government, but rather from a British company, Imperial, on the basis that Imperial allegedly used the property in 2010 to manufacture, sell, market, and distribute hand-rolled Cuban cigars. Plaintiffs also seek recovery from the WPP Defendants on the grounds that they were allegedly hired to market Cuban cigars. Using the statutory terminology, Plaintiffs assert that Defendants "trafficked" in the confiscated real property. Under Title III, Plaintiffs claim, Defendants must pay them three-times the value of the property in 1961, plus six decades of compound interest. This claim fails as a matter of law, and it should therefore be dismissed at the outset.

In the separate motions being filed simultaneously herewith, Defendants show that dismissal is required because the Complaint pleads no basis for the exercise of personal jurisdiction by this Court. To the contrary, federal due process precludes the exercise of personal jurisdiction based on allegations of overseas conduct that is unconnected to the claim asserted in this lawsuit. For similar reasons, Congress lacks legislative jurisdiction to apply Title III to Defendants' non-U.S. alleged business activities.

In this submission, Defendants demonstrate that the Complaint should be dismissed on two bases. *First*, Plaintiffs lack Article III standing. Congress is powerless to authorize suit in the

absence of concrete harm caused by the defendant. Title III cannot therefore impose liability on Defendants based on their alleged use of or benefiting from real property in which Plaintiffs have no ownership interest. Nor can Title III require Defendants to remedy harm caused—not by Imperial's alleged use of the real property or by the WPP Defendants' marketing work—but by the Cuban Government's alleged confiscation of it decades earlier.

*Second*, the Complaint fails to state a Title III claim. It is apparent from the face of the Complaint that the claim is barred by the statute of repose, because the only alleged trafficking took place in or prior to 2010, well outside the two-year period preceding the filing of this case. And the Complaint fails to plausibly plead several essential elements of a Title III claim, including that Defendants knowingly and intentionally trafficked in property to which a United States national owns a claim, or, indeed, that Plaintiffs actually own the claim they purport to assert through this lawsuit.

## **BACKGROUND**

### A.   **Title III of the Helms-Burton Act**

Congress enacted Title III of the Helms-Burton Act, 22 U.S.C. §§ 6081–85, for the purpose of deterring foreign investment in and business with Cuba. *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251, 1255 (11th Cir. 2006). To that end, Title III purports to create a new "statutory right of action against any person or entity who traffics property confiscated by the Cuban government from any American citizen or company." *Odebrecht Constr., Inc. v. Prasad*, 876 F. Supp. 2d 1305, 1311 (S.D. Fla. 2012), *aff'd sub nom.*, *Odebrecht Constr., Inc. v. Sec'y, Florida Dept. of Transp.*, 715 F.3d 1268 (11th Cir. 2013).

The Cuban Government's acts of confiscation "divested" the former owners "of their ownership of the property." *Glen*, 450 F.3d at 1254–55. Title III does not invalidate those

confiscations or restore the former owners' property rights. *See id.* at 1255. Rather, Title III grants a "new statutory remedy," to "'United States nationals who were the victims of these confiscations,'" against those who traffic in the confiscated property. *Id.* (quoting 22 U.S.C. § 6081(11)); *see also* 22 U.S.C. § 6082(a)(1)(A).

The Title III statutory remedy is untethered to any harm caused or benefit derived by the alleged "trafficker." Rather, Title III purports to make the defendant trafficker liable for three-times the greater of (a) the property's value when the Cuban Government confiscated it, plus compound interest running from the date of confiscation, or (b) the property's present fair-market value. *Id.* § 6082(a)(1)(A)(i)(III), (1)(B), (3)(B), (3)(C)(ii).

For liability to attach under Title III, the plaintiff must have "acquire[d] ownership of the claim before March 12, 1996," *id.* § 6082(a)(4)(B), and the defendant must "traffic[]" in the confiscated property after November 1, 1996, *id.* §§ 6082(a)(1)(A), 6085(a). A Title III claim "may not be brought more than 2 years after the trafficking giving rise to the action has ceased to occur." *Id.* § 6084.

Trafficking consists of "knowingly and intentionally" committing certain acts with respect to confiscated property without the authorization of a United States national who holds a claim to the property. *Id.* § 6023(13)(A). The proscribed actions include possessing or using confiscated property, engaging in commercial activity using or otherwise benefiting from confiscated property, and causing, directing, participating in, and profiting from trafficking committed by another person. *Id.* Trafficking does *not* include "transactions and uses of property by a person who is both a citizen of Cuba and a resident of Cuba," unless that person is an official of the Cuban Government. *Id.* § 6023(10), (13)(B)(iv).

B.     **The Complaint**[1]

Plaintiffs assert a Title III claim concerning real property in Havana, Cuba (the "RRHSC Property") that the Cuban Government allegedly confiscated from a limited partnership, Ramón Rodríguez e Hijos Sociedad en Comandita ("RRHSC") in 1961. [DE 1 ("Compl.") ¶¶ 1, 3, 7, 40–41, 62]. Plaintiffs allege that a Cuban company, defendant Corporación Habanos, S.A. ("Habanos"), and/or the Cuban tobacco company, Tabacuba, have "trafficked" in the RRHSC Property within the meaning of Title III by using it to manufacture, sell, market, and distribute hand-rolled Cuban cigars. *Id.* ¶¶ 6–7, 20, 25–26, 45–46.

Plaintiffs further allege that, between 2007 and 2020, Imperial—a company incorporated and with its principal place of business in the United Kingdom—held an indirect fifty percent ownership interest in Habanos, *id.* ¶¶ 5, 19, 44, 51, with the other fifty percent owned directly or indirectly by Tabacuba, *id.* ¶ 20. By virtue of Imperial's interest in Habanos, Plaintiffs assert that Imperial, too, engaged in trafficking within the meaning of Title III. *Id.* ¶¶ 6–7, 20, 26, 48.

WPP—a company incorporated in the Bailiwick of Jersey and with its principal place of business in London—is allegedly involved in the trafficking solely through its corporate ownership of Y&R and BCW, which are two subsidiaries headquartered outside of Florida that Plaintiffs mistakenly[2] claim were hired by Habanos to publicize Habanos products and to establish "portals" on Twitter, YouTube, and Instagram for the marketing of those products.[3] *Id.*

---

[1]     The Complaint's non-conclusory factual allegations are assumed to be true for purposes of this motion only. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018).

[2]     Plaintiffs' mistaken claim that WPP's two U.S.-based subsidiaries were in any way involved in the marketing of Habanos products is addressed in the WPP Defendants' separate motion to dismiss.

[3]     The Complaint accuses Twitter, YouTube, and Instagram of also unlawfully "trafficking" in the RRHSC Property, Compl. ¶¶ 27–29, 48, but these companies are not defendants here.

¶¶ 8–10, 27, 32, 48. The Complaint does not allege that any of the WPP Defendants owned, leased, controlled, or made direct use of the RRHSC Property.

Plaintiffs assert that they own a Title III claim arising from the alleged trafficking of the RRHSC Property. *Id.* ¶¶ 4, 33, 55, 62. However, the Complaint alleges no facts supporting that contention. Plaintiffs assert that they are the "heirs and successors" of the late Ramón Rodríguez Gutiérrez. *Id.* ¶¶ 1, 14–18. But the Complaint contains no facts connecting Gutiérrez to RRHSC, the entity that allegedly owned the RRHSC Property when it was confiscated, and nothing explaining why Gutiérrez's heirs and successors would own a Title III claim pertaining to property that Gutiérrez is not himself alleged to have owned.

Based on these allegations, Plaintiffs demand that they be awarded the greater of (a) three-times the value of the RRHSC Property in 1961, when the Cuban Government confiscated it, plus compound interest running from that date, or (b) three-times the RRHSC Property's present value. *Id.* ¶ 63.

## **ARGUMENT**

## I.     **PLAINTIFFS LACK ARTICLE III STANDING BECAUSE THIS LAWSUIT DOES NOT SEEK TO REMEDY ANY CONCRETE INJURY CAUSED BY DEFENDANTS**

To withstand a motion to dismiss, a complaint must "'clearly allege facts demonstrating each element'" of Article III standing. *Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1336 (11th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). The "'irreducible constitutional minimum' of standing consists of three elements: [1] the plaintiff must have suffered an injury in fact, [2] the defendant must have caused that injury, and [3] a favorable decision must be likely to redress it." *Trichell v. Midland Credit Mgmt., Inc*., 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Here, Plaintiffs cannot plead the injury-in-fact or causation elements of Article III standing because this lawsuit does not seek to remedy any concrete harm caused by Defendants.

Congress has no "blanket power to authorize suit in the absence of harm." *Muransky v. Godiva Chocolatier, Inc*., 979 F.3d 917, 925 (11th Cir. 2020) (en banc). Therefore, a federal statutory claim must be dismissed unless—independent of the statute—the plaintiff can allege a "concrete" injury, *i.e.*, an injury that is "*de facto*," meaning "real, and not abstract." *Trichell*, 964 F.3d at 996 (quoting *Spokeo, Inc.*, 136 S. Ct. at 1548). To determine whether a statutory claim is supported by the requisite concrete injury, a court "must look to both history and the judgment of Congress." *Trichell*, 964 F.3d at 997 (citing *Spokeo, Inc.* 136 S. Ct. at 1549). Here, Plaintiffs allege no concrete injury independent of their statutory claim, so they lack standing.

Taking the "history" inquiry first, the Title III cause of action does not bear a "'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'" *Trichell*, 964 F.3d at 997 (quoting *Spokeo, Inc.* 136 S. Ct. at 1549). The "new statutory remedy" under Title III arises from a defendant's exploitation of property that the Cuban Government previously confiscated from the plaintiffs or their predecessors. *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251, 1254–55 (11th Cir. 2006). But by virtue of that very confiscation, a Title III plaintiff has no ownership interest in the property. *Id.* at 1254–55; *see also supra* at 2–3. Therefore, the Complaint correctly does not allege that Plaintiffs own the RRHSC Property. Compl. ¶ 4 & n.6. As another court in this District has noted, Title III claimants "may own a *claim* for compensation under U.S. law, but they do not *own* the expropriated land itself." *Glen v. Club Méditerranée S.A.*, 365 F. Supp. 2d 1263, 1269–71 (S.D. Fla. 2005) (emphases in original), *aff'd*, 450 F.3d 1251.

6

There is no close common-law analogue to such a claim. The nearest candidate—trespass—is not closely analogous, because it requires that the plaintiff have an ownership interest in the property. *Glen*, 450 F.3d at 1254–55 & n.1.[4] As the Eleventh Circuit recently held, a federal statutory claim is not closely related to a common-law trespass claim when—as here—the plaintiff "allege[s] no invasion of any interest in real property." *Salcedo v. Hanna*, 936 F.3d 1162, 1171 (11th Cir. 2019).[5] For that reason, as the court held in *Glen v. American Airlines, Inc.*, a Title III plaintiff cannot satisfy the injury-in-fact element of Article III standing. No. 4:20-cv-482-A, 2020 WL 4464665, at *2–3 (N.D. Tex. Aug. 3, 2020), *appeal docketed*, No. 20-10903 (5th Cir. Sept. 2, 2020).[6]

The "judgment of Congress" inquiry, too, confirms that there is no concrete injury here, because—as in *Trichell*—the Title III statutory remedy is untethered to any damage caused by Defendants' alleged trafficking. *Trichell*, 964 F.3d at 999–1000. Consistent with the legislative intention to remedy "[t]he wrongful confiscation or taking of property belonging to United States

---

[4]    For the same reason, Title III is not closely related to a common-law unjust enrichment claim. Like trespass, an unjust enrichment claim based on the improper use of property requires that the plaintiff have an ownership interest in the property. *Glen*, 450 F.3d at 1254–55 & n.1; *see also Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009) (unjust enrichment claim requires that the plaintiff "conferred a direct benefit upon" the defendant).

[5]    *See also Muransky*, 979 F.3d at 931–32 (federal statutory claim did not require a confidential relationship between the parties, and therefore was not closely related to common law breach of confidence claim); *Trichell*, 964 F.3d at 997–98 (federal statutory claim did not require proof of justifiable reliance or actual damages, and therefore was not closely related to a common law misrepresentation claim).

[6]    Failing to recognize that Title III plaintiffs have no ownership interest in confiscated property, two judges in this District have incorrectly held that Title III plaintiffs in cases before them had pleaded Article III standing by virtue of the defendants' alleged exploitation of such property. *Havana Docks Corp. v. Carnival Corp.*, No. 19-cv-21724, 2020 WL 5517590, at *6–11 (S.D. Fla. Sept. 14, 2020) (Bloom, J.); *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 19-cv-23591, 2020 WL 5217218, at *5–9 (S.D. Fla. Sept. 1, 2020) (Bloom, J.); Order at 16–18, *Cueto v. Pernod Ricard*, No. 1:20-cv-20157-KMW (S.D. Fla. Aug. 17, 2020), ECF No. 55 (Williams, J.).

nationals *by the Cuban Government*," 22 U.S.C. § 6081(2) (emphasis added), the Title III remedy is calculated by reference to the value of the RRHSC Property *the Cuban Government* confiscated six decades ago, Compl. ¶¶ 62–64; *see* 22 U.S.C. § 6082(a)(1)(A)(i), (3)(C).

As in *Trichell*, Plaintiffs lack standing because the Title III statutory remedy—three-times the value of the RRHSC Property—bears no relationship to the defendant's alleged misconduct, consisting here of Imperial's alleged use of the RRHSC Property to manufacture, market, sell, and distribute cigars and the WPP Defendants' alleged marketing activities. Vividly illustrating the disjunction, Plaintiffs allege that Imperial began trafficking in the RRHSC Property no earlier than 2007, Compl. ¶¶ 5, 30–31, 62, and that the WPP Defendants' trafficking did not begin until 2010, *id.* ¶¶ 9–10, 31, 49, 62. Yet Plaintiffs seek compound interest dating back to 1961, when the Cuban Government allegedly confiscated the RRHSC Property. *Id.* ¶¶ 3, 63. Plaintiffs lack standing because Title III does not remedy any concrete injury caused by Defendants' alleged conduct. *Trichell*, 964 F.3d at 999–1000.

For the same reason, Plaintiffs do not satisfy the causation element of Article III standing. To satisfy that element, plaintiffs "must allege that their injuries are 'connect[ed] with the conduct of which [they] complain.'" *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1125 (11th Cir. 2019) (brackets in original), *cert. denied*, 140 S. Ct. 2828 (2020) (quoting *Trump v. Hawai'i*, 138 S. Ct. 2392, 2416 (2018)). The causation element is not satisfied when—as here—the injury that is sought to be remedied was caused, not by the defendant, but rather by "'the independent action of some third party not before the court,'" *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)). The relief sought through this lawsuit—the value of the RRHSC Property—seeks to remedy the injury the Cuban Government caused through its 1961 confiscation. Compl. ¶¶ 3, 63. Here, as in

*Wilding*, it is particularly clear that Article III standing is lacking, because Defendants cannot have caused an injury that was suffered more than four decades before their alleged conduct began. *See Wilding*, 941 F.3d at 1126.

Finally, Plaintiffs do not plead that Defendants' alleged trafficking has caused them any other injury. As the Eleventh Circuit has recognized, the Cuban Government's confiscation left its prior owners with a "'claim to such property.'" *Glen*, 450 F.3d at 1255 (quoting 22 U.S.C. § 6082(a)(1)(A)). Whoever now owns that claim against the Cuban Government (Plaintiffs have not adequately pleaded that they do, *infra* at 15–18), there is no allegation that Imperial's alleged use of the RRHSC Property or the WPP Defendants' alleged marketing activities have impaired the claim's value. As the State Department informed Congress, the use of property that the Cuban Government previously confiscated "cannot affect Cuba's legal obligation to compensate U.S. claimants for their losses." United States Dep't of State, Legal Considerations Regarding Title III of the Libertad Bill, 141 Cong. Rec. S15106, S15106 (Oct. 12, 1995).[7] Plaintiffs lack standing when—as here—their interests are unaffected by the defendants' alleged conduct. *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1619 (2020).

## II.    THE COMPLAINT DOES NOT STATE A TITLE III CLAIM

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint's non-conclusory factual allegations must be "'enough to raise a right to relief above the speculative level.'" *McCullough v. Finley*, 907 F.3d 1324, 1335 (11th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It is not enough to allege facts that are "'merely consistent

---

[7]    The Court may take judicial notice of the legislative history of Title III as revealed by the congressional record. *Parrish v. Consol. City of Jacksonville*, No. 3:04-cv-00986-TJC-HTS, 2005 WL 1500894, at *1 n.1 (M.D. Fla. June 22, 2005) (taking judicial notice of legislative history of state statute); *In re Healthsouth Corp. Sec. Litig.*, No. 98-J-2634-S, 2000 WL 34211319, at *2 (N.D. Ala. Dec. 13, 2000) (taking judicial notice of congressional record).

with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, "[t]o state a plausible claim," the complaint must affirmatively allege facts that "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McCullough*, 907 F.3d at 1335 (brackets in original) (quoting *Iqbal*, 556 U.S. at 678).

### A.   Because the Only Alleged Trafficking Occurred in 2010, It Is Apparent from the Face of the Complaint that the Claim Is Barred by the Statute of Repose

A Title III claim "may not be brought more than 2 years after the trafficking giving rise to the action has ceased to occur." 22 U.S.C. § 6084. Here, the alleged trafficking consists of use of the RRHSC Property to manufacture, sell, market, and distribute Habanos products. Compl. ¶¶ 7, 55–56. However, the sole factual allegation on that topic—that Habanos was using the RRHSC Property in February 2010—predates the August 2020 filing of this action by more than a decade. Compl. ¶ 46. Accordingly, dismissal is required because "it is apparent from the face of the complaint that the claim is time-barred." *Gonsalvez v. Celebrity Cruise Lines Inc.*, 750 F.3d 1195, 1997 (11th Cir. 2013) (citation omitted).

Plaintiffs cannot circumvent Section 6084 by asserting upon "information and belief" that Habanos has continually used the RRHSC Property *since* 2010. Compl. ¶ 45. Such unadorned "information-and-belief" allegations are not credited on a motion to dismiss. *See Bouton v. Ocean Props., Ltd.*, 201 F. Supp. 3d 1341, 1347–48 (S.D. Fla. 2016); *Universal City Studios v. Nissim Corp.*, Nos. 14-cv-81344-KAM, 14-cv-81349-KAM, 14-cv-81350-KAM, 2015 WL 1124704, at *4–5 (S.D. Fla. Mar. 12, 2015).[8] Moreover, the only proffered support for that

---

[8]     *See also Twombly*, 550 U.S. at 551, 551–52, 557 (affirming dismissal of complaint based on factually unsupported "information-and-belief" allegations); *Brown v. Gadsden Reg'l Med. Ctr. LLC*, 748 F. App'x 930, 934 (11th Cir. 2018) (same); *McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 983 (11th Cir. 2015) (same)

assertion—photographs of the RRHSC Property from two websites, Compl. ¶¶ 45–46 & Exs. 6–7—reveals the assertion to be unsupported and implausible.[9] Although Plaintiffs do not acknowledge this to the Court, the websites—accessible through the hyperlinks included in Exhibits 6 and 7 to the Complaint—are clear that the photographs in Exhibit 6 were taken in February 2009. The photograph in Exhibit 7 is undated, but it obviously must pre-date the January 2013 blog entry in which it was published. Plaintiffs' speculative, unsupported contention that whatever use was being made of the RRHSC Property in the early years of the last decade continued beyond August 2018, two years before this action was filed, represents precisely the kind of "unwarranted deduction[] of fact[]" that must be disregarded on a motion to dismiss. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Further, it is irrelevant that Habanos allegedly retained agents including the WPP Defendants to promote Cuban cigars as recently as February 2020, Compl. ¶¶ 10, 31, 48–49, given Plaintiffs' inability to allege that Habanos has used the RRHSC Property to manufacture, market, sell, or distribute cigars at any time since the early part of the last decade. For the same reason, the allegation that Imperial disposed of its indirect interest in Habanos in 2020, Compl. ¶ 51, fails to plead trafficking in the Property. The Complaint establishes no connection between the RRHSC Property and any actionable, post-August 2018 conduct.

Finally, the Court should disregard the conclusory assertion, Compl. ¶ 59, that Defendants, "with the possible exception of Y&R," "continued to traffic in the confiscated RRHSC Property" after Plaintiffs sent their pre-suit notice. *McCullough*, 907 F.3d at 1333 (conclusory allegations must be disregarded); *see also Glen v. American Airlines, Inc.*, No. 4:20-cv-482-A, 2020 WL 4464665, at *6 n.3 (N.D. Tex. Aug. 3, 2020) ("*American Airlines*")

---

[9]     *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020) ("Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes.").

(disregarding conclusory allegation that Title III defendant continued trafficking after receipt of a pre-suit notice), *appeal docketed*, No. 20-10903 (5th Cir. Sept. 2, 2020).

**B.      The Complaint Does Not Plead the "Trafficking" Element of a Title III Claim Because the Alleged Conduct Was Performed by Cuban Companies**

"Trafficking" in confiscated property, as that term is defined in 22 U.S.C. § 6023(13), is an essential element of a Title III claim, 22 U.S.C. § 6082(a). The Complaint's allegations make clear that Plaintiffs cannot plead the trafficking element.

The Complaint posits that, due to its historical indirect fifty percent ownership interest in Defendant Habanos, Imperial should be held liable for trafficking allegedly committed by Habanos and/or by Habanos's other, Cuban shareholder, Tabacuba. Compl. ¶¶ 6–7, 20, 26, 30, 44–46, 48, 52, 55. The WPP Defendants' liability, too, flows entirely from the alleged trafficking by Habanos and/or Tabacuba. *See id.* ¶¶ 31–32, 48–50, 56 (alleging WPP Defendants acted as "agents" by marketing products made, stored, or distributed from the RRHSC Property).

However, trafficking does not include "transactions and uses of property by a person who is both a citizen of Cuba and a resident of Cuba, and who is not an official of the Cuban Government or the ruling political party in Cuba." 22 U.S.C. § 6023(13)(B)(iv). According to the Complaint, Habanos is "a Cuban joint venture corporation," *id*. ¶ 20, and Tabacuba is "the Cuban tobacco monopoly company," *id.* ¶ 6.[10] Therefore, Habanos and Tabacuba's alleged conduct does not constitute trafficking for which Imperial or the WPP Defendants could be liable.

---

[10]     There is and could be no allegation that either Habanos or Tabacuba is "an official of the Cuban Government or the ruling political party in Cuba," 22 U.S.C. § 6023(13)(B)(iv), which means "any member of the Council of Ministers, Council of State, central committee of the Communist Party of Cuba, or the Politburo of Cuba, or their equivalents," *id.* § 6023(10).

### C.   The Complaint Does Not Plead that Defendants Have Knowingly and Intentionally Trafficked in Confiscated Property to Which a United States National Owns a Claim

The trafficking element of a Title III claim consists of "knowingly and intentionally" transacting in confiscated property without the authorization of any United States national who holds a claim to the property. 22 U.S.C. § 6023(13). To plead that element, a complaint must allege that the defendant "kn[e]w that the property was confiscated by the Cuban government" and "intend[ed]" to traffic in confiscated property. *American Airlines,* 2020 WL 4464665, at *5–6 (citing *Gonzalez v. Amazon.com, Inc*., No. 19-cv-23988, 2020 WL 1169125, at *2 (S.D. Fla. Mar. 11, 2020)).

Here, as in *American Airlines* and in *Gonzalez*, the Complaint alleges no such facts. It parrots the statutory "knowingly and intentionally" language as to Imperial, *see, e.g.*, Compl. ¶¶ 47, 55, but such a "'formulaic recitation of the elements of a cause of action'" pleads no plausible claim, *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555).[11] Plaintiffs also are not assisted by their rhetorical assertion—devoid of factual support—that Imperial "knew" that Habanos "acquired its interest in and control over the Cuban tobacco industry and the RRHSC Property by 'nationalizing' assets when the rightful owners of the property fled the brutal Castro dictatorship." Compl. ¶ 44. As the court held in *American Airlines*, it is not sufficient to allege in this way that it is common knowledge that the Castro regime confiscated

---

[11]   Knowledge may be "averred generally," Fed. R. Civ. P. 9(b), but "plaintiffs must still plead the events which they claim give rise to an inference of knowledge." *Krys v. Pigott*, 749 F.3d 117, 129 (2d Cir. 2014) (citation and quotation marks omitted); *see also Universal City Studios*, 2015 WL 1124704, at *4–6.

Because the RRHSC Property is *not* the subject of a claim certified by the Foreign Claims Settlement Commission, Compl. ¶ 42, this case is different from others in which courts have ruled that the "knowingly and intentionally" element was sufficiently pleaded because publicly available Commission awards reflected confiscation from a U.S. national. *See Havana Docks. Corp.,* 2020 WL 5217218, at *3; *Garcia-Bengochea v. Norwegian Cruise Line Holdings Ltd.*, No. 1:19-cv-23593-JLK, 2020 WL 5028209, at *1–2 & n.1 (S.D. Fla. Aug. 25, 2020).

all property in Cuba. *American Airlines*, 2020 WL 4464665, at *6. If that allegation were sufficient, Title III's "knowingly and intentionally" element would be superfluous. *Id.*; *see also In re Shek*, 947 F.3d 770, 777 (11th Cir. 2020) (discussing the surplusage canon of statutory construction).

The Complaint's mischaracterization of an Imperial securities filing similarly falls far short of alleging that Imperial knew in 2007 that Habanos's "business was based on trafficking in property confiscated by the Cuban government," Compl. ¶ 30 & Ex. 4. That filing says only that Imperial "seek[s] to comply fully with international sanctions to the extent they are applicable to us," Compl. Ex. 4 at 3 of 5, and that, accordingly, employees of certain nationalities might be unable to participate in operations in sanctioned countries, such as Syria, Iran, and Cuba, *id*. It says nothing whatsoever about Habanos's business being "based on" confiscated property; much less does it show that Imperial knew that the RRHSC Property specifically was confiscated and nonetheless intentionally trafficked in it. 22 U.S.C. § 6023(13).

With respect to the WPP Defendants, Plaintiffs do not even offer formulaic allegations of knowledge. Plaintiffs do not allege that any WPP Defendant was aware that any products they allegedly marketed were made, stored in, or distributed from a property nationalized by the Cuban Government. Nor do Plaintiffs allege that WPP Defendants knew any use of the RRHSC Property occurred without the authorization of the Rodriguez family. Rather, Plaintiffs contend only that the WPP Defendants—as well as non-defendants Twitter, YouTube, and Instagram— "knowingly and intentionally" "act as agents" for Imperial, Habanos, and Tabacuba. *Id*. ¶¶ 48, 50. Such allegations plainly do not meet the statutory requirement that *trafficking* be knowing and intentional. *See* 22 U.S.C. § 6023(13).

14

Finally, the Complaint does not allege that Imperial or the WPP Defendants knew that a United States national held a claim to the RRHSC Property. Plaintiffs therefore fail to plead that any Defendant knowingly and intentionally failed to secure the required "authorization" of such U.S. national. *Id.* As the court observed in *Gonzalez*, a defendant's knowledge that goods are produced in Cuba "does not demonstrate that the Defendants knew the property was confiscated by the Cuban government *nor that it was owned by a United States citizen*." *Gonzalez*, 2020 WL 1169125, at \*2 (emphasis added).

**D.     The Complaint Does Not Plead the Ownership Element of a Title III Claim**

The Complaint fails in several independently dispositive ways to plead that Plaintiffs actually own the claim that they purport to assert here. The Complaint should therefore be dismissed, as several other Title III actions have been dismissed under similar circumstances. *See Gonzalez v. Amazon.com, Inc.*, No. 20-12113, 2021 WL 510234, at \*1–2 (11th Cir. Feb. 11, 2021); *Garcia-Bengochea v. Royal Caribbean Cruises, Ltd.,* No. 1:19-cv-23592-JLK, 2020 WL 6081658, at \*2–3 (S.D. Fla. Oct. 15, 2020), *appeal docketed*, No. 20-14251 (11th Cir. Nov. 10, 2020).[12]

**1.     The Complaint does not allege that the RRHSC Property was confiscated from a United States national**

The Complaint alleges that a limited partnership, RRHSC, owned the RRHSC Property at the time it was confiscated. Compl. ¶¶ 40–41. Yet it does not allege that the limited partnership was a United States national. *See* 22 U.S.C. § 6023(15) (legal entity is a United States national if it is incorporated in or has its principal place of business in the United States). Nor does the

---

[12]     *See also Garcia-Bengochea v. Carnival Corp.*, No. 1:19-cv-21725-JLK, 2020 WL 4590825, at \*1, 4 (S.D. Fla. July 9, 2020), *appeal docketed*, No. 20-12960 (11th Cir. Aug. 6, 2020); *American Airlines*, 2020 WL 4464665, at \*3–4.

Complaint allege that a United States national owned the limited partnership when it, too, was confiscated. Compl. ¶ 41.

Plaintiffs' failure to plead that the immediate victim of the alleged confiscation was a United States national, and not a Cuban national—information that should be readily available to them—is significant. Any taking by Cuba of property belonging to its *own* nationals implicates the domestic takings rule. With "deep roots not only in international law but also in United States foreign policy," the domestic takings rule provides that "'[w]hat another country has done in the way of taking over property of its nationals . . . is not a matter for judicial consideration here.'" *Federal Republic of Germany v. Philipp*, 141 S. Ct. 703, 709–11 (2021) (ellipsis in original) (quoting *United States v. Belmont*, 301 U.S. 324, 332 (1937)). Therefore, the Supreme Court recently held Germany immune from claims arising from expropriations the Nazi regime committed against German nationals because the Foreign Sovereign Immunities Act did not "purport[] to alter" the domestic takings rule. *Id.* at 711. Title III equally evinces no Congressional intention to abrogate the domestic takings rule by authorizing U.S. courts to adjudicate claims arising from takings the Cuban Government committed against its own nationals. To the contrary, Title III expressly is concerned with the Cuban Government's "wrongful confiscation of property belonging to United States nationals," 22 U.S.C. § 6081(2), and with the "claims of United States nationals who had property wrongfully confiscated," *id.* § 6081(6)(B). Title III therefore purports to create a remedy for "United States nationals who were the victims of these confiscations." *Id.* § 6081(11); *see also Odebrecht Constr., Inc. v. Prasad*, 876 F. Supp. 2d 1305, 1311 (S.D. Fla. 2012), *aff'd sub nom.*, *Odebrecht Constr., Inc. v. Sec'y, Florida Dept. of Transp.*, 715 F.3d 1268 (11th Cir. 2013). (Title III "creates a statutory

16

right of action against any person or entity who traffics property confiscated by the Cuban

government from any American citizen or company").[13]

### 2. The Complaint also does not plead that Plaintiffs now own the claim they assert through this lawsuit

Title III confers a cause of action on a "United States national who owns the claim to"

property that was confiscated by the Cuban government before March 12, 1996, provided "such

national acquires ownership of the claim before March 12, 1996." 22 U.S.C. §§ 6082(a)(1)(A),

(4)(B). The Complaint does not plead compliance with the statutory ownership requirement.

First, the Complaint asserts that the Plaintiffs inherited their claim directly or indirectly

from their ancestor, Ramón Rodriguez Gutiérrez, Compl. ¶¶ 14–18, but such assertions are

irrelevant in the absence of any allegation that Gutiérrez himself owned the claim. The

Complaint does not explain why Gutiérrez or his descendants would own a claim arising from

the alleged confiscation of the RRHSC Property from RRHSC. *Id.* ¶¶ 1, 40; *see United States v.

Amodeo*, 916 F.3d 967, 973 (11th Cir.) ("One who has no interest of his own at stake always

lacks standing.") (citation omitted), *cert. denied*, 140 S. Ct. 526 (2019). The Complaint

conspicuously lacks any description of Gutiérrez's relationship with RRHSC. Moreover, even if

Gutiérrez owned the claim, several of the Plaintiffs merely assert without any supporting facts

that they acquired their interests "by operation of law." Compl. ¶¶ 16, 18.[14] Such "labels and

---

[13]     Corroborating its exclusive focus on property expropriated *from United States nationals*, Congress enacted Title III in reliance on: (a) the property rights guaranteed by the United States Constitution, 22 U.S.C. § 6081(1), which are inapplicable to a foreign national's overseas property, *Belmont*, 301 U.S. at 332, and (b) international law, 22 U.S.C. § 6081(8), (9), which similarly is unconcerned with "what a country does to property belonging to its own citizens within its own borders," *Philipp*, 141 S. Ct. at 709.

[14]     The unexplained assertion that Raul Lorenzo Rodriguez, Francisco Ramon Rodriguez, and Christina Conroy inherited half of their claims "by operation of law," Compl. ¶ 18, illustrates the mischief of the Complaint's conclusory assertions of ownership. No facts are offered to explain the perplexing notion that half of the claim that belonged to Raul Bernardo Lupo

conclusions" should be disregarded "because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

Second, the claims of several Plaintiffs should be dismissed for the additional reason that the Complaint concedes that they acquired their claims after the March 12, 1996 statutory cutoff date. According to the Complaint, Plaintiff Alfredo Ramon Forns inherited his claim in 2013 (Compl. ¶ 16) and Plaintiffs Raul Lorenzo Rodriguez, Francisco Ramon Rodriguez, and Christina Conroy inherited their claims, at least in part, in 2019 (*id.* ¶ 18). The Eleventh Circuit has held that a Title III claim must be dismissed when—as here—the Complaint shows that the plaintiff "did not possess a claim to confiscated property until twenty years after the Helms-Burton Act's cutoff date." *Gonzalez*, 2021 WL 510234, at *1–2; *see also American Airlines*, 2020 WL 4464665, at *3–4 (dismissing Title III claim that plaintiff allegedly inherited after March 1996).

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should dismiss the Complaint, and grant such other and further relief as the Court may consider appropriate.

---

Rodriguez bypassed his widow and passed directly to his sons and granddaughter, Plaintiffs Raul Lorenzo Rodriguez, Francisco Ramon Rodriguez, and Christina Conroy, when he died in 1986. *Id.*

## <u>REQUEST FOR HEARING</u>

The Complaint raises novel issues. The first action under Title III of the Helms-Burton Act was filed in May 2019, and there is limited decisional law construing Title III. For this reason, Defendants request that the Court hold oral argument on this motion. Defendants estimate thirty minutes will be required for oral argument.

Dated: February 26, 2021

/s/ *Mark F. Raymond*
NELSON MULLINS BROAD AND
CASSEL
Mark F. Raymond
Mark.Raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: 305-373-9400


ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300

*Attorneys for Defendant Imperial Brands plc*

/s/ *Naim S. Surgeon*
AKERMAN LLP
Naim S. Surgeon
Florida Bar No. 101682
naim.surgeon@akerman.com
Pedro Freyre
Florida Bar No. 192140
pedro.freyre@akerman.com
3 Brickell City Centre
98 Southeast 7th St., Suite 1100
Miami, Florida 33131
Telephone: 305-982-5507


WILMER CUTLER PICKERING HALE AND
DORR LLP
Christopher Davies (admitted *pro hac vice*)
christopher.davies@wilmerhale.com
Jessica Lutkenhaus (admitted *pro hac vice*)
jessica.lutkenhaus@wilmerhale.com
Ashley McLaughlin Leen (*pro hac vice* pending)
ashley.leen@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendants WPP PLC, Young &*
*Rubicam LLC, and BCW LLC, a/k/a Burson*
*Cohn & Wolfe LLC*