UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, MARIA
TERESA RODRIGUEZ, a/k/a MARIA
TERESA LANDA, ALFREDO RAMON
FORNS, RAMON ALBERTO RODRIGUEZ,
RAUL LORENZO RODRIGUEZ,
CHRISTINA CONROY, and FRANCISCO
RAMON RODRIGUEZ,

    Plaintiffs,
v.

IMPERIAL BRANDS PLC,
CORPORACIÓN HABANOS, S.A., WPP
PLC, YOUNG & RUBICAM LLC, and
BCW LLC, a/k/a BURSON COHN &
WOLFE LLC,

    Defendants.
_____/

### DEFENDANT CORPORACIÓN HABANOS, S.A.'S
### CONSENT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT

Defendant Corporación Habanos, S.A. respectfully moves, pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(A) and Local Rule 7.1(d)(2), for an order extending its time to move or otherwise respond to the Complaint from Monday, March 29, 2021 to April 28, 2021, a thirty (30) days extension. Counsel for Plaintiffs and the other Defendants have authorized the undersigned to represent that they consent to the Court's granting this motion. No prior request for an extension of time has been made.[1]

---

[1] This motion is made without waiver of any defenses, including, without limitation, jurisdictional defenses. *See Kramer v. MRT, LLC*, Case No. 9:07-cv-80931, 2008 WL 877211, at *2 (S.D. Fla. Apr. 1, 2008) (motion for extension of time does not waive Rule 12 defenses, "because a motion for extension of time is not a Rule 12 Motion or an Answer").

1

Movant is confident that it will be able to meet the April 28, 2021 due date requested by this Motion.

In support, Corporación Habanos, S.A. states as follows:

1. On January 26, 2021, Corporación Habanos, S.A. received in Havana, Cuba via DHL a Summons, together with the Complaint. (ECF 66). The Summons provided that Corporación Habanos, S.A. must answer the Complaint or serve a motion under Fed. R. Civ. P. 12 within 60 days after service. Absent an extension, Corporación Habanos, S.A.'s answer or motion would be due on March 29, 2021, the first day that is not a Saturday or Sunday 60-days after service. *See* Fed. R. Civ. P. 6(a)(1)(C).

2. The Complaint asserts an action under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, Pub. L. No. 104-114, §§ 301–06 (1996), 22 U.S.C. §§ 6081–6085. In addition to Movant, the Complaint names as defendants two British companies, Imperial Brands plc and WPP plc, and two U.S. companies, Young & Rubicam LLC, and BCW LLC. Served well before the DHL delivery to Corporación Habanos, S.A., they filed motions to dismiss the action as to them on February 26, 2021 on jurisdictional and several other grounds.

3. Corporación Habanos, S.A. and its counsel have worked diligently to prepare a Motion to Dismiss the Complaint. Movant will seek dismissal:

    a. For lack of personal jurisdiction, both on the basis of the Complaint's facial inadequacy and on the basis of factual submissions to be made by Corporación Habanos, S.A. with the Motion;

    b. For lack of subject-matter jurisdiction;

    c. For failure to state a claim upon which relief may be granted; and

  d. For insufficient service of process, including on the ground that service by DHL is prohibited by Cuban law.

  4. Despite its strenuous efforts, and those of its counsel, Corporación Habanos, S.A. has been unable to complete its legal and factual submissions within sixty days of its receiving the Summons and Complaint, and must now seek a thirty-day extension of time to file its Motion to Dismiss. This is so for several reasons:

  a. COVID-19 restrictions in place in Cuba interfered with Corporación Habanos, S.A.'s access to its offices and documents, and other locations, to gather information relevant to the preparation of the Motion to Dismiss;

  b. Counsel is expecting to shortly receive, but, despite their and their client's diligent efforts, have not yet received declarations from third parties that Movant will introduce in support of its Motion to Dismiss for lack of personal jurisdiction. Once received, translation of the declarations and any accompanying documents will be necessary. The same is true with respect to the expert declaration on Cuban law concerning service of process that Movant will submit in support of its Motion to Dismiss for insufficient service of process.

  c. Counsel has not been able to travel to Cuba because of COVID-19 travel restrictions, as well as their own personal health concerns about the pandemic. This has substantially delayed preparation of the litigation. In representing Cuban clients in federal litigation, attorneys from Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., co-counsel for movant (applications for admission *pro hac vice* pending), have routinely traveled to Havana, Cuba, usually multiple times, in order to prepare the case in the most efficient manner.

  d. In its Motion to Dismiss, Corporación Habanos, S.A. will not only seek dismissal on purely legal grounds, but, with respect to personal jurisdiction, on the basis of factual

submissions as well, and, with respect to service, an expert declaration on Cuban law. Investigation and development of these grounds for dismissal has been unavoidably time-consuming.

5. The foregoing constitutes "good cause," as required by Fed. R. Civ. P. 6(b)(1)(A). When good cause is shown, an extension "should be liberally granted absent a showing of bad faith . . . or undue prejudice." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (ellipsis in original; citation and quotation marks omitted). Corporación Habanos, S.A. and its counsel have acted in good faith by diligently working to prepare Movant's Motion to Dismiss. Moreover, the requested extension will not cause Plaintiffs "undue prejudice," as the extension of time that is sought is brief (30 days) and Plaintiffs seek only monetary relief.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

In accordance with Local Rule 7.1(a)(3), Corporación Habanos, S.A. has conferred with Plaintiffs' counsel and counsel for the other Defendants, each of whom has authorized the undersigned to represent that they consent to the relief requested in this motion by Corporación Habanos, S.A.

WHEREFORE, Corporación Habanos, S.A. respectfully requests that the Court enter an Order extending the time for Corporación Habanos, S.A. to move or otherwise respond to the Complaint to April 28, 2021.

Dated: March 22, 2021                    Respectfully submitted,

*/s/ Charles M. Harris, Jr.*
Charles M. Harris, Jr.
Florida Bar No. 967459
E-mail: charris@trenam.com
Stephanie C. Lieb
Florida Bar No. 31806
E-mail: slieb@trenam.com

TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Tel.: (727) 896-7171
Fax: (727) 820-0835

Michael Krinsky
  (Application for Admission *Pro Hac Vice* Pending)
Lindsey Frank
  (Application for Admission *Pro Hac Vice* Pending)
Rabinowitz, Boudin, Standard, Krinsky &
Lieberman, P.C
14 Wall Street, Suite 3002
New York, New York 10005
(212) 254-1111
E-mail: mkrinsky@rbskl.com
E-mail: lfrank@rbskl.com

*Attorneys for CORPORACIÓN HABANOS, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed on March 22, 2021 with the Clerk of Court via CM/ECF which will send a notice of electronic filing and copy to the parties and counsel of record.

*/s/ Charles M. Harris, Jr.*
Attorney

5