UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, *et al.*,

        Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

        Defendants.

**MOVING DEFENDANTS'** *UNOPPOSED* **MOTION FOR AN ORDER SETTING COORDINATED MOTION TO DISMISS PROCEDURE AND BRIEFING SCHEDULE**

Defendants Imperial Brands plc ("Imperial"), WPP plc, Young & Rubicam LLC, BCW LLC (the "WPP Defendants"), and Corporación Habanos, S.A. ("Habanos") (collectively, the "Moving Defendants"), respectfully request that the Court enter an order providing for the following deadlines and procedures related to the Moving Defendants' responses to the Amended Complaint [D.E. 82] filed by Plaintiffs Luis Manuel Rodriguez, Maria Teresa Rodriguez, Alfredo Ramon Forns, Ramon Alberto Rodriguez, Raul Lorenzo Rodriguez, Christina Conroy, and Francisco Ramon Rodriguez (collectively, "Plaintiffs"). This motion is made subject to and without waiver of any of the Moving Defendants' defenses, including defenses based on lack of personal jurisdiction.

1.    On February 26, 2021, Imperial and the WPP Defendants moved jointly [D.E. 72] and individually [D.E. 71, 73] to dismiss the Complaint [D.E. 1] filed by Plaintiffs on August 6, 2020.

2.    Subject to all the Moving Defendants' defenses, including defenses as to personal

jurisdiction, the parties have agreed that the Amended Complaint filed on March 22, 2021 will be treated as though it had been filed no later than March 19, 2021, which, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), was the deadline for filing an amended complaint as of right in response to the prior motions to dismiss. The Amended Complaint will therefore be treated as the operative complaint.

3.  The Moving Defendants intend to move to dismiss the Amended Complaint. The Moving Defendants have conferred with Plaintiffs, who consent to the procedure proposed below. The Moving Defendants' proposal is comparable to the procedure this Court approved previously in this action [D.E. 68], except that the proposal now encompasses an additional defendant, Habanos.

4.  For the following reasons, the Moving Defendants respectfully submit that page limit expansions and joint briefing on common issues are necessary and appropriate:

   i.  Local Rule 7.1(c)(2) limits motions and their incorporated memoranda of law to twenty (20) pages absent approval from the Court.

   ii. This Court's Notice of Court Practice [D.E. 9] instructed the parties to file joint motions unless there are clear conflicts of position.

   iii. The Amended Complaint raises novel issues. The first action under Title III of the Helms-Burton Act was filed in May 2019, and there is limited decisional law construing Title III.

   iv. The Moving Defendants have conferred and have agreed to move jointly on all grounds for dismissal that do not require individualized argument. The joint grounds for dismissal include lack of subject matter jurisdiction (Plaintiffs lack Article III standing), and that the Amended Complaint does not plausibly plead a Title III claim.

      v.    The Moving Defendants also intend to move for dismissal on the grounds that they cannot be subjected to personal jurisdiction in this forum and that Title III cannot constitutionally be applied to them based on their respective alleged conduct, as well as on other grounds, but because those issues are inherently individualized, Imperial (individually), the WPP Defendants (together), and Habanos (individually), propose to file separate briefs on those issues. The Moving Defendants do not require an extension of the ordinary page limit for their individual briefs.

      vi.    In order to comply with the Court's joint-briefing requirement, and in light of the substantial jurisdictional, constitutional, and pleading issues raised by the Amended Complaint, the Moving Defendants request an additional number of pages beyond the applicable page limit, to fully and adequately address the joint arguments outlined above.

      vii.    Based on the foregoing, the Moving Defendants respectfully request permission to exceed the page limit by five (5) pages for their joint motion, and thereby file a joint motion and incorporated memorandum of law for a total of no more than twenty-five (25) pages. The Moving Defendants further request that they be permitted to file three separate motions and memoranda of law on their individualized arguments, as outlined above (one by Imperial, one by the WPP Defendants (together), and one by Habanos), each of which will total no more than twenty (20) pages.

5.    In an effort to move forward expeditiously now that an Amended Complaint has been filed, the Moving Defendants have conferred and respectfully request that the Court order the following deadlines and adopt the following procedures:

      i.    The Moving Defendants shall move to dismiss the Amended Complaint on or before April 28, 2021.

      ii.      Plaintiffs shall respond to the Moving Defendants' joint motion to dismiss and their separate motions to dismiss on individualized arguments by May 28, 2021. Plaintiffs' response to the joint motion shall not exceed twenty-five (25) pages, and Plaintiffs' responses to the three separate motions shall not exceed twenty (20) pages each.

      iii.      The Moving Defendants shall be permitted to file reply briefing by June 18, 2021, as follows: a reply in support of their joint motion not to exceed fifteen (15) pages, and separate replies in support of their motions to dismiss on individualized arguments not to exceed ten (10) pages each.

6.      For these reasons, Moving Defendants respectfully request that the Court enter an order: (1) granting this Motion; and (2) entering the proposed order, attached as Exhibit A, adopting the briefing schedule and other procedures set forth in this Motion.

**LOCAL RULE 7.1(A)(3) CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for the Moving Defendants certify that they conferred on behalf of the Moving Defendants with counsel for Plaintiffs on March 26, 2021, in a good faith effort to resolve the issues raised in this Motion. Plaintiffs agree to the briefing schedule and page limits sought herein.

Dated: March 30, 2021

Respectfully submitted,

/s/ *Mark F. Raymond*
NELSON MULLINS BROAD AND CASSEL
Mark F. Raymond
Mark.Raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: (305) 373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300

*Attorneys for Defendant Imperial Brands plc*

/s/ *Naim S. Surgeon*
AKERMAN LLP
Naim S. Surgeon
Florida Bar No. 101682
naim.surgeon@akerman.com
Pedro Freyre
Florida Bar No. 192140
pedro.freyre@akerman.com
3 Brickell City Centre
98 Southeast 7th St., Suite 1100
Miami, Florida 33131
Telephone: (305) 982-5507

WILMER CUTLER PICKERING HALE AND DORR LLP
Christopher Davies (admitted *pro hac vice*)
christopher.davies@wilmerhale.com
Jessica Lutkenhaus (admitted *pro hac vice*)
jessica.lutkenhaus@wilmerhale.com
Ashley McLaughlin Leen (admitted *pro hac vice*)
ashley.leen@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendants WPP plc, Young & Rubicam LLC, and BCW LLC, a/k/a Burson Cohn & Wolfe LLC*

5

/s/ *Charles Murray Harris, Jr.*
TRENAM KEMKER SCHARF BARKIN
FRYE O'NEILL & MULLIS
Charles Murray Harris, Jr.
charris@trenam.com
Stephanie Crane Lieb
slieb@trenam.com
101 E Kennedy Boulevard
Tampa, FL 33601-1102
Telephone: (727) 820-3950

RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.
Michael R. Krinsky (*pro hac vice* pending)
mkrinsky@rbskl.com
Lindsey Frank (*pro hac vice* pending)
lfrank@rbskl.com
14 Wall Street, Suite 3002
New York, NY 10005
Telephone: (212) 254-1111

*Attorneys for Defendant Corporación Habanos, S.A.*