UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287(DPG)(AMO)

LUIS MANUEL RODRIGUEZ, et al.,

                        Plaintiffs,

v.

IMPERIAL BRANDS PLC, et al.,

                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND
TO STAY/EXTEND PLAINTIFFS' TIME TO RESPOND TO
DEFENDANTS WPP PLC, YOUNG & RUBICAM LLC AND BCW LLC'S
MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.      JURISDICTIONAL DISCOVERY IS APPROPRIATE IN THIS MATTER . . . . 6

    II.     PLAINTIFFS REQUIRE JURISDICTIONAL DISCOVERY TO REBUT DEFENDANTS' CLAIMS THAT THEY ARE NOT SUBJECT TO SPECIFIC JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            A. The Plaintiffs are Entitled to Jurisdictional Discovery from BCW . . . . 8

            B. The Plaintiffs are Entitled to Jurisdictional Discovery from Y&R . . . 10

    III.    PLAINTIFFS REQUIRE JURISDICTIONAL DISCOVERY TO REBUT DEFENDANTS' ASSERTION THAT DEFENDANTS ARE NOT SUBJECT TO GENERAL JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

REQUEST FOR HEARING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## **TABLE OF AUTHORITIES**

**STATUTES**:

Fla. Stat. Ann. § 48.193(1)(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**CASES**:

*Ash v. Royal Caribbean Cruises Ltd.*,
     No. 13-20619-CIV, 2013 WL 12122147, at *1 (S.D. Fla. June 11, 2013) . . . . . . . . . . . 10

*Eaton v. Dorchester Dev., Inc.*,
     692 F.2d 727 (11th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16

*Elardi v. I.S. Makinen Oy*,
     No. 19-22229-CIV, 2019 WL 6003210, at *2 (S.D. Fla. Nov. 14, 2019) . . . . . . . . 6, 8, 11

*Exhibit Icons, LLC v. XP Companies, LLC*,
     No. 07-80824-CIV, 2008 WL 616104 (S.D. Fla. Mar. 3, 2008) . . . . . . . . . . . . . . . . . . . 14

*In re Zantac (Ranitidine) Prod. Liab. Litig.*,
     No. 20-MD-2924, 2020 WL 6907056 (S.D. Fla. Nov. 24, 2020). . . . . . . . . . . . . . . . . . . 6

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
     288 F.3d 1264 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co., Ltd.*,
     No. 20-cv-22471-DPG-AMO, paperless order  (S.D. Fl. Feb. 25. 2021). . . . . . . . . . . . . 5

*Posner v. Essex Ins. Co.*,
     178 F.3d 1209, 1214 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Storm v. Carnival Corp.*,
     No. 20-22227-CIV, 2020 WL 7415835 (S.D. Fla. Decl. 18, 2020).. . . . . . . . . . . . . . . . 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287(DPG)(AMO)

LUIS MANUEL RODRIGUEZ, et al.,

        Plaintiffs,

   v.

IMPERIAL BRANDS PLC, et al.,

        Defendants.

**PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND
TO STAY/EXTEND PLAINTIFFS' TIME TO RESPOND TO DEFENDANTS' WPP PLC,
YOUNG & RUBICAM LLC AND BCW LLC'S MOTION TO DISMISS**

  Plaintiffs, by and through their attorneys, Berenthal & Associates, P.C. and Rodriguez, Tramont & Nuñez P.A., respectfully move this Court for leave to take jurisdictional discovery and to stay/extend Plaintiffs time to respond to Defendants WPP plc ("WPP"), Young & Rubicam, LLC ("Y&R"), and BCW LLC's ("BCW") joint motion to dismiss (ECF No. 93) pending completion of said jurisdictional discovery and, in support thereof, state as follows:

**PRELIMINARY STATEMENT**

  Plaintiffs are the owners of a 90% interest in Ramón Rodriguez e Hijos Sociedad en Comandita ("RRHSC"). RRHSC was the owner of the Partagas cigarette factory building and a modern mixed-use building adjacent and connected to said factory at the corner of Calle 23 y 16 (23rd Street and 16th) in Havana, Cuba (collectively the "Property"). In 1961, the Castro government confiscated ownership of RRHSC and the Property. Plaintiffs' have alleged that the Property was used, without compensation to the Plaintiff, no later than January 2008 and until at least October

1

2020, by defendants Imperial Brands plc ("Imperial") and Corporación Habanos, S.A. ("Habanos") as well as Empresa Comercializadora de Tabaco en Rama "La Vega" a/k/a Tabacuba ("Tabacuba"), the Cuban monopoly "that integrally directs tobacco activity in all phases of its production chain, from agriculture to marketing." [1] Am. Compl. at ¶9 (ECF No. 82). This use included production, storage and shipping of hand-rolled cigars. Defendant Habanos has confirmed that two entire floors of the Property are currently used Tabacuba.[2] Every leaf of tobacco grown, cultivated, sold and or marketed in/from to Cuba, is overseen by Tabacuba, who uses the Property to conduct its operations. Plaintiffs further allege that defendants Imperial and Habanos retained WPP through WPP's U.S. based subsidiaries, Y&R and BCW to market products produced at the confiscated RRHSC Property. Some of this was done through official "portals" on U.S. based social media companies. Plaintiffs now seek redress against the Defendants for violations of the Helms-Burton Act, as each of the Defendants have either participated in, or profited from, trafficking of the Property.

Each of the defendants in this matter have moved to dismiss the amended complaint on various theories and there are currently four (4) motions to dismiss pending before the Court. WPP, Y&R, and BCW's (collectively the "WPP Parties") joint motion to dismiss (ECF No. 93, hereinafter referred to as the "Motion to Dismiss") challenges the Court's jurisdiction over said defendants, claiming, *inter alia*, that the Defendants are not subject to general jurisdiction or specific jurisdiction. In support of their motion, the WPP Parties attached two declarations, one by Gerald Lombardo, the

---

[1] "On July 31, 2000, Tabacuba Holding was established as the only economic organization in the country that integrally directs tobacco activity in all phases of its production chain, from agriculture to marketing." http://www.tabacuba.com.cu/en_us/info/nuestra-fortaleza-es-la-herencia/ last visited June 9, 2021¶

[2] Defendant, Corporación Habanos, S.A.'s Motion to Dismiss, Declaration of Jorge Fernández Núñez ¶5 (ECF No. 89-6).

2

CFO of BCW, (Declaration of Gerald Lombardo in Support of Defendants' Motion to Dismiss the Complaint dated April 28, 2021 ("Lombardo Decl.") (ECF No. 93-1)), and one by Jim Bellinghausen, the CFO of VMLY&R (Declaration of Jim Bellinghausen in Support of Defendants' Motion to Dismiss the Complaint dated April 28, 2021 ("Bellinghausen Decl.") (ECF No. 93-2)). A copy of the Motion to Dismiss with the supporting declarations is annexed hereto as Exhibit A.

While press releases and other public records indicate that "Young & Rubicam" and "BCW" have conducted marketing for Cuban tobacco products[3], BCW and Y&R deny that they performed and such marketing. Instead, BCW and Y&R claim that distinct, foreign sibling corporations (that are also indirect subsidiaries of WPP plc) had Habanos as a client, and suggest that any marketing activity must have been conducted by these non-U.S. entities.

Both of the declarations attached to the Motion to Dismiss are conclusory in nature, contain vagaries and raise questions that Plaintiffs must explore through discovery. Plaintiffs should be permitted to delve deeper into the questions raised by these declarations, through their own discovery, in order to properly respond to Defendants' motion to dismiss.

## PROCEDURAL BACKGROUND

The instant action was commenced on or about August 6, 2020 with the filing of the Complaint. ECF No. 1. On August 28, 2020, Defendant Imperial, moved this Court to stay the instant action to provide Imperial with additional time to obtain permission from the European

---

[3] For example, http://www.habanos.com/en/noticias/la-casa-del-habano-celebra-su-30-aniversario/, a web page on Habanos' website promoting Habanos tobacco products, displays Burson Cohn & Wolfe's name as a contact for additional information. Similarly, the "contacts" webpage for Habanos' twenty second cigar festival, located at https://www.festivaldelhabano.com/contact.htm lists "YOUNG & RUBICAM" as one of its contacts.

Commission to defend against the litigation, ECF No. 14. Although the WPP Parties were not burdened with the task of obtaining permission from the European Commission to defend against the instant action, the WPP Parties joined in Imperial's request and moved this Court to stay the action against the WPP Parties pending the Court's determination of Imperial's motion for a stay. ECF No. 26. The Court granted the defendants' motions and the action was stayed for over 140 days, until February 12, 2021, when the stay was lifted.

On February 9, 2021, Imperial and the WPP Parties filed their unopposed motion for an order setting forth a briefing schedule for defendants' anticipated motions to dismiss the Complaint. ECF No. 65. The Court granted the motion, (ECF No. 68), and defendants were directed to file their motions to dismiss by February 26, 2021, Plaintiffs were to file their responses by March 26, 2021, and defendants were to file their replies by April 10, 2021.

Defendants filed their respective motions to dismiss on February 26, 2021, and on March 23, 2021, Plaintiffs filed their Amended Complaint. ECF No. 82. The Court subsequently denied defendants' motions to dismiss as moot in light of the amended complaint. ECF No. 84.

On March 30, 2021, Defendants filed a new, unopposed motion for an order setting forth a briefing schedule for defendants' anticipated motions to dismiss the amended complaint, (ECF No. 86), which was also granted by the Court (ECF. 87). Pursuant to the new scheduling order, Defendants were to file their motions to dismiss by April 28, 2021, Plaintiffs were to file their responses by May 28, 2021, and Defendants were to file their replies by June 15, 2021.

Defendants filed a total of four motions to dismiss on April 28, 2021. ECF No2. 88, 89, 91, and 93. On May 26, 2021, Plaintiffs filed their unopposed motion amending the briefing schedule and extending Plaintiffs time to respond to the motions to June 17, 2021. ECF No. 95. Said motion

4

was granted by the court on May 28, 2021.

On June 3, 2021, Plaintiffs' counsel, via e-mail, contacted defendants' counsel informing them that the Plaintiffs require jurisdictional discovery to respond to the WPP Parties motion to dismiss (ECF No. 93). In that e-mail, Plaintiffs' counsel suggested that the WPP Parties agree to adopt a discovery schedule similar to what was ordered in the *N. Am. Sugar Indust. Inc. v. Xinjiang Goldwind Sci. & Tech. Co., Ltd.*, (No. 20-cv-22471-DPG-AMO, paperless order  (S.D. Fl. Feb 25. 2021), ECF No. 80)).[4].  Pursuant to Local Rule 7.1, Plaintiffs also offered to have a telephone conference if the Defendants believe it was warranted, to discuss the matter further.  A copy of the e-mail is annexed hereto as Exhibit B.  At WPP Parties counsel's request, a telephone conference was held on June 7, 2021.  At the end of the telephone call, the WPP Parties' counsel informed Plaintiffs counsel that they would confer with their clients and respond to the request thereafter.

On June 9, 2021, the WPP Parties' counsel notified Plaintiffs' counsel by e-mail that the WPP Parties "are not yet in a position to consent to or oppose your request, as we lack sufficient detail to understand the scope of the jurisdictional discovery you intend to seek."  A copy of the letter delivered by e-mail is annexed hereto as Exhibit C.  From the letter, it is clear that the WPP Parties will not consider Plaintiffs request without advance notice of (I) the topics of discovery (if not the actual discovery requests), (ii) the description of the discovery sought, and (iii) the number of discovery requests to be made, all of which is inappropriate at this time and which is an attempt by

---

[4] Specifically, allowing the Plaintiffs 120 days to conduct discovery limited to the matter of establishing personal jurisdiction over the Defendants, and requesting that all jurisdictional discovery disputes be referred to the Magistrate Judge for resolution. Plaintiffs believe 120 days to conduct discovery to be appropriate: (I) anticipating that the WPP Parties will object to various discovery requests, which will require additional time to resolve and (ii) looking to this Court's decision in *N. Am. Sugar Indust., Inc. v. Xinjiang Goldwind Sci. & Tech. Co., Ltd.*, No. 20-cv-22471 (ECF No. 80) as and as for guidance, 120 days for discovery appears to be appropriate.

the WPP Parties to control any investigation into their conduct.

As the parties have conferred and are unable to agree, Plaintiff must now seek relief from the Court authorizing jurisdictional discovery and staying/extending the Plaintiffs' time to respond to the WPP Parties' motion until after jurisdictional discovery has concluded.

## **LEGAL ARGUMENT**

### I.   JURISDICTIONAL DISCOVERY IS APPROPRIATE IN THIS MATTER

When a defendant contesting jurisdiction files sworn testimony challenging jurisdiction, as is the case here, the plaintiff bears the burden to show jurisdiction is appropriate. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). Accordingly, when the defendants submit a factual challenge to the allegations of jurisdiction, the plaintiffs have a qualified right to conduct jurisdictional discovery to respond to the defendant's challenge. *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 6907056, at *2 (S.D. Fla. Nov. 24, 2020).

> a court does not have discretion to grant or deny a request for jurisdictional discovery [when jurisdictional facts are in dispute]. . . . the element of discretion, if any, exists not with respect to whether there will be jurisdictional discovery, but rather only with respect to the form that the discovery will take. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982), citing *The Use of Discovery to Obtain Jurisdictional Facts*, 59 Va.L.Rev. 533, 546–47 (1973).

Absent the plaintiffs' right to engage in jurisdictional discovery, a defendant can successfully challenge jurisdiction by submitting only that information which it sees fit, and withholding other information regarding its contacts with the forum. *Elardi v. I.S. Makinen Oy*, No. 19-22229-CIV, 2019 WL 6003210, at *2 (S.D. Fla. Nov. 14, 2019) *quoting Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003).

In the instant action, the WPP Parties have submitted two declarations in opposition to

6

jurisdiction. Plaintiffs require jurisdictional discovery to (I) depose the declarants in order to examine, better understand, and test the veracity and completeness of the statements made in the Defendants' declarations and (ii) obtain written discovery relevant to the issues raised to use in response to Defendants' declarations and Motion to Dismiss.

## II.   PLAINTIFFS REQUIRE JURISDICTIONAL DISCOVERY TO REBUT DEFENDANTS' CLAIMS THAT THEY ARE NOT SUBJECT TO SPECIFIC JURISDICTION.

The Court should permit Plaintiffs to take discovery from the WPP Parties so that the Plaintiffs may obtain evidence regarding (I) the relationship between the named defendants and the other subsidiaries under WPP and (ii) the WPP Parties' involvement in promoting Cuban tobacco products/events for Imperial and/or Habanos.

Under Florida's long-arm statute, a defendant is subject to Florida's jurisdiction if, *inter alia*, the defendant committed a tortious act within the state, and the cause of action arises from that conduct[5]. Fla. Stat. Ann. § 48.193(1)(a)(2). Plaintiffs allege that WPP, through its ownership in and its control of Y&R and BCW "causes, directs [or] participates in, or profits from, trafficking" by Imperial, Habanos, Y&R, BCW, Twitter, YouTube, and Instagram." Am. Compl. ¶31. Plaintiffs further explain that the tort committed, i.e. the trafficking performed by Y&R and BCW, is "marketing, merchandizing, or advertising services for the benefit of the Cuban government and the companies it controls, including Habanos," and that such tortious conduct was committed in Florida and caused damage to the Plaintiffs, some of whom reside in Florida. Am. Compl. ¶¶33-35, 39.

---

[5] A defendant is also subject to Florida's jurisdiction if the defendant committed an act or omission outside of Florida, injuring persons within Florida, and the defendant was engaged in solicitation or service activities within Florida. Fla. Stat. Ann. § 48.193(1)(a)(6)(a).

BCW and Y&R have submitted nearly identical statements in support of the Motion to Dismiss each of which denies aiding in marketing/advertising on behalf of Imperial and Habanos. The declarations continue to state that the name and brand of BCW and/or Y&R are used by several distinct and legally separate subsidiaries of WPP, and that the conduct complained of was performed by a foreign entity that is not in the corporate chain of ownership for BCW and/or Y&R. Lombardo Decl. ¶¶ 19-23, Bellinghausen Decl. ¶¶22-28. However, each declaration raises questions and issues for which Plaintiffs are entitled to discovery.

A.  **The Plaintiffs are Entitled to Jurisdictional Discovery from BCW**

Lombardo, BCW's CFO, states that his declaration is based on information obtained by "I) conferring with a subject matter expert within the Company; and/or ii) reviewing BCW business records stored in our financial systems." (Lombardo Decl. ¶3). BCW has a subject matter expert, presumably versed in BCW's activities in Florida, but astonishingly fails to submit that person's declaration (or even the identify of that person). It is apparent that Lombardo's declaration is a quintessential example of a defendant challenging jurisdiction by submitting only information that it sees fit to submit. *Elardi*, No. 19-22229-CIV, 2019 WL 6003210, at *2 (S.D. Fla. Nov. 14, 2019)).

BCW's declaration raises other questions throughout its text. For example, although Lombardo states that there are only "about 8" employees working in Florida, (Lombardo Decl. ¶¶3, 8), Lombardo's declaration is devoid of any mention of consulting with any of the 8 employees in preparation of his declaration, allowing for a significant gap in Lombardo's "knowledge." Additionally, although Lombardo states that he queried BCW's general ledger and financial reporting system to determine whether BCW ever had Habanos or Imperial as a client, ( Lombardo Decl. ¶13-

8

17), he apparently did not query the company's emails or even search its client files. Moreover, although Lombardo claims that he searched BCW's ledger and financial reporting system to see if Habanos or Imperial were clients of BCW[6], he apparently chose to search the employee time entries for references to "Cuba" as opposed to "Habanos" or "Imperial". It appears that BCW's declarant has gaps in his knowledge and BCW has selectively proffered only that information it sees fit to provide in support of its Motion to Dismiss.

BCW's declaration raises further questions which are ripe for discovery. For example, BCW's declaration states that "BCW's Miami office has not been paid by Habanos or Imperial", but then states that "Nor has BCW received any revenue in the U.S. from Habanos or Imperial". Lombardo Decl. ¶14-16 (emphasis added). Not only is there an apparent, unknown distinction between BCW Miami and the rest of BCW, LLC, but the statement that BCW has not received revenue from Habanos or Imperial is qualified by limiting it to within the United States, allowing for the possibility that BCW did receive revenue from Habanos or Imperial albeit outside the United States.

BCW further claims that Habanos was a client of BCW S.L. (Spain), implying that BCW S.L. (Spain) performed marketing for Imperial and/or Habanos. BCW also states that BCL S.L. (Spain) was restructured out of BCW's corporate chain and now "flows up" directly to WPP without coming into contact with BCW. Lombardo Decl. ¶¶21-25. Lombardo bases his conclusion on unidentified tax documents from 2003, documents that were not provided to Plaintiffs. Without discovery,

---

[6] Lombardo also claims that "[i]f a U.S. office of BCW had worked for a client, then client would need to be set up in these financial systems, even if invoicing were undertaking by another office . . ." Lombardo Decl. ¶15. However, this system does not preclude the concept that BCW may have had WPP or BCW S.L. (Spain) as a client and performed work for those entities, thus avoiding any listing of Imperial Brands plc or Habanos as a client.

Plaintiffs are left with no option other than to accept Lombardo's unchallenged, self-serving and selective statements on the matter. However, "[a] plaintiff is not required to rely exclusively on a defendant's affidavit for resolution of a jurisdictional issue." *Ash v. Royal Caribbean Cruises Ltd.*, No. 13-20619-CIV, 2013 WL 12122147, at *1 (S.D. Fla. June 11, 2013) (*citing Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)). Plaintiffs are entitled to discovery on this matter, to review the documents and information relied on by BCW's declarant, including those documents and sources used by Lombardo to reach his conclusion that Habanos was a client of BCW S.L. (Spain), and those documents and sources that reflect that corporate structure of the WPP subsidiaries, and the relationship between BCW and BCW S.L. (Spain).

Plaintiffs are entitled to discovery regarding, *inter alia*, BCW's trafficking in the State of Florida and to rebut BCW's declaration, including but not limited to, discovery from Lombardo, and the "subject matter expert" as well. Proper jurisdictional discovery will prevent BCW from picking and choosing at its discretion which sources it will use to obtain information, and/or which search terms it will use to query its sources, and what information it chooses to withhold.

### B.     The Plaintiffs are Entitled to Jurisdictional Discovery from Y&R

In support of its motion, Y&R submits the declaration of Jim Bellinghausen, the CFO of VMLY&R[7]. Similar to the declaration submitted by BCW, Bellinghausen states that his declaration is based on information obtained by "I) conferring with a subject matter expert within the Company; and/or ii) reviewing VMLY&R business records and public information." (Bellinghausen Decl. ¶5). Y&R has a subject matter expert, presumably versed in Y&R's activities in Florida, but like BCW,

---

[7] Although Bellinghausen claims to be the CFO of VMLY&R, he also states that VMLY&R is just an alias for Y&R and VML, LLC doing business together, but they remain separate legal entities. It is unclear if Bellinghausen is a CFO of one or both entities, or if there is a different VMLY&R entity.

it fails to submit that person's declaration (or even identify that person). Once again, the Defendant's declaration is a quintessential example of a defendant challenging jurisdiction by submitting only that information which it sees fit. *Elardi*, No. 19-22229-CIV, 2019 WL 6003210, at *2 (S.D. Fla. Nov. 14, 2019)).

Y&R's declaration makes a distinction between its employees who work in Miami, Florida (referred to as the "Miami office" or "VMLY&R Miami"), and a regional group in Miami that oversees VMLY&R's Latin American operations. Bellinghausen Decl. ¶10. While Y&R acknowledges this regional group as part of Y&R, the various descriptions of the queries and searches performed by Bellinghausen in preparation for his declaration refer to the VMLY&R Miami group, and not the "regional group". Bellinghausen Decl. ¶¶ 10, 12, 16, 17. Plaintiffs are entitled to jurisdictional discovery regarding this "regional group" and whether it was involved in trafficking Plaintiffs' Property.

Bellinghausen, in his declaration. states that he queried VMLY&R's general ledger and financial reporting system to determine whether Habanos or Imperial was ever a client of VMLY&R (Bellinghausen Dec ¶14, 16), however, apparently he did not query the company's emails, search their client files, or interview any of the employees at VMLY&R Miami. Moreover, while the declaration is unclear, Bellinghausen's search appears to have omitted the "regional group". Y&R also claims that "[n]o U.S.-based employees of any WPP-affiliated entities have or have ever had access to send or receive e-mails from the e-mail address, press.habanos@yr.com (the e-mail address used in marketing Habanos products). Bellinghausen ¶21. It is unclear how Y&R knows which employees have/had access to said e-mail address, and it does not refute the fact that the address used in promoting the Habanos products is a Y&R e-mail address. Plaintiffs are entitled to further

discovery regarding this e-mail address.

Y&R claims that they confirmed that "a distinct foreign corporation called 'VMLY&R Madrid S.L.' . . . . previously had Habanos as a client." (Bellinghausen ¶24), suggesting that VMLY&R Madrid S.L. performed the trafficking for Habanos. Y&R claims that 20 years ago, the predecessor to VMLY&R Madrid S.L. was moved out of VMLY&R's corporate chain and is neither a direct or indirect subsidiary of "VMLY&R". Bellinghausen Decl.¶ ¶20, 25  However, as VMLY&R is merely an alias used by Y&R and VML, LLC, and not a corporation, Bellinghausen's statement is unclear[8]. Bellinghausen states that he basis his conclusion on unidentified tax documents from 2003 - documents which were not provided to Plaintiffs.  Bellinghausen Decl. ¶27. Bellinghausen also claims that VMLY&R Madrid S.L. has its own employees with no office in the United States. Bellinghausen ¶25.  However, VMLY&R, España (Madrid)'s  webpage indicates otherwise[9].  A screenshot of said webpage shows:



---

[8] To Bellinghausen's credit, he does clarify that VMLY&R Madrid S.L. is not a subsidiary of Y&R (Bellinghausen Decl. ¶28). However, Bellinghausen's confusion between the Y&R company entity and an alias name allows for the possibility that the various conclusions in the declaration may be in error and that proper discovery should be had by the Plaintiffs.

[9] https://www.vmlyr.com/es-es/spain-madrid last visited June 14, 2021.

The text translates as "/WHAT MAKES US GREAT  When we join forces there is no great obstacle. From Madrid to Kansas City and Sydney, we are a team of more than 6000 people in more than 60 cities around the world". Clicking on the "Nuestra Oficinas", the "Our Offices" link, takes the user to the webpage https://www.vmlyr.com/es-es/node/86, which in turn lists the United States as one of the locations for its offices, and clicking on the Untied States link takes the user to https://www.vmlyr.com/en-us/united-states which lists Defendant Y&R's office, 601 Brickell Key Drive Suite 1100, Miami Florida 33131 United States.  Clearly the "foreign" entity is not as "distinct" as VMLY&R would have this Court to believe.

Without discovery, Plaintiffs are left with no option other than to accept Bellinghausen's unchallenged, self serving and selective statements on the matter. As discussed above, "[a] plaintiff is not required to rely exclusively on a defendant's affidavit for resolution of a jurisdictional issue." *Ash*, 2013 WL 12122147, at *1 (S.D. Fla. June 11, 2013).  Plaintiffs are entitled to discovery on the conclusions set forth in Y&R declaration; Plaintiffs are entitled to discovery on, *inter alia*, the documents and sources relied on by Y&R for the conclusions set forth in its declaration, the corporate structure of the WPP subsidiaries and the relationship between Y&R and VMLY&R Madrid S.L., the alleged restructuring of Y&R, LLC, the conclusion that Y&R did not have Habanos and/or Imperial as a client and/or that they did not perform marketing for any Cuban tobacco product and/or event, the conclusion asserted by Y&R that a foreign entity had Habanos as a client.  Such discovery is necessary for the Plaintiffs to properly address Y&R's Motion to Dismiss.

13

### III. PLAINTIFFS REQUIRE JURISDICTIONAL DISCOVERY TO REBUT DEFENDANTS' ASSERTION THAT DEFENDANTS ARE NOT SUBJECT TO GENERAL JURISDICTION

Defendants, in the Motion to Dismiss, argue that "Plaintiffs Correctly Do Not Assert That WPP Defendants Are Subject To General Jurisdiction In Florida." To the contrary, Plaintiffs, in their Amended Complaint, state that both Y&R and BCW maintain offices in the State of Florida, (Am. Compl. ¶26, 27 ) and should be entitled to the favorable inferences attributed to such allegations. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." (*Internal citation omitted*)). As noted by this Court, plaintiffs are limited by and to the information that is available and "there is no way for Plaintiffs to have personal knowledge of the inner workings of Defendants' various business organizations." *Exhibit Icons, LLC v. XP Companies, LLC*, No. 07-80824-CIV, 2008 WL 616104, at *2 (S.D. Fla. Mar. 3, 2008) (granting jurisdictional discovery to determine general jurisdiction over defendants argument that plaintiffs conceded the lack of general jurisdiction). Thus Plaintiffs were limited by the information known to Plaintiffs, the location of each defendants' office. Plaintiffs are however entitled to discovery regarding the defendants' full presence in Florida to establish General Jurisdiction over the defendants.

BCW states that is an entity organized under the laws of Delaware, with its headquarters in New York[10]. Lombardo Decl. ¶4. Similarly, Y&R states that it is entity organized under the laws

---

[10] Lombardo refers to BCW as a "corporation" when in fact it is a limited liability company, which raises other questions. In fact, an on-line search of Delaware's Secretary of State corporate entity website reflects at least two entities named "BCW INC." (File no. 2196689 and 3631599) and two entities named "BCW LLC" (File No. 3553242 and 5154723) and various other entities with permutations that incorporate the BCW letters. Plaintiffs are entitled to discovery to clarify the issue regarding the entities.

of Delaware, with its headquarters in New York[11]. Bellinghausen Decl. ¶4. As this Court noted less than a year ago, "the Court has not held that only a corporation's place of incorporation or its principal place of business may suffice for general jurisdiction. The Court has merely indicated that those two places are the most common ways of establishing general jurisdiction." *Storm v. Carnival Corp.*, No. 20-22227-CIV, 2020 WL 7415835, at *3 (S.D. Fla. Decl. 18, 2020).

General Jurisdiction occurs where "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit ... on causes of action arising from dealings entirely distinct from those activities" *Id*. quoting *International Shoe v. Washington*, 326 U.S. 318 (1945). It is undisputed that (I) both BCW and Y&R are subsidiaries of WPP plc, and (ii) both BCW and Y&R maintain at least one office in Miami, Florida.[12] Lombardo Decl. ¶¶5, 8, Bellinghausen Decl. ¶¶5, 8. However, the facts bearing on whether or not the WPP Parties' presence in Florida warrants a finding of General Jurisdiction are exclusively within the knowledge of the WPP Parties.

Y&R and BCW attempt to minimize their presence in Florida by proffering the number of employees they have in Florida[13] and the percentages of total revenue that is derived from their respective offices in Florida. Lombardo Decl. ¶¶8, 11, Bellinghausen Decl. ¶¶9, 12. However, "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on

---

[11] Bellinghausen also refers to Y&R as a "corporation" when in fact it is a limited liability company, which raises questions as to which entity is being discussed in the declaration.

[12] Bellinghausen's declaration also mentions that VMLY&R maintains a " regional group in Miami to oversee its Latin American operations." Bellinghausen Decl. ¶10. As Cuba is a Latin American country, it appears that such a group would oversee activities relating to Cuba, and thus Bellinghausen's declaration would support General Jurisdiction. However, Plaintiffs require further discovery on this "Latin American Group" to rebut the Defendants' motion.

[13] Even this number is subject to scrutiny and jurisdictional discovery as both declarations fail to specify whether the number of employees includes employees based in an office outside of Florida but work remotely from Florida.

15

the issue of jurisdiction. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). Plaintiffs are entitled to jurisdictional discovery to show that each defendant maintains substantial and continuous corporate operations in Florida. Such discovery would likely include discovery to ascertain (I) the actual revenue derived in Florida (and not a percentage) for each of the last few years (and not just 2020), (ii) the amount of corporate funds expended in Florida for each of the law few years, (iii) advertisements that were directed at, or take place in, Florida, (iv) corporate sponsorship that occurs in Florida, (v) the date that each defendant started operations in Florida (vi) corporate events that have occurred in Florida, (vii) corporate discounts available to defendant's employees for goods, services and/or attractions in Florida, and (viii) property leased and/or owned by the defendants in Florida, and (ix) other information that will further prove that BCW and Y&R are "at home" in the State of Florida.

## CONCLUSION

Plaintiffs are unable to properly respond to the WPP Parties' Motion to Dismiss as the relevant information is within the exclusive knowledge of the WPP Parties. For the foregoing reasons, Plaintiffs respectfully request that the Court allow the Plaintiff one hundred and twenty days to conduct jurisdictional discovery, and stay/extend Plaintiffs' time to respond to the WPP Parties Motion to Dismiss until 21 days from the close of jurisdictional discovery.

## REQUEST FOR HEARING

Due to the confusing representations made in the Defendants' declarations and the issues raised in Plaintiffs' motion, Plaintiff respectfully requests a hearing on this matter. Plaintiffs believe

16

that they will require approximately ten minutes of oral argument before the Court.

Dated: June 15, 2021

| | |
|---|---|
| **RODRIGUEZ TRAMONT & NUÑEZ P.A.** | **BERENTHAL & ASSOCIATES, P.C.** |
| By:   /s/ Frank R. Rodriguez  . | By:   /s/ David W. Berenthal |
| Frank R. Rodriguez | David W. Berenthal |
| Florida Bar No. 348988 | Florida Bar No. 159220 |
| Primary email: frr@rtgn-law.com | E-mail: dwb@berenthalaw.com |
| 255 Alhambra Circle | 45 East 72nd Street |
| Suite 1150 | Suite 5C |
| Coral Gables, FL 33134 | New York, NY 10021 |
| Telephone: (305) 350-2300 | Telephone: (212) 302-9494 |

## CERTIFICATE OF GOOD FAITH CONFERENCE;
## CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve the issues.

        /s/ David W. Berenthal
        David W. Berenthal, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

        /s/ David W. Berenthal
        David W. Berenthal, Esq.