# EXHIBIT C

WILMERHALE

June 9, 2021

**Christopher Davies**

+1 202 663 6187 (t)
+1 202 663 6363 (f)
christopher.davies@wilmerhale.com

**By US Mail and Email**

Frank R. Rodriguez, Esq.
Rodriguez Tramont & Nuñez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134

James L. Berenthal, Esq.
David W. Berenthal, Esq.
Berenthal & Associates, P.C.
45 East 72nd Street, Suite 5C
New York, New York 10021-4718

Re: ***Rodriguez v. Imperial Brands PLC*, No. 20-cv-23287-DPG (S.D. Fla.)**

Dear Counsel,

Thank you for your time on Monday, June 7, 2021, when we held a meet and confer by telephone regarding your intention to seek jurisdictional discovery in the above captioned matter. As explained below, we are not yet in a position to consent to or oppose your request, as we lack sufficient detail to understand the scope of the jurisdictional discovery you intend to seek.

To begin, we must note the untimeliness of your request. You have been on notice of the WPP defendants' challenge to personal jurisdiction since we filed our first motion to dismiss in February 2021. Like our most recent motion, our February 2021 motion included declarations explaining the absence of any relevant tether between the VMLY&R and BCW defendants and the Southern District of Florida. As you will recall, we held a meet and confer on March 8, 2021, during which you told us that you planned to request jurisdictional discovery and that you would send us a written proposal detailing the scope of your planned discovery. Without explanation or follow-up, you never sent that discovery proposal. You instead filed an amended complaint in late March. That amended complaint did nothing to cure the jurisdictional deficiencies in the original complaint, which we had pointed out in our February 2021 motion. We filed a second motion to dismiss in late April, in which we again contested the Court's jurisdiction over the WPP defendants. With the deadline for your opposition approaching, you contacted defendants in late May, asking for an extension to file your brief late. During those scheduling discussions, you did not mention any plan to seek jurisdictional discovery. We consented to your extension of time on briefing; just a week after your extension was granted, you contacted us with your requests for jurisdictional discovery and for a stay of the briefing concerning the WPP defendants.

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

June 9, 2021
Page 2

WILMERHALE

As I am sure you are aware, another Helms-Burton matter in the Southern District of Florida was recently dismissed with prejudice and without giving plaintiffs the opportunity to conduct jurisdictional discovery because those plaintiffs waited until the date of their brief responding to the second motion to dismiss before requesting permission to conduct jurisdictional discovery.  *See Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd*., No. 20-21630-Civ-Scola, 2021 WL 1648222 (S.D. Fla. Apr. 27, 2021).  You will have delayed even longer than the delinquent *Gomez* plaintiffs by initially presenting your motion for jurisdictional discovery to the Court approximately two weeks *after* your opposition was due (and three months *after* our original motion to dismiss for lack of jurisdiction).

Notwithstanding plaintiffs' dilatory tactics, we would like to discuss your request for jurisdictional discovery with our clients, but we cannot have informed discussions without understanding the scope of discovery you plan to seek.  During our June 7 call, you provided only a vague (and, as you conceded, non-exhaustive) description of the discovery you plan to seek, which included: (i) depositions of the two declarants whose declarations are attached as exhibits to our motion; and (ii) written discovery seeking:  (a) information concerning what occurred at VMLY&R and BCW's Miami offices and within VMLY&R's larger Latin America regional group; (b) tax returns referenced in both declarations; (c) documents showing the corporate restructuring from 2003; (d) documents identifying who the declarants spoke to in order to learn the information reported in the declarations; and (e) materials that the declarants reviewed to learn the information reported in the declarations.

During the call, we suggested you put in writing the parameters of the discovery you are requesting, as you had proposed during our March discussions.  We said it would be helpful to understand the scope and duration of depositions, the number and topics for interrogatories, and the number and topics of any Requests for Production ("RFPs").  You declined to provide any of that detail, either on the phone or in writing.  You instead indicated that you had already provided enough information and that we should be able to infer the scope of discovery from the declarations we had filed.  You further explained that we are not entitled to such detail until you file a motion for discovery and that we can oppose the request at that juncture.  We believe this is an inefficient and unduly adversarial approach (particularly if you plan to undertake discovery imminently in any event).

While we reserve all rights to oppose outright any motion seeking jurisdictional discovery, we believe our clients would be amenable to compromise on discovery limited to the following:

   i.    Three-hour depositions of each of the declarants;

   ii.   Up to five interrogatories (including sub-parts) to be served on each of VMLY&R and BCW;

   iii.  RFPs for documents sufficient to demonstrate –

           a.   the 2003 corporate restructuring that moved Burson Marsteller S.L. of Spain (now BCW of Spain) out of BCW's corporate chain;

June 9, 2021
Page 3

WILMERHALE

b. the 2003 corporate restructuring that moved Y&R S.L. of Spain out of Y&R's corporate chain;

c. that BCW and Y&R (now VMLY&R) have not had Habanos as a client;

d. that VMLY&R's regional Latin America group, which is based in Miami, has never had Habanos as a client; and

e. that BCW and VMLY&R and the two distinct Spanish companies, which actually performed work for Habanos, are not in the same corporate chain.

Given the very discrete issues addressed in the two-page declarations filed with our motion to dismiss, discovery of this sort should resolve any plausible jurisdictional issue. Such discovery should proceed swiftly, and we believe can be complete before the July 4 holiday, thereby ensuring that the briefing schedules do not become unnecessarily disjointed.

Because WPP plc did not submit any declarations—and because it is a holding company that performs no services—it is not an appropriate subject for jurisdictional discovery.

As noted, we reserve all rights to oppose any motion for jurisdictional discovery, and the proposal set out in this letter is intended as a good faith effort to avoid litigating this matter. In the event that plaintiffs proceed to file a motion seeking jurisdictional discovery, we would not concede your right or our willingness to engage in even the limited discovery proposed above.

We look forward to your response.

Sincerely yours,

Chris Davies

cc:     Andrew Rhys Davies (by email)
        Justin L. Ormand (by email)
        Michael R. Krinsky (by email)
        Lindsey Frank (by email)