**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23287-DPG

_____
:
LUIS MANUEL RODRIGUEZ, *et al.*,   :
:
        Plaintiffs,   :
:
v.   :
:
IMPERIAL BRANDS PLC, *et al.*,   :
:
        Defendants.   :
_____:

**DEFENDANT CORPORACIÓN HABANOS, S.A.'S**
**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
<u>**MOTION TO DISMISS WITH PREJUDICE AND FOR OTHER RELIEF**</u>

## TABLE OF CONTENTS

                                                                                                                     Page

**TABLE OF AUTHORITIES** ...................................................................................................ii

**ARGUMENT**

      **I.**    **Personal Jurisdiction Is Lacking** ...................................................................1

            **A.**  **Assertion of Personal Jurisdiction Would Violate Due Process** ....................1

                    1.  "Arise Out of or Relate to" the Alleged Forum Contacts ........................1

                           a.  The Amended Complaint and Exhibits ..........................................2

                           b.  Habanos's Factual Submissions.......................................................3

                    2.  Purposeful Availment................................................................................7

                    3.  The Due Process Clause's Reasonableness Requirement ........................8

                    4.  Plaintiffs' Charge of Illegality..................................................................8

            **B.**  **The Statutory Requirements for Personal Jurisdiction Are Also Not Met** ...............................................................................................................8

      **II.**   **Even If Personal Jurisdiction Is Found, Venue Is Improper**..............................9

      **III.**  **Service of Process Was Insufficient**........................................................................9

      **IV.**  **Title III's Application to Habanos Exceeds Prescriptive Jurisdiction Limits**....10

      **V.**   **If Dismissal Is Denied, a More Definite Statement Is Required**........................10

**CONCLUSION** ..........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases** ..................................................................................................................................**Page**

*Bayshore TBI, Inc. v. MemberSelect Ins. Co.*,
   No. 19-cv-01281, 2019 WL 6696245 (M.D. Fla. Dec. 4, 2019) ...........................................7

*Bibby v. Mortg. Invs. Corp.*,
   987 F.3d 1340 (11th Cir. 2021) .............................................................................................3

*Bristol-Myers Squibb v. Sup. Crt*,
   137 S.Ct. 1773 (2017)............................................................................................................1

*Burgess v. Religious Tech.*,
   600 F. App'x 657 (11th Cir. 2015) ........................................................................................5

*Capital Trans. Int'l. v. Int'l. Petroleum Industrial Co.*,
   No. 10-cv-529, 2013 WL 557236 (M.D. Fla. 2013).............................................................10

*De Volld v. Ballard*,
   568 F.2d 1162 (5th Cir. 1978) ...............................................................................................9

*Del Valle v. Trivago GmbH*,
   No. 19-cv-22619, 2020 WL 2733729 (S.D. Fla. May 26, 2020)...........................................9

*Delong Equip. Co. v. Washington Mills Abrasive Co.*,
   840 F.2d 843 (11th Cir. 1988) ...............................................................................................6

*Dole Food Co. v. Patrickson*,
   538 U.S. 468 (2003).............................................................................................................10

*Douglas v. U.S.*,
   814 F.3d 1268 (11th Cir. 2016) .............................................................................................7

*Ford Motor Co. v. Montana*,
   141 S.Ct. 1017 (2021)............................................................................................................7

*Fraser v. Smith*,
   594 F.3d 842 (11th Cir. 2010) ...............................................................................................5

*George Vila P.A. v. Secretaria de Cultura*,
   No. 17-cv-23469, 2018 WL 3054796 (S.D. Fla. June 20, 2018)...........................................9

*Gerling Glob. Reinsurance Corp. of Am. v. Gallagher*,
   267 F.3d 1228 (11th Cir. 2001) ...........................................................................................10

*Harlow v. Children's Hosp.*,
   432 F.3d 50 (1st Cir. 2005) ................................................................................................6

*Iglesias v. Pernod Ricard*,
   No. 20-cv-20157 (S.D. Fla. June 17, 2021) .......................................................................7

*Jolly v. Hoegh Autoliners*,
   No. 20-cv-1150, 2020 WL 6505037 (M.D. Fla. Nov. 5, 2020) .........................................10

*Louis Vuitton Malletier, S.A. v. Mosseri*,
   736 F.3d 1339 (11th Cir. 2013) .........................................................................................7

*Macrotrend Cap. Grp. Inc. v. Edwards*,
   No. 18-cv-61327, 2019 WL 2106421 (S.D. Fla. Mar. 4, 2019) .........................................8

*Noonan v. Colour Libr. Books, Ltd.*,
   947 F. Supp. 564 (D. Mass. 1996), *aff'd*, 135 F.3d 85 (1st Cir. 1998) ..............................6

*Posner v. Essex Ins.*,
   178 F.3d 1209 (11th Cir. 1999) .........................................................................................9

*Raven Env't Servs. v. United Nat'l Ins.*,
   No. 20-cv-23060, 2020 WL 5292049 (S.D. Fla. Sept. 3, 2020) ........................................5

*Romero v. Fox*,
   No. 18-cv-21218, 2020 WL 8235916 (S.D. Fla. Jan. 29, 2020) ........................................7

*Ruge v. Bailey Co., Inc.*,
   No. 11-cv-61257, 2011 WL 13217575 (S.D. Fla. Aug. 15, 2011) ....................................4

*United Techs. Corp. v. Mazer*,
   556 F.3d 1260 (11th Cir. 2009) .....................................................................................3–6

*Waite v. All Acquisition Corp.*,
   901 F.3d 1307 (11th Cir. 2018) .........................................................................................7

*Wyatt v. Kaplan*,
   686 F.2d 276 (5th Cir. 1982) .............................................................................................6

**Statutes**

22 U.S.C. § 6023(1) ...............................................................................................................10

28 U.S.C. § 1391(b)(2) .............................................................................................................9

28 U.S.C. § 1608...................................................................................................................9, 10

Foreign Sovereign Immunities Act ("FSIA")
    28 U.S.C. §§ 1330, 1602 *et seq.*.......................................................................................10

Fla. Stat. § 48.193 ..........................................................................................................................8

**Rules**

Fed. R. Civ. P. 4(f)(2)(C)(ii)....................................................................................................9, 10

Fed. R. Civ. P. 4(k)(2)....................................................................................................................9

Fed. R. Civ. P. 12(b)(2).............................................................................................................3, 6

**Regulations**

31 C.F.R. § 515.204........................................................................................................................7

31 C.F.R. § 515.206........................................................................................................................8

31 C.F.R. § 515.578(a)(1)...............................................................................................................8

31 C.F.R. § 515.578(a)(4)(ii)..........................................................................................................8

**Other Materials**

5 Charles Alan Wright and Arthur R. Miller,
    Federal Practice and Procedure § 1206 (3d ed. 2014) .............................................................9

Defendant Corporación Habanos, S.A. ("Habanos") respectfully submits this Reply in further support of its motion to dismiss for lack of personal and subject-matter jurisdiction, improper venue, and insufficient service of process, or, alternately, for a more definite statement.

## I.  Personal Jurisdiction Is Lacking

In its opening Memorandum, ECF 89 ("D. Mem."), Habanos demonstrated the facial insufficiency of the Amended Complaint, ECF 82 ("AC").  Nothing in Plaintiffs' Opposition rehabilitates its failed pleading. As an alternative to its facial attack, Habanos made factual submissions that independently establish lack of jurisdiction. Plaintiffs neither dispute those submissions, nor counter with proof of their own, nor seek discovery. Dismissal is required both because of the insufficiency of Plaintiffs' pleading and Habanos's submissions.

### A. Assertion of Personal Jurisdiction Would Violate Due Process

#### 1. "Arise Out of or Relate to" the Alleged Forum Contacts

Plaintiffs argue that Habanos's use of Twitter, Instagram, and YouTube social media accounts to "market Habanos products," "Cuban cigars," AC ¶¶ 12, 37, satisfies the Due Process requirement that their claim "arise[s] out of or relate[s] to" the forum contacts. *Bristol-Myers Squibb v. Sup. Crt*, 137 S.Ct. 1773, 1780 (2017). For this to be so, it is necessary (although not sufficient, *infra*) for the marketing on those accounts to have taken place when the allegedly confiscated property was used in connection with Habanos's products. Plaintiffs appear to acknowledge this, but, in any event, it cannot reasonably be doubted. D. Mem. 10–11.

The Amended Complaint does not allege use of the social media accounts prior to 2017, AC ¶ 5, and, in its Opposition, ECF 101 ("Opp.") 7, Plaintiffs assert that use of those accounts "beg[an] in 2017."[1] Accordingly, use of the properties at issue in or after 2017 in connection

---

[1] It is clear on the face of the social media accounts that they were established in 2015 (Twitter

1

with Habanos's products is required for personal jurisdiction.

   a. *The Amended Complaint and Exhibits*

Habanos showed that the Amended Complaint and its exhibits are insufficient to meet this temporal requirement. D. Mem. 5–8. Plaintiffs identify a "publicity piece" showing use of the Factory but the specified date is 2010. AC ¶ 53. Habanos showed that all five exhibits used by Plaintiffs to specify the alleged use of the Factory for Habanos products pre-date 2017 (none are later than December 2013), D. Mem. 6; Plaintiffs do not assert otherwise in their Opposition. The January 2013 blog relied upon as the source of one of Plaintiffs' exhibits even states that the Factory had been closed for over a year because of its physical condition.  D. Mem. 6.

Habanos further showed that, in contrast to these allegations of pre-2017 (and pre-Dec. 2013) use of the Factory—the only concrete allegations of the Factory's use—the Amended Complaint offers only an allegation that both lacks any specificity and, upon scrutiny, is shown to artfully avoid even alleging 2017 or post-2017 (or post-Dec. 2013) use of the Factory for Habanos products. D. Mem. 6–7.[2]  Habanos also shows that, under established authority, this evasive, vague and conclusory allegation is insufficient, particularly in light of the exhibits showing only pre-2017 (and pre-Dec. 2013) use of the Factory for Habanos products. D. Mem. 7–8. In their Opposition, Plaintiffs do not address the ambiguity of their allegation.

The Amended Complaint is thus fatally insufficient with respect to the Factory. As to the Mixed-Use Building, the Amended Complaint alleges that its occupant is a "tobacco leaf" company, not a cigar company, AC ¶ 2; D. Mem. 9 n.6, and, as would be expected because of

---

and YouTube) and 2016 (Instagram). D. Mem. 6.

[2] All that is alleged is that from Jan. 2008–Oct. 29, 2020, Habanos "had the use of" the Factory and the Mixed-Use Building, either on its own or "through Tabacuba," the alleged Cuban partner in Habanos with Imperial, and that the use "included" production of cigars, without alleging *when* during that period the properties (or one of them) was so used. AC ¶¶ 8–9, 55.

this, the sole exhibit depicting the Mixed-Use Building does not show use of the building in connection with cigars or Habanos. Ex. 2, ECF 83-2 (bottom images); D. Mem. 6 n.3.

To survive a 12(b)(2) motion, Plaintiffs are required to "establish[] a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021). That burden is not met when a pleading provides generalized allegations devoid of specificity, or vague and conclusory allegations. D. Mem. 7, 10. At best, Plaintiffs have done no more and, upon scrutiny, it is shown that they have not done even that—despite two opportunities at pleading.

b. *Habanos's Factual Submissions*

The foregoing, based entirely on Plaintiffs' own pleading and exhibits, is dispositive. Habanos, in addition and in the alternative, has submitted evidence establishing that neither the Factory nor the Mixed-Use Building has been used for Habanos products since marketing of cigars on the social media accounts began. Plaintiffs neither challenge Habanos's factual submissions, nor counter with any evidence of their own, nor demand discovery. Habanos's evidence thus controls over any conflicting allegations in the Amended Complaint. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1282 (11th Cir. 2009) ("[W]e cannot consider the allegations about [defendant]'s conduct in Florida because the [declarant's] affidavit, which [plaintiff] has failed to rebut with competent evidence, specifically denies those allegations.").[3]

Habanos's proof (declarations upon personal knowledge supported by extensive photographs and a contemporaneous engineering report) shows that: (i) all cigar operations moved out of the Factory in 2011 due to its significant deterioration; (ii) there were no cigar-

---

[3] Plaintiffs inadvertently state that the facts set out in the Amended Complaint "are not challenged by *Imperial* and therefore should be accepted as true for purposes *of Imperial's* Motion," Opp. 2, n.2 (emphasis added), presumably the result of a hasty cut and paste job.

3

related operations in the Factory from 2011–2018; (iii) there were no significant repairs in 2011–2018 (iv) the Factory could not have been used without comprehensive repairs; and (v) by 2021, repairs had not been done, and the Factory was vacant with significant deterioration. *See* Riquelme Decl., ECF 89-5; Garcia Decl., ECF 89-3, and photographs; Agramonte Decl., ECF 89-4, and engineering report.[4]

Plaintiffs do not dispute this proof but only respond that it "fail[s] to preclude that the factory portion of the Property was in use, notwithstanding its state of decay, in 2019 and 2020, even if it was not in use continuously from 2010." Opp. 6. Plaintiffs cannot meet their burden merely by inviting the Court to entertain a baseless speculation. *Mazer*, 556 F.3d at 1269 (refusing to draw inference for plaintiff on 12(b)(2) where it "requires too great a speculative leap").[5] Indeed, Plaintiffs' supposition goes beyond speculation and past implausible to the preposterous: that a Factory so deteriorated that operations moved out from 2011 to 2018 was put back in use for two years, before being taken out of use and left vacant by 2021, at which time photographs and personal observation show the Factory was in the same state of deterioration as previously, without any evidence of repairs having been done or it having been used. This will not do. *Mazer*, 556 F.3d at 1269.

Although Habanos's unrebutted proof more than suffices, and one could reasonably have hoped that Plaintiffs would have acknowledged as much, Habanos submits the additional declaration of a security technician confirming from personal knowledge that the Factory has not been used for cigars or for offices since 2018. Declaration of Juan Luis Arias, dated July 12,

---

[4] The García and Agramonte testimony that the Factory was not suitable for use is not "conclusory," Opp. 5, but the observation of an engineering specialist and investigator supported by photographs and a contemporaneous engineering report.

[5] *See also, e.g.*, *Ruge v. Bailey Co., Inc.*, No. 11-cv-61257, 2011 WL 13217575, at *1–2 (S.D. Fla. Aug. 15, 2011) ("speculation" about what "may have been" "insufficient to rebut" affidavit).

4

2021. With or without this additional proof, that the Factory was not used since the social media accounts began is firmly established.

As to the Mixed-Use Building, Habanos has shown that it has been used only by a company that deals in raw tobacco leaf, and does not "manufacture, process, store, package, ship, distribute, purchase, market, advertise, publicize, promote or sell cigars." Fernández Decl., ECF 89-6. The assertion that "Habanos admits that during the relevant time period, the confiscated Property was used at a minimum for the oversight of all tobacco production in Cuba," Opp. 4, is an outrageous invention. The assertion that Tabacuba uses the building "for management of the day-to-day business of all Cuban tobacco," Opp. 6, ignores the Fernandez Declaration and expressly rests on nothing more than the *allegations* of the Amended Complaint that are disproven by the Declaration, and thus "cannot be consider[ed]," *Mazer*, 556 F.3d at 1282.[6]

Plaintiffs' alternative effort to predicate jurisdiction on the Mixed-Use building—that the requisite nexus is established by its use as offices by a company that sells raw tobacco to other companies that produce cigars that are sold by Habanos, Opp. 6—is far too attenuated: the social media accounts allegedly establish jurisdiction because they are used to market *Habanos's* cigar products, AC ¶¶ 12, 37, not someone else's raw tobacco leaf. *Fraser v. Smith*, 594 F.3d 842, 851 (11th Cir. 2010) (rejecting contact too "attenuated" to support jurisdiction). Regardless, it cannot be considered because it is a newly-added assertion and thus improperly amends the pleading.[7]

Finally, Plaintiffs do not dispute that, as Habanos showed, the Amended Complaint does

---

[6] That Tabacuba's name appears on the building over that of the company occupying the building, ECF 83, Ex. 2, does not contradict the Fernandez Declaration as to who uses the building and for what purposes, let alone support Plaintiffs. Plaintiffs allege that all tobacco-related companies in Cuba are integrated by Tabacuba. AC ¶ 9.

[7] *Burgess v. Religious Tech.*, 600 F. App'x 657, 665–66 (11th Cir. 2015); *Raven Env't Servs. v. United Nat'l Ins.*, No. 20-cv-23060, 2020 WL 5292049, *3 (S.D. Fla. Sept. 3, 2020) (Gayles, J.).

5

not allege the two defendant N.Y. agencies were retained for *any* activity other than assisting with the social media accounts. D. Mem. 10. Since there is not the requisite nexus between the social media accounts and the claim, the alleged retention of the agencies equally lacks the requisite nexus.[8]

To avoid the fatal temporal disjuncture established above, Plaintiffs argue that it is improper to present the temporal issue because it is an "affirmative defense," a "limitations argument under the guise of jurisdiction." Opp. 5. The Due Process requirement of a nexus between the forum contacts and the claim, D. Mem. 10–11, however, has been repeatedly applied to hold that a temporal disjuncture defeats jurisdiction. D. Mem. 11 n.10 (citing cases).[9]

Given that the temporal issue is critical to jurisdiction, Plaintiffs' argument that it is "improper" to consider on this motion is foreclosed by authority. *Mazer*, 556 F.3d at 1269;[10] *Wyatt v. Kaplan*, 686 F.2d 276, 280–81, 283 (5th Cir. 1982) (affirming 12(b)(2) dismissal because plaintiff had not established *prima facie* case that tort occurred in forum, as required by long-arm statute, notwithstanding that personal jurisdiction question "intertwines" with merits); *see also Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 849 (11th Cir.

---

[8] Plaintiffs also cannot rely on the alleged retention of the agencies because they do not rebut the agencies' proof that they were not involved in the social media accounts. ECF 93-1, 93-2.

Plaintiffs do not dispute that the Amended Complaint does not allege Ogilvy's involvement in the social media accounts. D. Mem. 9 n.7; 10 n.8.

[9] *See also Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005). The temporal requirement flows from bedrock Due Process principles, including that being subject to suit must be a foreseeable result of defendant's contacts with the forum. *Noonan v. Colour Libr. Books, Ltd.*, 947 F. Supp. 564, 571 (D. Mass. 1996), *aff'd*, 135 F.3d 85 (1st Cir. 1998) (rejecting reliance on later-in-time contacts because "foreseeability is a touchstone of due process logic").

[10] In *Mazer*, the Eleventh Circuit affirmed dismissal on a 12(b)(2) motion based on finding that plaintiff's "conspiracy claim against [defendant] [was] insufficient to support jurisdiction due to the absence of a viable allegation that [defendants] had conspired to commit a tort in Florida," notwithstanding partial overlap with the merits, without an evidentiary hearing or discovery. *Id.*

1988) (same, as to one defendant).[11]

2. Purposeful Availment

Plaintiffs must show purposeful availment. *Waite v. All Acquisitions Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018). Plaintiffs concede that use of globally accessible websites does not establish purposeful availment. D. Mem. 11–13; Opp. 10; *see also Iglesias v. Pernod Ricard*, No. 20-cv-20157, ECF No. 91 (S.D. Fla. June 17, 2021) (Williams, J.) (dismissing Title III action where jurisdiction based on "generally accessible" websites). Efforts to distinguish the conceded authority on the ground that Twitter, Instagram, and YouTube are U.S. corporations, repeated here by Plaintiffs, Opp. 10, have been uniformly rejected. D. Mem. 12 & n.12.

Plaintiffs' reliance on *Ford Motor Co. v. Montana*, where the defendant "systematically served [the forum] market," 141 S.Ct. 1017, 1028 (2021) (Ford "advertised, sold, and serviced" its cars in forum) is untenable: Habanos is barred by law from selling cigars in the U.S., 31 C.F.R. § 515.204, and its slim contacts with the U.S. bear no resemblance to Ford's. *Ford*, contrary to Plaintiffs' suggestion, Opp. 13, reaffirmed that "the place of a plaintiff's injury and residence cannot create a defendant's contact with the forum," 141 S.Ct. at 1031.

Similarly, cases upholding jurisdiction where defendant made online *sales* of counterfeit goods to Florida residents, *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357 (11th

---

[11] Because, as shown, Plaintiffs have not rebutted Habanos's factual showing on whether the Properties were used for cigars in 2017 or after, the "safeguard" employed in *Romero v. Fox*, of deferring adjudication of certain "factually contested" issues to avoid "premature[] dismiss[al]," No. 18-cv-21218, 2020 WL 8235916, at *2 (S.D. Fla. Jan. 29, 2020) (Gayles, J.) and other cases is not needed or applicable. Further, Plaintiffs do not argue that use of the Properties for cigars in or after 2017—which is dispositive of personal jurisdiction—is, as also required for deferral, an essential element of their claim against Habanos. *Compare, e.g., Romero*; *Douglas v. U.S.*, 814 F.3d 1268, 1281 (11th Cir. 2016) (*cited in Romero*, 2020 WL 8235916, at *2); *Bayshore TBI, Inc. v. MemberSelect Ins. Co.*, No. 19-cv-01281, 2019 WL 6696245, at *2–3 (M.D. Fla. Dec. 4, 2019) (exercising discretion to defer because jurisdictional ruling would resolve element of claim on which parties submitted conflicting affidavits).

7

Cir. 2013); Opp. 9, or stole confidential information *from a Florida company* and sent emails *to Florida residents* to harm that company's business relationships, *see Macrotrend Cap. Grp. Inc. v. Edwards*, No. 18-cv-61327, 2019 WL 2106421, at *5 (S.D. Fla. Mar. 4, 2019), also relied upon by Plaintiffs, Opp. 9–10, are clearly inapposite.

### 3. The Due Process Clause's Reasonableness Requirement

Plaintiffs' response to Habanos's reasonableness argument, D. Mem. 13–15, Opp. 12, ignores the relevant criteria and rests on the untenable premise that the social media accounts were used to market cigars coming from the confiscated properties.

### 4. Plaintiffs' Charge of Illegality

Plaintiffs' repeated, prominent charge of illegality—which necessarily accuses not only Habanos but also Twitter, YouTube and Instagram of violating the Cuban Assets Control Regulations—is as unfounded as it is irrelevant to personal jurisdiction, and a blatantly improper attempt at prejudice. *See* CACR General License 31 C.F.R. § 515.578(a)(1).[12]

## B. The Statutory Requirements for Personal Jurisdiction Are Also Not Met

Habanos showed that Plaintiffs do not meet the tortious activity prong of Fla. Stat. § 48.193, on which they rely, as a substantial, essential aspect of the alleged tort was not committed in Florida: the social media accounts are accessible worldwide and promote products that cannot be sold in the U.S. D. Mem. 15–16. Another court of this District has found stronger

---

[12] Subsection (a)(1) authorizes "the exportation or reexportation, directly or indirectly, from the United States or by a person subject to U.S. jurisdiction to Cuba of services incident to the exchange of communications over the internet, such as instant messaging, chat and email, social networking, sharing of photos and movies, web browsing, blogging, web hosting provided that it is not for the promotion of tourism, and domain name registration services." The limitations concerning organizations "administered or controlled by the Cuban Government" cited by Plaintiffs (in addition to not being applicable to Habanos) do not apply to (a)(1). 31 C.F.R. § 515.578(a)(4)(ii). Plaintiffs confuse 31 C.F.R. § 515.206, implementing statutory exemptions of certain informational transactions from regulation, with the CACR's licensing provisions.

8

allegations to be insufficient. *Del Valle v. Trivago GmbH*, No. 19-cv-22619, 2020 WL 2733729 (S.D. Fla. May 26, 2020). Plaintiffs do not respond to this argument other than, without even referencing the Florida statute and clearly contrary to its provisions and precedent, asserting that jurisdiction lies in Florida because Plaintiffs reside there. Opp. 12.

Nor can Plaintiffs rely on Fed. R. Civ. P. 4(k)(2), because any holding that jurisdiction is constitutional would rely on contacts that may support jurisdiction in another state. D. Mem. 16–17.  Plaintiffs do not respond to this argument.[13]

## II. Even If Personal Jurisdiction Is Found, Venue Is Improper

Plaintiffs do not respond to Habanos's clear showing that 28 U.S.C. § 1391(b)(2)'s venue requirements are not met. D. Mem. 17–18.

## III. Service of Process Was Insufficient

Plaintiffs do not address Habanos's showing they did not comply with Fed. R. Civ. P. 4(f)(2)(C)(ii), D. Mem. 18–19. Rather, they rely on the Foreign Sovereign Immunities Act's service provision, 28 U.S.C. § 1608. Opp. 13. Failure to invoke the FSIA in the Amended Complaint precludes the argument. Further, if, as only now claimed, Habanos is an FSIA "agency or instrumentality," the action must be dismissed for failure to plead FSIA exceptions to immunity.[14] In any event, that the Cuban interest in Habanos amounts only to 50%, and that that

---

[13] Contrary to Plaintiffs, since "dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue," *Posner v. Essex Ins.*, 178 F.3d 1209, 1221 (11th Cir. 1999), dismissal must be with prejudice to re-filing the action anywhere if based upon insufficient U.S. contacts and to re-filing in Florida if based on insufficient Florida contacts.

[14] By invoking the FSIA, Plaintiffs assumed the burden of establishing an FSIA exception to immunity. *George Vila P.A. v. Secretaria de Cultura*, No. 17-cv-23469, 2018 WL 3054796, at *1-2 (S.D. Fla. June 20, 2018). Plaintiffs, having the obligation to plead the basis for jurisdiction "affirmatively and distinctly," 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1206 (3d ed. 2014), *citing De Vold v. Ballard*, 568 F.2d 1162, 1165 (5th Cir. 1978), cannot ask the court to hunt for allegations supporting FSIA jurisdiction. *De Volld*, at 1165.

50% interest is allegedly owned by Tabacuba, AC ¶¶ 7, 8, 51, establishes that Habanos is *not* an "agency or instrumentality." D. Mem. 19 n.17.[15] Finally, DHL no more satisfies 28 U.S.C. § 1608 than Fed. R. Civ. P. 4(f)(2)(C)(ii). D. Mem. 19, n. 17.

### IV. Title III's Application to Habanos Exceeds Prescriptive Jurisdiction Limits

Under Due Process, domestic law may not be applied where the "subject matter" of the suit is a foreign company's dealings related to "persons, property, and events" located abroad, *Gerling Glob. Reinsurance Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1238 (11th Cir. 2001)—here, use of real property abroad for a non-U.S. cigar business. D. Mem. 20.[16]

### V. If Dismissal Is Denied, a More Definite Statement Is Required

The Opposition does not cure but repeats the Amended Complaint's obscuring which of Habanos, Tabacuba, other Cuban companies, and Cuba allegedly did what. D. Mem. 20.

### CONCLUSION

For the foregoing reasons, Corporación Habanos S.A.'s motion to dismiss this action with prejudice, and for relief in the alternative, should be granted.

Dated: July 23, 2021                                   Respectfully submitted,

---

[15] Plaintiffs cannot avoid *Dole Food Co. v. Patrickson*, 538 U.S. 468, 473 (2003) by relying on the "organ" prong of the FSIA's "agency or instrumentality" definition. As explained in *Capital Trans. Int'l. v. Int'l. Petroleum Industrial Co.*, No. 10-cv-529, 2013 WL 557236 (M.D. Fla. 2013), cited by Plaintiffs, an "organ" performs a "public activity" as distinct from a commercial activity, *id*. at *6, 9, which Plaintiffs have the burden of proving but have failed to do (along with other requirements). *Id.* (The FSIA's definition, not the LIBERTAD Act's, must be shown, but, in any event, they are the same. 22 U.S.C. § 6023(1)).

[16] Habanos's reference to Imperial's argument of the same point was proper—the same question of U.S. law's application to use of property abroad for business outside of the U.S. is presented, and the Court's rules contemplate joint briefing of common issues—and is far from the motion practice in *Jolly v. Hoegh Autoliners*, No. 20-cv-1150, 2020 WL 6505037, at *1 (M.D. Fla. Nov. 5, 2020).

10

| | |
|---|---|
| /s/ *Charles Murray Harris, Jr.* | |
| CHARLES MURRAY HARRIS, JR. | MICHAEL R. KRINSKY |
| Florida Bar No. 967459 | (admitted *pro hac vice*) |
| E-Mail: charris@trenam.com | E-Mail: mkrinsky@rbskl.com |
| STEPHANIE CRANE LIEB | LINDSEY FRANK |
| Florida Bar No. 31806 | (admitted *pro hac vice*) |
| E-Mail: slieb@trenam.com | E-Mail: lfrank@rbskl.com |
| **TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS** | **RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C.** |
| 101 E Kennedy Boulevard | 14 Wall Street, Suite 3002 |
| Tampa, FL 33601-1102 | New York, NY 10005 |
| Telephone: (727) 820-3950 | Telephone: (212) 254-1111 |
| Fax: (727) 820-0835 | Fax: (212) 254-4614 |

*Attorneys for Defendant Corporación Habanos, S.A.*

*On the Brief*:
Nathan Yaffe
(Rabinowitz, Boudin, Standard,
Krinsky & Lieberman, P.C.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

/s/ Charles M. Harris, Jr.
Attorney