UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, *et al.*,

                Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

                Defendants.

**DEFENDANTS' SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants have shown that Plaintiffs lack standing to prosecute their statutory Title III claim. [DE 91 ("MTD") at 7–11; DE 112 ("Reply") at 2–7]. Plaintiffs suffered no concrete injury from Defendants' alleged "trafficking" in real property that Plaintiffs concededly do not own. MTD at 8–10; Reply at 2–5. And Defendants did not cause the injury this lawsuit seeks to remedy—loss of the value of the RRHSC Property when the Cuban Government allegedly confiscated it decades before Defendants' alleged trafficking began. MTD at 10–11; Reply at 5–7.

Plaintiffs are not assisted by the Fifth Circuit's decision in *Glen v. American Airlines, Inc.*, --- F.4th ----, 2021 WL 3285307 (5th Cir. Aug. 2, 2021) ("*American Airlines*"), which affirmed the dismissal of a Title III claim on the merits, *id.* at *4–5, but held that the complaint pleaded standing, *id.* at *2–4. *American Airlines* is the first appellate decision to consider Article III standing in the context of Title III. During the first week of October 2021 the Eleventh Circuit will hear argument in several Title III cases that present Article III standing issues.[1]

**Under Controlling Supreme Court and Eleventh Circuit Law, Plaintiffs Were Not Concretely Injured by the Use of Real Property that They Concededly Do Not Own**

As Defendants have shown, Plaintiffs have no concrete injury because their statutory Title III claim—which is based on Defendants' alleged use of real property in which Plaintiffs concededly have no ownership interest—has no "close historical or common-law analogue." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *see* MTD at 8–9; Reply at 2–5.

Plaintiffs are not helped by the Fifth Circuit's view that Title III is analogous to a common law unjust enrichment claim. *American Airlines*, 2021 WL 3285307, at *2. The Eleventh Circuit has held that people whose real property was confiscated by the Cuban Government have no unjust

---

[1] *Garcia-Bengochea v. Royal Caribbean Cruises, Ltd.*, No. 20-14251 (11th Cir.); *Garcia-Bengochea v. Carnival Corp.*, No. 20-12960 (11th Cir.); *Del Valle v. Trivago GmbH*, No. 20-12407 (11th Cir.).

enrichment claim against those who later use the property because they cannot demonstrate the ownership interest required for such a claim. *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251, 1254–55 & n.1 (11th Cir. 2006) ("*Club Med*"); *see* MTD at 8–9 & n.5. When a statutory cause of action omits an element that is essential to liability at common law (here, ownership of the real property), there is no concrete injury, and therefore no standing. *TransUnion LLC*, 141 S. Ct. at 2209. Tellingly, in light of *Club Med*, Plaintiffs did not contest Defendants' showing that Title III is not analogous to an unjust enrichment claim, and thereby conceded the point. Instead, Plaintiffs argued only that common law *conversion* supplies the required analogy (which it does not). Reply at 3–4. Because Plaintiffs' Title III claim has no "close historical or common-law analogue" under Eleventh Circuit law, history does not support finding a concrete injury in Plaintiffs' allegations. *See TransUnion LLC*, 141 S. Ct. at 2204.

Further, under Eleventh Circuit law, a statutory claim fails for lack of standing when—as here—the statute omits an ownership requirement that is an essential element of the purportedly analogous common law claim. In *Salcedo v. Hanna*, for example, the Eleventh Circuit held that the lack of an alleged property interest precluded the plaintiff from relying on the tort of trespass as an analogous common law claim for standing purposes. 936 F.3d 1162, 1171 (11th Cir. 2019). In light of *Salcedo* and other Supreme Court and Eleventh Circuit cases that have denied standing to plaintiffs who cannot allege an interest in the property at issue,[2] Plaintiffs are not assisted by the Fifth Circuit's view that a Title III plaintiff's inability to plead ownership of the confiscated

---

[2] *See, e.g.*, *Thole v. U.S. Bank N.A*, 140 S. Ct. 1615, 1619 (2020) (plaintiffs with no property interest in ERISA plan lacked Article III standing to bring a plan-mismanagement claim); *Klayman v. Clinton*, 668 F. App'x 351, 352 (11th Cir. 2016) (FOIA requester with no property interest in government records lacked Article III standing to bring claims arising from denial of request); *United States v. Cooper*, 485 F. App'x 411, 414 (11th Cir. 2012) (plaintiff with no property interest in forfeited vehicles lacked standing to sue for their return).

property "goes to the merits" and therefore does not support dismissal on standing grounds, *American Airlines*, 2021 WL 3285307, at *3.

Moreover, the Fifth Circuit is incorrect that ownership of the confiscated property "goes to the merits" of a Title III claim. *Id.* Ownership of the confiscated property is not an element of a Title III claim. Nor could it be. The Eleventh Circuit has explained that Title III does not render the Cuban Government's confiscations "ineffective." *Club Med*, 450 F.3d at 1255. Thus, Title III plaintiffs "may own a *claim* for compensation under U.S. law, but they do not *own* the expropriated land itself." *Glen v. Club Méditerranée, S.A.*, 365 F. Supp. 2d 1263, 1270 (S.D. Fla. 2005) (emphases in original), *aff'd*, 450 F.3d 1251. Therefore, the Amended Complaint correctly does not allege that Plaintiffs own the RRHSC Property. To the contrary, Plaintiffs acknowledge that the Cuban Government deprived them of "possession and title" decades before Defendants' alleged trafficking began. [DE 99 ("Opp.") at 9]. Because ownership of the confiscated property is not an element of a Title III claim, the Fifth Circuit misplaced its reliance on cases that declined dismissal for lack of standing based on disputed questions of ownership that also went to the merits of the claim. *See American Airlines*, 2021 WL 3285307, at *3 (citing *Protect Our Parks, Inc. v. Chicago Park District*, 971 F.3d 722, 736 (7th Cir. 2020); *Webb v. City of Dallas*, 314 F.3d 787, 791 (5th Cir. 2002)).

Finally, the Congressional direction to disapply the act of state doctrine in Title III cases, *see* 22 U.S.C. § 6082(a)(6), does not "bolster[]" the case for standing, as the Fifth Circuit believed. *American Airlines*, 2021 WL 3285307, at *3. To the contrary, as the act of state doctrine precludes common law claims arising from the use of property confiscated by the Cuban Government, *Club Med*, 450 F.3d at 1256–57, the Congressional direction to disapply it in Title III cases reemphasizes that Congress has created a cause of action with no "close historical or common-law analogue."

3

*TransUnion LLC*, 141 S. Ct. at 2204. In any event, the Fifth Circuit failed to address that no provision of Title III abrogated the separate domestic takings rule, which has long barred claims arising from a foreign government's taking of the property of its *own* nationals. *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 710–11 (2021); *see* Reply at 4.[3] For this reason, too, a Title III claim has no historical common law analogue when—as here—it is brought in respect of property that the Cuban Government allegedly confiscated from Cuban nationals. Reply at 4.

**Under Controlling Supreme Court and Eleventh Circuit Law, Plaintiffs Lack Article III Standing Because This Lawsuit Seeks to Remedy an Injury that the Cuban Government Caused Decades Before Defendants' Alleged Trafficking Began**

As Defendants have shown, Plaintiffs also lack Article III standing because there is and could be no allegation that Defendants caused the injury this lawsuit seeks to remedy—loss of the value of the RRHSC Property when the Cuban Government allegedly confiscated it decades before Defendants' alleged trafficking began, plus compound interest running from the date of confiscation. MTD at 10–11; Reply at 5–7. Far from disputing Defendants' showing, Plaintiffs candidly concede that Title III seeks to "compensate victims of the *Cuban government's* uncompensated confiscation of property." [DE 100 at 2 (emphasis added)].

Under controlling law, this does not plead the essential causation element of Article III standing. The causation requirement is not satisfied when—as here—the injury sought to be remedied was caused by a third party—the Cuban Government. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019) (citing *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)). And the causation requirement assuredly is not satisfied when—as here—the injury

---

[3] The act of state doctrine "prevents United States courts from determining the validity of the public acts of a foreign sovereign." *Philipp*, 141 S. Ct. at 711 (citations omitted). Congressional abrogation of the act of state doctrine does not abrogate the separate domestic takings rule. *See id.* (although the Second Hickenlooper Amendment abrogated the act of state doctrine in part, "nothing in the Amendment purported to alter any rule of international law, including the domestic takings rule").

preceded the defendants' alleged conduct. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1126 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2828 (2020).

The Fifth Circuit disregarded these foundational principles when it held—without citation to any controlling authority—that a Title III plaintiff had standing to sue to recover triple the value of the confiscated property at the time the Cuban Government allegedly confiscated it in the 1960s from a defendant that derived barely $500 from use of the property decades later. *American Airlines*, 2021 WL 3285307, at *3–4.

Article III confers no "freewheeling power to hold defendants accountable for legal infractions," but only "the power to redress harms that *defendants* cause *plaintiffs*." *TransUnion LLC*, 141 S. Ct. at 2205 (emphases added). Accordingly, Plaintiffs lack standing, and this lawsuit should be dismissed.

*   *   *

For the foregoing reasons, as well as those set forth in Defendants' prior submissions, the Amended Complaint should be dismissed.

5

Dated: August 18, 2021
Miami, Florida

/s/ *Mark F. Raymond*
NELSON MULLINS BROAD AND CASSEL
Mark F. Raymond
mark.raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: 305-373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300

*Attorneys for Defendant Imperial Brands plc*

/s/ *Charles Murray Harris, Jr.*
TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS
Charles Murray Harris, Jr.
charris@trenam.com
Stephanie Crane Lieb
slieb@trenam.com
101 E Kennedy Boulevard
Tampa, FL 33601-1102
Telephone: (727) 820-3950

RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C.
Michael R. Krinsky (admitted *pro hac vice*)
mkrinsky@rbskl.com
Lindsey Frank (admitted *pro hac vice*)
lfrank@rbskl.com
14 Wall Street, Suite 3002
New York, NY 10005
Telephone: (212) 254-1111

*Attorneys for Defendant Corporación Habanos, S.A.*

/s/ *Naim S. Surgeon*
AKERMAN LLP
Naim S. Surgeon (Florida Bar No. 101682)
naim.surgeon@akerman.com
Pedro Freyre (Florida Bar No. 192140)
pedro.freyre@akerman.com
3 Brickell City Centre
98 Southeast 7th St., Suite 1100
Miami, Florida 33131
Telephone: 305-982-5507

WILMER CUTLER PICKERING HALE AND DORR LLP
Christopher Davies (admitted *pro hac vice*)
christopher.davies@wilmerhale.com
Jessica Lutkenhaus (admitted *pro hac vice*)
jessica.lutkenhaus@wilmerhale.com
Ashley McLaughlin Leen (admitted *pro hac vice*)
ashley.leen@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendants WPP PLC, Young & Rubicam LLC, and BCW LLC, a/k/a Burson Cohn & Wolfe LLC*