```
                    IN THE UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                              MIAMI DIVISION

                       CASE NO.:  20-cv-23287-DPG




    RODRIGUEZ, et al.,            )
                                  )
                  Plaintiffs,     )          September 27, 2021
    v.                            )
                                  )
    IMPERIAL BRANDS PLC, et al.,  )          Pages 1 - 18
                                  )
                  Defendants.     )
    _____/





                            DISCOVERY HEARING

               BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
                      UNITED STATES MAGISTRATE JUDGE




    APPEARANCES:

    Counsel on behalf of the Plaintiffs:

                 RODRIGUEZ TRAMONT & NUNEZ, P.A.
                 255 Alhambra Circle
                 Suite 1150,
                 Coral Gables, FL 33134
                 BY:  FRANCISCO R. RODRIGUEZ, ESQ.
                 BY:  PAULINO A. NUNEZ, ESQ.
```

```
 1  APPEARANCES CONTINUED:

 2
    Counsel on behalf of the Plaintiffs:
 3
                BERENTHAL & ASSOCIATES, P.A.
 4              777 Third Avenue
                Suite 22D,
 5              New York, NY 10017
                BY:  JAMES L. BERENTHAL, ESQ.
 6              BY:  DAVID W. BERENTHAL, ESQ.

 7
    Counsel on behalf of Defendant Imperial Brands PLC:
 8
                NELSON MULLINS BROAD AND CASSEL
 9              2 South Biscayne Boulevard
                One Biscayne Tower, 21st Floor,
10              Miami, FL 33131
                BY:  MARK F. RAYMOND, ESQ.
11
                ALLEN AND OVERY, LLP.
12              1221 Avenue of the Americas
                New York, NY 10020
13              BY:  ANDREW R. DAVIES, ESQ.

14  Counsel on behalf of Defendant Corporation Habanos:

15              RABINOWITZ, BOUDIN, STANDARD,
                KRINSKY & LIEBERMAN, P.C.
16              320 West 85th Street
                New York, NY 10024
17              BY, MICHAEL R. KRINSKY, ESQ.

18  Counsel on behalf of Defendant WPP PLC:

19              WILMER CUTLER PICKERING HALE AND DORR LLP
                1875 Pennsylvania Avenue, NW
20              Washington, DC 20006
                BY:  CHRISTOPHER DAVIES, ESQ.
21

22  Transcribed By:

23              BONNIE JOY LEWIS, R.P.R.
                7001 SW 13 Street
24              Pembroke Pines, FL  33023
                954-985-8875
25              caselawrptg@gmail.com
```

```
 1              (Thereupon, the following proceeding was held:)
 2              THE COURTROOM DEPUTY:  The United States District
 3   Court is now in session.  The Honorable Alicia M. Otazo-Reyes
 4   presiding.
 5              Calling the case of Rodriguez et al., versus Imperial
 6   Brands PLC, et al.; Case Number 20-cv-23287-Gayles.
 7              Counsel, please state your appearances for the record.
 8              MR. RODRIGUEZ:  Yes.  On behalf of the Plaintiffs,
 9   Francisco R. Rodriguez and Paulino A. Nunez from the law firm
10   of Rodriguez Tramont and Nunez.
11              MR. BERENTHAL:  James Berenthal and David Berenthal
12   co-counsel to Plaintiffs for the firm of Berenthal and
13   Associates PC.
14              MR. RAYMOND:  Good morning, Your Honor.
15              Mark Raymond, Nelson and Mullins, with my partner
16   Jonathan Etra and our co-counsel Justin Ormand and Andrew Rhys
17   Davies for Allen and Overy.
18              Thank you.
19              MR. KRINSKY:  Your Honor, Michael Krinsky, Rabinowitz,
20   Boudin, Standard, Krinsky and Lieberman in New York.
21              With me are Lindsey Frank and Nathan Yaffe, and our
22   counsel and co-counsel in Florida, Charles Harris and Stephanie
23   Lieb, for Corporation Habanos.
24              MR. DAVIES:  Hello, Your Honor.
25              It's Chris Davies from Wilmer Hale on behalf of the
```

1  WPP Defendants.  Also, on a call from Wilmer Hale, are Tico
2  Almeida, Jessica Lutkenhaus and Ashley Leen.  I believe both of
3  our co-counsel are on as well; Naim Surgeon from Stroock and
4  Pedro Freyre from Akerman.
5          THE COURT:  All right.  Is that it?
6          All right.  So I set this matter for status
7  conference.  It was just referred to me recently and there are
8  quite a few motions pending.  There is also a request for
9  jurisdictional discovery.
10         There is also a statement of interest from the
11 Government.  I'm not quite sure if -- I don't think I heard the
12 Government make an appearance.  They are requesting that non
13 constitutional issues be addressed first.
14         So I wanted to kind of set up a roadmap for how we are
15 going to proceed here.  Let me first hear regarding the request
16 for jurisdictional discovery because, obviously, that would
17 effect how we proceed.
18         MR. RODRIGUEZ:  Yes, Your Honor.
19         THE COURT:  Go ahead.  Identify yourself and you are
20 the movant.  Go ahead.
21         MR. RODRIGUEZ:  Yes.  This is Frank R. Rodriguez.
22         Your Honor, my office had contacted your office to
23 determine if this was going to be a status conference where
24 oral argument was going to be had.
25         And we were told that this was a status conference

1  simply to set up, as Your Honor indicated, a roadmap and, you
2  know, like a schedule.  And I am not here today prepared to
3  argue the merits of our motion seeking jurisdictional
4  discovery.
5          THE COURT:  I'm sorry.  Mr. Rodriguez, you must have
6  misunderstood.
7          MR. RODRIGUEZ:  Yes, I may have.
8          THE COURT:  The instructions given by my chambers were
9  correct.  I have no intention of entertaining argument.  I have
10 only set aside one hour.  And unfortunately, due to traffic, I
11 was a little bit late and my apologizes for that.
12         MR. RODRIGUEZ:  Right.
13         THE COURT:  But, in any event, basically what I am
14 looking for is for you to tell me exactly what it is that you
15 are looking for.  Do you want a delay in the proceeding with
16 the motion?  How much time are you looking for?
17          And then, I will hear from whoever is opposing it.
18 Your motion is Docket Entry 97, motion for jurisdictional
19 discovery and to stay the time for Plaintiffs to respond to the
20 motion to dismiss.
21          So, obviously, that would impact on the sequence of
22 events and that is why I asked you to please tell me what it is
23 that you are looking nor.
24         MR. RODRIGUEZ:  Yes, Your Honor.  I am sorry.  I did
25 misunderstand.  Excuse me.

1              Judge, I think it makes sense that we resolve the
2    motion for jurisdictional discovery initially.  And then,
3    address the motion to dismiss that are filed by the three
4    individual groups of Defendants at a later date.
5              There is a motion to dismiss that is a joint motion to
6    dismiss.  It may make sense to resolve that at some point in
7    the near term, but I think sequentially what should occur is
8    the Court respectfully should address the jurisdictional
9    discovery motion and address our request for that discovery.
10             I think that 40-45 minutes would be sufficient for
11   that motion.  And what we are looking for, at a minimum we are
12   looking for the deposition of the affiants.  There has been
13   some -- the group of Defendants, the WPP Defendants, have filed
14   a couple of affidavits in support of their motions to dismiss.
15             We would be looking to depose those affiants and we
16   would seek to take some written discovery.  And perhaps, based
17   on the jurisdictional discovery, seek to depose others.
18             So when we've have laid out I think some timeframes in
19   the motion, I think that there is a history of similar requests
20   in a case that I am not sure that Your Honor was involved in,
21   but I think Judge Gayles was involved in where there was I
22   believe 90 days given to address.
23             In that case, the Court granted the motion for
24   jurisdictional discovery and I believe awarded 90 days if I'm
25   not mistaken.

```
 1              THE COURT:  All right.  So let's see.  I guess I
 2   should hear from Defense counsel, your position regarding this
 3   request for jurisdictional discovery hearing in 90-day period.
 4              MR. DAVIES:  Sure.  Your Honor, this is Chris Davies
 5   from Wilbur Hale.  I think we concur with the Plaintiffs that
 6   jurisdictional discovery should be resolved before the Court
 7   turns to the motions to dismiss.
 8              We believe that both judicial economy with respect to
 9   resolving the whole pending dispositive motions in a single
10   timeframe and the pendency of certain appeals before the
11   Eleventh Circuit that might effect the disposition of those
12   motions invite some delay in addressing the dispositive motions
13   while personal jurisdictional is being addressed.
14              That said, as you will note in the papers that you
15   received, we do not believe that jurisdictional discovery is
16   necessary.  Moreover, we believe that Plaintiffs' timing and
17   their conduct over the course of the briefing today should
18   disqualify them from seeking discovery on the jurisdictional
19   questions.
20              Then, with respect to the schedule and the scope of
21   discovery, which of course is a matter we would prefer not to
22   ever have to address, but if we do need to address it, we
23   believe we have set forth in both a letter to the Plaintiffs
24   and then, subsequently, our opposition to Plaintiffs' motion a
25   more abbreviated schedule because unlike some of the other
```

1  cases with, which Your Honor is familiar, the scope and need
2  for personal jurisdictional discovery here is much more limited
3  and would, therefore, be much more cabined.
4         We, therefore, propose a much more abbreviated
5  schedule.  We think that also has the advantage of not imposing
6  undue delay on the Court's ability to turn to the dispositive
7  motions.
8         But, in general, we would prefer a hearing on the
9  jurisdictional discovery if possible, you know, within the week
10 or two weeks.  However long it takes Your Honor to get
11 up-to-speed on the various papers in front of you.
12        THE COURT:  I'm sorry.  You are saying you oppose
13 jurisdictional discovery because of Plaintiffs' conduct?
14        MR. DAVIES:  Yes.
15        THE COURT:  What do you mean by?
16        MR. DAVIES:  Sure.  The Plaintiffs haven't done
17 anything improper.  Let me be clear.  I don't mean to imply
18 otherwise.
19        THE COURT:  Well, I'm glad you clarified that.
20        MR. DAVIES:  Yes, I apologize.
21        As we set out in our papers there is precedent for
22 denying jurisdictional discovery when Plaintiffs are dilatory
23 in seeking it and we believe they have been dilatory in this
24 instance.
25        Plaintiffs, of course, do not agree with our

```
 1  characterization.  But we think that, coupled with some of the
 2  other arguments we set out in our papers, are sufficient
 3  grounds for the Court to deny jurisdictional discovery at the
 4  outset before ever turning to the timing for that discovery.
 5          THE COURT:  So you are saying in your opinion because
 6  they took too long to ask for jurisdictional discovery they are
 7  not entitled to it?  That is your argument?
 8          MR. DAVIES:  Well, I think that there is more nuance
 9  to it than that.  They actually went so far as to file an
10  amended complaint after they were already aware of affidavits
11  that challenge personal jurisdiction.
12          And rather than seek jurisdictional discovery at that
13  juncture, which they had already begun to discuss with us, they
14  instead simply filed an amended complaint that did nothing to
15  cure the deficiencies with respect to personal jurisdiction
16  that were present in their original complaint.  There is
17  precedent in this Court for denying jurisdictional discovery
18  under those circumstances.
19          THE COURT:  That is an interesting approach.
20          All right.  Okay.  So assuming they do get
21  jurisdictional discovery, which was your second argument, you
22  are opposing the 90 days?
23          MR. DAVIES:  We are.  We don't believe it is
24  necessary.  As Plaintiff indicated, there are two affiants.
25  There is a very, very narrow and circumscribed question, which
```

1 is the extent to which anything having to do with this case at
2 all was conducted in the United States or by any U.S. entity
3 subject to the jurisdiction of the Court.  That can be resolved
4 quite swiftly.
5         And the idea that they would need 90 days to take two
6 very short depositions and receive whatever material they need
7 to demonstrate, as we have indicated in the affidavit, that the
8 services in question were provided by a Spanish national who
9 was working for a Spanish entity just isn't plausible.
10         THE COURT:  All right.  So what period of time do you
11 think is necessary to conduct these two, in your words, very
12 quick depositions?
13         MR. DAVIES:  We believe that those depositions should
14 each be a half day or less.  We believe that all of the
15 discovery issues could be resolve within a month.
16         THE COURT:  So 30 days as opposed to 90 days?
17         MR. DAVIES:  That's right.
18         THE COURT:  All right.  Anyone else from the
19 Defendants' side have any comments regarding the request for
20 jurisdictional discovery?
21         MR. A. DAVIES:  Your Honor, this is Andrew Rhys Davies
22 for Imperial Brands.
23         Imperial Brands' motion to dismiss is fully briefed,
24 including its motion on personal jurisdiction grounds, but
25 there is no request for jurisdictional discovery from Imperial.

```
 1            That said, we share the view of the WPP Defendants
 2   that there is a deficiency in resolving the jurisdictional
 3   discovery issue as to them first so that all of the motions to
 4   dismiss can be resolved together.
 5            THE COURT:  All right.
 6            MR. KRINSKY:  Your Honor, this is Michael Krinsky on
 7   behalf of Corporation Habanos.
 8            Like Imperial, there has been no demand for discovery
 9   from us and we think our motion, like Imperial's, is ready to
10   go and to be heard by Your Honor.  In the (inaudible) we argue
11   venue and process.
12            And you know, we think that they should be heard now.
13   It is all ready to go and the Plaintiff has not argued their
14   need for discovery, that the discovery that they seek from YNR
15   and BCW is needed to resolve our motion.  So we think it can be
16   heard now and it makes sense to address the issues we raise.
17            THE COURT:  I see.  So you have to be first in line
18   and have your matter heard ahead of everybody else's?
19            MR. KRINSKY:  Well, it's up to Your Honor, but we see
20   no reason for delay to have our motion heard given the fact
21   they haven't (inaudible) discovery from us.
22            THE COURT:  It sounds like that is what you are asking
23   for; put you ahead of the line, take care of your stuff, and
24   the other people can wait behind you.
25            Would that be a fair assessment?
```

MR. KRINSKY: That would be all right with us, Your Honor. I think it is a nuanced question about how Your Honor thinks is the most efficient way of dealing with the issues in the case.

THE COURT: All right. Okay. Let me hear from Mr. Rodriguez on the issue of -- let me just say I am not persuaded that the jurisdictional discovery should be denied just on the fact that they went ahead and filed their amended complaint.

You can address, Mr. Rodriguez, if you would like just for the record, your reasons for doing that. And let me also hear regarding the proposal that the jurisdictional discovery be limited to 30 days because all you need is two quick depositions.

MR. RODRIGUEZ: Yes, Your Honor.

First on the issue of the dilatory nature as alleged by Defendants, what happened is we filed a complaint. Defendants filed motions to dismiss. We saw that there may have been some merit on their motion to dismiss. So we amended the complaint and we didn't seek jurisdictional discovery at the time because we were waiting for their response to the amended complaint to see if they would change their positions.

And in fact, they did on a nuanced basis. And we thought it would make perfect sense to wait until we saw their, what we anticipated, would be the new motion to dismiss with new affidavits for seeking jurisdictional discovery. We do not

1  think at all that we have been dilatory.  Anyway, that's all I
2  have to say there.
3         With regard to the 90 days, I think 90 days is a very
4  reasonable amount of time.  Thirty days is too compact of a
5  schedule.  There are the two affiants that we seek to depose.
6  I think there may be others that we want to depose.  We need to
7  take some written discovery to get a sense and get some detail
8  as to who the persons that have been either mentioned or
9  alluded to in the affidavits that were filed by these affiants.
10        Obviously this is a critical point and jurisdiction is
11 where the rubber meets the road in this case.  And we think we
12 should have an opportunity to take some discovery.  And 90 days
13 is not too long a period of time and we think that is what
14 makes sense in this case.
15        THE COURT:  All right.  Does anyone else have any
16 further comments on the question of jurisdictional discovery?
17        All right.  Hearing no response I will, as I said
18 grant the motion for jurisdictional discovery.  However, I will
19 only allow 60 days.
20        And Mr. Rodriguez, I will hold you very strictly to
21 that timeframe.  I anticipate that the parties will cooperate
22 in expediting this matter and not engage in any delays in terms
23 of making the affiants available for deposition.  Now that we
24 do things by Zoom, travel and so on is cut down.  So it should
25 be doable in 60 days.

```
 1              I will consider the request of the -- let me see.  The
 2   counsel for Habanos that you want me to go ahead and address
 3   your matter ahead of everybody else because it is independent.
 4              Did I get that right, Defendant?
 5              MR. KRINSKY:  Yes, Your Honor.
 6              THE COURT:  I will consider that once I review more
 7   closely the motions because there is no point in holding off
 8   the hearing on your motion.  I will go ahead and schedule it as
 9   soon as my calendar permits.
10              I can't promise it, but if there is no overlap of
11   issues, no point in having 20 people appear at a Zoom hearing
12   on that if nobody else is needed, or at least we could have a
13   bunch of observers, but not participants.
14              So I will consider that.  The other party, Imperial,
15   says that they were okay with holding off until the
16   jurisdictional discovery was done, but let me clarify.
17              Were you doing that more out of courtesy and judicial
18   economy or is there some issue that you believe would be a
19   better approach to hold off on your motion?  And I am
20   addressing (inaudible).
21              MR. A. DAVIES:  Thank you, Your Honor.  This is Andrew
22   Rhys Davies again.
23              Yes, certainly it was judicial economy.  And you know,
24   we are all making motions to dismiss for lack of personal
25   jurisdiction.  There are no factual questions and no factual
```

1  discovery has been sought from Imperial.  But, you know,
2  obviously, it is the same broad standard that is applicable.
3        The other thing that I would just draw to Your Honor's
4  attention, if I could, is that a week from today the Eleventh
5  Circuit is hearing argument on three of these (inaudible)
6  cases.  And it is possible that the Eleventh Circuit's ruling
7  could shed some light on some of the issues that have to be
8  adjudicated on these pending motions to dismiss.
9        So that really was why we said that although there is
10 no request for jurisdictional discovery from Imperial, it
11 struck us that it would make sense to hold the motions to
12 dismiss and decide them altogether.
13        THE COURT:  All right.  Thank you.
14        Let me hear from Habanos counsel.  What is your
15 position regarding the Eleventh Circuit pending matters?  Is it
16 your position that that has no effect whatsoever on your
17 motion?
18        MR. KRINSKY:  I'm sorry, Your Honor.  Were you
19 addressing Corporation Habanos?
20        THE COURT:  Well, I said Habanos because that is the
21 proper pronunciation.
22        MR. KRINSKY:  No, we agree with Imperial that the
23 Eleventh Circuit's decision may very well be dispositive.
24        THE COURT:  No use in rushing you.
25        MR. KRINSKY:  There is good reason to wait for the

```
 1  Eleventh Circuit, Your Honor --
 2          THE COURT:  Okay.
 3          MR. KRINSKY:  -- if that's your inclination for sure.
 4          THE COURT:  No.  I'm looking for your opinions at this
 5  point in time.  I have not expressed my inclination yet.
 6          MR. KRINSKY:  Yes.  Well, we think our motion is ready
 7  and we are relying on two District Court decisions that the
 8  Eleventh Circuit will hear appeals from.  So we think that we
 9  are ready for Your Honor to address the issue.
10          THE COURT:  But for clarity, the Eleventh Circuit
11  decision, or I guess they are just having a hearing.  That does
12  not mean the decision is coming right away.
13          But the Eleventh Circuit addressing officials does or
14  does not impact your motion?  I guess that is the clarity I'm
15  seeking.
16          MR. KRINSKY:  It does impact the motion, Your Honor,
17  yes.
18          THE COURT:  Okay.  For the moment, then, I will only
19  ask the 60-day jurisdictional discovery.  And then, depending
20  on how my schedule looks, I may just go ahead and set the
21  motions for hearing after that period.
22          Again, a lot of it depends on how my schedule is
23  looking and especially we are at the beginning of October.  And
24  Christmas, as you know, usually is the time that it is
25  difficult to schedule things.
```

1              So I will look on my schedule.  I will consider a time
2    when I can set the matter for hearing.  I will keep in mind,
3    number one, the 60-day jurisdictional discovery period.  Number
4    two, the matters pending before the Eleventh Circuit.  I will
5    take both of those matters into consideration when coming up
6    with a schedule.
7              I will do the hearing still by Zoom because we are not
8    quite ready to do in-person hearings here just yet.  Zoom seems
9    to work well with the sharing of screens.  There is no problem
10   with showing exhibits and things like that.  If we need for it
11   to be evidentiary, then, of course, people can just as easily
12   testify.
13             So that is the plan going forward; 60 days for
14   jurisdictional discovery.  Mr. Rodriguez, again, remember, I am
15   going to hold you to that timeframe and you will receive an
16   order scheduling the motion for hearing.
17             Anything else that I can do for you at this time?
18             MR. A. DAVIES:  Your Honor, this is Andrew Rhys
19   Davies.
20             Could I ask for just clarification of the paperless
21   order of referral to Your Honor?
22             THE COURT:  Yes.
23             MR. A. DAVIES:  There are several motions.  One of
24   which is non dispositive, of course, the discovery motions, and
25   the rest are motions to dismiss and obviously by their nature

```
 1  are dispositive.
 2          THE COURT:  I did notice that.
 3          I would not do something outside of the scope of my
 4  authority under 28 USC 636.  So I did notice that it did say
 5  for an order.  Generally, on motions to dismiss, I do reports
 6  and recommendations and that is basically what the rules and
 7  the statute call for.
 8          Obviously, the jurisdictional discovery motion is non
 9  dispositive and I have moved on that.
10          MR. A. DAVIS:  Thank you for that clarification, Your
11  Honor.
12          THE COURT:  Of course.  Anything else?
13          MR. RODRIGUEZ:  No.  Responding to your question,
14  Judge, Plaintiffs have nothing else.  Thank you very much for
15  your time.
16          THE COURT:  Thank you very much.  Good luck to you
17  all.
18          MR. KRINSKY:  Have a good week, Your Honor.
19          (Thereupon, the proceedings concluded.)
20
21
22
23
24
25
```

```
 1
 2                          CERTIFICATE
 3
 4        I hereby certify that the foregoing transcript is an
 5   accurate transcript of the audio recorded proceedings in the
 6   above-entitled matter.
 7
 8
 9
10
     10/18/21                         Bonnie Joy Lewis,
11                            Registered Professional Reporter
                                 CASE LAW REPORTING, INC.
12                              7001 Southwest 13 Street,
                               Pembroke Pines, Florida 33023
13                                    954-985-8875
14
15
16
17
18
19
20
21
22
23
24
25
```