UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, *et al.*,

                Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

                Defendants.

**DEFENDANT IMPERIAL BRANDS PLC'S RESPONSE TO DEFENDANT CORPORACIÓN HABANOS, S.A.'S MOTION DATED NOVEMBER 4, 2021**

Defendant Imperial Brands plc ("Imperial") respectfully submits this response to Defendant Corporación Habanos, S.A.'s ("Habanos") motion dated November 4, 2021 [DE 141], which seeks several forms of relief pertaining to the evidentiary hearing the Court has scheduled for December 15, 2021 and to the order in which Habanos's arguments for dismissal should be addressed, and states as follows:

    1.    Imperial has moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1), (2), and (6) on that grounds that: (a) the allegations in the amended complaint do not make out a prima facie case of personal jurisdiction [DE 88 at 4–17]; (b) applying Title III of the Helms-Burton Act here, based on the amended complaint's allegations about Imperial's non-U.S. business, would violate limitations the Fifth Amendment places on Congress's legislative jurisdiction [*id.* at 17–20]; (c) plaintiffs lack Article III standing because, based on the amended complaint's allegations, this lawsuit does not seek to remedy any concrete harm caused by

defendants [DE 91 at 7–11]; and (d) the amended complaint's allegations do not plausibly state a Title III claim [*id.* at 12–24].

2. The United States has filed a Statement of Interest stating that Imperial's personal-jurisdiction argument raises "substantial questions," and asking this Court to address that argument for dismissal before reaching the constitutional challenge to Title III. [DE 125 at 2]. This Court has acceded to that request. [DE 134].

3. All of Imperial's arguments for dismissal present purely facial challenges to the sufficiency of the allegations in the amended complaint. Because Imperial has made a purely legal, facial challenge to the amended complaint, Imperial submitted no evidence in support of its arguments for dismissal. Plaintiffs correctly acknowledged that Imperial's personal-jurisdiction argument, in particular, presents "a purely 'facial' challenge," and that therefore "'the Court's review is limited to the allegations in the Amended Complaint.'" [DE 100 at 8 (quoting DE 88 at 5 n.4)]. Plaintiffs have sought no jurisdictional discovery from Imperial.

4. Under these circumstances, any evidence to be adduced at the December 15, 2021 evidentiary hearing can have no impact on the adjudication of Imperial's purely facial challenges to the sufficiency of the allegations in the amended complaint.

5. So that Imperial can be prepared to address the issues this Court plans to cover on December 15, 2021, Imperial respectfully requests that the Court provide guidance as to whether it intends to hear argument on December 15, 2021 on Imperial's motions to dismiss. If so, Imperial proposes that such oral argument precede the taking of any evidence that may be relevant to any other defendant's motion.

6. Imperial is available at the Court's convenience should the Court find it useful to hold a conference to address these matters with the parties.

Dated: November 15, 2021
      Miami, Florida

Respectfully submitted,

/s/ *Mark F. Raymond*
NELSON MULLINS
Mark F. Raymond
mark.raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: 305-373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300

*Attorneys for Defendant Imperial Brands plc*