UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUIS MANUEL RODRIGUEZ, et al.,

                                Plaintiffs,

v.                                    Case No.: 1:20-cv-23287(DPG)(AMO)

IMPERIAL BRANDS PLC, et al.,

                                Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT CORPORACIÓN HABANOS, S.A.'S MOTION TO
DEEM CERTAIN FACTS AS ESTABLISHED FOR PURPOSES OF THE
EVIDENTIARY HEARING, FOR RELIEF IN LIMINE, AND FOR OTHER RELIEF
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, by and through their undersigned attorneys, respectfully submit this Memorandum of Law in opposition to Defendant Corporación Habanos, S.A.'s ("Defendant's" or "Habanos'") *Motion to Deem Certain Facts as Established for Purposes of the Evidentiary Hearing, for Relief in Limine and for Other Relief and Memorandum of Law in Support Thereof* ("Def. Motion"), and state:

## PRELIMINARY STATEMENT

While Plaintiffs are currently in the midst of Jurisdictional Discovery, Defendant has seized on the opportunity to distract Plaintiffs' counsel by filing the instant motion. Defendant's Motion attempts to (i) reargue Habanos' motion to dismiss, (ii) untimely challenge the Court's September 27, 2021 order (as amended) [ECF No. 134] ordering, *inter alia*, an evidentiary hearing on Habanos' Motion to Dismiss [ECF No. 89] and the filing of a witness list and an exhibit list prior to the evidentiary hearing. As set forth in greater detail herein, Habanos' motion should be denied in its entirety.

## LEGAL ARGUMENT

**I. DEFENDANT'S MOTION SEEKS TO REARGUE ITS MOTION TO DISMISS**

Defendant's motion, although presented under the guise of a motion to establish facts and for other relief *in limine*, actually reargues Habanos' Motion to Dismiss, [ECF No. 89]. For example, see the top of page 3 of Defendant's motion, starting with "Habanos, S.A. argues that the Amended Complaint is facially insufficient . . . " through the end of page 7, and page 13 to 14, which language restates and reargues Defendants' Motion to Dismiss. Def. Motion. The Local Rules are clear that a movant may file a memorandum of law, and a reply memorandum of law: "[n]o further or additional memoranda of law shall be filed and served without prior leave of

2

Court." *See* Local Rule 7.1(c). Defendant's Motion is a thinly veiled attempt to get a (second) last word in violation of Local Rule 7.1(c). The Motion should be denied.

## II. DEFENDANT CONFLATES JURISDICTIONAL FACTS WITH FACTS REGARDING THE MERITS OF THE ACTION

Defendant seeks to have the various declarations attached to its motion to dismiss [ECF Nos. 89-1 to 89-6] and the declaration attached to its reply in support of said motion [ECF No. 117-1] deemed as "established facts" without corroboration by the declarants. (*See* Def. Motion. At 1). Defendant contends that the declarations constitute "uncontroverted facts" that "must be taken as established at the Evidentiary Hearing." *See* Def. Motion 5-6. Defendant's position is fatally flawed on two grounds, (i) Defendant conflates jurisdictional facts with facts regarding the merits of the action and (ii) Defendant makes conclusory statements, which the Court need not accept in an affidavit.

### A. NON-JURISDICTIONAL AFFIDAVITS SHOULD NOT BE CONSIDERED BY THE COURT AT THIS TIME

A defendant may challenge jurisdiction by submitting an affidavit <u>challenging jurisdictional allegations</u>, in which case the plaintiff can rebut the affidavit by an affidavit supporting jurisdiction. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). However, the defendant cannot submit affidavits <u>regarding the underlying merits</u> of the action for the Court's consideration. Habanos acknowledges that its declarations are filled primarily with assertions regarding the supposed condition and usage of the "RRHSC Property" that is the subject of Plaintiffs' Amended Complaint. *See* Def. Motion 4-5. The question of how and to what extent the RRHSC Property was in use during the two years prior to the filing of the complaint is not a "jurisdictional fact." Instead, that issue goes to arguments made by all Defendants jointly regarding

3

the Helms-Burton Act's "statute of limitations." *See* 22 U.S.C.A. § 6084 ("Limitation of actions").[1] Assertions regarding the use of the Property, therefore, are relevant only to all Defendants' joint motion to dismiss under Rule 12(b)(6).

Because the subject of most of Habanos' declarations is not related to "jurisdictional facts," the premise of Defendant's Motion is wrong. And, of course, matters outside of the complaint are not properly considered on a motion under Fed. R. Civ. P. 12(b)(6). Moreover, facts that could go either to jurisdiction or to the merits should not be deemed established against the plaintiff. To the contrary, courts faced with the issue hold that:

> ***[W]hen the factual attack also implicates an element of the underlying cause of action***. In such a case, '[t]he ***proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case***. The defendant is then 'forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion.'

*Cardoza v. Mario's Cleaning Services, Corp.*, 15-CV-61059, 2015 WL 13709640, at *1 (S.D. Fla. July 22, 2015) (emphasis added, citations omitted). Both the factual and the legal premises for Defendant's Motion are wrong. For that further reason, the Court should deny the Motion.

If the Court were to entertain the Defendant's declarations regarding the underlying facts in the action, specifically the use of the RRHSC Property including the cigar factory, such

---

[1] *See also Havana Docks Corp. v. Carnival Corp.*, 19-CV-21724, 2020 WL 5517590, at *11 (S.D. Fla. Sept. 14, 2020) ("because Plaintiff has stated an actionable claim under Title III on the face of the Amended Complaint, the Court need not determine whether § 6084 is a statute of repose or a statute of limitations.").

4

consideration would convert the Defendant's motion to dismiss to one for summary judgment  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").  The Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record." *See Cardoza*, 2015 WL 13709640, at *1; *WSBTV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988); *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery."). In the instant case, there has been no discovery on merits issues, and Plaintiffs have had no opportunity for discovery except for the limited jurisdictional discovery recently authorized by the Court. There is plainly not an adequate record for summary judgment. Therefore, the pending motions to dismiss cannot be converted to summary judgment motions.

Habanos may have somehow construed the Court's order for an evidentiary *hearing* as a conversion to a motion for summary judgment and an evidentiary hearing on all issues (*See* Def. Motion at 6).  However, there can be no question that the upcoming evidentiary hearing is limited to jurisdictional matters, and that the underlying motions have not been converted to motions for summary judgment.  It is well accepted in the 11th Circuit that if a judge wishes to convert a motion to dismiss into one for summary judgment (by considering matters outside the pleadings), the court must give a ten-day notice to all parties notifying them of the conversion. *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985); *accord White v. Berger*, 769 F. App'x 784, 788 (11th Cir. 2019). No such notice has been given. More importantly, again, there can be no dispute that this case lacks an appropriate record for a 12(b)(6) motion to be converted to

summary judgment. *See Reflectone*, 862 F.2d at 843; *WSBTV*, 842 F.2d at 1269. Thus, the underlying motions to dismiss must remain motions to dismiss, and the evidentiary hearings are limited to jurisdictional facts.

As Habanos' motion must remain a motion to dismiss, apart from jurisdictional affidavits, and more specifically, those portions of such affidavits dealing with and asserting jurisdictional facts, the Court should not consider matters outside the pleadings. *See Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.").

As admitted by the Defendant, the Declaration of Mirel García Días [ECF 89-3], the Declaration of Rafael Agramonte Hevia and the attachment thereto [ECF 89-4], the Declaration of Martha Riquelme Armenteros [ECF 89-5], the Declaration of Jorge Fernández Núñez [ECF 89-6][2], and the Declaration of Juan Luis Arias [ECF 117-1] all discuss the use (or disuse) of the Partagas cigarette factory building and a modern mixed-use building adjacent and connected to said factory at the corner of Calle 23 y 16 (23rd Street and 16th) in Havana, Cuba (collectively the "Property"). (Def. Motion at 4-6). These declarations are devoid of jurisdictional facts, but attempt to address the allegations underlying the Complaint.

---

2   Mr. Fernández Núñez, however, does admit that the Cuban state monopoly for tobacco leaf, Empresa Comercializadora de Tabaco en Rama "La Vega" (a/k/a Tabacuba) uses the Property. [ECF 89-6] La Vega "purchases raw tobacco from Cuban farmers and entities located in Cuba and sells this raw tobacco to other Cuban entities in Cuba" [ECF 89-6], which would include Habanos.

The Declaration of Susan Bailey, a staff member of Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., counsel for Habanos, discusses the Twitter, YouTube and Instagram pages for Habanos in its first five paragraphs, however, the remainder and majority of Ms. Bailey's declaration discusses the exhibits attached to Plaintiffs' Complaint and does not contain jurisdictional facts.[3]  [ECF No. 89-1].  Similarly, the Declaration of Karel Perez Alejo discusses the pictures shown in the exhibits attached to Plaintiffs' complaints and does not contain jurisdictional facts.  [ECF No. 89-2].  The Declaration of Professor Ivonne Pérez Gutiérrez [ECF No. 89-7] discusses Cuban law, not international law, nor the laws of the United States.  The only jurisdictionally relevant statement in the Declaration is that there are no international conventions and/or treaties between the United States and Cuba regarding service of legal papers.  [ECF No. 89-7 at 9].

As demonstrated above, these declarations devoid of jurisdictional facts, should not be "admitted as facts", but instead, should not be considered by the Court at all.

---

[3]  Ms. Bailey's Declaration reflects "snapshots" of Habanos' Twitter, YouTube and Instagram pages, and can only attest to the contents of such pages on the day she visited such webpages.  Any inference that the "snapshot" of Habanos' page reflects the totality of such page throughout its existence would be conclusory at best, does not require a response, and should not be considered by the court. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir.1999).

### III. PLAINTIFFS SHOULD NOT BE BARRED FROM OFFERING JURISDICTIONAL EVIDENCE AT THE EVIDENTIARY HEARING.

As set forth above, most of Defendants' declarations do not concern jurisdictional facts, but instead delve into the underlying allegations. These non-jurisdictional declarations should not be considered by the Court lest Habanos' motions to dismiss be improperly converted into a motion for summary judgment. *Supra*. However, the Court has found sufficient cause for an evidentiary hearing and ordered the same. Habanos' time to challenge the Court's order by a motion for rehearing, has since expired. Defendants' request to preclude Plaintiffs from offering evidence at an evidentiary hearing is utterly without merit.

The non-moving party to a motion to dismiss can respond by affidavit **or otherwise**, to demonstrate jurisdiction. C*oca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, 941 F. Supp. 1175, 1178 (M.D. Fla. 1996), citing *Weller v. Cromwell Oil Co*., 504 F.2d 927, 929 (6th Cir.1974). That the Plaintiffs did not respond to Habanos' motion with a sworn statement is of no moment as Plaintiffs' response in opposition clearly refutes Habanos' motion.

In any event, because the Court has ordered an evidentiary hearing, Plaintiffs are entitled to submit evidence at the evidentiary hearing. For this further reason, Defendants' motion to preclude Plaintiffs from offering additional evidence, if necessary, at the evidentiary hearing must be denied.

### IV. SHOULD DEFENDANT WISH TO OFFER TESTIMONY AT THE HEARING, THE WITNESSES TESTIFYING SHOULD BE AVAILABLE AT THE HEARING

Defendant also seeks to have testimony admitted at the hearing, without having the witnesses available. *See* Def. Motion at 10. As set forth above, Defendant's prior declarations either present facts that are inadmissible at this time as they are not relevant to jurisdiction or are

8

conclusory and should not be considered by the Court (and thus did not warrant an opposing declaration by the Plaintiffs). If the Defendant, however, seeks to offer further testimony, the witnesses should appear in person. Although six of the declarants are in Cuba and experience difficulties when using at least one video conference platform (Def. Motion at 11), those declarants discuss the use of the Property, testimony that should not be considered in the instant motions. As to the non-Cuban declarants, there is no reason why such declarants cannot be made available at the hearing for examination. An evidentiary hearing has been ordered, and thus Defendant's reliance on its own declarations is misplaced.

### V. DEFENDANT UNREASONABLY SEEKS TO HAVE PLAINTIFFS PRODUCE A LIST OF ALL DOCUMENTARY EVIDENCE IT MAY USE AT THE EVIDENTIARY HEARING

Defendant also seeks to compel Plaintiffs to provide it with a list of all documentary evidence Plaintiffs intend to offer at the Evidentiary Hearing, together with a list of any witnesses Plaintiffs intend to call at the Evidentiary Hearing, within two days of entry of an order on this Motion. The request is unreasonable and nothing more than another challenge to this Court's Order. The Court has already ordered that "A witness and exhibit list shall be filed prior to the evidentiary hearing." [ECF No. 134]. Plaintiffs will comply with the existing order, and produce a witness and exhibit list prior to the evidentiary hearing. At present, however, Plaintiffs are engaged in jurisdictional discovery, and their attentions are focused on such discovery. It is unreasonable for the Defendant to request a witness and exhibit list so far in advance of the evidentiary hearing.

9

## VI. DEFENDANT'S ATTEMPTS TO BIFURCATE THE HEARING ARE UNWARRANTED

Although an evidentiary hearing has been ordered by the Court, and such evidentiary hearing will simultaneously apply to all four pending motions to dismiss, Habanos now seeks to bifurcate the hearing, by having Habanos' motion to dismiss for lack of personal jurisdiction heard first, and then continuing the evidentiary hearing to a later time.  Def. Motion at 12.  Habanos should have raised this issue at the initial conference with the Court on September 27, 2021.  Habanos has since consented to the present schedule as it stands.  Moreover, if the evidentiary hearing were to be postponed, pending a decision on Habanos' motion to dismiss for lack of personal jurisdiction, then Habanos' Rule 7.1 Certification is defective as Habanos has failed to confer with the other defendants regarding Habanos' request to bifurcate the hearing and possibly continue the evidentiary hearing to a later date. For this further reason, the Motion should be denied.

## CONCLUSION

For the foregoing reasons and based on the cited authorities, the Court should deny Habanos' *Motion to Deem Certain Facts as Established for Purposes of the Evidentiary Hearing, for Relief in Limine and for Other Relief*.

Respectfully submitted,

| | |
|---|---|
| **RODRIGUEZ TRAMONT & NUÑEZ P.A.** | **BERENTHAL & ASSOCIATES, P.C.** |
| By: /s/ Paulino A. Núñez Jr. | By: /s/ James L. Berenthal |
| Paulino A. Núñez Jr. | James L. Berenthal |
| Florida Bar No. 814806 | Florida Bar No.126035 |
| 255 Alhambra Circle | 45 East 72nd Street |
| Suite 1150 | Suite 5C |
| Coral Gables, FL 33134 | New York, NY 10021 |
| E-mail: pan@rtgn-law.com | E-mail: jlb@berenthalaw.com |
| Telephone: (305) 350-2300 | Telephone: (212) 302-9494 |

## Certificate of Service

I HEREBY CERTIFY that on November 15, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

/s/ David W. Berenthal
David W. Berenthal