UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23287 Gayles-Otazo-Reyes

| | |
|---|---|
| LUIS MANUEL RODRIGUEZ, *et al.*, | : |
| Plaintiffs, | : |
| v. | : |
| IMPERIAL BRANDS PLC, *et al.*, | : |
| Defendants. | : |

**DEFENDANT CORPORACIÓN HABANOS, S.A.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DEEM CERTAIN FACTS AS
ESTABLISHED FOR PURPOSES OF THE EVIDENTIARY HEARING,
<u>FOR RELIEF *IN LIMINE* AND FOR OTHER RELIEF</u>**

# TABLE OF CONTENTS

                                                                   Page

**TABLE OF AUTHORITIES** ...................................................................................................ii

**ARGUMENT**............................................................................................................................1

  I.  Plaintiffs Provide No Authority or Reason to Disregard the Settled Rule that the Uncontroverted Facts Attested to in the Declarations Filed in Support of Habanos, S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction Must Be Accepted as Established for Purposes of That Motion ...................................1

    A. That the Social Media Accounts Are Globally Accessible and Cannot Be Used to Purchase Cigars Is Established by the Uncontroverted Declarations ..................................................................................................1

    B. That There Is a Temporal Disjuncture Between Use of the Factory for Cigars and the Social Media Accounts, and that The Mixed-Use Building Has Never Been Used For Cigars, Are Established By the Uncontroverted Declarations ..................................................................................................2

    C. The Declarations Submitted by Habanos, S.A. Attest to Specific Facts Based on Personal Knowledge, and Thus Are Not Conclusory......................5

  II.  Plaintiffs Provide No Authority or Reason to Disregard the Settled Rule That Plaintiffs May Not Offer New Evidence at the Evidentiary Hearing on Habanos, S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ...............6

  III. The Court Should Admit Habanos, S.A.'s Declarations into Evidence and Not Require the Declarants Appearance As Live Witnesses ..............................7

  IV. The Court Should Set a Deadline for Plaintiffs to Provide Habanos, S.A. with Any Documentary Evidence It Intends to Reply Upon and Its List of Witnesses, If Any.........................................................................................8

  V.  Guidance Is Requested on Whether the Court Will Hear Oral Argument on December 15 Concerning Challenges to the Facial Sufficiency of Plaintiffs' Amended Complaint with Respect to Personal Jurisdiction ..............................8

  VI. Habanos, S.A.'s Instant Motion Does Not Reargue Its Motion to Dismiss ........9

  VII. The Court Should First Address Habanos, S.A.'s Motion to Dismiss for Insufficient Service of Process ............................................................................9

## TABLE OF AUTHORITIES

**Cases**............................................................................................................................**Page**

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989) ............................... 10

*Bristol-Myers Squibb v. Sup. Crt*, 137 S. Ct. 1773 (2017) .......................................................... 2, 3

*Cardoza v. Mario's Cleaning Servs., Corp.*, 15-cv-61059,
　2015 WL 13709640 (S.D. Fla. July 22, 2015) ........................................................................... 4

*Coca-Cola v. Empresa Comercial Internacional De Frutas S.A.*,
　941 F. Supp. 1175 (M.D. Fla. 1996)............................................................................................ 7

*Delong Equip. Co. v. Washington Mills Abrasive Co.*,
　840 F.2d 843 (11th Cir. 1988) ..................................................................................................... 3

*In re Papandreou*, 139 F.3d 247 (D.C. Cir. 1998).......................................................................... 10

*Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990) ...................................................................... 4

*Posner v. Essex Ins. Co.*, 178 F.3d 1209 (11th Cir. 1999)........................................................... 1, 6

*United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009) .................................................. 1, 3

*Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480 (1983) ...................................................... 10

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982)............................................................................... 3

**Statutes**

28 U.S.C. § 1330(b) ........................................................................................................................ 10
28 U.S.C. § 1608............................................................................................................................. 10

**Rules**

Fed. R. Civ. P. 4(f).............................................................................................................................9

Local R. Civ. P. 7.1(a)(3)...................................................................................................................9

Defendant Corporación Habanos, S.A. ("Habanos, S.A.") respectfully submits this Reply in further support of its Motion To Deem Certain Facts as Established for Purposes of the Evidentiary Hearing, For Relief *In Limine* and For Other Relief. (ECF 141) (the "Motion").

**I.     Plaintiffs Provide No Authority or Reason to Disregard the Settled Rule that the Uncontroverted Facts Attested to in the Declarations Filed in Support of Habanos, S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction Must Be Accepted as Established for Purposes of That Motion**

Habanos, S.A. has shown that uncontroverted facts attested to in declarations filed in support of a motion to dismiss for lack of personal jurisdiction must be accepted as established for purposes of the motion. *See* Motion 6–8. As the Eleventh Circuit has held, "failure to controvert" a fact attested to in a declaration supporting a motion to dismiss for lack of jurisdiction "ends the matter" with respect to that fact for purposes of that motion. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1219 (11th Cir. 1999); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1282 (11th Cir. 2009) ("[W]e cannot consider the allegations about [defendant]'s conduct in Florida because the [declarant's] affidavit, which [plaintiff] has failed to rebut with competent evidence, specifically denies those allegations."); Motion 7.

Plaintiffs do not challenge this longstanding precedent, and, indeed, concede that *Posner* governs. ECF 147, at 3. Thus, because Plaintiffs neither came forward with any evidence to controvert Habanos, S.A.'s declarations nor sought discovery with respect to that showing, the facts attested to in those declarations and exhibits must be accepted as established.

  A.  <u>That the Social Media Accounts Are Globally Accessible and Cannot Be Used to Purchase Cigars Is Established by the Uncontroverted Declarations</u>

Habanos, S.A. argues that dismissal is required because Plaintiffs' jurisdictional theory depends upon asserted jurisdictional contacts created by Twitter, Instagram, and YouTube accounts: these accounts cannot support jurisdiction given that they are globally accessible and

1

cannot be used for transactions with forum residents. Habanos, S.A.'s Memorandum (ECF 89) ("HSA Mem.") 11–13, 15–16; Habanos, S.A.'s Reply (ECF 117) ("HSA Reply") 7–8. These characteristics of the social media pages are established by facts attested to in declarations filed in support of Habanos, S.A.'s motion to dismiss. Declaration of Susan Bailey, ECF 89-1, ¶¶ 2–5. Plaintiffs did not come forward with contrary evidence, nor is there even an allegation to the contrary, Plaintiffs' Opposition (ECF 101) ("Opp. Mem.") 10 ("Florida cases have required [] the use of an interactive website. Plaintiffs do not allege that such was involved here."). Further, these characteristics of the social media accounts are evident on the face of publicly accessible websites, which can be visited by Plaintiffs like anyone else.

The Court thus has before it as undisputed fact everything relevant to this argument, which Habanos, S.A. contends requires dismissal; there is no support in authority or reason to delay adjudication of this potentially dispositive issue. Indeed, while Plaintiffs argue that *other* parts of Habanos, S.A.'s factual showing pertain to the merits and not to "jurisdictional allegations," ECF 147, at 3, Plaintiffs make no similar argument as to the social media accounts. The Court thus can and should rely on uncontroverted facts attested to in declarations submitted in support of Habanos, S.A.'s motion to dismiss to determine whether the characteristics of the social media accounts defeat Plaintiffs' attempt to predicate jurisdiction on those accounts.

> B. That There Is a Temporal Disjuncture Between Use of the Factory for Cigars and the Social Media Accounts, and that The Mixed-Use Building Has Never Been Used For Cigars, Are Established By the Uncontroverted Declarations

Plaintiffs argue—ignoring contrary and controlling authority—that the Court should not reach any issue, at the Rule 12(b)(2) stage, pertaining to *when* the Factory was used for cigars, or *whether* the Mixed-Use Building is used for cigars at all, notwithstanding that Plaintiffs must, to meet the requirement that the cause of action "arise out of or relate to" the U.S. contacts, *Bristol-*

2

*Myers Squibb v. Sup. Crt*, 137 S. Ct. 1773, 1780 (2017) (alterations omitted), show a nexus between the social media marketing of cigars, on which Plaintiffs rely for the asserted jurisdictional contacts, and the Properties. *See* HSA Mem. 10–11. If, as Habanos, S.A. argues, there is no nexus because the social media accounts were established after the Factory stopped being used for cigars, and the Mixed-Use Building is used by a non-party enterprise that deals in leaf tobacco, not cigars, the requisite nexus is lacking and dismissal is required. *Id.*

Given that these issues are critical to jurisdiction, Plaintiffs' argument that they are "inadmissible" in support of Habanos, S.A.'s motion to dismiss, ECF 147, at 8, is foreclosed by authority. As Habanos, S.A. has already shown, and Plaintiffs simply ignore, settled case law forecloses Plaintiffs' position and establishes that it is proper to consider facts attested to in declarations in support of a Rule 12(b)(2) motion to dismiss, notwithstanding that the facts may be relevant to both personal jurisdiction and the merits. HSA Reply 6–7 (collecting cases).

In *United Tech. Corp*. v. *Mazer*, 556 F.3d 1260 (11th Cir. 2009), the Eleventh Circuit affirmed the district court's Rule 12(b)(2) dismissal for lack of personal jurisdiction under Florida's long-arm statute ("committing a tortious act within this state") over a defendant alleged to have participated in a conspiracy to steal blueprints. In doing so, it relied on the denials in the defendant's declaration in support of its Rule 12(b)(2) motion even though the "specific factual denials" on which it relied went to *both* jurisdiction and the merits. *Id.* at 1277. Similarly, the Fifth Circuit affirmed dismissal of a defamation action on a Rule 12(b)(2) motion based on a declaration that rebutted plaintiff's allegations, where the facts attested to in the declaration relied upon by the court went *both* to jurisdiction and the merits. *Wyatt v. Kaplan*, 686 F.2d 276, 280–81, 283 (5th Cir. 1982); *see also Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (affirming Rule 12(b)(2) dismissal although "the jurisdictional

questions are apparently intertwined with the merits of the case").

Against the weight of this authority, Plaintiffs cite only *Cardoza v. Mario's Cleaning Servs., Corp.*, 15-cv-61059, 2015 WL 13709640 (S.D. Fla. July 22, 2015), ECF 147, at 4, which is clearly distinguishable. In *Cardoza*, the factual issue pertinent to jurisdiction was, under the federal statutory scheme, not only relevant to jurisdiction but also *dispositive* of the merits: if the defendant employer did not have sales over $500,000, the district court lacked subject-matter jurisdiction, *and* plaintiff had no cause of action under the Fair Labor Standards Act. *Id.* at *1–*2. As explained in *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990), cited in *Cardoza*, at *2, the rule applied in *Cardoza* applies where the factual issue is both a "necessary predicate to the court's subject matter jurisdiction and [] an element the plaintiff must establish to win the case." This authority has no applicability to the very different circumstances here.

First, *Cardoza* has no bearing on Habanos, S.A.'s argument that uncontroverted facts pertaining to the social media accounts and attested to in the declarations in support of Habanos, S.A.'s motion to dismiss must be deemed established, because Plaintiffs do not even argue that these facts about the accounts resolve the merits. ECF 147, at 7. Taking the attested-to facts as established, ECF 89-1, the Court should rule on Habanos, S.A.'s argument that the nature of the accounts (globally accessible, cannot be used to purchase cigars) is dispositive as to jurisdiction.

Second, under *Plaintiffs'* own theory of the case, even if the Court concluded, in adjudicating Habanos, S.A.'s Rule 12(b)(2) motion, that the Cigar Factory was not used for cigars after the social media accounts were established, and the Mixed-Use Building was used only by an enterprise for leaf tobacco, this would not, according to Plaintiffs, dispose of the merits. Plaintiffs contend they have a cause of action based only on possession and control of the Cigar Factory and Mixed-Use Building, because such possession and control constitute

4

trafficking under Title III and because, according to Plaintiffs, Habanos, S.A. itself (or entities whose conduct is attributable to Habanos, S.A., under Plaintiffs' theory) retain possession and control of the Properties. AC ¶¶ 29, 30, 48, 53, 54.  Habanos, S.A. joins the other defendants in arguing that Plaintiffs do not sufficiently allege that there was such possession or control within two years of the filing date of this action, ECF 91, at 12–15, but, critically for purposes of the instant motion, Plaintiffs' possession-and-control theory is not foreclosed, or even affected, by the Court finding the Factory has not been used for cigars since the social media accounts were created and that the Mixed-Use Building is not used for cigars, but for leaf tobacco.

Because resolution of the facts attested to in the declarations would not dispose of the merits, Plaintiffs' only authority that the Court should defer adjudication of Habanos, S.A.'s factual challenge to jurisdiction is irrelevant, and, regardless, Plaintiffs' position is foreclosed by controlling contrary Eleventh Circuit authority.

    C. <u>The Declarations Submitted by Habanos, S.A. Attest to Specific Facts Based on Personal Knowledge, and Thus Are Not Conclusory</u>

Plaintiffs argue, without basis or explanation, that the declarations submitted by Habanos are "conclusory."  ECF 147, at 3, 9. They are not.

Each of the seven (7) declarants presented "specific factual declarations within [their] personal knowledge."[2] As such, they must be accepted unless Plaintiffs come forward with

---

[2] Four (4) declarants testified as to their personal observations that the Cigar Factory was vacant and not used for any purpose at the times indicated in their declarations, ECF 89-3, 89-4, 89-5, 117-1. Two (2) declarants testified as to their review of publicly available publications (Ms. Bailey) or documents maintained by the declarant (Mr. Perez) showing that: in the case of Ms. Bailey, Habanos, S.A.'s Twitter, YouTube, and Instagram accounts indicate that Habanos, S.A. "joined" these worldwide social networking platforms in 2015 or later and that cigars cannot be purchased through these accounts; and, for both declarants, Plaintiffs' exhibits to the Amended Complaint concerning the Cigar Factory were taken before 2015. One (1) declarant is the Legal Director of a non-party that uses two floors in the Mixed-Use Building next to the Cigar Factory and testified as to the operations of the company where he has worked since its creation in 2000.

factual submissions supporting jurisdiction, which Plaintiffs have not done. *Posner*, 178 F.3d at 1215.

Plaintiffs do *not* even challenge these declarations in their opposition to the motion to dismiss, except to claim that: (a) a statement by one declarant, Mirel García Días, that the Cigar Factory was "not suitable for any use" was conclusory, and (b) they did not specifically provide testimony concerning the 2019–20 period. ECF 101, at 5–6. Mr. Garcia's statement is not conclusory—he was the chief investigator of an unrelated Cuban engineering services company, worked in the company for over 20 years, and conducted a diagnostic report of the structural elements of the Cigar Factory in 2015. ECF 89-3, at 2. But. even if found to be conclusory, Plaintiffs' objection is immaterial given Habanos, S.A.'s other, uncontroverted "specific factual declarations" based on personal knowledge that the Cigar Factory was vacant and not being used for each year between 2011 and the present, including during 2019–20. ECF 89-3, 89-4, 89-5, 117-1; *see also Posner*, 178 F.3d at 1215 (even if one portion of declaration is conclusory, plaintiff must still come forth with factual submissions to contradict the remainder of the testimony).

It may be added that deferring adjudication of Habanos, S.A.'s factual challenge to the exercise of jurisdiction is wholly unwarranted under the circumstances presented here. In the face of Habanos, S.A.'s extensive factual submissions, and given Plaintiffs' failure to rebut or seek discovery as to the facts attested to in the declarations in support of Habanos, S.A.'s motion to dismiss, deferring adjudication would vitiate the protections afforded by the due process requirements for personal jurisdiction, waste resources and serve no purpose.

**II.     Plaintiffs Provide No Authority or Reason to Disregard the Settled Rule That Plaintiffs May Not Offer New Evidence at the Evidentiary Hearing on Habanos, S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction**

Plaintiffs simply ignore the overwhelming weight of authority establishing that the time for Plaintiffs to come forward with evidence in opposition to Habanos, S.A.'s motion to dismiss for lack of personal jurisdiction was during briefing on that motion. *See* Motion 8–9 (collecting cases). Instead, Plaintiffs seek to muddy clear waters by recourse to a series of irrelevancies.

The sole authority cited by Plaintiffs, ECF 147, at 8, confirms and illustrates, rather than undermines, this settled rule. In *Coca-Cola v. Empresa Comercial Internacional De Frutas S.A.*, 941 F. Supp. 1175 (M.D. Fla. 1996), plaintiff and defendant submitted dueling affidavits *during* briefing defendant's motion to dismiss, such that the court "reached an impasse" and concluded "evidence must be taken" to resolve the jurisdictional issue. *Id.* at 1180–81. Thus, contrary to Plaintiffs' assertion that *Coca-Cola* shows a plaintiff has the right to wait until long after briefing on a motion to dismiss has concluded to come forth, for the first time, with evidence to support its opposition to that motion, the court expressly stated it was *precisely because* both sides came forth with contradictory, pertinent affidavits during briefing on the motion to dismiss that it had to take additional evidence in an evidentiary hearing. *Id.* ("The Court . . . is unable to harmonize the affidavits submitted by both sides. *Therefore*, an evidentiary hearing must be held[.]") (emphasis added). The situation here is the opposite to that in *Coca-Cola*: Plaintiffs have neither rebutted Habanos, S.A.'s factual showing, nor even sought discovery from Habanos, S.A.

Contrary to Plaintiffs, the Court's order setting an evidentiary hearing on the four pending motions to dismiss, ECF 134, says nothing about whether Plaintiffs are permitted to supplement their opposition to Habanos, S.A.'s individual motion to dismiss for lack of personal jurisdiction by coming forth with evidence to oppose the motion long after the close of briefing.

### III. The Court Should Admit Habanos, S.A.'s Declarations into Evidence and Not Require the Declarants' Appearance As Live Witnesses

Plaintiffs' argument that the Court should not admit the declarations submitted by

7

Habanos, S.A. in support of its motion but require the declarants to appear as live witnesses rests solely on their arguments that the declarations are conclusory and it would be premature for the Court to consider the facts they attest to in any event. ECF 147, at 8–9. Both propositions are incorrect, as shown above. Plaintiffs' give no other reason why the Court should not admit these witnesses' testimony by declaration. Indeed, Plaintiffs do not even request that the witnesses be made available at the hearing unless Habanos, S.A. presents them to offer "further testimony" beyond that which is advanced in the declarations. ECF 147, at 8–9. For the reasons indicated, the Court should exercise its undoubted discretion to admit the declarations into evidence and not require the declarants to appear as live witnesses. ECF 141, at 10.[3]

### IV. The Court Should Set a Deadline for Plaintiffs to Provide Habanos, S.A. With Any Documentary Evidence It Intends to Reply Upon and Its List of Witnesses, If Any

Plaintiffs continue to provide no information as to what (if any) exhibits it intends to offer at the Evidentiary Hearing, what witnesses (if any) it intends to present, or when they will provide this information other than it will be "before the Evidentiary Hearing." As Habanos, S.A. has explained, a fair as well as orderly hearing requires that this information be provided without delay, particularly as Plaintiffs have kept Habanos, S.A. completely in the dark by failing to come forward with any evidence in opposition to Habanos' motion. ECF 141, at 11–12.

### V. Guidance Is Requested on Whether the Court Will Hear Oral Argument on December 15 Concerning Challenges to the Facial Sufficiency of Plaintiffs' Amended Complaint with Respect to Personal Jurisdiction

Habanos, S.A. argues that the Amended Complaint is facially insufficient to satisfy the Due Process Clause and statutory requirements for personal jurisdiction. ECF 89, at 4–17.

---

[3] Habanos, S.A. notes that an additional test of Microsoft Teams did not result in the same difficulties previously experienced.

8

Habanos, S.A. requests guidance as to whether the Court wishes to hear oral argument on December 15, 2021. Imperial Brands plc makes a similar request for guidance with respect to its challenge to the facial sufficiency of the Amended Complaint. ECF 145.

### VI. Habanos, S.A.'s Instant Motion Does Not Reargue Its Motion to Dismiss

Contrary to Plaintiffs' allegation, Habanos, S.A.'s instant motion does *not* seek to reargue its Motion to Dismiss. *Compare* ECF 147, at 2–3 *with* ECF 141, at 3–7 and 13–14 (cited by Plaintiffs). Rather, it seeks the specified relief as to how the Evidentiary Hearing ordered by the Court is to be conducted, and that the service issue should be addressed before the hearing on personal jurisdiction. It merely recounts the procedural history of the proceedings, ECF 141, at 3-6, and the background of the service issue, *id.* at 13–14.

### VII. The Court Should First Address Habanos, S.A.'s Motion to Dismiss for Insufficient Service of Process

Contrary to Plaintiffs' puzzling assertion, ECF 147, at 10, Habanos, S.A. has not requested that its personal jurisdiction motion be heard before those of the other defendants. It only requested that that portion of its motion to dismiss for insufficient service of process be addressed before its personal jurisdiction motion be heard. ECF 141, at 16–17.

With good reason, Plaintiffs do not contest that Habanos, S.A.'s motion to dismiss for insufficient service of process presents a pure question of law; does not require an evidentiary hearing for disposition; and, if service of process was insufficient, it would moot Habanos, S.A.'s motion to dismiss for lack of personal jurisdiction. ECF 147, at 10; ECF 141, at 16–18. This alone is sufficient reason for the Court to address the service issue first.

Moreover, the very basis on which Plaintiffs defend their service of process provides compelling reasons for the Court to decide the service issue first. Plaintiffs do *not* attempt to defend service under Fed. R. Civ. P. 4(f), ECF 101, at 13–14, but, rather, only invoke the service

9

provisions of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. ECF 101, at 13–14. Habanos, S.A. argues that the Plaintiffs may not justify service under the FSIA because they never pled jurisdiction under the FSIA nor that any of the FSIA's exceptions to immunity apply, and that Plaintiffs' own allegations—that the Cuban interest in Habanos, S.A. is only 50%, and it is not held by the Cuban Government itself—make the FSIA in applicable. ECF 89, at 28–29; ECF 117, at 14–15.

If the Court agrees, then service was insufficient. If, on the other, the Court were to find the FSIA is applicable, then the question of *subject-matter* jurisdiction would need to be addressed at the *threshold*: when applicable, the FSIA is the *exclusive* source of subject-matter jurisdiction, and whether its exceptions to immunity are satisfied must be resolved first, *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493–94 (1983); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 435 (1989), including because the FSIA shields against the "burdens of litigation." *In re Papandreou*, 139 F.3d 247, 251, 254 (D.C. Cir. 1998). Moreover, under the FSIA, the Court does not have statutory personal jurisdiction unless it has FSIA subject-matter jurisdiction. 28 U.S.C. § 1330(b).

Plaintiffs' attempt to fault Habanos, S.A. for not arguing at the September 27, 2021 status conference that the Evidentiary Hearing should be continued with respect to it if necessary to decide the service issue first ignores the simple fact that the question of an evidentiary hearing was not raised at the status conference. Plaintiffs' suggestion that Habanos, S.A.'s Rule 7.1(a)(3) certification was improper is baseless: Plaintiffs do not complain that Habanos, S.A. failed to confer with them, and advance no basis for asserting that Habanos, S.A. did not confer with the other Defendants, which it did.

Dated: November 17, 2021                                          Respectfully submitted,

| | |
|---|---|
| /s/      Charles Murray Harris, Jr.    | |
| TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS | RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C. |
| Charles Murray Harris, Jr. | Michael R. Krinsky (admitted *pro hac vice*) |
| Florida Bar No. 967459 | mkrinsky@rbskl.com |
| charris@trenam.com | Lindsey Frank (admitted *pro hac vice*) |
| Stephanie Crane Lieb | lfrank@rbskl.com |
| Florida Bar No. 31806 | 320 West 85th Street |
| slieb@trenam.com | New York, NY 10024 |
| 101 E Kennedy Boulevard | Telephone: (212) 254-1111 |
| Tampa, FL 33601-1102 | |
| Telephone: (727) 820-3950 | |

*Attorneys for Defendant Corporación Habanos, S.A.*

*On the Brief*:
Nathan Yaffe
(Rabinowitz, Boudin, Standard,
Krinsky & Lieberman, P.C.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

/S/  _Charles Murray Harris, Jr.__
Attorney