```
 1                        UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA
 2
                           CASE NO. 20-CV-23287-DPG
 3
      LUIS MANUEL RODRIGUEZ,
 4    et al.,

 5                                            Miami, Florida
                          Plaintiff(s),
 6                                            November 17, 2021
                 vs.
 7
      IMPERIAL BRANDS, PLC,
 8    et al.,

 9
                          Defendant(s).      Pages 1 - 21
10    ------------------------------------------------------------

11                          STATUS CONFERENCE
                   TRANSCRIBED FROM DIGITAL AUDIO RECORDING
12                BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
                       UNITED STATES MAGISTRATE JUDGE
13


14

15    APPEARANCES:

16    FOR THE PLAINTIFF(S):  FRANCISCO R. RODRIGUEZ, ESQ.
                             PAUL M. NUNEZ, ESQ.
17                           PAULINO ANTONIO NUNEZ, JR.
                             RODRIGUEZ TRAMONT & NUNEZ, P.A.
18                           255 Alhambra Circle
                             Coral Gables, FL 33134
19                           305-350-2300
                             frr@rtgn-law.com
20                           pmn@rtgn-law.com
                             pan@rtgn-law.com
21

22                           JAMES L. BERENTHAL, ESQ.
                             BERENTHAL & ASSOCIATES, P.A.
23                           317 Madison Avenue
                             New York, NY 10017
24                           212-302-9494
                             jlb@berenthalaw.com
25
```

```
 1    APPEARANCES (CONT'D)

 2

 3    FOR THE DEFENDANT(S):   MICHAEL R. KRINSKY, ESQ.
      Corporacion Habanos     LINDSEY FRANK, ESQ.
 4                            NATHAN YAFFE, ESQ.
                              RABINOWITZ BOUDIN STANDARD KRINSKY &
 5                            LIEBERMAN, P.C.
                              320 West 85th Street
 6                            New York, NY 10024
                              212-254-1111
 7                            mkrinsky@rbskl.com
                              lfrank@rbskl.com
 8                            nyaffe@rbskl.com

 9
                              CHARLES M. HARRIS, JR.
10                            TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL
                              & MULLIS
11                            101 E Kennedy Boulevard
                              Tampa, FL 33601-1102
12                            727-820-3950
                              charris@trenam.com
13

14

15    FOR THE DEFENDANT(S):   CHRISTOPHER DAVIES, ESQ.
      WPP, PLC                ASHLEY S. LEEN, ESQ.
16                            WILMER CUTLER PICKERING HALE AND DORR,
                              LLP
17                            1875 Pennsylvania Avenue, NW
                              Washington, DC 20006
18                            202-663-6187
                              christopher.davies@wilmerhale.com
19

20                            NAIM S. SURGEON, ESQ.
                              STROOCK & STROOCK & LAVAN, LLP
21                            200 S. Biscayne Blvd
                              Miami, FL 33131
22                            305-789-9360
                              nsurgeon@stroock.com
23

24

25
```

```
 1    APPEARANCES (CONT'D)

 2

 3    FOR THE DEFENDANT(S):   PEDRO A. FREYRE, ESQ.
      WPP, PLC                AKERMAN, LLP
 4                            98 S.E. 7th Street
                              Miami, FL 33131
 5                            305-374-5600
                              pedro.freyre@akerman.com
 6

 7

 8    FOR THE DEFENDANT(S):   MARK F. RAYMOND, ESQ.
      Imperial Brands         JONATHAN ETRA, ESQ.
 9                            NELSON MULLINS BROAD AND CASSEL
                              2 South Biscayne Boulevard
10                            Miami, FL 33131
                              305-373-9425
11                            mark.raymond@nelsonmullins.com
                              jonathan.etra@nelsonmullins.com
12

13                            ANDREW RHYS DAVIES, ESQ.
                              ALLEN & OVERY, LLP
14                            1221 Avenue of the Americas
                              New York, NY 10020
15                            646-344-6643
                              andrewrhys.davies@allenovery.com
16

17

18    TRANSCRIBED BY:         Joanne Mancari, RPR, CRR, CSR
                              Court Reporter
19                            jemancari@gmail.com

20

21

22

23

24

25
```

1    Thereupon,

2    the following proceedings were held by telephone:

3          THE DEPUTY CLERK:  Luis Rodriguez, et al. v. Imperial

4    Brands, P.C., et al., case No. 2023287, civil, Gayles.

5          Counsel, please state your appearances for the record.

6          MR. RODRIGUEZ:  Yes.  This is Frank Rodriguez and

7    Paulino Nunez, from the law firm of Rodriguez Tramont & Nunez,

8    for the plaintiffs, along with our cocounsel David W.

9    Berenthal, from Berenthal & Associates.

10         All three of us are here.  We are complete in terms of

11   plaintiffs' counsel.

12         Good afternoon, everyone.  Good afternoon, your Honor.

13         THE COURT:  All right.  It will be you, Mr. Rodriguez?

14         MR. RODRIGUEZ:  Yes, ma'am.

15         THE COURT:  OK.  All right.  Go ahead.

16         MR. KRINSKY:  This is Michael Krinsky, of Rabinowitz,

17   Boudin Standard Krinsky & Lieberman, in New York, for

18   Corporacion Habanos.  Along with me is Lindsey Frank and Nathan

19   Yaffe of my firm, and Charles Harris, from Trenam Kemker, I

20   believe is also on the phone.

21         THE COURT:  All right.  And it will be Mr. Krinsky,

22   right?

23         MR. KRINSKY:  Yes.

24         THE COURT:  OK.  All right.  Next.

25         MR. DAVIES:  Hello.  It is Chris Davies, at Wilmer

```
 1    Hale, on behalf of the WPP defendant.  I believe my colleague

 2    Ashley Leen is on, also from Wilmer Hale, and then Pedro

 3    Freyre, from Akerman, and Naim Surgeon, from Stroock, should

 4    also both be on, I believe.

 5            THE COURT:  All right.  Mr. Davies.

 6            MR. DAVIES:  Yes, your Honor.

 7            THE COURT:  Did I get that right?

 8            MR. DAVIES:  Yes.  That's right, your Honor.

 9            THE COURT:  All right.

10            MR. RAYMOND:  Good afternoon, your Honor.  Mark

11    Raymond, Jonathan Etra, Nelson Mullins, along with our

12    cocounsel, from Allen & Overy, Andrew Rhys Davies, on behalf of

13    Imperial.

14            THE COURT:  All right.  I'm sorry.  I didn't catch

15    your name.

16            MR. RAYMOND:  Mark Raymond, from Nelson Mullins.

17            THE COURT:  Raymond.  All right.

18            I have Mr. Rodriguez, Mr. Krinsky, Mr. Davies,

19    Mr. Raymond, and the rest of the attendees are observing.

20            All right.  I need to let you know that I am on duty

21    this week, but I thought I would fit this in just to sort out

22    all these papers that I have been getting about the evidentiary

23    hearing that I set.

24            I will tell you in all candor, I set an evidentiary

25    hearing because I had allowed 60 days of discovery,
```

1    jurisdictional discovery, and I figured if there was discovery,

2    there would be evidence to present, but I am seeing different

3    points of view from Habanos based on the motion that they filed

4    to deem certain facts as established, relief in limine, and

5    other relief.

6            That motion was responded to by the plaintiffs and

7    replied to by Habanos.  And I think -- yes.  I got something

8    from Imperial also along the lines.

9            I want to help you figure out how to get ready for the

10   hearing.  I will not be making any rulings, obviously.  So to

11   the extent that any of the submissions make any merits

12   arguments, I am disregarding them and I am only addressing the

13   logistics of the hearing.

14           Now, Habanos has several points.  I want to take up

15   what I think is the last point first because the last point has

16   to do with service of process.  Let me find that in the motion.

17   Hang on.

18           So the argument seems to be that process was not

19   sufficient.  Then there was some response that the process was

20   appropriate -- and I'm paraphrasing -- under the Foreign

21   Sovereign Immunities Act.  Then in the reply Habanos is saying,

22   wait a minute, Foreign Sovereign Immunities Act is a different

23   animal -- my word -- and that involves other things.

24           So the request from Habanos was to address this

25   independently because obviously if the challenge to service is

1    successful, then the party is not properly before the court.

2         When I handle things that are referred to me by the

3    district judges that involve various matters, I try to address

4    all matters.  So in normal circumstances I would address both

5    the challenge to service and the challenge to personal

6    jurisdiction and then the district court has the complete

7    record upon which to rule.  But from the papers it seems like

8    this whole business of whether service was proper under the

9    Foreign Sovereign Immunities Act brings in a whole host of

10   other issues.

11        I am happy to set this matter separately for hearing

12   ahead of the personal jurisdiction hearing, even if we have to

13   flag the personal jurisdiction hearing a little bit, and

14   address that independently just with Habanos.

15        So let me hear from Habanos and plaintiff what your

16   view is of that.

17        MR. KRINSKY:  Yes, your Honor.  This is Michael

18   Krinsky from Habanos.

19        I think the course you're indicating makes a lot of

20   sense to us.  The service issue we think should be addressed

21   first.  As I think your Honor correctly points out, it is not

22   the usual type of service issue because the plaintiffs had

23   brought in the Foreign Sovereign Immunities Act and that makes

24   it a different animal, as you say.  So I think it makes sense

25   to address it separately and beforehand, and we're available

1    whenever your Honor wants to hear us.

2            THE COURT:  All right.  Now let me hear from

3    Mr. Rodriguez.

4            MR. RODRIGUEZ:  Yes, your Honor.  On the merits of the

5    motion, I am going to have my partner Nunez, but before he gets

6    into the merits, I just want to comment that whatever is more

7    convenient for the judge, for yourself, in terms of scheduling.

8    You gave us a pretty tight window of 60 days.  That is a

9    separate issue.  We are endeavoring to comply.  Your message

10   was heard loud and clear, and we are endeavoring to comply with

11   that tight window.

12           As a related but separate issue, if this hearing

13   caused the evidentiary hearing to be postponed in light of the

14   tight schedule, we wouldn't have an issue, we wouldn't have a

15   problem with that.

16           Paulino, go ahead and respond to the merits.

17           MR. NUNEZ:  Just to be clear, Judge, my understanding

18   was you did not actually want to hear about the merits.

19           THE COURT:  No.  I'm just asking if you agree that I

20   should handle this service of process issue separately and

21   ahead of the personal jurisdiction motions that I have

22   scheduled for, I believe it is December, mid-December sometime.

23   That is my question.

24           Obviously, Habanos thinks that this should be

25   addressed separately and independently.  So my question to you

1    is, do you agree with that or not?

2              MR. NUNEZ:  Yes.  Well, first, we have no objection to

3    it being addressed independently.  As far as whether it be

4    first or later, Judge, I guess it depends on schedules and how

5    everything else is affected, but we have no problem with it

6    being heard separately from the other motions.

7              THE COURT:  All right.  OK.  Here's the thing, and

8    this is why I wanted to bring this up.  When I do these things

9    by report and recommendation, obviously it is not something

10   that I am ultimately ruling on, and I think that the argument

11   that is being made by Habanos is if there is no service of

12   process, no effective service of process, why should we be put

13   to the task of the personal jurisdiction issue.

14             Now, let's say that I do handle this particular

15   service of process challenge first.  I set aside the whole day.

16   Let's say I address that first.  It sounds to me like the

17   parties agree that this is an issue of law, not of evidence, so

18   I could just hear argument on that.  I would not be issuing a

19   report and recommendation immediately and I would not be ruling

20   on it from the bench because I cannot ultimately rule on it.

21             So I'm happy to handle that like, let's say, for that

22   morning, we address that issue first and then we put it to the

23   side and we address everything else.  But if Habanos is saying,

24   no, until and unless there is effective service of process we

25   shouldn't be in court, then I want to hear from Habanos what

```
 1    your view is of that.

 2           Do you want to put off all of the personal

 3    jurisdiction issues as they relate to you until later?  I'm

 4    trying to make sure that your due process concerns and so on

 5    are properly addressed, Mr. Krinsky.

 6           MR. KRINSKY:  Yes.  Thank you, your Honor.  We do

 7    think service should be addressed first because we shouldn't be

 8    here, we haven't been served, and we shouldn't be required to

 9    litigate all these other issues if we haven't been served.

10           The point your Honor raises that you would be issuing

11    a report and recommendation, that creates a more complicated

12    time line.  We understand.  I would think we would like to take

13    it one step at a time.

14           THE COURT:  OK.

15           MR. KRINSKY:  We will get to that point and we will

16    try to figure out what makes sense at that point.

17           THE COURT:  All right.  So what I will do is on the --

18    I have it set for December --

19           MR. KRINSKY:  15th, I believe, your Honor.

20           THE COURT:  -- 15th.  OK.  I have it set for December

21    15th.  So on December 15th I will start out in the morning with

22    the portion of the motion to dismiss that only addresses the

23    process issue, and that will be only argument, legal argument

24    as to whether process was proper and whether the Foreign

25    Sovereign Immunities Act gets involved in this.  So I am going
```

1    to then -- and I will consult, but I am just telling you how

2    I'm thinking -- I will then move on to the motions by Imperial

3    and WPP, and then I would hold off on the one by Habanos, with

4    all of their various arguments.

5          Habanos is citing 12(b)(2), 12(b)(3), 12(b)(5),

6    12(b)(1), 12(b)(6) and 12(c).  So that would be put off.

7          Then there's the joint one of all the parties, all the

8    defendants.  It is the 12(b)(1) and 12(b)(6) motion.  So that

9    would be could be held off and I could just do the personal

10   jurisdiction aspect of Imperial and WPP defendants, the rest on

11   the 15th, and then hold off on the others.

12         Let me hear from you what you think of that plan.

13         MR. A. DAVIES:  Your Honor, this is Andrew Rhys Davies

14   for Imperial.  Could I be heard on that, please?

15         THE COURT:  Yes.  Of course.

16         MR. A. DAVIES:  So, your Honor, if Imperial's motions

17   to dismiss are purely legal, they are entirely facial

18   challenges to the sufficiency of the allegations, and that

19   includes our personal jurisdiction motion, it's all about

20   whether the amended complaint pleads a *prima facie* case for

21   personal jurisdiction.  So our view would be of course fine to

22   address that on the 15th after your Honor has addressed the

23   Habanos service issue, but it really is only a legal argument.

24   There is no evidence submitted, there's been no request for

25   jurisdictional discovery.  So that is purely legal argument.

1              THE COURT:  OK.

2              MR. A. DAVIES:  The same, actually, for the rest of

3     Imperial's dismissal arguments too.  Your Honor has said that

4     you will accede to the Department of Justice's request to hold

5     off on our Constitutional challenge --

6              THE COURT:  Right.

7              MR. A. DAVIES:  -- but the joint motion has a subject

8     matter jurisdiction issue because there is no allegation of a

9     concrete injury, and then, obviously, the 12(b)(6) arguments

10    also are by their nature just facial challenges, legal

11    challenges to the amended complaint.

12             So our suggestion would be that we simply argue each

13    of those legal challenges to your Honor on the 15th after

14    you've heard argument on Habanos' service motion to dismiss.

15             THE COURT:  All right.  You're saying that the joint

16    motion and your own motion address matters outside of the

17    constitutional challenge that I am putting to the side and you

18    want those addressed on the 15th, correct?

19             MR. A. DAVIES:  Correct, your Honor.

20             THE COURT:  All right.  OK.  Let me hear from the WPP

21    defendants now.

22             I think those are the ones that there has been

23    jurisdictional discovery on.  Am I correct?

24             MR. DAVIES:  Largely, your Honor.  I believe that your

25    Honor granted jurisdictional discovery with respect to two of

1    the three defendants, BCW, LLC and Y&R, LLC.  There was not a

2    motion for discovery with respect to WPP, PLC, the other

3    defendant, nor did WPP, PLC submit any declaration in

4    connection with its motion seeking dismissal on the basis of

5    personal jurisdiction.  Like the Imperial defendant, we

6    therefore think that WPP motion should be addressed on the face

7    of the complaint and the motion.

8         I should add that notwithstanding that there was no

9    order granting jurisdictional discovery with respect to WPP,

10   plaintiffs have sought both interrogatories and a 30(b)(6) with

11   respect to WPP, and WPP has voluntarily submitted responses to

12   those interrogatory requests.  We don't think, however, that

13   that changes the posture of the complaint and motion with

14   respect to WPP's arguments on personal jurisdiction given that

15   there was no factual submission made by the defendant in

16   connection with its motion.

17        So we think that WPP and its personal jurisdiction

18   arguments should be addressed, along with Imperial, where I

19   understand and agree that BCW and Y&R are in a separate place

20   given that we put in declarations and that the plaintiff sought

21   discovery with respect to those two parties.

22        I would submit, for what it is worth, that with the

23   benefit of production and the declarations and some coming

24   depositions of representatives of those two entities, it is not

25   obvious to me that an evidentiary hearing is necessary, but I

1    suppose that that is something that we and the plaintiffs can

2    address with one another and then if we can't reach agreement

3    with you as we get closer to the date once the depositions have

4    occurred.  But I do think there is a distinction between WPP's

5    position and that of the two parties with respect to which your

6    Honor granted discovery on personal jurisdiction.

7         THE COURT:  All right.  I'm looking at my order on

8    status conference and it said that plaintiffs shall have 60

9    days from the date of this order to conduct jurisdictional

10   discovery and that they would respond to the motion from the

11   WPP defendants ten days after the close of jurisdictional

12   discovery.

13        I don't see the order making that distinction out of

14   WPP, PLC.  It may have been in the motion.  It may have been

15   understood by the parties.  In any event, there is discovery as

16   to some of these defendants.

17        Let me just say, then, that whatever legal issue needs

18   to be addressed as to Imperial and the joint motion and the WPP

19   motion, we will address on the 15th.

20        Let me see.  Is there agreement from the plaintiffs

21   that there is no need for evidence with regard to Imperial?

22        MR. RODRIGUEZ:  There is, your Honor.

23        THE COURT:  There is agreement.

24        MR. RODRIGUEZ:  Yes.

25        THE COURT:  OK.  So then we can handle Imperial on the

1    15th.  No problem.

2         Then I think Mr. Davies indicated that he could work

3    with plaintiffs' counsel in terms of shaping up any, maybe it

4    would be stipulated documents, maybe it would be whatever,

5    evidentiary, predicate, may or may not be needed for the

6    challenge to personal jurisdiction by the WPP defendants.

7         Let me just tell you, I generally put in evidentiary

8    hearings the requirement of having the witness list and exhibit

9    list filed ahead of time.  I started doing that when my CRD

10   told me that she needed that as a guide so as to be able to

11   follow along.

12        I did not put any time frames on it.  I haven't had

13   parties dispute this business of when that has to be disclosed

14   and so on in the past.  Generally the parties cooperate with

15   each other, share their information ahead of time, and then

16   they just file this for the benefit of the court.  But it

17   sounds to me like Mr. Davies is willing to work with

18   Mr. Rodriguez in terms of shaping up whatever will be presented

19   at the hearing.

20        So we will start off with service of process as to

21   Habanos and that is all we will do on docket entry 89 for

22   Habanos.  Then we will address Imperial's legal motions.  We

23   will address the joint motion, but Habanos doesn't seem to want

24   to be involved until service has been established.  So I don't

25   know if they want to argue on this joint motion, docket entry

```
 1  91.  I leave that up to them.

 2            MR. KRINSKY:  It doesn't --

 3            THE COURT:  I'm sorry.  Let me finish.

 4            MR. KRINSKY:  I'm sorry.

 5            THE COURT:  Then we will leave for the end -- maybe

 6  that will take us through the morning, and then for the

 7  afternoon we will do whatever evidence needs to be put on in

 8  connection with the WPP defendants' jurisdictional challenging.

 9            Does that sound like a plan?

10            MR. RODRIGUEZ:  Your Honor, Rodriguez for the

11  plaintiffs.  It does, but, respectfully, I'd like to know if we

12  need to prepare for the Alanos motion as well.  So I'd like for

13  them to weigh in and at least let us know if that is something

14  that we need to prepare for in addition to these other matters.

15            THE COURT:  Well, I thought that there was agreement

16  on docket entry 89, which is Habanos' motion.  The only matter

17  I will address is the 12(b)(3) -- let me see -- 12(b)(3) and

18  (5), I think, challenge to service.

19            MR. RODRIGUEZ:  OK.

20            MR. KRINSKY:  This is Michael Krinsky, your Honor, for

21  Habanos.  Yes.  We think what your Honor has laid out, we

22  understand and it seems to make sense.

23            THE COURT:  All right.  Is everybody on the same page?

24            MR. KRINSKY:  I believe so, your Honor.

25            THE COURT:  All right.  All right.  If there is a
```

1   witness and exhibit list, be sure to get that to me ahead of

2   the hearing, but I don't need it any sooner than the day before

3   the hearing.  But because that involves the WPP defendants and

4   plaintiff, I leave it to your professional courtesy and method

5   of operation to work things out so that there are no surprises

6   at the hearing.

7           MR. RODRIGUEZ:  Understood, Judge.

8           MR. KRINSKY:  Very good, your Honor.  Thank you.

9           THE COURT:  All right.  I will see you on the 15th via

10  Zoom.

11          Let me just tell you one more comment.  We just

12  started doing in-person criminal matters.  That is why I am

13  having duty court, magistrate judge duty court in person this

14  week.  I have set this off for Zoom.  I note that there are

15  people from out of state.  I'm happy to keep it at Zoom.  If

16  people want to come in, you need to tell me if you want to

17  change it to in person.

18          Is there any particular feelings about that or is

19  everybody happy with going forward on Zoom?

20          MR. RODRIGUEZ:  Your Honor, I hadn't really thought

21  about it.  We can discuss it.  Something of this import

22  ordinarily I'd prefer in person.  I'm taking into account that

23  there are others that are involved in this call that represent

24  clients in this case that wouldn't have the same facility that

25  I would in getting to the courthouse.

1          THE COURT:  Right.

2          MR. RODRIGUEZ:  I would hope if it was reversed, I

3     would get the same courtesy.  So I will speak to counsel about

4     that.  Initially my preference would be to have it in person

5     but with that caveat, that I would be differential in light of

6     schedules and distances.  We are getting close to the other

7     end, but we are still in a pandemic, so that --

8          THE COURT:  That is true, and also the other

9     consideration is travel, which of course is not just showing up

10    here in person.  It is making travel arrangements, getting on a

11    plane, and so on.

12         So as it stands right now, it is Zoom.  If there is

13    complete 100 percent agreement by all parties that you want to

14    do it in person, I'm happy to accommodate that.  But it has to

15    be everybody is on the same page.

16         All right.  If you are, then give me, send me, do a

17    joint notice, because we have some special instructions for

18    people coming into the courthouse that we would need to notify

19    you.

20         Anything else I can do for you today?

21         MR. RODRIGUEZ:  No, your Honor.  This is Rodriguez.

22    Just one final thought.

23         Counsel is cooperating.  We are meeting and

24    conferring, but we have recently gotten some discovery as

25    recently as Monday night.  Candidly, after your order in the

1    last status conference, which was, I believe, September 27th,

2    it took us a couple of weeks to get discovery out.  That

3    certainly is no indication of how serious we view the

4    circumstance.

5            We are not a large firm, Judge.  As your Honor may

6    know, down here in -- I don't know how things are around the

7    country, but down here in Florida, the Supreme Court is

8    squeezing on the state courts.  We are on calendars just all

9    the time.  Some as uncivilized as two-hour notices, because the

10   judges are understandably wanting to move the dockets and they

11   are squeezing the attorneys.  So we didn't get our discovery

12   out for two weeks after you entered that order.

13           We got the discovery responses on Saturday and some on

14   Monday night.  We are working through them and we are working

15   through counsel to see if we can agree regarding some of the

16   objections that they've made, and we are cooperating with each

17   other, and we will very much, at least from our perspective,

18   and I know I speak for defense counsel because they have

19   indicated that they absolutely want to meet the deadline that

20   you set, which is understandable, and we do as well.

21           If it is possible, I might be filing a motion.  I

22   didn't want today to go by without me saying that is a

23   possibility in light of the meet and confer.  I just didn't

24   want it to come out of the blue in light of the fact that we

25   are having this status conference now.

1    I don't know what is going to happen.  We are going to

2  meet and confer today, possibly tomorrow, and we are hoping to

3  get the depositions in next week before the Thanksgiving

4  holiday.  It is an ambitious schedule.  We are trying to meet

5  it.  We heard you loud and clear, what you said, but I wanted

6  to make these comments before we ended the call so at least if

7  I did file a motion, your Honor's first reaction wouldn't be,

8  well, why the heck didn't Rodriguez say something when we had

9  this status conference the day before.  Anyway, I have said my

10  peace.

11    THE COURT:  Well, regardless, we are having a hearing

12  on the 15th because we have matters to address that are not

13  dependent on this discovery.  So we are keeping that date.

14    If by any chance the parties come to some agreement

15  because of the situation that you seem to be describing, then

16  you can file some kind of motion.  It would have to be an

17  agreed motion for me to even consider it.  If it is opposed,

18  then I will not consider it.  I am not heartless.  I am tough,

19  but I have a heart.  So if people find themselves in a very

20  dire situation, I will consider the difficulties encountered by

21  them.

22    Do the best that you can.  If you find yourself at the

23  end of the rope, then work with opposing counsel and see what

24  you can come up with.  All right.  But we are still meeting on

25  the 15th regardless.

```
 1            MR. RODRIGUEZ:  Understood.

 2            THE COURT:  All right.

 3            MR. RODRIGUEZ:  Thank you, your Honor.

 4            THE COURT:  Anything else?  No?

 5            MR. RODRIGUEZ:  Nothing else.

 6            MR. KRINSKY:  Thank you, your Honor.

 7            THE COURT:  I will issue an order so everybody knows

 8   that the hearing will first address Habanos' service of process

 9   challenges, referring to the 12(b)(3) and 12(b)(5), I think --

10   whichever one -- referring to the correct sections, limited to

11   that, and then Imperial's motion, the joint motion, and the WPP

12   defendants' motion, in that order.  That is how we will handle

13   it.

14            Thank you.

15            (Adjourned)

16

17

18

19

20

21

22

23

24

25
```

C E R T I F I C A T E


     I hereby certify that the foregoing is an accurate

transcription to the best of my ability of the digital audio

recording in the above-entitled matter.


November 25, 2021     s/ Joanne Mancari
                          Joanne Mancari, RPR, CRR, CSR
                          Court Reporter
                          jemancari@gmail.com

MR. A. DAVIES: [5]  11/13 11/16 12/2 12/7 12/19
MR. DAVIES: [4]  4/25 5/6 5/8 12/24
MR. KRINSKY: [12]  4/16 4/23 7/17 10/6 10/15 10/19 16/2 16/4 16/20 16/24 17/8 21/6
MR. NUNEZ: [2]  8/17 9/2
MR. RAYMOND: [2]  5/10 5/16
MR. RODRIGUEZ: [14]  4/6 4/14 8/4 14/22 14/24 16/10 16/19 17/7 17/20 18/2 18/21 21/1 21/3 21/5
THE COURT: [35]
THE DEPUTY CLERK: [4]  4/3

**1**
100 [1]  18/13
10017 [1]  1/23
10020 [1]  3/14
10024 [1]  2/6
101 [1]  2/11
1102 [1]  2/11
1111 [1]  2/6
12 [13]  11/5 11/5 11/5 11/6 11/6 11/6 11/8 11/8 12/9 16/17 16/17 21/9 21/9
1221 [1]  3/14
15th [13]  10/19 10/20 10/21 10/21 11/11 11/22 12/13 12/18 14/19 15/1 17/9 20/12 20/25
17 [1]  1/6
1875 [1]  2/17

**2**
20-CV-23287-DPG [1]  1/2
200 [1]  2/21
20006 [1]  2/17
202-663-6187 [1]  2/18
2021 [2]  1/6 22/8
2023287 [1]  4/4
21 [1]  1/9
212-254-1111 [1]  2/6
212-302-9494 [1]  1/24
2300 [1]  1/19
25 [1]  22/8
255 [1]  1/18
27th [1]  19/1

**3**
30 [1]  13/10
305-350-2300 [1]  1/19
305-373-9425 [1]  3/10
305-374-5600 [1]  3/5
305-789-9360 [1]  2/22
317 [1]  1/23
320 [1]  2/5
33131 [3]  2/21 3/4 3/10
33134 [1]  1/18
33601-1102 [1]  2/11
3950 [1]  2/12

**5**
5600 [1]  3/5

**6**
60 [3]  5/25 8/8 14/8
6187 [1]  2/18
646-344-6643 [1]  3/15
6643 [1]  3/15

**7**
727-820-3950 [1]  2/12
7th [1]  3/4

**8**
85th [1]  2/5
89 [2]  15/21 16/16

**9**
91 [1]  16/1
9360 [1]  2/22
9425 [1]  3/10
9494 [1]  1/24
98 [1]  3/4

**A**
ability [1]  22/5
able [1]  15/10
about [6]  5/22 8/18 11/19 17/18 17/21 18/3
above [1]  22/6
above-entitled [1]  22/6
absolutely [1]  19/19
accede [1]  12/4
accommodate [1]  18/14
account [1]  17/22
accurate [1]  22/4
Act [5]  6/21 6/22 7/9 7/23 10/25
actually [2]  8/18 12/2
add [1]  13/8
addition [1]  16/14
address [17]  6/24 7/3 7/4 7/14 7/25 9/16 9/22 9/23 11/22 12/16 14/2 14/19 15/22 15/23 16/17 20/12 21/8
addressed [10]  7/20 8/25 9/3 10/5 10/7 11/22 12/18 13/6 13/18 14/18
addresses [1]  10/22
addressing [1]  6/12
Adjourned [1]  21/15
affected [1]  9/5
after [5]  11/22 12/13 14/11 18/25 19/12
afternoon [4]  4/12 4/12 5/10 16/7
agree [5]  8/19 9/1 9/17 13/19 19/15
agreed [1]  20/17
agreement [6]  14/2 14/20 14/23 16/15 18/13 20/14
ahead [7]  4/15 7/12 8/16 8/21 15/9 15/15 17/1
AKERMAN [2]  3/3 5/3
akerman.com [1]  3/5
al [4]  1/4 1/8 4/3 4/4
Alanos [1]  16/12
Alhambra [1]  1/18
ALICIA [1]  1/12
all [35]
allegation [1]  12/8
allegations [1]  11/18
ALLEN [2]  3/13 5/12
allenovery.com [1]  3/15
allowed [1]  5/25
along [6]  4/8 4/18 5/11 6/8 13/18 15/11
also [6]  4/20 5/2 5/4 6/8 12/10 18/8
am [14]  5/20 6/2 6/12 6/12 7/1 8/5 9/10 10/25 11/1 12/17 12/23 17/12 20/18 20/18
ambitious [1]  20/4
amended [2]  11/20 12/11
Americas [1]  3/14
ANDREW [3]  3/13 5/12 11/13
andrewrhys.davies [1]  3/15

animal [2]  6/23 7/24
another [1]  14/2
ANTONIO [1]  1/17
any [10]  6/10 6/11 6/11 11/3 14/15 15/3 15/12 17/2 17/18 20/14
Anything [2]  18/20 21/4
Anyway [1]  20/9
appearances [4]  1/15 1/25 2/23 4/5
appropriate [1]  6/20
are [36]
argue [2]  12/12 15/25
argument [8]  6/18 9/10 9/18 10/23 10/23 11/23 11/25 12/14
arguments [6]  6/12 11/4 12/3 12/9 13/14 13/18
around [1]  19/6
arrangements [1]  18/10
as [22]  6/4 7/21 7/24 8/12 9/3 9/3 10/3 10/24 14/3 14/15 14/18 15/10 15/10 15/20 16/12 18/12 18/24 18/25 19/5 19/9 19/19 19/20
ASHLEY [2]  2/15 5/2
aside [1]  9/15
asking [1]  8/19
aspect [1]  11/10
ASSOCIATES [1]  1/22 4/9
at [11]  4/25 10/13 10/16 14/7 15/19 16/13 17/6 17/15 19/17 20/6 20/22
attendees [1]  5/19
attorneys [1]  19/11
audio [2]  1/11 22/5
available [1]  7/25
Avenue [3]  1/23 2/17 3/14

**B**
BARKIN [1]  2/10
based [1]  6/3
basis [1]  13/4
BCW [2]  13/1 13/19
be [45]
because [13]  5/25 6/15 6/25 7/22 9/20 10/7 12/8 17/3 18/17 19/9 19/18 20/12 20/15
been [8]  5/22 10/8 10/9 11/24 12/22 14/14 14/14 15/24
before [7]  1/12 7/1 8/5 17/2 20/3 20/6 20/9
beforehand [1]  7/25
behalf [2]  5/1 5/12
being [3]  9/3 9/6 9/11
believe [8]  4/20 5/1 5/4 8/22 10/19 12/24 16/24 19/1
bench [1]  9/20
benefit [2]  13/23 15/16
BERENTHAL [4]  1/22 1/22 4/9 4/9
berenthalaw.com [1]  1/24
best [2]  20/22 22/5
between [1]  14/4
Biscayne [2]  2/21 3/9
bit [1]  7/13
blue [1]  19/24
Blvd [1]  2/21
both [3]  5/4 7/4 13/10
BOUDIN [2]  2/4 4/17
Boulevard [2]  2/11 3/9
BRANDS [3]  1/7 3/8 4/4
bring [1]  9/8
brings [1]  7/9
BROAD [1]  3/9
brought [1]  7/23

**B**

business [2]  7/8 15/13
but [25]

**C**

calendars [1]  19/8
call [2]  17/23 20/6
can [8]  14/1 14/25 17/21 18/20 19/15
 20/16 20/22 20/24
can't [1]  14/2
Candidly [1]  18/25
candor [1]  5/24
cannot [1]  9/20
case [4]  1/2 4/4 11/20 17/24
CASSEL [1]  3/9
catch [1]  5/14
caused [1]  8/13
caveat [1]  18/5
certain [1]  6/4
certainly [1]  19/3
certify [1]  22/4
challenge [8]  6/25 7/5 7/5 9/15 12/5
 12/17 15/6 16/18
challenges [5]  11/18 12/10 12/11 12/13
 21/9
challenging [1]  16/8
chance [1]  20/14
change [1]  17/17
changes [1]  13/13
CHARLES [2]  2/9 4/19
charris [1]  2/12
Chris [1]  4/25
CHRISTOPHER [1]  2/15
christopher.davies [1]  2/18
Circle [1]  1/18
circumstance [1]  19/4
circumstances [1]  7/4
citing [1]  11/5
civil [1]  4/4
clear [3]  8/10 8/17 20/5
clients [1]  17/24
close [2]  14/11 18/6
closer [1]  14/3
cocounsel [2]  4/8 5/12
colleague [1]  5/1
come [4]  17/16 19/24 20/14 20/24
coming [2]  13/23 18/18
comment [2]  8/6 17/11
comments [1]  20/6
complaint [4]  11/20 12/11 13/7 13/13
complete [3]  4/10 7/6 18/13
complicated [1]  10/11
comply [2]  8/9 8/10
concerns [1]  10/4
concrete [1]  12/9
conduct [1]  14/9
confer [2]  19/23 20/2
conference [5]  1/11 14/8 19/1 19/25 20/9
conferring [1]  18/24
connection [2]  13/4 13/16 16/8
consider [3]  20/17 20/18 20/20
consideration [1]  12/5
constitutional [2]  12/5 12/17
consult [1]  11/1
CONT'D [2]  2/1 3/1
convenient [1]  8/7
cooperate [1]  15/14
cooperating [2]  18/23 19/16
Coral [1]  1/18
Corporacion [2]  2/3 4/18

correct [4]  12/18 12/19 12/23 21/10
correctly [1]  21/1
could [5]  9/18 11/9 11/9 11/14 15/2
counsel [8]  4/5 4/11 15/3 18/3 18/23
 19/15 19/18 20/23
country [1]  19/7
couple [1]  19/7
course [4]  7/19 11/15 11/21 18/9
court [10]  1/1 3/18 7/1 7/6 9/25 15/16
 17/13 17/13 19/7 22/9
courtesy [2]  17/4 18/3
courthouse [2]  17/25 18/18
courts [1]  19/8
CRD [1]  15/9
creates [1]  10/11
criminal [1]  17/12
CRR [2]  3/18 22/8
CSR [2]  3/18 22/8
CUTLER [1]  2/16
CV [1]  1/2

**D**

date [3]  14/3 14/9 20/13
David [1]  4/8
DAVIES [9]  2/15 3/13 4/25 5/5 5/12 5/18
 11/13 15/2 15/17
day [3]  9/15 17/2 20/9
days [4]  5/25 8/8 14/9 14/11
DC [1]  2/17
deadline [1]  19/19
December [5]  8/22 8/22 10/18 10/20
 10/21
declaration [1]  13/3
declarations [2]  13/20 13/23
deem [1]  6/4
defendant [9]  1/9 2/3 2/15 3/3 3/8 5/1
 13/3 13/5 13/15
defendants [8]  11/8 11/10 12/21 13/1
 14/11 14/16 15/6 17/3
defendants' [2]  16/8 21/12
defense [1]  19/18
Department [1]  12/4
dependent [2]  20/13
depends [1]  9/4
depositions [3]  13/24 14/3 20/3
describing [1]  20/15
did [5]  5/7 8/18 13/3 15/12 20/7
didn't [5]  5/14 19/11 19/22 19/23 20/8
different [3]  6/2 6/22 7/24
differential [1]  18/5
difficulties [1]  20/20
digital [2]  1/11 22/5
dire [1]  20/20
disclosed [1]  15/13
discovery [18]  5/25 6/1 6/11 11/25 12/23
 12/25 13/2 13/9 13/21 14/6 14/10 14/12
 14/15 18/24 19/2 19/11 19/13 20/13
discuss [1]  17/21
dismiss [3]  10/22 11/17 12/14
dismissal [2]  12/3 13/4
dispute [1]  15/13
disregarding [1]  6/12
distances [1]  18/6
distinction [2]  14/4 14/13
district [4]  1/1 1/1 7/3 7/6
do [16]  6/16 9/19 9/8 9/14 10/2 10/6
 10/17 11/9 14/4 15/21 16/7 18/14 18/16
 18/20 19/20 20/22
docket [3]  15/21 15/25 16/16
dockets [1]  19/10

documents [1]  15/4
does [2]  16/9 16/11
doesn't [2]  15/23 16/2
doing [2]  15/9 17/12
don't [6]  13/12 14/13 15/24 17/2 19/6
 20/1
DORR [1]  2/16
down [2]  19/6 19/7
DPG [1]  1/2
due [1]  10/4
duty [3]  5/20 17/13 17/13

**E**

each [3]  12/12 15/15 19/16
effective [2]  9/12 9/24
else [5]  9/5 9/23 18/20 21/4 21/5
encountered [1]  20/20
end [3]  16/5 18/7 20/23
endeavoring [2]  8/9 8/10
ended [1]  20/6
entered [1]  19/12
entirely [1]  11/17
entities [1]  13/24
entitled [1]  22/6
entry [3]  15/21 15/25 16/16
ESQ [13]  1/16 1/16 1/22 2/3 2/3 2/4 2/15
 2/15 2/20 3/3 3/8 3/8 3/13
established [2]  6/4 15/24
et [4]  1/4 1/8 4/3 4/4
ETRA [2]  3/8 5/11
even [2]  7/12 20/17
event [1]  14/15
everybody [4]  16/23 17/19 18/15 21/7
everyone [1]  4/12
everything [2]  9/5 9/23
evidence [5]  6/2 9/17 11/24 14/21 16/7
evidentiary [6]  5/22 5/24 8/13 13/25 15/5
 15/7
exhibit [2]  15/8 17/1
extent [1]  6/11

**F**

face [1]  13/6
facial [2]  11/17 12/10
facie [1]  11/20
facility [1]  17/24
fact [1]  19/24
facts [1]  6/4
factual [1]  13/15
far [1]  9/3
feelings [1]  17/18
figure [2]  6/9 10/16
figured [1]  6/1
file [3]  15/16 20/7 20/16
filed [2]  6/3 15/9
filing [1]  19/21
final [1]  18/22
find [3]  6/16 20/19 20/22
fine [1]  11/21
finish [1]  16/3
firm [3]  4/7 4/19 19/5
first [10]  6/15 7/21 9/2 9/4 9/15 9/16 9/22
 10/7 20/7 21/8
fit [1]  5/21
FL [5]  1/18 2/11 2/21 3/4 3/10
flag [1]  7/13
FLORIDA [3]  1/1 1/5 19/7
follow [1]  15/11
following [1]  4/2
foregoing [1]  22/4

**F**
Foreign [5]  6/20 6/22 7/9 7/23 10/24
forward [1]  17/19
frames [1]  15/12
FRANCISCO [1]  1/16
FRANK [3]  2/3 4/6 4/18
FREYRE [2]  3/3 5/3
frr [1]  1/19
FRYE [1]  2/10

**G**
Gables [1]  1/18
gave [1]  8/8
Gayles [1]  4/4
generally [2]  15/7 15/14
get [9]  5/7 6/9 10/15 14/3 17/1 18/3 19/2
 19/11 20/3
gets [2]  8/5 10/25
getting [4]  5/22 17/25 18/6 18/10
give [1]  18/16
given [2]  13/14 13/20
gmail.com [2]  3/19 22/9
go [3]  4/15 8/16 19/22
going [5]  8/5 10/25 17/19 20/1 20/1
good [4]  4/12 4/12 5/10 17/8
got [2]  6/7 19/13
gotten [1]  18/24
granted [2]  12/25 14/6
granting [1]  13/9
guess [1]  9/4
guide [1]  15/10

**H**
Habanos [21]  2/3 4/18 6/3 6/7 6/14 6/21
 6/24 7/14 7/15 7/18 8/24 9/11 9/23 9/25
 11/3 11/5 11/23 15/21 15/22 15/23 16/21
Habanos' [3]  12/14 16/16 21/8
had [4]  5/25 7/22 15/12 20/8
hadn't [1]  17/20
HALE [3]  2/16 5/1 5/2
handle [6]  7/2 8/20 9/14 9/21 14/25
 21/12
Hang [1]  6/17
happen [1]  20/1
happy [5]  7/11 9/21 17/15 17/19 18/14
HARRIS [2]  2/9 4/19
has [12]  6/14 6/15 7/6 11/22 12/3 12/7
 12/22 13/11 15/13 15/24 16/21 18/14
have [26]
haven't [3]  10/8 10/9 15/12
having [4]  15/8 17/13 19/25 20/11
he [2]  8/5 15/2
hear [8]  7/15 8/1 8/2 8/18 9/18 9/25
 11/12 12/20
heard [8]  8/10 9/6 11/14 12/14 20/5
hearing [16]  5/23 5/25 6/10 6/13 7/11
 7/12 7/13 8/12 8/13 13/25 15/19 17/2
 17/3 17/6 20/11 21/8
hearings [1]  15/8
heart [1]  20/19
heartless [1]  20/18
heck [1]  20/8
held [2]  4/2 11/9
Hello [1]  4/25
help [1]  6/9
here [5]  4/10 10/8 18/10 19/6 19/7
Here's [1]  9/7
hereby [1]  22/4
hold [3]  11/3 11/11 12/4
holiday [1]  20/4

**Honor [31]**
Honors [1]  20/7
HONORABLE [1]  1/12
hope [1]  18/2
hoping [1]  20/2
host [1]  7/9
hour [1]  19/9
how [6]  6/9 9/4 11/1 19/3 19/6 21/12
however [1]  13/12

**I**
I'd [3]  16/11 16/12 17/22
I'm [12]  5/14 6/20 8/19 9/21 10/3 11/2
 14/7 16/3 16/4 17/15 17/22 18/14
if [26]
immediately [1]  9/19
Immunities [5]  6/21 6/22 7/9 7/23 10/25
IMPERIAL [13]  1/7 3/8 4/3 5/13 6/8 11/2
 11/10 11/14 13/5 13/18 14/18 14/21
 14/25
Imperial's [4]  11/16 12/3 15/22 21/11
import [1]  17/21
in [50]
in-person [1]  17/12
includes [1]  11/19
independently [4]  6/25 7/14 8/25 9/3
indicated [2]  15/2 19/19
indicating [1]  7/19
indication [1]  19/3
information [1]  15/15
Initially [1]  18/4
injury [1]  12/9
instructions [1]  18/17
interrogatories [1]  13/10
interrogatory [1]  13/12
into [3]  8/6 17/22 18/18
involve [1]  7/3
involved [3]  10/25 15/24 17/23
involves [1]  6/23 17/3
is [77]
issue [14]  7/20 7/22 8/9 8/12 8/14 8/20
 9/13 9/17 9/22 10/23 11/23 12/8 14/17
 21/7
issues [3]  7/10 10/3 10/9
issuing [2]  9/18 10/10
it [58]
it's [11]  11/19
its [3]  13/4 13/16 13/17

**J**
JAMES [1]  1/22
jemancari [2]  3/19 22/9
jlb [1]  1/24
Joanne [3]  3/18 22/8 22/8
joint [8]  11/7 12/7 12/15 14/18 15/23
 15/25 18/17 21/11
JONATHAN [2]  3/8 5/11
jonathan.etra [1]  3/11
JR [2]  1/17 2/9
judge [7]  1/12 8/7 8/17 9/4 17/7 17/13
 19/5
judges [2]  7/3 19/10
jurisdiction [15]  7/6 7/12 7/13 8/21 9/13
 10/3 11/10 11/19 11/21 12/8 13/5 13/14
 13/17 14/6 15/6
jurisdictional [8]  6/1 11/25 12/23 12/25
 13/9 14/9 14/11 16/8
just [18]  5/21 7/14 8/6 8/17 8/19 9/18
 11/1 11/9 12/10 14/17 15/7 15/16 17/11
 17/11 18/9 18/22 19/8 19/23

**Justice's [1]**  12/4
K
keep [1]  17/15
keeping [1]  20/13
KEMKER [2]  2/10 4/19
Kennedy [1]  2/11
kind [1]  20/16
know [8]  5/20 15/25 16/11 16/13 19/6
 19/6 19/18 20/1
knows [1]  21/7
KRINSKY [9]  2/3 2/4 4/16 4/17 4/21 5/18
 7/18 10/5 16/20

**L**
laid [1]  16/21
large [1]  19/5
Largely [1]  12/24
last [6]  6/15 6/15 19/1
later [2]  9/4 10/3
LAVAN [1]  2/20
law [2]  4/7 9/17
law.com [2]  1/19 1/20 1/20
least [3]  16/13 19/17 20/6
leave [3]  16/1 16/5 17/4
LEEN [2]  2/15 5/2
legal [8]  10/23 11/7 11/23 11/25 12/10
 12/13 14/17 15/22
let [13]  5/20 6/16 7/15 8/2 11/12 12/20
 14/17 14/20 15/7 16/3 16/13 16/17 17/11
let's [3]  9/14 9/16 19/21
lfrank [1]  2/7
LIEBERMAN [2]  2/5 4/17
light [8]  8/13 18/5 19/23 19/24
like [9]  7/7 9/16 9/21 10/12 13/5 15/17
 16/9 16/11 16/12
limine [1]  6/4
limited [1]  21/10
LINDSEY [2]  2/3 4/18
line [1]  10/12
lines [1]  6/8
list [3]  15/8 15/9 17/1
litigate [1]  10/9
little [1]  7/13
LLC [2]  13/1 13/1
LLP [4]  2/16 2/20 3/3 3/13
logistics [1]  6/13
looking [1]  14/7
lot [1]  7/19
loud [2]  8/10 20/5
LUIS [2]  1/3 4/3

**M**
ma'am [1]  4/14
made [3]  9/11 13/15 19/16
Madison [1]  1/23
magistrate [2]  1/12 17/13
make [2]  6/11 10/4 16/22 20/6
makes [4]  7/19 7/23 7/24 10/16
making [3]  6/10 14/13 18/10
Mancari [3]  3/18 22/8 22/8
MANUEL [1]  1/3
MARK [3]  3/8 5/10 5/16
mark.raymond [1]  3/11
matter [4]  7/11 12/8 16/16 22/6
matters [6]  7/3 7/4 12/16 16/14 17/12
 20/12
may [5]  14/14 14/14 15/5 15/5 19/5
maybe [3]  15/3 15/4 16/5
me [23]

meet [4]   19/19 19/23 20/2 20/4
meeting [2]   18/23 20/24
merits [5]   6/11 8/4 8/6 8/16 8/18
message [1]   8/9
method [1]   17/4
Miami [1]   1/5 2/21 3/4 3/10
MICHAEL [4]   2/3 4/16 7/17 16/20
mid [1]   8/22
mid-December [1]   8/22
might [1]   19/21
minute [1]   6/22
mkrinsky [1]   2/7
Monday [2]   18/25 19/14
more [3]   8/6 10/11 17/11
morning [3]   9/22 10/21 16/6
motion [32]
motions [5]   8/21 9/6 11/2 11/16 15/22
move [2]   11/2 19/10
Mr. [12]   4/13 4/21 5/5 5/18 5/18 5/18
5/19 8/3 10/5 15/2 15/17 15/18
Mr. Davies [4]   5/5 5/18 15/2 15/17
Mr. Krinsky [3]   4/21 5/18 10/5
Mr. Raymond [1]   5/19
Mr. Rodriguez [4]   4/13 5/18 8/3 15/18
much [1]   19/17
MULLINS [3]   3/9 5/11 5/16
MULLIS [1]   2/10
my [12]   4/19 5/1 6/23 8/5 8/17 8/23 8/25
14/7 15/9 18/4 20/9 22/5

N

NAIM [2]   2/20 5/3
name [1]   5/15
NATHAN [2]   2/4 4/18
nature [1]   12/10
necessary [1]   13/25
need [7]   5/20 14/21 16/12 16/14 17/2
17/16 18/18
needed [2]   15/5 15/10
needs [2]   14/17 16/7
NELSON [3]   3/9 5/11 5/16
nelsonmullins.com [2]   3/11 3/11
New [4]   1/23 2/6 3/14 4/17
next [2]   4/24 20/3
night [2]   18/25 19/14
no [19]   1/2 4/4 8/19 9/2 9/5 9/11 9/12
9/24 11/24 11/24 12/8 13/8 13/15 14/21
15/1 17/5 18/21 19/3 21/4
nor [1]   13/3
normal [1]   7/4
not [19]   6/10 6/18 7/1 7/21 8/18 9/1 9/9
9/17 9/18 9/19 13/1 13/24 15/5 15/12
18/9 19/5 20/12 20/18 20/18
note [1]   17/14
Nothing [1]   21/5
notice [1]   18/17
notices [1]   19/9
notify [1]   18/18
notwithstanding [1]   13/8
November [1]   1/6 22/8
now [6]   6/14 8/2 9/14 12/21 18/12 19/25
nsurgeon [1]   2/22
NUNEZ [6]   1/16 1/17 1/17 4/7 4/7 8/5
NW [1]   2/17
NY [3]   1/23 2/6 3/14
nyaffe [1]   2/8

O

O'NEILL [1]   2/10

objection [1]   9/2
objections [1]   13/16
observing [1]   5/19
obvious [1]   13/25
obviously [5]   6/10 6/25 8/24 9/9 12/9
occurred [1]   14/4
off [8]   10/2 11/3 11/6 11/9 11/11 12/5
15/20 17/14
OK [9]   4/15 4/24 9/7 10/14 10/20 12/1
12/20 14/25 16/19
once [1]   14/3
one [7]   10/13 11/3 11/7 14/2 17/11
18/22 21/10
ones [1]   12/22
only [6]   6/12 10/22 10/23 11/23 16/16
operation [1]   17/5
opposed [1]   20/17
opposing [1]   20/23
or [4]   9/1 9/4 15/5 17/18
order [8]   13/9 14/7 14/9 14/13 18/25
19/12 21/7 21/12
ordinarily [1]   17/22
OTAZO [1]   1/12
OTAZO-REYES [1]   1/12
other [11]   6/5 6/23 7/10 9/6 10/9 13/2
15/15 16/14 18/6 18/8 19/17
others [2]   11/11 17/23
our [8]   4/8 5/11 11/19 11/21 12/5 12/12
19/11 19/17
out [12]   5/21 6/9 7/21 10/16 10/21 14/13
16/21 17/5 17/15 19/2 19/12 19/24
outside [1]   12/16
OVERY [2]   3/13 5/12
own [1]   12/16

P

P.A [2]   1/17 1/22
P.C [2]   2/5 4/4
page [2]   16/23 18/15
Pages [1]   1/9
pan [1]   1/20
pandemic [1]   18/7
papers [2]   5/22 7/7
paraphrasing [1]   6/20
particular [2]   9/14 17/18
parties [9]   9/17 11/7 13/21 14/5 14/15
15/13 15/14 18/13 20/14
partner [1]   8/5
party [1]   7/1
past [1]   15/14
PAUL [1]   1/16
PAULINO [3]   1/17 4/7 8/16
peace [1]   20/10
PEDRO [2]   3/3 5/2
pedro.freyre [1]   3/5
Pennsylvania [1]   2/17
people [4]   17/15 17/16 18/18 20/19
percent [1]   18/13
person [7]   17/12 17/13 17/17 17/22 18/4
18/10 18/14
personal [14]   7/5 7/12 7/13 8/21 9/13
10/2 11/9 11/19 11/21 13/5 13/14 13/17
14/6 15/6
perspective [1]   19/17
phone [1]   4/20
PICKERING [1]   2/16
place [1]   13/19
plaintiff [1]   1/5 1/16 7/15 13/20 17/4
plaintiffs [8]   4/8 6/6 7/22 13/10 14/1 14/8

14/20 16/1
plaintiffs [2]   4/11 15/3
plan [2]   11/12 16/9
plane [1]   18/11
PLC [6]   1/7 2/15 3/3 13/2 13/3 14/14
pleads [1]   11/20
please [2]   4/5 11/14
pmn [1]   1/20
point [5]   6/15 6/15 10/10 10/15 10/16
points [2]   6/3 6/14 7/21
portion [1]   10/22
position [1]   14/5
possibility [1]   19/23
possible [1]   19/21
possibly [1]   20/2
postponed [1]   8/13
posture [1]   13/13
predicate [1]   15/5
prefer [1]   17/22
preference [1]   18/4
prepare [2]   16/12 16/14
present [1]   6/2
presented [1]   15/18
pretty [1]   8/8
prima [1]   11/20
problem [2]   8/15 9/5 15/1
proceedings [1]   4/2
process [13]   6/16 6/18 6/19 8/20 9/12
9/12 9/15 9/24 10/4 10/23 10/24 15/20
21/8
production [1]   13/23
professional [1]   17/4
proper [2]   7/8 10/24
properly [2]   7/1 10/5
purely [2]   11/17 11/25
put [8]   9/12 9/22 10/2 11/6 13/20 15/7
15/12 16/7
putting [1]   12/17

Q

question [2]   8/23 8/25

R

RABINOWITZ [2]   2/4 4/16
raises [1]   10/10
RAYMOND [5]   3/8 5/11 5/16 5/17 5/19
rbskl.com [3]   2/7 2/7 2/8
reach [1]   14/2
reaction [1]   20/7
ready [1]   6/9
really [2]   11/23 17/20
recently [2]   18/24 18/25
recommendation [3]   9/9 9/19 10/11
record [2]   4/5 7/7
recording [2]   1/11 22/6
referred [1]   7/2
referring [2]   21/9 21/10
regard [1]   14/21
regarding [1]   19/15
regardless [2]   20/11 20/25
relate [1]   10/3
related [1]   8/12
relief [2]   6/4 6/5
replied [1]   6/7
reply [1]   6/21
report [3]   9/9 9/19 10/11
Reporter [2]   3/18 22/9
represent [1]   17/23
representatives [1]   13/24
request [3]   6/24 11/24 12/4

## R

requests [1]  13/12
required [1]  10/8
requirement [1]  15/8
respect [7]  12/25 13/2 13/9 13/11 13/14 13/21 14/5
respectfully [1]  16/11
respond [2]  8/16 14/10
responded [1]  6/6
response [1]  6/19
responses [2]  13/11 19/13
rest [3]  5/19 11/10 12/2
reversed [1]  18/2
REYES [1]  1/12
RHYS [3]  3/13 5/12 11/13
right [28]
RODRIGUEZ [13]  1/3 1/16 1/17 4/3 4/6 4/7 4/13 5/18 8/3 15/18 16/10 18/21 20/8
rope [1]  20/23
RPR [2]  3/18 22/8
rtgn [3]  1/19 1/20 1/20
rtgn-law.com [3]  1/19 1/20 1/20
rule [2]  7/7 9/20
ruling [2]  9/10 9/19
rulings [1]  6/10

## S

S.E [1]  3/4
said [4]  12/3 14/8 20/5 20/9
same [5]  12/2 16/23 17/24 18/3 18/15
Saturday [1]  19/13
say [6]  7/24 9/14 9/16 9/21 14/17 20/8
saying [4]  6/21 9/23 12/15 19/22
SCHARF [1]  2/10
schedule [2]  8/14 20/4
scheduled [1]  8/22
schedules [2]  9/4 18/6
scheduling [1]  8/7
sections [1]  21/10
see [6]  14/13 14/20 16/17 17/9 19/15 20/23
seeing [1]  6/2
seeking [1]  13/4
seem [2]  15/23 20/15
seems [3]  6/18 7/7 16/22
send [1]  18/16
sense [4]  7/20 7/24 10/16 16/22
separate [3]  8/9 8/12 13/19
separately [5]  7/11 7/25 8/20 8/25 9/6
September [1]  9/3
serious [1]  19/3
served [2]  10/8 10/9
service [18]  6/16 6/25 7/5 7/8 7/20 7/22 8/20 9/12 9/15 9/24 10/7 11/23 12/14 15/20 15/24 16/18 21/8
set [8]  5/23 5/24 7/11 9/15 10/18 10/20 17/14 19/20
several [1]  6/14
shall [1]  14/8
shaping [2]  15/3 15/18
share [1]  15/15
she [1]  15/10
should [9]  5/3 7/20 8/20 8/24 9/12 10/7 13/6 13/8 13/18
shouldn't [3]  9/25 10/7 10/8
showing [1]  18/9
side [2]  9/23 12/17
simply [1]  12/12
situation [2]  20/15 20/20

so [37]
some [10]  6/19 13/23 14/16 16/17 16/24 19/9 19/13 19/15 20/14 20/16
something [6]  6/7 9/9 14/1 16/13 17/21 20/8
sometime [1]  8/22
sooner [1]  17/2
sorry [3]  5/14 16/3 16/4
sort [1]  5/21
sought [2]  13/10 13/20
sound [1]  16/9
sounds [2]  9/16 15/17
South [1]  3/9
SOUTHERN [1]  1/1
Sovereign [5]  6/21 6/22 7/9 7/23 10/25
speak [2]  18/3 19/18
special [1]  18/17
squeezing [2]  19/8 19/11
STANDARD [2]  2/4 4/17
stands [1]  18/12
start [2]  10/21 15/20
started [2]  15/9 17/12
state [3]  4/5 17/15 19/8
STATES [2]  1/1 1/12
status [5]  1/11 14/8 19/1 19/25 20/9
step [1]  10/13
still [2]  18/7 20/24
stipulated [1]  15/4
Street [2]  2/5 3/4
STROOCK [3]  2/20 2/20 5/3
stroock.com [1]  2/22
subject [1]  12/7
submission [1]  13/15
submissions [1]  6/11
submit [2]  13/3 13/22
submitted [2]  11/24 13/11
successful [1]  7/1
sufficiency [1]  11/18
sufficient [1]  6/19
suggestion [1]  12/12
suppose [1]  14/1
Supreme [1]  19/7
sure [2]  14/4 17/1
SURGEON [2]  2/20 5/3
surprises [1]  17/5

## T

take [3]  6/14 10/12 16/6
taking [1]  17/22
Tampa [1]  2/11
task [1]  9/13
telephone [1]  4/2
tell [4]  5/24 15/7 17/11 17/16
telling [1]  11/1
ten [1]  14/11
terms [4]  4/10 8/7 15/3 15/18
than [1]  17/2
Thank [5]  10/6 17/8 21/3 21/6 21/14
Thanksgiving [1]  20/3
that [124]
That's [1]  5/8
their [3]  11/4 12/10 15/15
them [5]  6/12 16/1 16/13 19/14 20/21
themselves [1]  20/19
then [26]
there [24]
there's [2]  11/7 11/24
therefore [1]  13/6
Thereupon [1]  3/20
these [5]  5/22 9/8 10/9 14/16 16/14 20/6

they [9]  6/3 10/3 11/17 14/10 15/16 15/23 19/16 19/18 19/18
they've [1]  19/16
thing [1]  9/7
things [5]  6/23 7/2 9/8 17/5 19/6
think [19]  6/7 6/15 7/19 7/20 7/21 7/24 9/10 10/7 10/12 11/12 12/22 13/6 13/12 13/17 14/4 15/2 16/18 16/21 21/9
thinking [1]  11/2
thinks [1]  8/24
this [31]
those [6]  12/13 12/18 12/22 13/12 13/21 13/24
thought [4]  5/21 16/15 17/20 18/22
three [2]  4/10 13/1
through [3]  16/6 19/14 19/15
tight [3]  8/8 8/11 8/14
time [6]  10/12 10/13 15/9 15/12 15/15 19/9
today [3]  18/20 19/22 20/2
told [1]  15/10
tomorrow [1]  20/2
too [1]  12/3
took [1]  19/2
tough [1]  20/18
TRAMONT [2]  1/17 4/7
TRANSCRIBED [2]  1/11 3/18
transcription [1]  22/5
travel [2]  18/9 18/10
TRENAM [2]  2/10 4/19
trenam.com [1]  2/12
true [1]  18/8
try [2]  7/3 10/16
trying [2]  10/4 20/4
two [6]  12/25 13/21 13/24 14/5 19/9 19/12
two-hour [1]  19/9
type [1]  7/22

## U

ultimately [2]  9/10 9/20
uncivilized [1]  19/9
under [2]  6/20 7/8
understand [3]  10/12 13/19 16/22
understandable [1]  19/20
understandably [1]  19/10
understanding [1]  8/17
understood [3]  14/15 17/7 21/1
UNITED [2]  1/1 1/12
unless [1]  9/24
until [3]  9/24 10/3 15/24
up [7]  6/14 9/8 15/3 15/18 16/1 18/9 20/24
upon [1]  7/7
us [7]  4/10 7/20 8/1 8/8 16/6 16/13 19/2
usual [1]  7/22

## V

various [2]  7/3 11/4
very [3]  17/8 19/17 20/19
via [1]  17/9
view [5]  6/3 7/16 10/1 11/21 19/3
voluntarily [1]  13/11

## W

wait [1]  6/22
want [15]  6/9 6/14 8/6 8/18 9/25 10/2 12/18 15/23 15/25 17/16 17/16 18/13 19/19 19/22 19/24
wanted [2]  9/8 20/5

## W

wanting [1]  19/10
wants [1]  8/1
was [16]  6/1 6/6 6/18 6/19 6/19 6/24 7/8
 8/10 8/18 10/24 13/1 13/8 13/15 16/15
 18/2 19/1
Washington [1]  2/17
we [74]
we're [1]  7/25
week [3]  5/21 17/14 20/3
weeks [2]  19/2 19/12
weigh [1]  16/13
well [6]  9/2 16/12 16/15 19/20 20/8
 20/11
were [1]  4/2
West [1]  2/5
what [11]  6/15 7/15 9/25 10/16 10/17
 11/12 13/22 16/21 20/1 20/5 20/23
whatever [5]  8/6 14/17 15/4 15/18 16/7
when [5]  7/2 9/8 15/9 15/13 20/8
whenever [1]  8/1
where [1]  13/18
whether [5]  7/8 9/3 10/24 10/24 11/20
which [6]  7/7 14/5 16/16 18/9 19/1 19/20
whichever [1]  21/10
whole [3]  7/8 7/9 9/15
why [4]  9/8 9/12 17/12 20/8
will [30]
willing [1]  15/17
WILMER [3]  2/16 4/25 5/2
wilmerhale.com [1]  2/18
window [2]  8/8 8/11
without [1]  19/22
witness [2]  15/8 17/1
word [1]  6/23
work [4]  15/2 15/17 17/5 20/23
working [2]  19/14 19/14
worth [1]  13/22
would [24]
wouldn't [4]  8/14 8/14 17/24 20/7
WPP [20]  2/15 3/3 5/1 11/3 11/10 12/20
 13/2 13/3 13/6 13/9 13/11 13/11 13/17
 14/11 14/14 14/18 15/6 16/8 17/3 21/11
WPP's [2]  13/14 14/4

## Y

YAFFE [2]  2/4 4/19
yes [13]  4/6 4/14 4/23 5/6 5/8 6/7 7/17
 8/4 9/2 10/6 11/15 14/24 16/21
York [4]  1/23 2/6 3/14 4/17
you [42]
you're [2]  7/19 12/15
you've [1]  12/14
your [41]
yourself [2]  8/7 20/22

## Z

Zoom [5]  17/10 17/14 17/15 17/19 18/12