UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUIS MANUEL RODRIGUEZ, *et al.*,

                Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

                Defendants.

Case No.: 1:20-cv-23287-DPG

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. Rule 15(a)(2), hereby respectfully move this Court for leave to file a Second Amended Complaint, and in support thereof state:

**PROCEDURAL BACKGROUND**

The instant action was commenced August 6, 2020, with the filing of the Complaint [D.E. 1], asserting a claim for "trafficking" in confiscated property under the Helms Burton Act ("HBA"). On August 28, 2020, Defendant Imperial Brands plc ("Imperial"), moved this Court to stay the action to provide Imperial with additional time to obtain permission from the European Commission to defend against the litigation. [D.E. 14.] Defendants WPP plc, Young & Rubicam LLC, and BCW LLC (collectively, the "WPP Parties") joined in Imperial's request [D.E. 26], and on September 23, 2020, the Court granted defendants' motions [D.E. 49]. The action was stayed and administratively closed until February 12, 2021, when the stay was lifted. [D.E. 69]

On February 26, 2021, Imperial and the WPP Parties filed their respective motions to

dismiss[1], [D.E. 71, 72 and 74]. On March 23, 2021, Plaintiffs filed their Amended Complaint as a matter of course under Rule 15(a)(1). [D.E. 82.] The Court subsequently denied defendants' motions to dismiss as moot.   [D.E. No. 84].

On April 28, 2021, Imperial, the WPP Parties and Corporación Habanos, S.A. ("Habanos") filed a total of four motions to dismiss the Amended Complaint, one addressing joint issues [D.E. 91] and three separate motions addressing personal jurisdiction.   [D.E. 88, 89, and 93.].   On June 15, 2021, Plaintiffs filed their Motion for Jurisdictional Discovery. On September 15, 2021, the Court referred the Defendants' Motions to Dismiss and Plaintiffs' Motion for Jurisdictional Discovery to Magistrate Judge Alicia M. Otazo-Reyes.   [D.E. 130]. On September 27, 2021, Judge Otazo-Reyes granted Plaintiffs jurisdictional discovery, to be completed by November 26, 2021.   [D.E. 133]. Defendants' Joint Motion to Dismiss and individual motions to Dismiss the Amended Complaint remain pending.

Plaintiffs have now completed jurisdictional discovery. All Defendants argue that this Court lacks personal jurisdiction. Plaintiffs seek to amend their complaint to clarify and supplement the allegations contained in the (First) Amended Complaint based on the information learned during jurisdictional discovery.   The proposed Second Amended Complaint ("SAC") alleges additional facts regarding this Court's jurisdiction over Defendants WPP plc, Y&R and BCW. The new facts clarify and add allegations regarding the WPP Parties use of U.S. Services to further trafficking in Plaintiffs' confiscated property. The new facts also include allegations of concerted action by the WPP Parties. Plaintiffs allege that the WPP Parties provided marketing

---

[1] Corporación Habanos, S.A. did not appear in the action until March 22, 2021, and did not file a motion to dismiss at that time.

and advertising services for Imperial and Habanos that served to further the alleged HBA trafficking at issue, for which all Defendants are liable. The newly alleged jurisdictional facts regarding use of U.S. Services, therefore, also affect the jurisdictional arguments made by Imperial and Habanos. The SAC will also address arguments presented in the Defendants' motion to dismiss, some which were alleged for the first time after Habanos appeared in the action. Finally, the SAC will also address Habanos' argument regarding propriety of service of process on Habanos as an agency or instrumentality of the Cuban government. The proposed Second Amended Complaint is annexed hereto as Exhibit A, and a redlined version of the same (without exhibits) is annexed hereto as Exhibit B.

This action is still in its preliminary stages. There is no scheduling order limiting the parties' time for amending pleadings and the action has not been scheduled for trial.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 15 provides that, other than a first amendment as a matter of course, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The same rule clarifies that "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

A "district court[] ha[s] only limited discretion to deny a party leave to amend the pleadings." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996). Further, "[l]eave to amend should be 'freely given when justice so requires' unless there is an 'apparent or declared reason' to deny it such as 'undue prejudice to the opposing party.'" *See Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Readily granting leave to amend "facilitate[s] [the] determination of claims on the merits .

. . thus, 'unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). Reasons for denying leave to amend can include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party.'" *Id.*

Plaintiffs promptly moved to file their proposed Second Amended Complaint upon discovery of the additional jurisdictional facts they now seek to plead. Plaintiffs' proposed SAC addresses one of the issues raised in the Defendants' Joint motion to dismiss. Plaintiff's motion for jurisdictional discovery was only granted in September 2021. Moreover, jurisdictional discovery was only completed on November 26, 2021. Plaintiffs' request is timely.

Defendants have not yet answered any operative complaint in this action. Moreover, their various motions to dismiss are still pending and have not been ruled on by the Court. As this is Plaintiff's first request to amend, Defendants cannot successfully argue that Plaintiffs have repeatedly failed to cure deficiencies through previous amendments. In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the plaintiffs amended their complaint once as a matter of course. The plaintiffs then sought leave to amend a second time while defendant's motion to dismiss was still pending. The *Bryant* court rejected arguments that a request to amend was untimely, explaining:

> The Amended Complaint was filed as a matter of course, and until the renewed motion to dismiss came before the court, the plaintiffs had not asked for leave to amend. Therefore, it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through previously allowed amendments.

*See Bryant*, 252 F.3d at 1163–64; *compare Blackburn v. Shire US Inc*, 2021 WL 5563732, at *5 (11th Cir. Nov. 29, 2021) (distinguishing *Bryant* where plaintiff sought to amend a second time

after a motion to dismiss was granted). Furthermore, Defendant Habanos did not appear in this action until the day before Plaintiffs filed their First Amended Complaint, and as such did not file a motion to dismiss to Plaintiffs' original complaint. The proposed SAC is, therefore, Plaintiffs' first opportunity to amend the complaint in response to arguments in Habanos' motion to dismiss.

Granting this motion thus furthers the Federal Courts' preference for determining claims on their merits. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (noting the "preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."); *see Griffin v. ISS Facility Services, Inc.*, 8:15-CV-2849-T-23CPT, 2018 WL 7985888, at *2 (M.D. Fla. July 17, 2018) ("The judicial system's preference for the resolution of a case on the merits underlies Rule 15(a), . . . a district court should not deny a motion to amend absent 'a substantial reason.'").   This motion is made in good faith and is not intended to delay these proceedings or in any way prejudice Defendants.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order permitting Plaintiffs to file their proposed Second Amended Complaint.

Dated: December 20, 2021

                                        Respectfully Submitted,

| **RODRIGUEZ TRAMONT & NUÑEZ P.A.** | **BERENTHAL & ASSOCIATES, P.C.** |
|---|---|
| By:   /s/ *Paulino A. Núñez Jr.* | By: /s/ *David W. Berenthal* |
| Paulino A. Núñez Jr. | David W. Berenthal |
| Florida Bar No. 814806 | Florida Bar No. 159220 |
| Primary email: pan@rtgn-law.com | E-mail: dwb@berenthalaw.com |
| 255 Alhambra Circle | 45 East 72nd Street |
| Suite 1150 | Suite 5C |
| Coral Gables, FL 33134 | New York, NY 10021 |
| Telephone: (305) 350-2300 | Telephone: (212) 302-9494 |

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 20, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

                                    /s/ *Paulino A. Núñez Jr.*
                                    Paulino A. Núñez Jr.

## CERTIFICATE OF GOOD FAITH CONFERENCE
## CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

      Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that on December 3, 2021, and on December 7, 2021, counsel for the movants conferred with counsel for all other parties in a good faith effort to narrow or resolve the issues raised by the Motion but were unable to reach agreement.

                              By: /s/ *David W. Berenthal*
                                 David W. Berenthal