UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.: 20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ,
MARIA TERESA RODRIGUEZ, a/k/a
MARIA TERESA LANDA,
ALFREDO RAMON FORNS,
RAMON ALBERTO RODRIGUEZ,
RAUL LORENZO RODRIGUEZ,
CHRISTINA CONROY, and
FRANCISCO RAMON RODRIGUEZ,

        Plaintiffs,

v.

IMPERIAL BRANDS PLC,
CORPORACIÓN HABANOS, S.A.,
WPP PLC, YOUNG & RUBICAM LLC,
and BCW LLC, a/k/a BURSON COHN &
WOLFE LLC,

        Defendants.

**WPP DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 4

    I.      GRANTING PLAINTIFFS LEAVE TO FILE SECOND AMENDED
           COMPLAINT IS FUTILE ........................................................................... 4

          A.     Plaintiffs Allege No Facts Supporting Personal Jurisdiction Over
                WPP Defendants, Even After Extensive Jurisdictional Discovery ............. 4

          B.     Plaintiffs' Proposed SAC Offers No Basis For An Alter Ego Theory
                Of Liability ............................................................................................. 8

          C.     Plaintiffs Still Fail To Allege WPP Defendants "Knowingly and
                Intentionally" Trafficked, As Required By The Helms-Burton Act .......... 11

          D.     Plaintiffs Remain Unable To Demonstrate That WPP Defendants
                Unlawfully "Trafficked" In Confiscated Property .................................... 13

          E.     Plaintiffs Are Still Unable To Demonstrate That They Acquired
                 Ownership Of The Claim Before 1996 ...................................................... 14

    II.     PLAINTIFFS CAUSED UNDUE DELAY BY ADDING FACTS THAT
           WERE PUBLICLY AVAILABLE PRIOR TO FILING THE ORIGINAL
           COMPLAINT ........................................................................................... 15

CONCLUSION ............................................................................................................... 18

REQUEST FOR HEARING ............................................................................................ 19

i

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Adams v. Unione Mediterranea Di Sicurta*,
    364 F.3d 646 (5th Cir. 2004) ...................................................................................7

*Burger King Corp. v. Weaver*,
    169 F.3d 1310 (11th Cir. 1999) ...............................................................................4

*Carmouche v. Tamborlee Mgmt., Inc.*,
    789 F.3d 1201 (11th Cir. 2015) ...............................................................................6

*Carruthers v. BSA Advert., Inc.*,
    357 F.3d 1213 (11th Cir. 2004) .............................................................................16

*Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express*
    *World Corp.*, 230 F.3d 934 (7th Cir. 2000) ...........................................................11

*Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*,
    No. 05-60055-CIV, 2011 WL 1232986 (S.D. Fla. Mar. 30, 2011) ........................11

*CSX Transp., Inc. v. Gen. Mills, Inc.*,
    846 F.3d 1333 (11th Cir. 2017) .............................................................................16

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...........................................................................................5, 6, 7

*Eveillard v. Nationstar Mortg. LLC*,
    No. 14-CIV-61786, 2015 WL 1191170 (S.D. Fla. Mar. 16, 2015) .........................4

*Foman v. Davis*,
    371 U.S. 178 (1962)..................................................................................................3

*Garcia-Bengochea v. Carnival Corp.*,
    No. 1:19-cv-21725-JLK, 2020 WL 4590825 (S.D. Fla. July 9, 2020), *appeal*
    *filed* (11th Cir. Aug. 6, 2020)...............................................................................15

*Garcia-Bengochea v. Norwegian Cruise Line Holdings Ltd.*,
    No. 1:19-cv-23593-JLK, 2020 WL 5028209 (S.D. Fla. Aug. 25, 2020)...........12, 13

*Garcia-Bengochea v. Royal Caribbean Cruises, Ltd.*,
    No. 1:19-cv-23592-JLK, 2020 WL 6081658 (S.D. Fla. Oct. 15, 2020), *appeal*
    *filed* (11th Cir. Nov. 9, 2020)...............................................................................15

*Glen v. Am. Airlines, Inc.*,
    7 F.4th 331 (5th Cir. 2021), *petition for cert. filed* (Aug. 2, 2021).......................15

*Glen v. Trip Advisor LLC*,
    529 F. Supp. 3d 316 (D. Del. 2021), *appeal filed* (3d Cir. Apr. 27, 2021)......................12, 15

*Gonzalez v. Amazon.com, Inc.*,
    835 F. App'x 1011 (11th Cir. 2021) ................................................................................15

*Gonzalez v. Amazon, Inc.*,
    No. 19-23988-Civ-Scola, 2020 WL 1169125 (S.D. Fla. Mar. 11, 2020), *aff'd*,
    835 F. App'x 1011 (11th Cir. 2021) ................................................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)....................................................................................................6, 7

*Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*,
    535 F. Supp. 3d 1299 (S.D. Fla. 2021), *appeal filed* (11th Cir. Aug. 18, 2021) ......................7

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) ...........................................................................................7

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)..........................................................................................................6

*Keenan v. Matchmaker Int'l, Inc. of Mobile*,
    No. Civ.A. 98-0515-CB-C, 1999 WL 33590522 (S.D. Ala. Jan. 20, 1999)...........................11

*Molinos Valle Del Ciabo, C. por A. v. Lama*,
    633 F.3d 1330 (11th Cir. 2011) ........................................................................................8

*Mwani v. bin Laden*,
    417 F.3d 1 (D.C. Cir. 2005).............................................................................................7

*Schulman v. Inst. for Shipboard Educ.*,
    624 F. App'x 1002 (11th Cir. 2015) ...............................................................................6, 7

*Sucesores De Don Carlos Nuñez Y Doña Pura Galvez, Inc. v. Société Générale,*
    *S.A.*, No. 20-CV-851 (KMW), 2021 WL 6065758 (S.D.N.Y. Dec. 22, 2021)......................12

*Tampa Bay Water v. HDR Eng'g, Inc.*,
    731 F.3d 1171 (11th Cir. 2013) ..................................................................................15, 16

*Thompson v. Carnival Corp.*,
    174 F. Supp. 3d 1327 (S.D. Fla. 2016) ..............................................................................7

*Twombly v. Iqbal*,
    550 U.S. 544 (2007)........................................................................................................12

*Waite v. All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018) .........................................................................................6

iii

*Wedemeyer v. Pneudraulics, Inc.*,
  510 F. App'x 875 (11th Cir. 2013) .................................................................3

## STATUTES, RULES, AND REGULATIONS

22 U.S.C. § 6023(13) ...................................................................11, 12, 13

22 U.S.C. § 6082(a) ...........................................................................13, 14

Fed. R. Civ. P. 4(k)(2) ..........................................................................6, 7

Fla. Stat. § 48.193 ....................................................................................5

Helms-Burton Act, 22 U.S.C. § 6081 *et seq.* ........................................ *passim*

Defendants WPP plc, Young & Rubicam LLC ("Y&R LLC"), and BCW LLC (collectively, "WPP Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' motion for leave to file a second amended complaint ("SAC").

## INTRODUCTION

This case, with respect to the WPP Defendants, concerns whether a European holding company and two of its U.S. subsidiaries can be liable for allegedly trafficking in state-expropriated Cuban assets when non-defendant European affiliates provided limited marketing services to a Cuban company that allegedly used those expropriated assets. There are myriad reasons why this case should not proceed in this or any other U.S. court and it is clear from the evidentiary record and from Plaintiffs' proposed amendments to the operative complaint that further amendment is futile. Plaintiffs' motion for leave to file a second amended complaint should be denied.

Based on jurisdictional discovery requested by Plaintiffs, there is no question that the WPP Defendants provided no services at all to Corporación Habanos, S.A. ("Habanos"). Rather, two Spanish companies indirectly owned by WPP plc (but not by Y&R LLC or BCW LLC) provided certain marketing services to Habanos. Plaintiffs claim that this Court nevertheless has jurisdiction over WPP plc, a Jersey-registered and London-based holding company, and two of its U.S.-based indirect subsidiaries (Y&R LLC and BCW LLC) because Spanish employees of two non-party Spanish companies allegedly sent tweets about Cuban tobacco from their Madrid office and drafted press releases about a Havana tobacco festival from their Barcelona office. The only connection between those Spanish marketing services and the United States is that the technology platforms used to disseminate the tweets and press releases happen to be owned by U.S.-headquartered technology companies like Twitter and Egnyte. Sharing administrative services amongst affiliate companies, by providing a license for use in exchange for a fee, is nothing more than common

1

practice for a multinational corporation, and courts have long recognized that.  This is not a valid basis for bringing a wholly foreign set of facts into U.S. federal court.

In the proposed SAC, Plaintiffs do not even attempt to allege that any Florida-based or even U.S.-based employees of any company—named or not named as a defendant—provided marketing services to Habanos.  Nor do they allege any newly discovered fact connecting Florida to any conduct relevant to their claims.  Plaintiffs have known for at least nine months that, to the extent any WPP-affiliated entity did anything relevant to this litigation, it was only the non-party Spanish companies.  Those Spanish non-parties, BCW, S.L. of Spain and Y&R, S.L. of Spain, are incorporated and headquartered abroad; the employees who performed marketing work for Habanos were located abroad; and neither entity has an office or employee in the U.S.[1] Jurisdictional discovery confirmed that none of the WPP Defendants engaged in marketing for Habanos—or even was aware that the Habanos-related activities at issue here were occurring before this litigation commenced.  Plaintiffs nevertheless ask for permission to file the SAC without even acknowledging the existence of the Spanish companies, let alone explaining their connection to the named defendants.

---

[1] ECF No. 93-1 ("Lombardo Decl., Apr. 28, 2021"), ¶¶ 22–23; ECF No. 93-2 ("Bellinghausen Decl., Apr. 28, 2021"), ¶¶ 25–26; ECF No. 103-3 ("Lombardo Decl., June 29, 2021"), ¶¶ 7–10; ECF No. 103-4 ("Bellinghausen Decl., June 29, 2021"), ¶¶ 7–9; Ex. A (Deposition of Gerald Lombardo) at 41:16–42:5 (referring to Lombardo Decl., Apr. 28, 2021), 46:19–24 (referring to Lombardo Decl., Apr. 28, 2021), 84:6–87:19 (referring to Ex. 6, BCW-SDFL-00000005, BCW-SDFL-00000014, attached hereto as "Exhibit C"), 94:3–11 (referring to Ex. C, BCW-SDFL-00000016), 98:3–10 (citing Ex. C, BCW-SDFL-00000014, BCW-SDFL-00000018), 99:20–100:5 (referring to Ex. C, BCW-SDFL-00000019), 128:13–25 (referring to Ex. C, BCW-SDFL-00000061), 151:2–5, 161:13–17; Ex. B (Deposition of James Bellinghausen) at 20:1–22, 39:16–21, 125:16–23.

Plaintiffs' latest attempt to amend is both futile and a cause of undue delay and therefore should be denied:[2]  *First*, Plaintiffs still fail to sufficiently plead that this Court has personal jurisdiction over the WPP Defendants because, even with the benefit of extensive jurisdictional discovery, they have added no new allegations to connect the claim to Florida.  *Second*, Plaintiffs have not sufficiently pled that the WPP Defendants (a) are alter egos of one another and (b) as alter egos, are responsible for the conduct of the two distinct unnamed Spain-based companies, BCW, S.L. of Spain and Y&R, S.L. of Spain.  *Third*, Plaintiffs still fail to plead facts sufficient to lead to a plausible inference that the WPP Defendants knowingly and intentionally trafficked in the allegedly confiscated property.  *Fourth*, the Helms-Burton Act, 22 U.S.C. § 6081 *et seq.*, does not include marketing services within its statutory definition of "trafficking."  And *fifth*, Plaintiffs do not cure the fatal pleading deficiencies in the Amended Complaint[3] related to Plaintiffs' purported interest in the confiscated property or acquiring ownership of a claim related to the property before 1996.  *Finally*, the Court should deny Plaintiffs' motion because Plaintiffs were or should have been aware of nearly all of the purportedly "new" facts since as early as March 2020, when Plaintiffs sent a demand letter to Defendants.  Plaintiffs' attempt to further amend their already Amended Complaint is therefore a cause of undue delay in this litigation.

---

[2] *See Wedemeyer v. Pneudraulics, Inc.*, 510 F. App'x 875, 878–79 (11th Cir. 2013) (applying *Foman v. Davis*, 371 U.S. 178, 182 (1962) and affirming denial of leave to amend).

[3] ECF No. 82.

**ARGUMENT**

I.    **GRANTING PLAINTIFFS LEAVE TO FILE SECOND AMENDED COMPLAINT IS FUTILE**

Under Eleventh Circuit law, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."[4] *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (internal quotations omitted) (affirming denial of motion for leave to amend, in part, because the proposed amendments were "insufficient as a matter of law" to state a claim). Plaintiffs' amendments to the proposed SAC are futile and the motion should be denied.

A.    **Plaintiffs Allege No Facts Supporting Personal Jurisdiction Over WPP Defendants, Even After Extensive Jurisdictional Discovery**

The Court allowed Plaintiffs 60 days to conduct jurisdictional discovery. During that time, they propounded more than 150 document requests and conducted 12 hours of depositions. Despite this, Plaintiffs do not provide a single new allegation in their proposed SAC tying the WPP Defendants to the alleged facts underlying their claims. And indeed, the evidence developed through the jurisdictional discovery period shows that none of the conduct relevant to this case had any connection whatsoever to Florida or even to the U.S. Most notably:

- Searches of BCW LLC and Y&R LLC's general ledger systems and financial reporting systems from 2010 to 2021 confirmed that neither BCW LLC nor Y&R LLC (i) had Habanos or Imperial as a client or (ii) provided services to Habanos or Imperial.[5]

_____

[4] *Eveillard v. Nationstar Mortg. LLC*, No. 14-CIV-61786, 2015 WL 1191170, at *7 (S.D. Fla. Mar. 16, 2015) (denying leave to amend complaint as futile, in part, because "Plaintiffs do not direct the Court to any change in controlling law or newly available evidence").

[5] *See* Lombardo Decl., Apr. 28, 2021, ¶¶ 14–16; Bellinghausen Decl., Apr. 28, 2021, ¶¶ 16–18; Ex. A at 41:16–42:5 (referring to Lombardo Decl., Apr. 28, 2021). Searches of the ledger systems indicated that Habanos was a client of the distinct Spanish companies that are not named as defendants and not mentioned in the proposed SAC. Lombardo Decl., Apr. 28, 2021, ¶ 21; Bellinghausen Decl., Apr. 28, 2021, ¶ 24; Ex. A at 84:6–87:19 (referring to Ex. C, BCW-SDFL-00000005, BCW-SDFL-00000014); Ex. B at 20:1–22.

4

- No U.S.-based employee of any WPP-affiliated entity has ever sent emails or tweets or made social media posts or taken any other step to market Habanos or its products.[6]  The conduct in question was undoubtedly undertaken by Spanish employees of Spanish entities in Spain.[7]

Unable to show that the conduct underlying this litigation bears any connection to Florida, Plaintiffs raise the "Hail Mary" argument that the WPP Defendants' jurisdictional contacts in Florida are so widespread that this is "an exceptional case" in which the WPP Defendants are subject to general jurisdiction in Florida, no matter the subject of Plaintiffs' claim.  To show that the WPP Defendants are subject to general personal jurisdiction in Florida pursuant to Section 48.193(2) of Florida's long-arm statute, Plaintiffs must demonstrate that their operations in Florida are "so substantial" that they are "at home" in the state despite having their principal place of business elsewhere—an "exceptional" case according to the U.S. Supreme Court.  Fla. Stat. § 48.193(2); *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).  They cannot do so.

WPP plc has never had any presence in Florida, and Plaintiffs instead seek only to impute to WPP plc whatever contacts BCW LLC and Y&R LLC have with Florida.  Since March 2021, BCW LLC has not maintained an office in Florida,[8] and even when BCW LLC had a Florida office, it accounted for less than 1 percent of its revenue.[9]  Y&R LLC maintains a small Miami

---

[6] Lombardo Decl, Apr. 28, 2021, ¶¶ 18, 21–22; Bellinghausen Decl., Apr. 28, 2021, ¶¶ 20–21, 24–25; Lombardo Decl., June 29, 2021, ¶¶ 7–10; Bellinghausen Decl., June 29, 2021, ¶¶ 7–9; Ex. A at 84:6–87:19 (referring to Ex. C, BCW-SDFL-00000005, BCW-SDFL-00000014); Ex. B at 80:13–81:6.  Even the Y&R regional Latin American Group, which sits in Miami, works only with Y&R offices in Brazil, Mexico, Colombia, Peru, Chile, Argentina, Puerto Rico, and Uruguay, but not Cuba or Spain.  *See* Ex. D (attached to Deposition of James Bellinghausen as Exhibit 4, YR-SDFL-00000005).

[7] Lombardo Decl, Apr. 28, 2021, ¶¶ 21–22; Bellinghausen Decl., Apr. 28, 2021, ¶¶ 24–25; Lombardo Decl., June 29, 2021, ¶¶ 9–10; Ex. A at 128:13–25 (referring to Ex. C, BCW-SDFL-00000061), 151:2–5; Ex. B at 20:1–22.

[8] *See* ECF No. 151 ("Lombardo Decl., Nov. 19, 2021"), ¶ 2; Ex. A at 35:7–11.

[9] Lombardo Decl., Nov. 19, 2021, ¶ 2.

office, but it performs only administrative functions, has no business of its own, and accounts for less than 5 percent of Y&R LLC's annual revenue.[10]   Plaintiffs' proposed SAC implicitly concedes the dearth of evidence to the contrary, pleading only that Y&R LLC and BCW LLC have "authority to transact business" in Florida, "derive[] significant income" from Florida, and own or lease property in Florida.  Proposed SAC ¶¶ 67–68.  That is nowhere near enough to satisfy the test for general jurisdiction.[11]

Finally, Plaintiffs raise the notion that WPP plc could be subject to jurisdiction under Federal Rule of Civil Procedure 4(k)(2), which permits suit against a foreign corporation whose contacts with the United States are "so 'continuous and systematic' as to render [it] essentially at home" here, while simultaneously not being sufficient to provide general jurisdiction in any one state.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).  The Supreme Court and Eleventh Circuit have described such instances as "exceptional cases,"[12] and courts in this District have repeatedly

---

[10] Bellinghausen Decl., Apr. 28, 2021, ¶ 12.

[11] *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018) (finding no general personal jurisdiction despite the fact that the company "conducted significant business in Florida" because "Florida was not a surrogate place of incorporation or principal place of business" for the Company and there was no allegation that Company leadership was based in Florida or otherwise directed its operations from Florida (internal quotations omitted)); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business.").

[12] *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1006 (11th Cir. 2015) (citing *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919); *Daimler*, 571 U.S. at 139 n.19.

emphasized the rarity of satisfying Rule 4(k)(2).[13]  Plaintiffs have done nothing to remedy the central deficiency identified in the WPP Defendants' motion to dismiss the Amended Complaint: the proposed SAC gives no reason that WPP plc's contacts with the U.S. as a whole could possibly be said to render WPP plc "essentially at home"[14] in the U.S. when it has no offices or employees in the country.  *See* ECF No. 93 ("Mot. Dismiss") at 11.

Plaintiffs' sparse proposed amendments concerning personal jurisdiction do not show WPP plc has pervasive U.S. contacts; nor do Plaintiffs demonstrate that WPP plc could not be haled into another state's courts, presumably New York assuming the truth of Plaintiffs' allegations. Plaintiffs' vague allegations, together with the facts learned through jurisdictional discovery, confirm that Plaintiffs' allegations as to specific jurisdiction, general jurisdiction, and jurisdiction via Rule 4(k)(2) are woefully insufficient.  Plaintiffs' proposed amendments are futile and should be denied.

---

[13] *See, e.g.*, *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 535 F. Supp. 3d 1299, 1306 (S.D. Fla. 2021), *appeal filed*, (11th Cir. Aug. 18, 2021); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1337 (S.D. Fla. 2016) ("[I]t is a rare occurrence when a court invokes jurisdiction under the rule."); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("Indeed, in the fourteen years since Rule 4(k)(2) was enacted, none of our cases has countenanced jurisdiction under the rule.").  The rare circumstances where a federal court has found Rule 4(k)(2) jurisdiction include civil litigation arising from Osama Bin Laden's attacks on the United States, *Mwani v. bin Laden*, 417 F.3d 1, 13 (D.C. Cir. 2005), and an insurance company that directly insured hundreds of shipments spread throughout the United States, *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004).  Further, grants of Rule 4(k)(2) jurisdiction have become all the more rare following *Daimler AG v. Bauman*, 571 U.S. 117 (2014), in which the Supreme Court clarified the limited circumstances where a corporation can be subject to general jurisdiction anywhere other than its principal place of business.

[14] Plaintiffs' proposed SAC includes allegations that defeat its own Rule 4(k)(2) arguments.  In the proposed SAC, Plaintiffs allege that WPP plc "maintains a principal place of business in New York."  Proposed SAC ¶ 36.  While WPP Defendants do not agree with this assertion—or the notion that a corporation can have more than one "principal" place of business—jurisdiction cannot be premised on Rule 4(k)(2) unless a defendant is not subject to jurisdiction in any U.S. state, which cannot be true for WPP plc if, as Plaintiffs allege, WPP plc "maintains a principal place of business in New York." *Id.*; *see Schulman*, 624 F. App'x at 1006 (citing *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919).

7

**B.      Plaintiffs' Proposed SAC Offers No Basis For An Alter Ego Theory Of Liability**

In the proposed SAC, Plaintiffs add several conclusory allegations that WPP plc, BCW LLC, and Y&R LLC are alter egos of each other.[15]  To establish alter ego liability and pierce the corporate veil, Plaintiffs must allege facts that, if true, would show:  "(1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent, and the *shareholders* were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant."  *Molinos Valle Del Ciabo, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011).  Plaintiffs do not come close to alleging any of these elements.[16]

Even if the proposed SAC met that stringent standard, however, Plaintiffs do not explain the relevance of their alter ego theory.  If WPP Defendants were alter egos of each other, which they are not, Plaintiffs' argument would still fail because Plaintiffs must also allege facts that extend their alter ego analysis from BCW LLC and Y&R LLC—the only entities with a U.S. presence—to the Spanish entities that performed the only work that could even arguably be considered relevant to Plaintiffs' claims.  And, as Plaintiffs well know, no such facts exist.

The evidentiary record demonstrates conclusively that two Spanish entities, BCW, S.L. of Spain and Y&R, S.L. of Spain—and not the named defendants—performed the marketing work allegedly at issue.  *See, e.g.*, ECF No. 103 ("Opp. Juris. Disc.") at 2; Lombardo Decl, Apr. 28,

---

[15]  *See* Proposed SAC ¶¶ 38, 46, 48, 51, 67.

[16]  Plaintiffs contend that the acts of purchasing, distributing, and marketing "US Services," which Plaintiffs define as "purchas[ing] Internet, email, and other networking and telecom services in the United States," *id.* at ¶ 54, somehow sufficiently demonstrates that WPP plc, Y&R LLC, and BCW LLC act as alter egos of one another.  But this falls well short of the Eleventh Circuit standard for demonstrating an alter ego relationship.

2021, ¶¶ 21–22; Bellinghausen Decl., Apr. 28, 2021, ¶¶ 24–25; Lombardo Decl., June 29, 2021, ¶¶ 9–10; Ex. A at 41:16–42:5; Ex. B at 80:13–81:6.  The proposed SAC cannot and does not bolster Plaintiffs' argument that WPP Defendants acted as alter egos of the Spain-based entities, or vice versa.  In fact, the proposed SAC *removes* any reference to Spain-based entities, omitting the fact that the work in question was, without a doubt, performed by these entities—entities that Plaintiffs have failed to name as defendants despite knowing about them for almost a year.  Instead, Plaintiffs conclusorily allege that "WPP . . . and other WPP subsidiaries operate[] as a single company," without identifying the "other" subsidiaries to which they are referring or how those subsidiaries "operate[] as a single company."  Proposed SAC ¶ 21.  Plaintiffs do not even attempt to allege facts that would establish the Spanish entities as alter egos of any of the WPP Defendants.

Moreover, jurisdictional discovery established numerous facts that demonstrate the contrary—that no basis for veil piercing exists among the nonresident holding company, WPP plc, the U.S.-based entities, Y&R LLC, and BCW LLC, and then with the Spain-based entities that did the advertising work at issue:

- BCW, S.L. or Y&R, S.L. are not subsidiaries or parents of BCW LLC and Y&R LLC, respectively.[17]

- BCW LLC and Y&R LLC do not have the authority to hire employees for or fire employees of BCW, S.L. or Y&R, S.L., respectively.[18]

- BCW LLC and Y&R LLC do not prepare the financial reports of BCW, S.L. or Y&R, S.L., respectively.[19]

---

[17] In 2003, BCW LLC and Y&R LLC undertook a corporate restructuring in which BCW, S.L. and Y&R, S.L. were moved out from the U.S. corporate ownership structure to a separate European corporate chain of control, and have not since been owned by any U.S.-based entity.  Lombardo Decl., Apr. 28, 2021, ¶ 24; Bellinghausen Decl., Apr. 28, 2021, ¶ 27.

[18] Ex. A at 160:4–12; Ex. B at 205:5–10.

[19] Ex. A at 160:16–21; Ex. B at 205:11–13.

- BCW LLC and Y&R LLC do not provide any funding to BCW, S.L. or Y&R, S.L., respectively; nor do BCW, S.L. and Y&R, S.L. provide any funding to BCW LLC and Y&R LLC, respectively.[20]

- BCW LLC and Y&R LLC do not guarantee any loans for BCW, S.L. or Y&R, S.L., respectively; nor do BCW, S.L. and Y&R, S.L. guarantee any loans for BCW LLC and Y&R LLC, respectively.[21]

- BCW LLC does not approve projects to be undertaken by BCW, S.L.; nor does BCW, S.L. approve projects to be undertaken by BCW LLC.[22]   Y&R, S.L. does not report to Y&R LLC.[23]

- BCW LLC does not provide legal services or legal guidance to the other independent BCW entities, including the Spanish companies that performed marketing work for Habanos.[24]

- BCW LLC does not provide sales support, new business support, or advertising support to the other independent BCW entities.[25]

- The Spanish employees listed on the Habanos press releases identified by Plaintiffs were employed by BCW, S.L. and not by BCW LLC.[26]

The only new allegation in the proposed SAC that is even colorably relevant to establishing alter ego states that WPP Defendants, together with the so-called "WPP Group," "purchase Internet, email, and other networking and telecom services in the United States," "distribute US services" among "WPP Group" members, and "market and sell WPP Group products and services, including through the use of US services."   Proposed SAC ¶ 54.   But purchasing a license for Microsoft Office 365 and distributing that license amongst subsidiaries has never been sufficient

---

[20] Ex. A at 160:22–161:4; Ex. B at 205:14–19.

[21] Ex. A at 161:5–12; Ex. B at 205:20–25.

[22] Ex. A at 161:18–162:4.

[23] Ex. B at 46: 8–18.

[24] Ex. A at 18:9–12.

[25] *Id.* at 18:13–19.

[26] Lombardo Decl, Apr. 28, 2021, ¶ 22; Bellinghausen Decl., Apr. 28, 2021, ¶ 25; Lombardo Decl., June 29, 2021, ¶ 9; Ex. A at 128:13–25 (referring to Ex. C, BCW-SDFL-00000061), 151:2–5.

to establish an alter ego relationship.[27]  Plaintiffs do not offer a single additional factual allegation

to show any kind of control over or abuse of corporate formalities by any of the entities either

named or not named in this action.  There is simply nothing in the SAC of any relevance to alter

ego other than the fact that these entities all have the ability to use Microsoft Outlook for their

email services.  And WPP Defendants have already pointed out to Plaintiffs that using U.S.-based

services—like Twitter—does nothing to confer personal jurisdiction in the United States, let alone

in the forum state of Florida.  *See* ECF No. 116-1 ("Surreply") at 2–3.  Sharing technology services

with and among affiliated companies does not meet the legal criteria for establishing an alter ego.

Plaintiffs' proposed amendments to the SAC are futile and the motion for leave to amend should

be denied.

    **C.**     **Plaintiffs Still Fail To Allege WPP Defendants "Knowingly and Intentionally" Trafficked, As Required By The Helms-Burton Act**

To satisfy the trafficking requirement of a Helms-Burton Act claim, the plaintiff must

allege that the defendant "knowingly and intentionally" trafficked in confiscated property without

---

[27] To the contrary, courts in this District have held that the provision of administrative services is a factor confirming that corporate formalities are observed, indicating that no alter ego relationship exists.  *See, e.g.*, *Court-Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, No. 05-60055-CIV, 2011 WL 1232986, at *7 (S.D. Fla. Mar. 30, 2011) (holding there was no alter ego relationship between parent and subsidiary); *Keenan v. Matchmaker Int'l, Inc. of Mobile*, No. Civ.A. 98-0515-CB-C, 1999 WL 33590522, at *6 (S.D. Ala. Jan. 20, 1999) (holding that there was no alter ego relationship between subsidiaries where they "dealt with each other and shared some services").  "[A] corporate parent may provide administrative services for its subsidiary in the ordinary course of business without calling into question the separateness of the two entities for purposes of personal jurisdiction."  *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939, 945 (7th Cir. 2000) (affirming the grant of a motion to dismiss, holding that the provision of services was insufficient to allege that subsidiaries were the alter ego of the parent company, or that subsidiaries were controlled "to the degree necessary to pierce the corporate veil," or that the parent company "exerted substantial control" over the subsidiary's day-to-day activities).

the authorization of any U.S. national who holds a claim to the property.  22 U.S.C. § 6023(13).[28]
At a minimum, the plaintiff cannot provide just a "formulaic recitation of the elements of a cause
of action." *Twombly v. Iqbal*, 550 U.S. 544, 555 (2007).  Despite now having three bites at the
apple, this is exactly what Plaintiffs provide: conclusory allegations without alleging facts
supporting WPP Defendants' knowledge of any purported trafficking.

Plaintiffs' allegations of scienter vis-à-vis WPP Defendants remain largely unchanged
from the Amended Complaint.  *See* Mot. Dismiss 15–16.  Plaintiffs argue only that the WPP
Defendants "knowingly and intentionally, act[ed]" as agents of Imperial and Habanos and that the
WPP Defendants "either inquired of their principal . . . or should have inquired of their principal,
regarding the ownership of the [] Property."  Proposed SAC ¶¶ 15, 84.  But Plaintiffs nowhere
allege that the WPP Defendants ever had any knowledge of any trafficking, a requisite element of
the claim.  While the court in *Garcia-Bengochea v. Norwegian Cruise Line Holdings* ruled that a
plaintiff "need not allege specific facts showing [Defendant's] state of mind when it allegedly
'trafficked' in the confiscated property," this reasoning does not extend to WPP Defendants'
situation.  2020 WL 5028209, at *2.  In *Norwegian Cruise Lines*, the plaintiffs already had
demonstrated that the defendant had "commenced, conducted, and promoted its commercial cruise
line business to Cuba using the Subject Property by regularly embarking and disembarking its

---

[28] *See, e.g.*, *Gonzalez v. Amazon, Inc.*, No. 19-23988-Civ-Scola, 2020 WL 1169125, at *2 (S.D.
Fla. Mar. 11, 2020), *aff'd*, 835 F. App'x 1011 (11th Cir. 2021); *see also Sucesores De Don Carlos
Nuñez Y Doña Pura Galvez, Inc. v. Société Générale, S.A.*, No. 20-CV-851 (KMW), 2021 WL
6065758, at *9 (S.D.N.Y. Dec. 22, 2021) ("[A] defendant must at least have had reason to know
that the property in which it allegedly trafficked was confiscated by the Cuban government.");
*Glen v. Trip Advisor LLC*, 529 F. Supp. 3d 316, 331–32 (D. Del. 2021), *appeal filed*, (3d Cir. Apr.
27, 2021) (finding Helms-Burton's scienter requirement requires knowledge of all the elements
listed in the statute).  *But see Garcia-Bengochea v. Norwegian Cruise Line Holdings Ltd.*, No.
1:19-cv-23593-JLK, 2020 WL 5028209, at *2 (S.D. Fla. Aug. 25, 2020) ("Plaintiff need not allege
specific facts showing [Defendant's] state of mind when it allegedly 'trafficked' in the confiscated
property.").

passengers on the Subject Property." *Id.* Plaintiffs have not alleged facts sufficient to indicate the WPP Defendants used any allegedly confiscated property in Cuba. Mere incantation of the elements of trafficking in the Proposed SAC, without some factual support, does not meet Helms-Burton's scienter requirement. Furthermore, such statements are directly at odds with the facts that Y&R LLC and BCW LLC first communicated to Plaintiffs in July 2021 that were then confirmed through jurisdictional discovery—Habanos was never a client of WPP plc, Y&R LLC, and BCW LLC. *See* Mot. Dismiss 2, 9 n.5; Surreply 5.

### D.   Plaintiffs Remain Unable To Demonstrate That WPP Defendants Unlawfully "Trafficked" In Confiscated Property

The proposed SAC, like its predecessors, fails to state a claim because Plaintiffs do not allege that the WPP Defendants used, sold or otherwise had any contact with property confiscated from Plaintiffs by the Cuban government. Plaintiffs allege at most that some WPP-affiliated companies provided marketing services to promote Habanos tobacco, but product marketing does not constitute trafficking under the Helms-Burton Act, a deficiency that WPP Defendants raised in both their motions to dismiss. *See* Mot. Dismiss 15–19. "[T]rafficking," as defined in 22 U.S.C. § 6023(13), is an essential element of a Title III claim, 22 U.S.C. § 6082(a). Plaintiffs do not offer any amendment explaining how the alleged marketing activity could possibly constitute trafficking.

Plaintiffs continue to acknowledge that WPP Defendants are not "[d]irect [t]raffickers," Proposed SAC ¶ 81; nor are WPP Defendants alleged to have leased, managed, controlled, or otherwise have had an interest in confiscated property, 22 U.S.C. § 6023(13)(A)(i). Plaintiffs, however, only mimic the statutory language in alleging that the WPP Defendants "cause[d], direct[ed], participate[d] in, or profit[ted] from, trafficking," and allege no facts to flesh out these conclusory legal statements. *Id.* § 6023(13)(A)(iii). For argument's sake, even if WPP Defendants

engaged in advertising services for a Cuban company (which they did not), that kind of activity is not a sufficient basis to hold companies liable for trafficking under the Helms-Burton Act.  Title III cannot and has not been read so broadly, either by Congress or the courts.  Plaintiffs' slightly amended allegations are mere recitations of the statutory standard, and they remain completely at odds with facts Plaintiffs have known for 18 months.  Such amendments are futile and leave to amend should be denied.

### E.      Plaintiffs Are Still Unable To Demonstrate That They Acquired Ownership Of The Claim Before 1996

Despite having amended the original complaint and now proposing another amendment of the Amended Complaint, Plaintiffs still have not explained how they "acquired ownership of the claim before March 12, 1996."  22 U.S.C. § 6082(a)(4)(B) (providing no exception for claims acquired through inheritance).  The SAC still does not allege that the Ramón Rodriguez e Hijos Sociedad en Comandita ("RRHSC") Property was confiscated from a U.S. national, as opposed to a Cuban national.  Plaintiffs surely know the citizenship status of their own relatives at the time of confiscation, and they have repeatedly omitted this necessary information from their various complaints despite Defendants' raising the deficiency to their attention.  *See* ECF No. 91 ("Defs. Mot. Dismiss") at 20–22; ECF No. 112 at 14.  Leave to amend should be denied on this reason alone.

Moreover, Plaintiffs do not allege even that they own the claim to the RRHSC Property. Plaintiffs repeat the Amended Complaint's assertions that Ramón Rodriguez Gutiérrez, Plaintiffs' ancestor, "owned and controlled" RRHSC, Proposed SAC ¶ 28, and that RRHSC owned the RRHSC Property, *id.* at ¶¶ 1, 73.  This is not the same as saying that Gutiérrez owned the claim to the RRHSC Property.  Defendants put Plaintiffs on notice of this deficiency in April 2021, s*ee* Defs. Mot. Dismiss 22–23, but Plaintiffs still have not cured the problem.

Finally, at least four of the seven named plaintiffs did not acquire their claim before 1996, as required by the statute and by the Eleventh Circuit.[29]  According to the proposed SAC, Plaintiff Alfredo Ramon Forns inherited his claim in 2013, *see* Proposed SAC ¶ 31, and Plaintiffs Raul Lorenzo Rodriguez, Francisco Ramon Rodriguez, and Christina Conroy inherited their claims, at least in part, in 2019, *see id.* at ¶ 33.  Plaintiffs have been put on notice of this deficiency multiple times and have nevertheless failed to cure it.  *See* Defs. Mot. Dismiss 24; ECF No. 109 at 13–15. For all these reasons, the proposed amendments to the SAC are futile, and the Court should deny Plaintiffs leave to amend.

## II.   PLAINTIFFS CAUSED UNDUE DELAY BY ADDING FACTS THAT WERE PUBLICLY AVAILABLE PRIOR TO FILING THE ORIGINAL COMPLAINT

The proposed SAC's "new" allegations have been publicly available to Plaintiffs for years. Some were known to Plaintiffs as early as two years ago, when Plaintiffs were preparing to commence this matter.[30]  As the Eleventh Circuit has repeatedly held, "[a] district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."  *Tampa Bay*

---

[29] *Gonzalez v. Amazon.com, Inc.*, 835 F. App'x 1011, 1011–12 (11th Cir. 2021) (affirming dismissal where the amended complaint showed that plaintiff "did not possess a claim to confiscated property until twenty years after the Helms-Burton Act's cutoff date"); *Garcia-Bengochea v. Royal Caribbean Cruises, Ltd.*, No. 1:19-cv-23592-JLK, 2020 WL 6081658, at *3 (S.D. Fla. Oct. 15, 2020), *appeal filed*, (11th Cir. Nov. 9, 2020) (dismissing Title III claim inherited after March 1996); *Garcia-Bengochea v. Carnival Corp.*, No. 1:19-cv-21725-JLK, 2020 WL 4590825, at *4 (S.D. Fla. July 9, 2020), *appeal filed*, (11th Cir. Aug. 6, 2020) (same); *see also Glen v. Trip Advisor LLC*, 529 F. Supp. 3d at 328–31 (same); *Glen v. Am. Airlines, Inc.*, 7 F.4th 331, 336–37 (5th Cir. 2021), *petition for cert. filed*, (Aug. 2, 2021) (affirming that a claim failed where the plaintiff acquired ownership of the property through inheritance after 1996).

[30] As detailed in WPP Defendants' opposition to Plaintiffs' Motion for Jurisdictional Discovery, this is not the first time that Plaintiffs have dithered in this case.  *See* Opp. Juris. Disc. at 5–7. Plaintiffs have consistently delayed this litigation and have engaged in dilatory tactics that have unreasonably deferred resolution of Defendants' motion to dismiss; the proposed SAC is just the most recent example.

*Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013), *abrogated on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017).[31]   Leave to amend should be denied on that basis.   Plaintiffs' undue delay provides an independent basis to reject the proposed SAC.

With little exception, Plaintiffs' newly proposed factual allegations as to WPP Defendants have been known or readily available to them since they initiated this action.   For example, Plaintiffs seek to add the following:

- The so-called "WPP Group" companies operate share sites "nominally controlled" by Y&R LLC and BCW LLC,[32] which Plaintiffs have known about since at least March 2020, when they included a press release containing a share site hyperlink in their original demand letter.[33]

- BCW LLC and Y&R LLC are both "qualified to do business" in Florida and New York[34] and BCW LLC has done business using the trade names, "Young & Rubicam" and "Young & Rubicam Group."[35]   This information has been publicly available since before Plaintiffs initiated this litigation on the respective Department of State websites for Florida[36] and New York.[37]

---

[31] *See also Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming denial of leave to amend complaint where the plaintiff failed to explain why they could not have discovered and pled legal theories and allegations in the original and first amended complaint, causing undue delay).

[32] Proposed SAC ¶¶ 21, 23.

[33] Ex. E (attached to Deposition of James Bellinghausen as Exhibit 7: Habanos, S.A., *Habanos, S.A. Introduces the Cohiba Talisman 2017 Limited Edition in London* (Nov. 2, 2017), https://www.habanos.com/en/news/habanos-s-a-presenta-en-londres-el-cohiba-talisman-edicion-limitada-2017/).   This press release, which lists the share site, https://eshare.yr.com/fl/tYNEdJiJ6c, at JD0197, can be found in Plaintiffs' demand letter, found at ECF No. 108-2 at 6 n.15; Plaintiffs cited many similar press releases in their original demand letter as well.   *See* Opp. Juris. Disc. 11; Surreply 2, 6–7.

[34] Proposed SAC ¶¶ 36, 67–68.

[35] *Id.* at ¶¶ 52, 54.

[36] Fla. Dep't State, Div. Corps., https://dos.myflorida.com/sunbiz/ (last visited Jan. 19, 2022).

[37] N.Y. Dep't State, Div. Corps., https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited Jan. 19, 2022).

- WPP Group corporate entities with names similar to Y&R and BCW are registered to do business in Florida.[38]  This information has also been publicly available on the Florida Department of State website since before Plaintiffs initiated this litigation.[39]

- WPP plc's 2020 Annual Report states that the company's "principal offices [are] in London and New York."[40]  This filing has been publicly available for over eight months, and similar language appeared in prior years' annual reports.  Second, Plaintiffs omit conflicting information in the same document; the Annual Report also states that "[t]he Company's executive office is located at Sea Containers, 18 Upper Ground, London, United Kingdom." [41]

- For an unspecified period, "BCW derived significant income from the State of Florida," and "Y&R derived significant income from the State of Florida, either directly or through its alter egos."[42]  The only non-public information disclosed to Plaintiffs regarding BCW LLC's and Y&R LLC's business operations in Florida was that an immaterial portion of BCW LLC and Y&R LLC's revenue comes from Florida.[43]  Indeed, as Plaintiffs well know, BCW LLC closed its only Florida office in early 2021.

Plaintiffs offer no justification for their failure to locate this information through basic due diligence prior to initiating suit, and the Court should not permit Plaintiffs to further delay this action to now include information available to Plaintiffs when they filed each of their earlier complaints.

Plaintiffs' attempt to again amend their complaint demonstrates that Plaintiffs cannot prosecute their case efficiently and without needless delay.  Approximately 18 months have passed since Plaintiffs filed their original complaint.  Most allegations Plaintiffs seek to add in the

---

[38] Proposed SAC ¶¶ 67–68.

[39] Fla. Dep't State, Div. Corps., *supra* note 36, at 18.

[40] Proposed SAC ¶ 36, n.15 (citing WPP plc, 2020 Annual Report (Form 20-F) (filed Apr. 29, 2021) at 9, attached hereto as "Exhibit F").

[41] Ex. F at 5, 9, 20.

[42] Proposed SAC ¶¶ 67–68.

[43] *See* Lombardo Decl., Apr. 28, 2021, ¶ 11 ("In 2020, BCW's Miami office accounted for less than 1 percent of the Company's total revenue); Bellinghausen Decl., Apr. 28, 2021, ¶ 12 ("In 2020, VMLY&R's Miami office accounted for less than 5 percent of the Company's total revenue.").

proposed SAC are not facts recently learned in jurisdictional discovery but have long been available to them.  Plaintiffs should not be permitted to attempt to remediate their failure to conduct a proper prefiling investigation almost two years ago, when Plaintiffs sent their demand letter in March 2020.  And more importantly, no amount of amended complaints will allow the Court to confer personal jurisdiction over WPP Defendants based on limited services provided to a Cuban company by Spanish employees working in Spain for non-defendant indirect Spanish subsidiaries of WPP plc.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to file a second amended complaint.

## REQUEST FOR HEARING

WPP plc, Y&R LLC, and BCW LLC are amenable to a hearing with 10 minutes per side.

Date: January 19, 2022

*s/Naim S. Surgeon*

NAIM S. SURGEON
Florida Bar No. 101682
E-Mail:  nsurgeon@stroock.com
**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 789-9360
Fax: (305) 789-9302

PEDRO FREYRE
Florida Bar No. 192140
E-Mail:  pedro.freyre@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Tel: (305) 982-5507
Fax: (305) 374-5095

CHRISTOPHER DAVIES (*pro hac vice*)
E-Mail:  christopher.davies@wilmerhale.com
ASHLEY MCLAUGHLIN LEEN (*pro hac vice*)
E-Mail:  ashley.leen@wilmerhale.com
**WILMER CUTLER PICKERING HALE**
   **AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Defendants WPP PLC, YOUNG &*
*RUBICAM LLC, and BCW LLC*

19