UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23287-CIV-GAYLES/OTAZO-REYES

LUIS MANUEL RODRIGUEZ, *et al.*,

    Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiffs Luis Manuel Rodriguez, Maria Teresa Rodriguez, Alfredo Ramon Forns, Ramon Alberto Rodriguez, Raul Lorenzo Rodriguez, Christina Conroy, and Francisco Ramon Rodriguez's ("Plaintiffs") Motion to Amend Complaint (hereafter, "Motion to Amend") [D.E. 168]. This case has been referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, "for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." See Paperless Order Referring Case [D.E. 167]. Upon a thorough review of the parties' submissions, the procedural background, and the applicable law, the undersigned GRANTS Plaintiffs' Motion to Amend.

## PROCEDURAL BACKGROUND

On August 6, 2020, Plaintiffs commenced this action against Defendants Imperial Brands plc ("Imperial"), Corporación Habanos, S.A. ("Habanos"), WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC ("BCW") (WPP, Y&R, and BCW, together, "WPP Defendants") (Imperial, Habanos, and WPP Defendants, collectively, "Defendants"), asserting claims for violations of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. §§ 6021–6091

(hereafter, "Helms-Burton Act").  See Complaint [D.E. 1].  Plaintiffs claim that Defendants have trafficked in Plaintiffs' property, which was confiscated by the Cuban government in 1961, and are therefore liable to them under Title III of the Helms-Burton Act, 22 U.S.C. §§ 6081–6085 (hereafter, "Title III").  Id. ¶ 7.  The property consists of a factory and an adjoining mixed-use building (together, "the Property").  Id. ¶¶ 1–2.  According to Plaintiffs, Imperial, both through Habanos and other joint-venture subsidiaries, as well as non-party Tabacuba, has used and continues to use the Property without compensation to or authorization from Plaintiffs.  Id. ¶ 6.  These alleged uses include the production and shipment of millions of hand-rolled cigars manufactured and/or processed at the Property and their marketing through online portals on the U.S.-based social media platforms Twitter, YouTube, and Instagram.  Id. ¶¶ 6–10.  Plaintiffs seek to recover from Defendants the money damages allowed by Title III, 22 U.S.C. §§ 6082(a), plus court costs and reasonable attorneys' fees.  Id. ¶¶ 60–64.

On September 23, 2020, the Court granted Imperial's Motion for a Limited Stay [D.E. 14] and administratively closed the case pending Imperial's receipt of authorization from the European Commission to participate in the litigation.  See Paperless Order [D.E. 49].  Imperial kept the Court apprised of the status of its request for authorization via monthly status reports.  See id.; see also Status Reports [D.E. 51, 52, 59, 61, 64].  On February 12, 2021, upon receiving notice that Imperial was authorized to participate in the litigation, the Court reopened the case and lifted the stay.  See Paperless Order [D.E. 69].

On February 26, 2021, Imperial filed its own Motion to Dismiss the Complaint (hereafter, "Imperial's First Motion to Dismiss") [D.E. 71].  On the same day, Imperial and the WPP Defendants filed a Joint Motion to Dismiss the Complaint (hereafter, "Imperial and WPP Defendants' Joint Motion to Dismiss") [D.E. 72] and the WPP Defendants filed their own Motion

to Dismiss the Complaint (hereafter, "WPP Defendants' First Motion to Dismiss") [D.E. 74]. On March 22, 2021, Habanos filed a Consent Motion to Extend its Time to Respond to the Complaint (hereafter, "Habanos' Consent Motion") [D.E. 81]. On the same day, however, Plaintiffs filed their Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). See Am. Compl. [D.E. 82]. As a result, on March 23, 2021, the Court denied as moot Imperial's First Motion to Dismiss, Imperial and WPP Defendants' Joint Motion to Dismiss, the WPP Defendants' First Motion to Dismiss, and Habanos' Consent Motion. See Paperless Orders [D.E. 84, 85]. Thus, Habanos never responded to the original Complaint.

On April 28, 2021, Defendants filed the following motions to dismiss:

- Imperial filed its Motion to Dismiss the Amended Complaint (hereafter, "Imperial's Second Motion to Dismiss") [D.E. 88], arguing that the Amended Complaint pleads no basis for personal jurisdiction over Imperial and fails to state a claim;

- Habanos filed its Motion to Dismiss the Amended Complaint (hereafter, "Habanos' Motion to Dismiss") [D.E. 89], based on lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim or, in the alternative, a more definite statement;

- Defendants filed their Joint Motion to Dismiss the Amended Complaint (hereafter, "Defendants' Joint Motion to Dismiss") [D.E. 91], based on failure to state a claim and lack of standing; and

- the WPP Defendants filed their Motion to Dismiss the Amended Complaint (hereafter, "WPP Defendants' Second Motion to Dismiss") [D.E. 93], based on lack of personal jurisdiction and failure to state a claim, and arguing that the Amended Complaint should be dismissed with prejudice due to Plaintiffs' failure to "meaningfully respond to [] previously-identified factual deficiencies," thereby rendering any amendment futile. Id. at 26.

On June 15, 2021, Plaintiffs filed their Motion for Jurisdictional Discovery and to Stay/Extend Plaintiffs' Time to Respond to the WPP Defendants' Second Motion to Dismiss (hereafter, "Motion for Jurisdictional Discovery") [D.E. 97]. On September 27, 2021, following a telephonic status conference, the undersigned granted in part Plaintiffs' Motion for Jurisdictional

3

Discovery and permitted Plaintiffs to conduct jurisdictional discovery, to be completed by November 26, 2021.  See Order on Status Conference [D.E. 133].  The undersigned also directed Plaintiffs to respond to the WPP Defendants' Second Motion to Dismiss [D.E. 93] ten days after the close of jurisdictional discovery.  Id.  Additionally, the undersigned set Imperial's Second Motion to Dismiss, Habanos' Motion to Dismiss, Defendants' Joint Motion to Dismiss, and the WPP Defendants' Second Motion to Dismiss for evidentiary hearing, to be held on December 8, 2021.  See Paperless Order [D.E. 134].

On October 6, 2021, the WPP Defendants filed an Unopposed Motion to Permit Reply and to Continue Hearing Date [D.E. 136]. This relief was granted, and the evidentiary hearing was continued to December 15, 2021.  See Paperless Order [D.E. 137].

On November 4, 2021, Habanos filed its Motion to Deem Certain Facts as Established for Purposes of the Evidentiary Hearing, for Relief *In Limine*, and for Other Relief (hereafter, "Motion to Deem Certain Facts as Established"), wherein Habanos argued, in part, that Plaintiffs' failure to "file any declarations or exhibits, including any to controvert Habanos' [] [d]eclarations," with their Response in Opposition to Habanos' Motion to Dismiss precluded Plaintiffs from offering additional evidence at the evidentiary hearing on the issue of personal jurisdiction.  See Motion to Deem Certain Facts as Established [D.E. 141 at 6].  Essentially, Habanos requested that the Court deem as established for purposes of the evidentiary hearing the jurisdictional facts attested to in Habanos' Motion to Dismiss.  Id. at 10–11.  Habanos also argued that the Court should first determine the sufficiency of Plaintiffs' service of process on Habanos because "[i]f service of process was insufficient, it would moot [Habanos' Motion to Dismiss]."  Id. at 16.

On November 17, 2021, following a telephonic status conference, the undersigned issued an order setting forth the agenda for the forthcoming evidentiary hearing on Imperial's Second

Motion to Dismiss, Habanos' Motion to Dismiss, Defendants' Joint Motion to Dismiss, and the WPP Defendants' Second Motion to Dismiss.  See Order on Status Conference [D.E. 150].  With respect to Habanos' Motion to Dismiss, the undersigned modified the scope of the evidentiary hearing to address only the "portion [of Habanos' Motion to Dismiss] that challenges the sufficiency of service of process on Habanos" and held in abeyance Habanos' additional arguments "pending resolution of the service of process issue."  Id. at 1.  On November 23, 2021, Habanos filed a Motion to Modify the Court's Order on Status Conference (hereafter, "Motion to Modify") [D.E. 154], arguing that the principle of judicial efficiency also warranted the Court's consideration of Habanos' personal jurisdiction arguments at the evidentiary hearing.

On December 3, 2021, Plaintiffs filed a Notice of Intent to File Motion for Leave to Amend and Agreed Motion to Postpone Hearing [D.E. 159].  In light of this procedural development, on December 6, 2021, the undersigned cancelled the December 15, 2021, evidentiary hearing; and denied without prejudice as moot the Motion to Deem Certain Facts as Established [D.E. 141] and the Motion to Modify [D.E. 154].  See Paperless Order [D.E. 160].  Additionally, on December 9, 2021, the undersigned adjourned *sine die* Plaintiffs' response to the WPP Defendants' Second Motion to Dismiss and the WPP Defendants' reply in support of their Second Motion to Dismiss pending a ruling on the Motion to Amend.  See Order Granting Agreed Motion [D.E. 165].  Thus, as of early December 2021, the completion of briefing and the contemplated evidentiary hearing relating to Defendants' various motions to dismiss were suspended in anticipation of Plaintiffs' filing their Motion to Amend.

On December 20, 2021, Plaintiffs filed their Motion to Amend and proposed Second Amended Complaint [D.E. 168, 168-1].  On January 19, 2022: Habanos filed its Response in Opposition to the Motion to Amend (hereafter, "Habanos' Opposition") [D.E. 169]; Imperial filed

5

its Response in Opposition to the Motion to Amend (hereafter, "Imperial's Opposition") [D.E. 171]; and the WPP Defendants filed their Response in Opposition to the Motion to Amend (hereafter, "WPP Defendants' Opposition") [D.E. 173].[1]  On February 26, 2022, Plaintiffs filed their Reply in Support of their Motion to Amend (hereafter, "Reply") [D.E. 180, redacted].[2]  The Motion to Amend is now ripe for ruling.

## APPLICABLE LAW

Federal Rule of Civil Procedure 15 (hereafter, "Rule 15") provides, in pertinent part:

A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his mandate is to be heeded."  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court has "extensive discretion in deciding whether to grant leave to amend."  See Carbiener v. Lender Processing Servs., Inc., No. 3:13-cv-970-J-39PDB, 2014 WL 12616966, at *3 (M.D. Fla. Sept. 29, 2014) (citation and quotation marks omitted).  Further,

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

---

[1] The WPP Defendants filed two sealed exhibits in support of their Opposition [D.E. 176, filed under seal].
[2] Plaintiffs subsequently filed an unredacted version of their Reply [D.E. 205-1, filed under seal] and sealed exhibits in support of their Reply [D.E. 185–204, filed under seal].

6

Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., No. 04-80090-CIV, 2006 WL 8433861, at *2 (S.D. Fla. Aug. 3, 2006) (quoting Foman, 371 U.S. at 182); see also Havana Docks Corp. v. Carnival Corp., No. 19-cv-21724, 2020 WL 6290159, at *3 (S.D. Fla. Oct. 27, 2020) (same). "[T]he thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" Havana Docks, 2020 WL 6290159, at *3 (quoting Menudo Int'l, LLC v. In Miami Prod., LLC, No. 17-Civ-21559, 2018 WL 8311386, at *4 (S.D. Fla. Jan. 12, 2018)).

## DISCUSSION

In support of their Motion to Amend, Plaintiffs present the following arguments:

> Plaintiffs seek to amend their complaint to clarify and supplement the allegations contained in the [] Amended Complaint based on the information learned during jurisdictional discovery. The proposed Second Amended Complaint ("SAC") alleges additional facts regarding this Court's jurisdiction over [the WPP Defendants]. The new facts clarify and add allegations regarding the WPP [Defendants'] use of U.S. Services to further trafficking in Plaintiffs' confiscated property. The new facts also include allegations of concerted action by the WPP [Defendants]. Plaintiffs allege that the WPP [Defendants] provided marketing and advertising services for Imperial and Habanos that served to further the alleged [] trafficking at issue, for which all Defendants are liable. The newly alleged jurisdictional facts regarding use of U.S. Services, therefore, also affect the jurisdictional arguments made by Imperial and Habanos. The SAC will also address arguments presented in the Defendants' motion to dismiss, some [of] which were alleged for the first time after Habanos appeared in the action. Finally, the SAC will also address Habanos' argument regarding [the] propriety of service of process on Habanos as an agency or instrumentality of the Cuban government.
> 
> . . .
> 
> This action is still in its preliminary stages. There is no scheduling order limiting the parties' time for amending pleadings and the action has not been scheduled for trial.

See Motion to Amend [D.E. 168 at 2–3]. Plaintiffs further argue that their request to amend is timely because jurisdictional discovery was only completed on November 26, 2021, and

7

Defendants have not yet answered an operative complaint. Id. at 4. Finally, Plaintiffs argue that amendment would further the Court's preference for determining claims on their merits and that the Motion to Amend is not made in bad faith, to delay the case, or to prejudice Defendants. Id. at 5.

In opposition to the Motion to Amend, Habanos argues that Plaintiffs' new allegations against it are unduly delayed. See Habanos' Opposition [D.E. 169 at 9]. Habanos also argues that amendment would be futile because the proposed Second Amended Complaint fails to allege personal jurisdiction, venue, and sufficient service of process with respect to Habanos and is barred by Title III's statute of repose. Id.

Imperial similarly argues that amendment would be futile because the proposed Second Amended Complaint fails to: allege personal jurisdiction with respect to it; state a claim for relief under Title III; and plead a concrete injury. See Imperial's Opposition [D.E. 171 at 5–6].

Finally, the WPP Defendants also contend that amendment would be futile because the proposed Second Amended Complaint fails to: allege personal jurisdiction with respect to them; and state a claim for relief under Title III. See WPP Defendants' Opposition [D.E. 173 at 7–8]. The WPP Defendants also argue that there has been undue delay. Id. at 8.

In summary, Defendants oppose the Motion to Amend on grounds of undue delay and futility.

### 1. *Undue delay*

As Plaintiffs note in their Motion to Amend, a scheduling order prescribing a deadline by which to amend pleadings has not yet been entered in this case. See Motion to Amend [D.E. 168 at 3]. Further, as discussed above, Plaintiffs completed the jurisdictional discovery that was allowed by the undersigned by the November 26, 2021, deadline; and they filed their Motion to

Amend less than a month later, on December 20, 2021. Given the absence of a scheduling order and Plaintiffs' promptness in moving to amend after the conclusion of jurisdictional discovery, there is no basis in the record for a finding of undue delay. See, e.g., Int'l Schs. Servs., Inc. v. AAUG Ins. Co., Ltd., No. 10-62115-CIV, 2012 WL 5192599, at *2 (S.D. Fla. June 6, 2012) (granting motion to amend, in part, because "there [was] no scheduling order in place, nor [was] there a deadline for amending pleadings"); cf. Carruthers v. BSA Advert., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming denial of leave to amend complaint upon a finding of undue delay when the plaintiff moved to amend six months after the amendment deadline and two months after the close of discovery, in addition to other deficiencies).

Habanos argues that leave to amend should not be granted because Plaintiffs could have made certain allegations at the commencement of the action. See Habanos' Opposition [D.E. 169 at 11]. The WPP Defendants also oppose amendment on the grounds that Plaintiffs were aware of "purportedly 'new' facts since as early as March 2020". See WPP Defendants' Opposition [D.E. 173 at 8]; id. at 21–22 (listing the specific factual allegations in the proposed Second Amended Complaint that the WPP Defendants claim are not "new"). However, even if, as claimed by Habanos and the WPP Defendants, Plaintiffs had earlier knowledge of some of the facts alleged in the proposed Second Amended Complaint, this does not render their Motion to Amend after jurisdictional discovery and full presentation of the discovered facts subject to denial for undue delay. See, e.g., Exhibit Icons, LLC v. Xp Cos., LLC, No. 07-80824-CIV, 2008 WL 11333232, at *1 (S.D. Fla. Oct. 29, 2008) (finding no undue delay or prejudice and granting motion to amend where plaintiffs moved to amend after conclusion of court-permitted jurisdictional discovery and within the deadline for amendment of pleadings).

Therefore, the undersigned concludes that undue delay does not provide a basis for denying

Plaintiffs' Motion to Amend pursuant to Rule 15(a)(2).

### 2. *Futility*

All Defendants contend that amendment would be futile because the proposed Second Amended Complaint fails to allege personal jurisdiction with respect to them. See Habanos' Opposition [D.E. 169 at 11–19]; Imperial's Opposition [D.E. 171 at 8–13]; WPP Defendants' Opposition [D.E. 173 at 9–12]. Imperial and the WPP Defendants further argue that amendment would be futile because the proposed Second Amended Complaint fails to state a claim for relief under Title III. See Imperial's Opposition [D.E. 171 at 13–14, 16–18]; WPP Defendants' Opposition [D.E. 173 at 13–20]. Imperial also argues futility on the grounds that the proposed Second Amended Complaint fails to plead a concrete injury. See Imperial's Opposition [D.E. 171 at 14–15]. Finally, Habanos argues that amendment would be futile because the proposed Second Amended Complaint fails to allege venue and sufficient service of process with respect to it, and the action is barred by Title III's statute of repose. See Habanos' Opposition [D.E. 169 at 19–28].

However, as argued by Plaintiffs, their amended pleading seeks to correct the deficiencies articulated by Defendants, many of which were previously argued in the various Motions to Dismiss. See Motion to Amend [D.E. 168 at 2–3]; see also Imperial's Second Motion to Dismiss [D.E. 88]; Habanos' Motion to Dismiss [D.E. 89]; Defendants' Joint Motion to Dismiss [D.E. 91]; WPP Defendants' Second Motion to Dismiss [D.E. 93]. Given this procedural posture, the undersigned cannot conclude that the proposed Second Amended Complaint is "clearly insufficient or frivolous on its face". See Montes v. M & M Mgmt. Co., No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (citations omitted) (granting leave to amend and noting that "leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face"). Rather, Defendants' futility arguments

10

"are better reserved at a later stage of the case." Menudo, 2018 WL 8311386, at *4 (granting motion to amend); see also Kika M2M LLC v. Pittman, No. 17-60283-CIV, 2017 WL 7732438, at *2 (S.D. Fla. June 8, 2017) (granting motion to amend, finding that "[t]he issue of personal jurisdiction is of the utmost importance; the Court will decide that issue upon a [m]otion to [d]ismiss the [second amended complaint] for lack of personal jurisdiction"); Shoes by Firebug LLC v. Stride Rite Childs.' Grp., LLC, No. 4:16-CV-00899, 2017 WL 4682092, at *2 (E.D. Tex. Oct. 18, 2017) ("[F]utility is not dependent upon venue considerations. As such, the Court finds [that a motion to amend] is neither the time nor the place to make such arguments.").

Therefore, the undersigned concludes that Defendants' futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Amend [D.E. 168] is GRANTED. Plaintiffs may file their proposed Second Amended Complaint *instanter*.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of March, 2022.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Darrin P. Gayles
      Counsel of Record