UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, *et al.*,

                Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

                Defendants.

### DEFENDANTS' JOINT MOTION FOR A LIMITED STAY

Subject to and without waiver of any of their defenses, including defenses as to jurisdiction,[1] Defendants Imperial Brands plc ("Imperial"), WPP plc, Young & Rubicam LLC and BCW LLC (the "WPP Defendants"), and Corporación Habanos, S.A. ("Habanos, S.A.") (collectively, "Defendants"), jointly submit this motion for a stay of discovery until such time as a Defendant is required to file an answer in this case following resolution of the pending motions to dismiss [DE 225, 226, 227, 229].

To the extent necessary, Imperial also requests a limited stay of all proceedings as to Imperial (other than the pending motions to dismiss) in order to give the United Kingdom Secretary of State for International Trade (the "U.K. Secretary of State") an opportunity to decide Imperial's pending application for authorization to defend itself fully in this litigation. This relief will be

---

[1] *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) ("[A] motion to stay is neither a responsive pleading nor a motion made under Rule 12, and thus does not operate as a waiver of the defense of lack of personal jurisdiction under Rule 12(h).").

necessary only if the U.K. Secretary of State has not resolved Imperial's application for authorization when either (a) discovery begins, or (b) Imperial's answer would be due.

## BACKGROUND

Imperial and the WPP Defendants moved to dismiss the original Complaint in this case in February 2021 [DE 71, 72, 74].[2] Plaintiffs responded with an Amended Complaint [DE 82], so the Court denied the motions to dismiss as moot [DE 84]. In April 2021, all Defendants moved to dismiss the Amended Complaint [DE 88, 89, 91, 93]. In March 2022, Plaintiffs filed a Second Amended Complaint [DE 208], so the Court again denied Defendants' motions to dismiss as moot [DE 209]. As a result of Plaintiffs' serial amendments, Defendants have not yet received a ruling on their arguments for dismissal, including the absence of any basis for the exercise of jurisdiction here.

Until recently, Plaintiffs acquiesced to a de facto stay of merits discovery while Defendants' motions to dismiss were pending. Plaintiffs now seek to proceed with merits discovery, however, notwithstanding that Defendants' motions to dismiss Plaintiffs' Second Amended Complaint remain pending. Whatever the motivation for Plaintiffs' about-face, they should not be permitted to burden the Court and the Defendants with merits discovery when there is a significant likelihood that this case will not proceed past the pleadings, and to exacerbate the international comity concerns that exist in this case by doing so. Defendants therefore request a limited stay of this case.

*First*, Defendants' pending motions to dismiss raise substantial threshold questions concerning the viability of Plaintiffs' claims, including (i) whether this Court has personal

---

[2] Habanos, S.A. did not join in the motions to dismiss the original Complaint as Plaintiffs did not claim that they had served Habanos, S.A. at the time the original motions were filed.

jurisdiction over Defendants, (ii) whether the Court has subject matter jurisdiction over this case, (iii) whether this case is properly venued in this district, (iv) whether this case is time barred, and (v) whether Plaintiffs have alleged the essential elements of the Title III claim they assert. Courts in this district routinely stay discovery where, as here, there are pending motions to dismiss that raise several potentially meritorious case-dispositive arguments.

*Second*, under the existing authorization granted to Imperial by the U.K. Secretary of State, Imperial is limited to filing and litigating a motion to dismiss [DE 64-1]. Imperial faces a risk of criminal exposure in its home jurisdiction if it were to engage in discovery or take other steps in this action, such as filing an answer, without authorization from the U.K. Secretary of State. In light of Plaintiffs' stated intention to seek discovery before Imperial's motion to dismiss is decided, and in light of the Court's order requiring submission of a joint scheduling report and proposed scheduling order [DE 223], Imperial has renewed its application to the U.K. Secretary of State for authorization to defend itself fully in this case. This Court previously granted a limited stay on international comity grounds to afford the U.K. Secretary of State time to adjudicate Imperial's prior application for authorization [DE 49; DE 50], and should do so again for the same reasons.

## ARGUMENT

I. **Under the Circumstances of this Case, a Stay of Discovery is Warranted Pending the Court's Decision on Defendants' Motions to Dismiss**

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), including broad inherent authority to stay their proceedings, *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000). But "[t]his discretion is not unfettered," and the Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should,

3

however, be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This rule—that "'[d]iscovery should follow the filing of a well-pleaded complaint,'" *id.* (quoting *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981))—reflects that a motion to dismiss "presents a purely legal question," so "neither the parties nor the court have any need for discovery before the court rules on the motion," *id.*; *see also Chevaldina v. Katz*, No. 17-cv-22225, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) ("[A]s the Eleventh Circuit has stated before, courts should stay actions when it appears that a dispositive motion may dispose of an entire case and preserve resources for all parties, including the Court.") (citing *Chudasama*, 123 F.3d at 1368).

When determining whether to stay discovery while motions to dismiss are pending, district courts must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2020 WL 12432704, at *1 (S.D. Fla. Dec. 9, 2020) (citation omitted). Where, as here, a motion to dismiss presents meritorious case-dispositive jurisdictional and other arguments, courts in this district will stay merits discovery. *See, e.g.*, *Lewis v. Mercedes-Benz USA, LLC*, No. 19-cv-81220, 2020 WL 4923640, at *3–4 (S.D. Fla. Mar. 25, 2020); *Gillier v. Servicios Agecom, LLC*, No. 17-cv-23155, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017); *Chevaldina*, 2017 WL 6372620, at *3; *McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-cv-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (Gayles, J.).

Defendants have advanced strong arguments for complete dismissal at the motion to dismiss stage. Among those arguments, reflecting that this is a case against foreign defendants about the alleged use of real property in Cuba for purposes of a Cuban-cigar business that cannot,

by law, include the United States, each Defendant has moved to dismiss for lack of personal jurisdiction. [DE 225 at 7–23; DE 226 at 4–17; DE 229 at 5–14]. The United States Department of Justice has recognized that Defendants' "arguments concerning lack of personal jurisdiction raise substantial questions," and that several other Title III cases against foreign defendants have been dismissed for lack of personal jurisdiction. Statement of Interest of the United States [DE 125] at 2–3.

Defendants have also shown that the Second Amended Complaint does not plead the concrete-injury and causation elements of Article III standing. [DE 227 at 6–11]. Defendants acknowledge that this Court has held that other Title III plaintiffs had pleaded standing [*id.* at 6], but it did not have the opportunity in those cases to address Defendants' arguments pertaining to: (a) Plaintiffs' inability to demonstrate they have suffered concrete harm from Defendants' alleged use of real property in which Plaintiffs concededly have no property interest; and (b) the impermissibility of requiring Defendants to remedy harm that the *Cuban Government* caused by confiscating the RRHSC Property decades before Defendants' alleged trafficking began. [*id.* at 7–11].[3]

In addition, Defendants have variously demonstrated that the Second Amended Complaint should be dismissed for failure to state a claim (including that the claim is time-barred)

---

[3] In October 2021, the Eleventh Circuit heard argument in three cases that present the question of Article III standing in the context of a Title III case. *See Del Valle v. Trivago GMBH*, No. 20-12407 (11th Cir.) (argument heard Oct. 4, 2021). And in February 2022, the *en banc* Eleventh Circuit heard argument in another case that presents the concrete-injury question addressed in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *See Hunstein v. Preferred Collection*, No. 19-14434 (11th Cir.) (argument heard Feb. 22, 2022).

[DE 227 at 12–15], lack of legislative jurisdiction [DE 226 at 17–20; DE 225 at 23–24], and improper venue [DE 225 at 2–7].

"[W]hen faced with legitimate jurisdictional challenges like those present in Defendants' Motion[s] to Dismiss, discovery should not commence until such challenges are resolved." *Lewis*, 2020 WL 4923640, at *3–4 (staying discovery, noting that "Defendants have challenged the viability of all sixteen claims based on jurisdictional grounds under Rules 12(b)(1) and 12(b)(2), as well as substantive grounds under Rules 12(b)(6) and 9(b)"); *see also Gillier*, 2017 WL 6994217, at *1 ("If either of the motions to dismiss based on a lack of personal jurisdiction is granted, proceeding in this forum against [defendants] would be improper."); *McCullough*, 2017 WL 6372619, at *1 (granting 60-day stay of discovery in light of defendants' motions to dismiss for lack of personal jurisdiction) (Gayles, J.).

Moreover, this is not a usual case where the *only* harm consists of the avoidable burdens and costs to the Court and the parties from unnecessary merits discovery. The United Kingdom objects to the extraterritorial application of Title III to British companies, and Imperial faces a risk of criminal exposure in its home jurisdiction if it were to engage in discovery without authorization from the U.K. Secretary of State. [DE 14 ¶¶ 9–13]. Imperial has shown that, even if the other due process requirements were satisfied (and they are not), it would be unconstitutionally unreasonable to exercise personal jurisdiction here, given the international comity implications of this case, as reflected in U.K. law and the limitations that U.K. law places on Imperial's ability to defend this lawsuit. [DE 226 at 15–17]. The international comity concerns that this Court has deftly managed to date, *infra* at 10–11, continue to exist, and there is no reason to aggravate them by allowing Plaintiffs to take discovery while motions to dismiss remain undecided. Imperial should not be forced to risk criminal exposure to engage in discovery that may very well prove unnecessary.

For its part, Habanos, S.A. has raised significant issues of immunity under the Foreign Sovereign Immunities Act ("FSIA"). [DE 225 at 7–13]. Immunity "entails a right to be free from the burdens of litigation," *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009) (quotation omitted), "including pretrial discovery," *Blinco v. Green Tree Serv., LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). "Inasmuch as [an] order . . . call[s] for discovery, it denie[s] [defendant] immunity from suit under the FSIA," *Butler*, 579 F.3d at 1311, and cannot be granted prior to determining immunity, which must be "decide[d] at the outset of the case," *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1319 (2017).

Plaintiffs, on the other hand, cannot show that a temporary stay would cause them any harm. If the case proceeds to the merits, "Plaintiff[s] will have ample opportunity to conduct discovery." *Goldstein v. Costco Wholesale Corp.*, No. 21-cv-80601, 2021 WL 2827757, at * 2 (S.D. Fla. July 8, 2021). Plaintiffs acquiesced to a de facto stay of merits discovery during the pendency of the motions to dismiss the original and amended complaints, and have identified no change of circumstances that could require a different approach now. They have previously noted that some of the Plaintiffs are elderly and/or unwell, and that one has passed during the pendency of this lawsuit. [DE 219 at 8]. But they failed to take advantage of the leave the Court granted them more than eighteen months ago to conduct depositions *de bene esse*, to address precisely that concern. Order [DE 49]; Tr. of Sept. 23, 2020 Hr'g [DE 50] at 29:14–23. They have no plausible claim of urgency now. By contrast, Defendants have been trying for well over a year to obtain a decision on their substantial arguments for dismissal. Plaintiffs have repeatedly mooted those motions by amending their complaint. The serial amendments demonstrate both the substantiality of the arguments for dismissal and the meritlessness of Plaintiffs' complaints about delay.

For all of these reasons, this Court should stay discovery until such time as a Defendant is required to file an answer in this case following resolution of the pending motions to dismiss.

II. **As to Imperial, International Comity Requires a Temporary Stay to Allow the U.K. Secretary of State an Opportunity to Decide Imperial's Pending Application for Plenary Authorization to Defend Against this Lawsuit**

Imperial also requests a stay of all proceedings as to Imperial (other than the pending motions to dismiss) in order to afford the U.K. Secretary of State an opportunity to decide Imperial's pending application for authorization to take all steps necessary to defend against this lawsuit. This relief will be necessary only if the U.K. Secretary of State has not resolved Imperial's application for authorization when either (a) discovery begins, or (b) Imperial's answer would be due.

At the beginning of this case, this Court granted Imperial's request for a limited stay on international comity grounds while Imperial pursued an application for authorization to defend itself in this case. Order [DE 49] (citing *Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994)). Although Imperial's prior application sought plenary authorization to defend against this lawsuit [DE 14 ¶ 3], the present authorization granted by the U.K. Secretary of State in February 2021 is limited to filing and litigating a motion to dismiss [DE 64-1]. Until very recently, all parties (including Plaintiffs) had proceeded on the basis that the case would not proceed further until after the motions dismiss are decided, so there was no need for Imperial to pursue any further authorization from the U.K. Secretary of State. Nor was it clear that the U.K. Secretary of State would entertain a request that was not ripe. Due to Plaintiffs' recent shift in position, and in light of this Court's order requiring submission of a joint scheduling report and proposed scheduling order [DE 223], however, Imperial has renewed its application for

authorization with the U.K. Secretary of State seeking plenary authorization to defend against this lawsuit.

The same concerns that animated the Court's prior stay order arise again in the present circumstances, where Plaintiffs seek to require Imperial to take steps in this litigation that have not been authorized by the U.K. Secretary of State. As Imperial explained in detail in its prior motion to stay [DE 14], U.K. law (Regulation 2271/96) prohibits U.K.-incorporated companies such as Imperial from complying, directly or indirectly, actively or by deliberate omission, with any requirement or prohibition, including requests of U.S. courts, based on or resulting, directly or indirectly, from Title III or from lawsuits filed under Title III. [DE 14, Ex. B (Regulation 2271/96) Art. 5, Ex. C (Guidance Note) ¶ 4].[4] A violation of Regulation 2271/96 is a criminal offense, punishable on indictment by an unlimited fine. *See* [DE 14, Ex. E (Statutory Instrument 1996 No. 3171 (The Extraterritorial U.S. Legislation (Sanctions against Cuba, Iran and Libya) (Protection of Trading Interests) Order 1996) ¶ 2(1)(a), Explanatory Note)]. The U.K. Secretary of State may, however, authorize a U.K.-incorporated company such as Imperial to participate in a Title III lawsuit, [DE 14, Ex. B (Regulation 2271/96) Arts. 5, 7–8; Ex. C (Guidance Note) ¶¶ 16–20], as the U.K. Secretary of State did in a limited way at the outset of this case [DE 64-1].

Imperial has again sought plenary authorization to defend against this case from the U.K. Secretary of State, and requests a limited stay so that the U.K. Secretary of State can consider and decide Imperial's application. The factors outlined by the Eleventh Circuit in *Turner* that guided the Court to grant a stay of this case on international comity grounds previously, Order [DE 49];

---

[4] Regulation 2271/96 was retained as part of U.K. law after the United Kingdom left the European Union at the end of 2020. [DE 61-1 (statutory instrument retaining Regulation 2271/96 as part of U.K. law)].

Tr. of Sept. 23, 2020 Hr'g [DE 50] at 29:24–30:2, should guide the Court's analysis again here. Under *Turner*, the Court considering a stay application like Imperial's must weigh the following: "(1) a proper level of respect for the acts of our fellow sovereign nations," also known as "international comity," "(2) fairness" to the parties; and "(3) efficient use of scarce judicial resources." *Turner Ent. Co.*, 25 F.3d at 1518. All three *Turner* factors support Imperial's request for a limited stay.

*First*, as to international comity, the Eleventh Circuit has cautioned that "[c]ourts and legislatures should take every reasonable precaution" to avoid subjecting participants in global commerce to "differing legal commands of separate sovereigns." *In re Grand Jury Proceedings*, 691 F.2d 1384, 1391 (11th Cir. 1982) (citation and quotation marks omitted). Consistent with this precedent, this Court previously stayed this case to "give Imperial an opportunity to first find out what limitations, if any, they have on their ability to defend themselves in this case." Tr. of Sept. 23, 2020 Hr'g [DE 50] at 29:10–12; *see also id.* at 29:1–4 ("What we are talking about here is the more procedural issue of do[es the Court] give [Imperial] an opportunity to get a determination on whether they can properly defend themselves."). Absent a stay, Imperial risks criminal liability in its home jurisdiction. This weighty consideration surely suffices to stay the case and afford Imperial the opportunity the Court provided it previously to seek authorization from its home regulator in the manner required by the laws of its home jurisdiction.

*Second*, the requested limited stay is appropriate under the circumstances of this case because it will protect Imperial without prejudicing Plaintiffs. *Turner Ent. Co.*, 25 F.3d at 1522 ("a federal court must be satisfied that its decision will not result in prejudice to the party opposing the stay"). Imperial has been seeking for well over a year to obtain a decision on its substantial arguments for dismissal, including on jurisdictional grounds. Plaintiffs have repeatedly mooted

those motions by amending their pleading, with the full knowledge that Imperial's present authorization is limited to litigating motions to dismiss. The delay in this case is almost entirely of Plaintiffs' own making, and there is in any event nothing emergent about the purely monetary relief that Plaintiffs are seeking. As the stay will not prevent Plaintiffs from prosecuting their claim, and prejudgment interest will be available to them if they prevail, this is nothing like cases in which comity-related relief has been denied because it would irrevocably impair a party's rights. *Cf. In re Grand Jury Proceedings*, 691 F.2d at 1391 (quashing a grand jury subpoena on comity grounds would "emasculate the grand jury process").

By contrast, Imperial faces a risk of significant harm absent a stay. If the Court allows Plaintiffs to proceed with discovery now, as they wish, Imperial would have to choose between (a) proceeding in this case without authorization and risking criminal prosecution in its home jurisdiction, together with the resulting monetary and reputational harm, and (b) not responding to Plaintiffs' discovery and risking the adverse consequences that could flow from such a failure to respond. There is no reason to place Imperial in that invidious position, for the sake of a limited pause. A stay is properly granted when, as here, it will "ensur[e] the ability of the parties to fully and fairly litigate their claims." *Turner Ent. Co.*, 25 F.3d at 1522.

*Third*, the stay that Imperial seeks here is also warranted to promote the "efficient use of scarce judicial resources." *Id.* at 1518. There is a strong public-policy preference for adjudicating cases on the merits, rather than by default. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002). Imperial seeks this stay precisely so that it can defend itself, if, contrary to Imperial's argument, the Second Amended Complaint survives the pending motions to dismiss. Moreover, granting a temporary stay will avoid the need both for unnecessary default-

judgment or discovery-sanctions proceedings here and, potentially, collateral litigation arising from such proceedings, and criminal proceedings in the United Kingdom.

*Finally*, the requested stay should be granted because it is appropriately limited in duration. *Ortega Trujillo*, 221 F.3d at 1264 (stay must not be "immoderate"). The requested stay will be relevant only if the U.K. Secretary of State has not resolved Imperial's application for authorization when either (a) discovery begins, or (b) Imperial's answer would be due. And if the requested stay becomes relevant, it will expire once the U.K. Secretary of State makes a decision on Imperial's application. *See Marti v. Iberostar Hoteles y Apartamentos S.L.*, No. 20-cv-20078, 2020 WL 5573265, at *3 (S.D. Fla. Sept. 17, 2020) (staying Title III case due to pending Regulation 2271/96 application and finding that "the stay is *not* indefinite because it will end as soon as the European Commission rules on [defendant's] application") (emphasis in original); *motion to vacate stay denied*, 2021 WL 1750081, at *1 (S.D. Fla. May 4, 2021), *appeal filed*, No. 21-11906 (11th Cir. June 3, 2021). Alternatively, the Court could provide that the stay expires a fixed period after Imperial's answer would otherwise be due.

## CONCLUSION

For all of the foregoing reasons, the Court should enter an order (a) staying discovery in this case until such time as a Defendant is required to file an answer following resolution of the pending motions to dismiss, and (b) as to Imperial, staying all proceedings (other than the pending motions to dismiss) until the U.K. Secretary of State decides Imperial's pending application for authorization to defend itself fully in this litigation.

## REQUEST FOR ORAL ARGUMENT

In light of the substantial, unresolved jurisdictional challenges that underlie this motion, and the serious international comity concerns that arise with respect to Imperial, Defendants

respectfully request that the Court hear oral argument on this motion. Defendants estimate that approximately thirty minutes will be required for oral argument.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Defendants have conferred with Plaintiffs' counsel about their request to stay these proceedings in accordance with Local Rule 7.1(a)(3), and Plaintiffs' counsel do not agree to the requested relief.

Dated: April 21, 2022
       Miami, Florida

Respectfully submitted,

/s/ *Mark F. Raymond*
NELSON MULLINS
Mark F. Raymond
mark.raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: 305-373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300

*Attorneys for Defendant Imperial Brands plc*

/s/ *Charles Murray Harris, Jr.*
TRENAM KEMKER SCHARF BARKIN FRYE O'NEILL & MULLIS
Charles Murray Harris, Jr.
charris@trenam.com
Stephanie Crane Lieb
slieb@trenam.com
101 E Kennedy Boulevard
Tampa, FL 33601-1102
Telephone: (727) 820-3950

/s/ *Naim S. Surgeon*
STROOK & STROOK & LAVAN LLP
Naim S. Surgeon
Florida Bar No. 101682
nsurgeon@strook.com
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 789-9360

AKERMAN LLP
Pedro Freyre
Florida Bar No. 192140
pedro.freyre@akerman.com
3 Brickell City Centre
98 Southeast 7th St., Suite 1100
Miami, Florida 33131
Telephone: 305-982-5507

WILMER CUTLER PICKERING HALE AND DORR LLP
Christopher Davies (admitted *pro hac vice*)
christopher.davies@wilmerhale.com
Chris Casamassima (admitted *pro hac vice*)
Chris.casamassima@wilmerhale.com
Jessica Lutkenhaus (admitted *pro hac vice*)
jessica.lutkenhaus@wilmerhale.com
Ashley McLaughlin Leen (admitted *pro hac vice*)
ashley.leen@wilmerhale.com
Joseph Hutton Marshall (admitted *pro hac vice*)
hutton.marshall@wilmerhale.com
1875 Pennsylvania Ave NW

RABINOWITZ, BOUDIN, STANDARD,
KRINSKY & LIEBERMAN, P.C.
Michael R. Krinsky (admitted *pro hac vice*)
mkrinsky@rbskl.com
Lindsey Frank (admitted *pro hac vice*)
lfrank@rbskl.com
14 Wall Street, Suite 3002
New York, NY 10005
Telephone:  (212) 254-1111

*Attorneys for Defendant Corporación Habanos, S.A.*

Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendants WPP PLC, Young & Rubicam LLC, and BCW LLC, a/k/a Burson Cohn & Wolfe LLC*