UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ, *et al.*,

                Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

                Defendants.

**REPLY IN FURTHER SUPPORT OF DEFENDANT IMPERIAL BRANDS PLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**CLAIM OF UNCONSTITUTIONALITY**

NELSON MULLINS
Mark F. Raymond
mark.raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: 305-373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300

*Attorneys for Defendant Imperial Brands plc*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT .................................................................................................................................2

I.  THE SECOND AMENDED COMPLAINT PLEADS NO BASIS FOR PERSONAL JURISDICTION OVER IMPERIAL ............................................................2

   A.  Plaintiffs Have Pleaded No Basis to Impute the WPP Defendants and Habanos's Alleged Jurisdictional Contacts to Imperial ............................................3

   B.  Even If Imputed to Imperial, the Other Defendants' Alleged Jurisdictional Contacts Do Not Establish a Prima Facie Case for Personal Jurisdiction ...............5

      1.  The Court lacks specific jurisdiction as there is no connection between Plaintiffs' Title III claim and any post-2017 promotional activity ...........................................................................................................5

      2.  The alleged use of globally-accessible social-media platforms to promote Cuban cigars that cannot be sold in the United States does not create minimum contacts with this forum .............................................6

   C.  Plaintiffs Do Not Respond to Imperial's Showing that It Would Be Unconstitutionally Unreasonable to Exercise Jurisdiction over Imperial in the Transnational Context of this Case ....................................................................8

   D.  The Action Cannot Be Transferred to New York Because Imperial Is Not Subject to Personal Jurisdiction There Either ..........................................................9

II. DUE PROCESS PROHIBITS THE APPLICATION OF TITLE III TO IMPERIAL'S CONCEDEDLY "NON-U.S." BUSINESS ACTIVITIES ........................10

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
  751 F.3d 796 (7th Cir. 2014) ..................................................................................................6

*Amberson Holdings LLC v. Westside Story Newspaper*,
  110 F. Supp. 2d 332 (D.N.J. 2000) ..........................................................................................7

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cnty.*,
  480 U.S. 102 (1987)...............................................................................................................8, 9

*Barth v. Walt Disney Parks & Resorts U.S., Inc.*,
  206 F. Supp. 3d 1026 (E.D. Pa. 2016) ....................................................................................9

*Belik v. Carlson Travel Grp., Inc.*,
  864 F. Supp. 2d 1302 (S.D. Fla. 2011) ...................................................................................4

*Calder v. Jones*,
  465 U.S. 783 (1984)..................................................................................................................7

*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
  334 F.3d 390 (4th Cir. 2003) ...................................................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..................................................................................................................9

*De Fernandez v. Crowley Holdings, Inc.*,
  No. 21-cv-20443, 2022 WL 860373 (S.D. Fla. Mar. 23, 2022) ..............................................4

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
  593 F.3d 1249 (11th Cir. 2010) ...............................................................................................7

*Don't Look Media LLC v. Fly Victor Ltd.*,
  999 F.3d 1284 (11th Cir. 2021) ...............................................................................................3

*Durham v. LG Chem, Ltd.*,
  No. 1:20-cv-01277-SDG, 2021 WL 1573899 (N.D. Ga. Apr. 22, 2021) ................................9

*Ellis v. Celebrity Cruise Lines, Inc.*,
  No. 10-cv-20541, 2010 WL 6730808 (S.D. Fla. July 15, 2010) .............................................4

*Fidrych v. Marriott Int'l, Inc.*,
  952 F.3d 124 (4th Cir. 2020) ...................................................................................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021) ........................................................................................................5, 8

*Genterra Grp., LLC v. Sanitas USA, Inc.*,
  No. 1:20-cv-22402, 2021 WL 148887 (S.D. Fla. Jan. 15, 2021) ..............................................2

*Gerling Glob. Reinsurance Corp. of Am. v. Gallagher*,
  267 F.3d 1228 (11th Cir. 2001) .............................................................................................10

*Glen v. Am. Airlines, Inc.*,
  7 F. 4th 331 (5th Cir. 2021) .....................................................................................................5

*Glen v. Club Méditerranée, S.A.*,
  450 F.3d 1251 (11th Cir. 2006) .............................................................................................10

*GreatFence.com, Inc. v. Bailey*,
  726 F. App'x 260 (5th Cir. 2018) ............................................................................................7

*Havana Docks Corp. v. Carnival Corp.*,
  No. 19-cv-21724, 2022 WL 831160 (S.D. Fla. Mar. 21, 2022) ...............................................4

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
  510 F. Supp. 3d 1175 (S.D. Fla. Dec. 31, 2020) ......................................................................4

*L.H. v. Marriott Int'l, Inc.*,
  No. 21-cv-22894, 2022 WL 1619637 (S.D. Fla. May 23, 2022) ........................................3, 4

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) ..........................................................................................6, 8

*Macrotrend Cap. Grp. Inc. v. Edwards*,
  No. 18-cv-61327, 2019 WL 2106421 (S.D. Fla. Mar. 4, 2019) ...............................................8

*McCullough v. Royal Caribbean Cruises, Ltd.*,
  268 F. Supp. 3d 1336 (S.D. Fla. 2017) (Gayles, J.) .................................................................9

*Noble House, LLC v. Underwriters at Lloyd's, London*,
  No. 20-cv-62080, 2021 WL 896219 (S.D. Fla. Mar. 3, 2021) .................................................2

*Palm Partners LLC v. Palm Beach Treatment Ctr., LLC*,
  No. 9:17-cv-80582, 2017 WL 5668050 (S.D. Fla. Aug. 18, 2017) ..........................................3

*Pettaway v. Equifax Info. Servs., LLC*,
  No. 1:19-cv-3689-MHC-CCB, 2020 WL 10229077 (N.D. Ga. Aug. 7, 2020)
  *report and recommendation adopted*, No. 1:19-cv-3689-MHC-CCB,
  2020 WL 10229093 (N.D. Ga. Aug. 24, 2020) .......................................................................7

Case 1:20-cv-23287-DPG   Document 264   Entered on FLSD Docket 06/13/2022   Page 5 of 17

*Philpot v. Kos Media LLC*,
  No. 16-cv-01523ATBCM, 2017 WL 2270248 (S.D.N.Y. Apr. 21, 2017),
  *report and recommendation adopted*, No. 16-cv-1523ATBCM,
  2017 WL 2269531 (S.D.N.Y. May 23, 2017) ...........................................................................7

*Piazenko v. Pier Marine Interiors GMBH*,
  314 So. 3d 438 (Fla. 3d DCA 2020) ........................................................................................2

*Prevail Legal, Inc. v. Gordon*,
  No. 20-cv-07173-BLF, 2021 WL 1947578 (N.D. Cal. May 14, 2021) ....................................7

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*,
  119 F.3d 935 (11th Cir. 1997) .................................................................................................4

*Snow v. DirecTV, Inc.*,
  450 F.3d 1314 (11th Cir. 2006) ...............................................................................................4

*TriOptima AB v. Quantile Techs. Ltd.*,
  No. 2:19-cv-00390-JRG, 2020 WL 11613655 (E.D. Tex. Nov. 30, 2020) .............................7

*Waite v. All Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ...............................................................................................7

*Walden v. Fiore*,
  571 U.S. 277 (2014) .............................................................................................................7, 8

**Statutes**

22 U.S.C. § 6023(13)(A)(iii) ...........................................................................................................4

22 U.S.C. § 6081(5) ......................................................................................................................10

22 U.S.C. § 6081(6) ......................................................................................................................10

22 U.S.C. § 6081(11) ....................................................................................................................10

28 U.S.C. § 1631 .............................................................................................................................9

Fla. Stat. § 48.193(1)(a)(2) ..............................................................................................................2

**Rules**

Fed. R. Civ. P. 4(k) .....................................................................................................................2, 9

Fed. R. Civ. P. 12(b)(2) ...................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................1

**Other Authorities**

31 C.F.R. § 515.204 ..................................................................................................................8

31 C.F.R. § 515.578(a)(1) ........................................................................................................6

31 C.F.R. § 515.578(a)(4)(ii)(A) .............................................................................................6

Defendant Imperial Brands plc ("Imperial") submits this reply in further support of its motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6).[1]

## PRELIMINARY STATEMENT

Imperial showed in its motion that the SAC fails to plead a prima facie case of personal jurisdiction over this British corporation, with respect to a claim arising from the alleged use of real property in Cuba (the "RRHSC Property") to produce cigars that cannot be sold in this forum. Plaintiffs respond with a single limited, unsustainable theory of specific jurisdiction—that "secondary actor[]" Imperial, Resp. at 10, is subject to personal jurisdiction here because, beginning in 2017, Defendant Habanos and its alleged advertising agency, the WPP Defendants, used social-media platforms run by U.S. companies to promote Habanos cigars online.

For three independent reasons, Plaintiffs' theory of jurisdiction fails as a matter of law. *First*, the SAC pleads no basis to impute the other defendants' alleged jurisdictional contacts to Imperial. *Second*, even if the other defendants' alleged contacts were imputed to Imperial, the post-2017 promotional conduct post-dates by several years the last alleged act of "trafficking" in the RRHSC Property. The SAC fails, therefore to plead that this Title III "trafficking" claim arises from or relates to the alleged jurisdictional contacts. *Third*, personal jurisdiction cannot be based on the use of globally-accessible social-media platforms. The fortuity that those social-media platforms happen to be run by U.S. companies does not establish constitutionally-sufficient minimum contacts with this forum, in the context of a claim that arises from the alleged use of real property overseas to produce a product that can only be sold overseas. For these reasons, and those set forth more fully below, the SAC should be dismissed without further leave to amend.

---

[1] Capitalized terms have the meanings assigned to them in Imperial's memorandum of law dated April 20, 2022 [DE 226 ("Mot.")]. Plaintiffs' response [DE 247] is cited as "Resp."

## ARGUMENT

I.   **THE SECOND AMENDED COMPLAINT PLEADS NO BASIS FOR PERSONAL JURISDICTION OVER IMPERIAL**

Imperial demonstrated in its motion that the SAC fails to plead a prima facie case of personal jurisdiction over Imperial, a British corporation that is not alleged to have committed any suit-related conduct in this forum. Mot. at 4–17. Plaintiffs offer no response to much of Imperial's motion. They do not respond to Imperial's showing that the Court lacks general jurisdiction over this U.K.-incorporated, U.K.-headquartered corporation, Mot. at 4–5, and thereby concede the point.[2] And they disavow any argument to base specific jurisdiction on the alleged use of the confiscated RRHSC Property in Cuba, or, indeed, on anything that Imperial has *itself* done. *See* Resp. at 6 ("[J]urisdiction over Imperial is not based on its trafficking in Cuba."); *see also id.* at 16.[3]

Instead, Plaintiffs contend that the federal long-arm statute, Fed. R. Civ. P. 4(k),[4] authorizes specific jurisdiction over "secondary actor[]" Imperial, Resp. at 10, because the *WPP Defendants* used "US Internet, networking and social media services," *id.*, to help *Habanos*

---

[2]   *See Genterra Grp., LLC v. Sanitas USA, Inc.*, No. 1:20-cv-22402, 2021 WL 148887, at *7 (S.D. Fla. Jan. 15, 2021) ("Failing to respond to an argument in a motion to dismiss is equal to conceding that argument.").

[3]   Plaintiffs also offer no response to—and thereby concede—Imperial's showing that Imperial cannot be subjected to jurisdiction based on allegations that non-party *Tabacuba* maintains offices in a portion of the RRHSC Property. Mot. at 8.

[4]   Plaintiffs' response contains an unexplained citation to Fla. Stat. § 48.193(1)(a)(2), Resp. at 11, but Imperial has shown that due process does not permit state long-arm jurisdiction here. Mot. at 5 n.4. And § 48.193(1)(a)(2) is inapplicable for the additional reason that the SAC does not plead that Imperial "committed a substantial aspect of the alleged tort in Florida." *Piazenko v. Pier Marine Interiors GMBH*, 314 So. 3d 438, 444 (Fla. 3d DCA 2020) (citations and quotation marks omitted); *see also Noble House, LLC v. Underwriters at Lloyd's, London*, No. 20-cv-62080, 2021 WL 896219, at *6 (S.D. Fla. Mar. 3, 2021) (Florida long-arm statute requires a "direct affiliation, nexus, or substantial connection between the cause of action and the activities within the state") (citation and quotation marks omitted).

2

publicize Cuban cigars online, *see id.* at 6–7, 10, 13–17; *see also id.* at 13 ("Imperial, *through Habanos and the WPP Defendants* expressly contracted with U.S. companies such as Twitter and Facebook for the use of their U.S. based internet services.") (emphasis added). But jurisdictional contacts the WPP Defendants allegedly created while providing advertising services to Habanos provide no basis for jurisdiction over Imperial.

### A. Plaintiffs Have Pleaded No Basis to Impute the WPP Defendants and Habanos's Alleged Jurisdictional Contacts to Imperial

The SAC alleges that it was *Habanos*, not Imperial, that purportedly hired WPP-affiliated entities to promote Habanos Cuban cigars online. Mot. at 6–7 & n.5; *see* SAC ¶¶ 22 & n.11, 36, 41–42, 54–56, 62. Even if any jurisdictional contacts the advertising agency allegedly created in the course of that engagement were imputed to *Habanos*, Imperial has shown—and Plaintiffs do not contest—that the SAC contains none of the extraordinary factual allegations that could justify imputing those alleged jurisdictional contacts a second time, to *Imperial*. *See* Mot. at 6–7.[5] To the contrary, the SAC dooms any veil-piercing argument, by acknowledging that Imperial held only a *non*-controlling, indirect fifty-percent interest in Habanos, and by asserting that Habanos was "controlled by Cuba," not by Imperial. SAC ¶¶ 7, 9, 35, 91; Resp. at 2.[6]

Plaintiffs also cannot impute the WPP Defendants' alleged jurisdictional contacts to Imperial by labeling the WPP Defendants "agents" of Imperial. Resp. at 3, 6, 9–11 & n.13, 17–

---

[5] *See also Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1294 (11th Cir. 2021) (jurisdictional contacts would be not imputed between corporations, absent "any allegations to support disregarding corporate separateness"); *L.H. v. Marriott Int'l, Inc.*, No. 21-cv-22894, 2022 WL 1619637, at *5 (S.D. Fla. May 23, 2022) (similar).

[6] If Plaintiffs contend that the SAC's "information and belief" assertions plead a basis for veil piercing, Resp. at 9 n.12, they are wrong. None of those assertions has any bearing on veil piercing. SAC ¶¶ 34–35, 77. And, in any event, a complaint cannot plead an alter-ego theory by making "information and belief" assertions that are, in substance, "largely legal conclusions." *Palm Partners LLC v. Palm Beach Treatment Ctr., LLC*, No. 9:17-cv-80582, 2017 WL 5668050, at *2 (S.D. Fla. Aug. 18, 2017) (cited in Resp. at 9 n.12).

19; *see also* SAC ¶¶ 14–15, 20, 61, 64, 82, 84. Such conclusory assertions of "agency" do not support the imputation of jurisdictional contacts. *See Marriott Int'l*, 2022 WL 1619637, at *5, 7–8; *Ellis v. Celebrity Cruise Lines, Inc.*, No. 10-cv-20541, 2010 WL 6730808, at *1 (S.D. Fla. July 15, 2010); *see also In re Zantac (Ranitidine) Prods. Liab. Litig.*, 510 F. Supp. 3d 1175, 1193–94 (S.D. Fla. Dec. 31, 2020) ("'labels and conclusions'" are "insufficient to establish a prima facie case of jurisdiction") (citing, *inter alia*, *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)). No factual allegation in the SAC supports any inference that the WPP Defendants were Imperial's agents.[7] To the contrary, the only non-conclusory allegation is that it was *Habanos* that retained the WPP Defendants. SAC ¶¶ 22 & n.11, 36, 41–42, 54–56, 62.

Plaintiffs are incorrect, too, that Title III provides that "all trafficking by Habanos and the WPP Defendants is attributed to Imperial" *for jurisdictional purposes*, Resp. at 8, so that Imperial is subject to personal jurisdiction "even if all Imperial did was to 'profit[] from trafficking' by or through Habanos," Resp. at 8 (quoting 22 U.S.C. § 6023(13)(A)(iii)) (brackets in original); *see also* Resp. at 10–11. Title III does not address personal jurisdiction. And even if it did, the Due Process Clause limits Congress's authority to create personal jurisdiction. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942, 946 (11th Cir. 1997). Plaintiffs' argument mistakenly conflates the question of whether Imperial has created constitutionally sufficient jurisdictional contacts with this forum (it has not), with the separate question of whether the alleged conduct satisfies the statutory definition of trafficking.[8] The

---

[7] The SAC contains nothing comparable to the factual allegations that pleaded an agency relationship in *Belik v. Carlson Travel Group., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) (cited in Resp. at 9 n.12) (complaint contained "factual allegations of Carnival's acknowledgment that SinglesCruise would act for it").

[8] *See De Fernandez v. Crowley Holdings, Inc.*, No. 21-cv-20443, 2022 WL 860373, at *5 (S.D. Fla. Mar. 23, 2022) (cited in Resp. at 10) (complaint's allegations pleaded the trafficking element of a Title III claim); *Havana Docks Corp. v. Carnival Corp.*, No. 19-cv-21724, 2022

4

same error undermines Plaintiffs' attempt to base jurisdiction on assertions that Imperial has "continued" to engage in trafficking during the pendency of this lawsuit by engaging in conduct unconnected to this forum, including by disposing of its interest in Habanos. Resp. at 8–9.

> **B. Even If Imputed to Imperial, the Other Defendants' Alleged Jurisdictional Contacts Do Not Establish a Prima Facie Case for Personal Jurisdiction**

Even if the other Defendants' alleged jurisdictional contacts were imputed to Imperial, due process precludes the exercise of specific personal jurisdiction based on the alleged use, "[b]eginning in 2017," of "U.S.-based internet services run by U.S. companies (Twitter, Instagram and YouTube)" to promote Habanos Cuban cigars online. Resp. at 5–7, 12–14, 17–18. As Imperial has shown: (1) nothing connects the alleged post-2017 promotional activity to the RRHSC Property, and (2) in any event, using a globally-accessible website to promote products worldwide (in this case, Cuban cigars that cannot be sold into the United States) does not create minimum contacts with this forum, even if "U.S.-based internet services" are used. Mot. at 11–13.

> **1. The Court lacks specific jurisdiction as there is no connection between Plaintiffs' Title III claim and any post-2017 promotional activity**

As Imperial has shown, to avoid dismissal, the SAC needed to plead a prima facie case of personal jurisdiction, by alleging sufficient facts to permit a reasonable factfinder to conclude that personal jurisdiction exists. Mot. at 4. But as Imperial has also shown, allegations about Habanos's use, beginning in 2017, of social-media platforms to promote Cuban cigars do not satisfy the "'arise out of or relate to'" requirement of specific jurisdiction, *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025–26 (2021), because those activities

---

WL 831160, at *44 (S.D. Fla. Mar. 21, 2022) (cited in Resp. at 10) (same). *Glen v. Am. Airlines, Inc.*, 7 F. 4th 331, 336 (5th Cir. 2021) (cited in Resp. at 10–11), concerned subject-matter jurisdiction, not personal jurisdiction.

5

substantially post-date Habanos's last alleged use of the RRHSC Property in 2010. Mot. at 12. [*See also* DE 227 at 12–15]. Plaintiffs offer no response and thereby concede the point.

### 2. The alleged use of globally-accessible social-media platforms to promote Cuban cigars that cannot be sold in the United States does not create minimum contacts with this forum

Imperial has also shown that due process prohibits the exercise of personal jurisdiction based on allegations that Habanos used social-media platforms to promote Cuban cigars online. Mot. at 11–12. As courts in this Circuit and elsewhere have recognized, allowing jurisdiction based on the use of websites that are "accessible to all but targeted at no one in particular," *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020), would impermissibly create "*de facto* universal jurisdiction" with "no limiting principle," *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801–03 (7th Cir. 2014); *see also* Mot. at 11–12.[9]

Plaintiffs attempt to circumvent this case law on the basis that Twitter, Instagram, and YouTube used are "run by U.S. companies" and that Habanos's use of those portals therefore "is in violation of U.S. law." Resp. at 4–5, 7, 10, 13, 17–18. Although it is irrelevant to the question of jurisdiction, Plaintiffs are incorrect that the alleged use of social-media platforms to promote Habanos products violated U.S. law. The Cuban Asset Control Regulations specifically *permit* U.S. businesses to provide social-media services to Cuban businesses, 31 C.F.R. § 515.578(a)(1), including businesses that are controlled by Cuba, *see id*. § 515.578(a)(4)(ii)(A).

Moreover, due process does not permit the exercise of specific jurisdiction based on the fortuity that the social-media platforms are run by non-party U.S. companies. Given the U.S. dominance in social media, Plaintiffs' approach would result in limitless jurisdiction. Plaintiffs' argument overlooks that specific jurisdiction must be "based on the defendant's own affiliation

---

[9] *See also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357 (11th Cir. 2013) ("We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment *anywhere* the website can be accessed.") (emphasis in original).

6

with the state, rather than the 'random, fortuitous, or attenuated' contacts it makes by interacting with other persons affiliated with the state." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Put differently, the incidental U.S. nationality of the social-media companies does not make the United States the "focal point" of the misconduct on which this claim is based, *Calder v. Jones*, 465 U.S. 783, 789 (1984), consisting of foreign defendants' alleged use of real property overseas to produce a product that cannot be sold in this forum. Courts applying these core principles consistently hold that jurisdiction cannot be based on the fortuitous in-forum location of third-party internet-based service providers and their servers. *GreatFence.com, Inc. v. Bailey*, 726 F. App'x 260, 261 (5th Cir. 2018) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)).[10]

Plaintiffs' argument also overlooks that "merely contracting with a forum resident" does not authorize specific jurisdiction. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1268 (11th Cir. 2010). Instead, the court must "focus[] on the substance of the transaction" to determine whether "*the nonresident defendant's* conduct" created minimum contacts with the forum. *Id.* (emphasis in original). Here, the "substance" of "*the nonresident defendant's* conduct," *id.*, comprises the alleged use of social-media platforms to promote Habanos products worldwide. For the reasons Imperial has already articulated, Mot. at 11–12,

---

[10] *See also Prevail Legal, Inc. v. Gordon*, No. 20-cv-07173-BLF, 2021 WL 1947578, at *5–6 (N.D. Cal. May 14, 2021) (location of third-party internet hosting vendor in the forum did not create minimum contacts); *TriOptima AB v. Quantile Techs. Ltd.*, No. 2:19-cv-00390-JRG, 2020 WL 11613655, at *6 (E.D. Tex. Nov. 30, 2020) (same); *Pettaway v. Equifax Info. Servs., LLC*, No. 1:19-cv-3689-MHC-CCB, 2020 WL 10229077, at *6–8 (N.D. Ga. Aug. 7, 2020) (same), *report and recommendation adopted*, No. 1:19-cv-3689-MHC-CCB, 2020 WL 10229093 (N.D. Ga. Aug. 24, 2020); *Philpot v. Kos Media LLC*, No. 16-cv-01523ATBCM, 2017 WL 2270248, at *11 (S.D.N.Y. Apr. 21, 2017) (same), *report and recommendation adopted*, No. 16-cv-1523ATBCM, 2017 WL 2269531 (S.D.N.Y. May 23, 2017); *Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 336 (D.N.J. 2000) (same).

that geographically-nonspecific conduct does not constitute purposeful availment of this forum. And that conclusion is reinforced by Plaintiffs' recognition that the social-media platforms were not interactive [DE 100 at 10], such that no U.S. (or non-U.S.) person could purchase Habanos products from them (and, of course, Cuban cigars cannot be sold into the United States in any event, *see* 31 C.F.R. § 515.204).

Finally, Plaintiffs misplace their extensive reliance, *see* Resp. at 13–14, on the Supreme Court's ruling that Ford Motor Company was subject to specific jurisdiction for product-liability claims in states where it had "advertised, sold, and serviced" vehicles. *Ford Motor Co.*, 141 S. Ct. at 1028. That conduct, through which Ford "systematically served a market" in the forum, *id.*, is not remotely comparable to Habanos's use of social-media platforms for the worldwide promotion of products that cannot be sold in this forum.[11] Plaintiffs are also mistaken that *Ford* supports the exercise of specific jurisdiction based on *their* forum residence. *See* Resp. at 14. The *Ford* plaintiffs were injured in their states of residence because Ford had purposefully availed itself of the privilege of doing business there. *See Ford Motor Co.*, 141 S. Ct. at 1031–32. Here, by contrast, Plaintiffs' residence supplies the *only* link to the forum, and that is not a constitutionally permissible basis for jurisdiction. *Walden*, 571 U.S. at 285.

### C. Plaintiffs Do Not Respond to Imperial's Showing that It Would Be Unconstitutionally Unreasonable to Exercise Jurisdiction over Imperial in the Transnational Context of this Case

Imperial has shown that, even if Plaintiffs had pleaded the purposeful-availment and relatedness elements of specific jurisdiction, dismissal would still be required under *Asahi Metal*

---

[11] For the same reason, Plaintiffs are not assisted by cases involving specific jurisdiction over defendants who (a) purposefully used an interactive website to sell counterfeit goods to Florida residents, *see Louis Vuitton Malletier*, 736 F.3d at 1357 (cited in Resp. at 12), and (b) defamed Florida residents by sending emails to Florida companies and by posting defamatory statements online, *see Macrotrend Cap. Grp. Inc. v. Edwards*, No. 18-cv-61327, 2019 WL 2106421, at *5 (S.D. Fla. Mar. 4, 2019) (cited in Resp. at 12).

8

*Indus. Co. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987), due to the "substantive policies," *id.* at 115, of the United Kingdom, where Imperial is based, and the limitations that U.K. law imposes on Imperial's ability to defend a Title III action. *See* Mot. at 15–17. Plaintiffs offer no response. This action should be dismissed accordingly.

        **D.**    **The Action Cannot Be Transferred to New York Because Imperial Is Not Subject to Personal Jurisdiction There Either**

There is no basis for Plaintiffs' request to transfer this action to New York, instead of dismissing it for lack of personal jurisdiction. Resp. at 18–19. Even if 28 U.S.C. § 1631 authorizes a transfer to cure a lack of *personal* jurisdiction, *see, e.g.*, *Durham v. LG Chem, Ltd.*, No. 1:20-cv-01277-SDG, 2021 WL 1573899, at *4 n.25 (N.D. Ga. Apr. 22, 2021) ("transfer under § 1631 might only be proper where the Court lacks subject matter jurisdiction, not personal jurisdiction") (emphasis in original), it does not permit transfer to another court that *also* lacks jurisdiction, *see, e.g.*, *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 206 F. Supp. 3d 1026, 1032 n.8 (E.D. Pa. 2016); *see* 28 U.S.C. § 1631 (action may be transferred to a court where it "could have been brought at the time it was filed"). As Imperial lacks the nationwide contacts for national long-arm jurisdiction under Rule 4(k), it is not subject to jurisdiction in New York either.

The contention that Imperial's "agent[s]," the WPP Defendants, are subject to general jurisdiction in New York gets Plaintiffs nowhere. Resp. at 19. Plaintiffs allege no facts to support the conclusory "agent" label, *supra* at 3–4, and, in any event, *Daimler AG v. Bauman*, 571 U.S. 117 (2014), rejected this "general-jurisdiction-by-agency theory," *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1347–49 (S.D. Fla. 2017) (Gayles, J.).

## II. DUE PROCESS PROHIBITS THE APPLICATION OF TITLE III TO IMPERIAL'S CONCEDEDLY "NON-U.S." BUSINESS ACTIVITIES

As Imperial has shown, the Fifth Amendment prohibits the application of Title III to concededly "non-U.S" activities that Imperial, a British company, allegedly conducted with Habanos, a Cuban company, involving the use of real property in Cuba for purposes of a business that cannot include the United States. *See* Mot. at 17–20. Plaintiffs ignore the argument, other than to contend—incorrectly, and without citation of law—that Title III can properly be applied because, beginning in 2017, Habanos allegedly promoted its products using globally-accessible social-media platforms operated by U.S. entities. Resp. at 18. That allegation does not permit the application of Title III to Imperial, for the same reasons that it does not permit the exercise of personal jurisdiction over Imperial.

As the Eleventh Circuit has recognized, in the context of a due process challenge such as this one, legislative purpose is important in identifying the "the regulated *subject matter*." *Gerling Glob. Reinsurance Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1236–40 (11th Cir. 2001) (emphasis in original). The express purpose of Title III is not to regulate the use of U.S.-based social-media platforms, but rather to deter foreign investors from doing business in Cuba. *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251, 1255 (11th Cir. 2006) (citing 22 U.S.C. § 6081(5), (6), (11)). Domestic law cannot be applied when—as here—the regulated subject matter comprises the business dealings of foreign nationals, relating to "persons, property, and events" outside the jurisdiction. *Gerling Glob. Reinsurance Corp. of Am.*, 267 F.3d at 1238.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss the SAC as against Defendant Imperial Brands plc without further leave to amend, and grant such other and further relief as the Court may consider appropriate.

Dated: June 13, 2022                               Respectfully submitted,


                                                /s/ *Mark F. Raymond*
NELSON MULLINS
Mark F. Raymond
mark.raymond@nelsonmullins.com
Jonathan Etra
jonathan.etra@nelsonmullins.com
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Telephone: 305-373-9400

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrewrhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, NY 10020
Telephone:  212-610-6300

*Attorneys for Defendant Imperial Brands plc*