UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.: 20-cv-23287-DPG

LUIS MANUEL RODRIGUEZ,
MARIA TERESA RODRIGUEZ, a/k/a
MARIA TERESA LANDA,
ALFREDO RAMON FORNS,
RAMON ALBERTO RODRIGUEZ,
RAUL LORENZO RODRIGUEZ,
CHRISTINA CONROY, and
FRANCISCO RAMON RODRIGUEZ,

                    Plaintiffs,

v.

IMPERIAL BRANDS PLC,
CORPORACIÓN HABANOS, S.A.,
WPP PLC, YOUNG & RUBICAM LLC,
and BCW LLC, a/k/a BURSON COHN &
WOLFE LLC,

                    Defendants.


**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT BY DEFENDANTS
WPP PLC, YOUNG & RUBICAM LLC, AND BCW LLC**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...............................................................................................................................3

I.   PLAINTIFFS CANNOT DEMONSTRATE THAT WPP, Y&R, AND BCW
     UNLAWFULLY "TRAFFICKED" IN ALLEGEDLY CONFISCATED PROPERTY.....3

II.  PLAINTIFFS FAIL TO ALLEGE PERSONAL JURISDICTION.....................................6

III. PLAINTIFFS ENGAGE IN IMPROPER GROUP PLEADING THROUGH THEIR USE
     OF "WPP GROUP"............................................................................................................9

CONCLUSION...........................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

*Consol. Dev. Corp. v. Sherritt, Inc.*,
    216 F.3d 1286 (11th Cir. 2000) ...............................................................................9

*de Fernandez v. Crowley Holdings, Inc.*,
    2022 WL 860373 (S.D. Fla. Mar. 23, 2022) (Gayles, J.) ........................................3

*Del Valle v. Trivago GMBH*,
    2020 WL 2733729 (S.D. Fla. May 26, 2020), *appeal filed*, (11th Cir. June 24,
    2020) ........................................................................................................................7

*Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*,
    485 U.S. 568 (1988) .................................................................................................5

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    141 S. Ct. 1017 (2021) .............................................................................................8

*In re Fundamental Long Term Care, Inc.*,
    507 B.R. 359 (Bankr. M.D. Fla. 2014) ..................................................................10

*Genterra Grp., LLC v. Sanitas USA, Inc.*,
    2021 WL 148887 (S.D. Fla. Jan. 15, 2021) .............................................................6

*Glen v. American Airlines, Inc.*,
    7 F.4th 331 (5th Cir. 2021) ......................................................................................4

*Hill Dermaceuticals, Inc. v. RX Sols.*,
    306 F. App'x 450 (11th Cir. 2008) ........................................................................10

*Howe v. Samsung Elecs. Am., Inc.*,
    2018 WL 2212982 (N.D. Fla. Jan. 5, 2018) ............................................................2

*Macrotrend Capital Group v. Edwards*,
    2019 WL 2106421 (S.D. Fla. Mar. 4, 2019)............................................................7

*Ocheesee Creamery LLC v. Putnam*,
    851 F.3d 1228 (11th Cir. 2017) ...............................................................................5

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
    558 F.3d 1210 (11th Cir. 2009) ...............................................................................8

*Oueiss v. Saud*,
    2022 WL 1311114 (S.D. Fla. Mar. 29, 2022)..........................................................8

*Pharma Supply, Inc. v. Stein*,
   2015 WL 3486469 (S.D. Fla. June 2, 2015) ..........................................................................3

*Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*,
   413 U.S. 376 (1973) .............................................................................................................5

*Taylor v. Moskow*,
   717 F. App'x 836 (11th Cir. 2017) ......................................................................................7

*Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*,
   2017 WL 1832436 (S.D. Fla. May 8, 2017) .......................................................................10

*Virginia State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,
   425 U.S. 748 (1976) .............................................................................................................5

## Statutes and Regulations

22 U.S.C. § 6023(13)(A).............................................................................................................3

31 C.F.R. § 515.578 ...................................................................................................................6

## Other Authorities

Fed. R. Civ. P. 4(k)(2)............................................................................................................8, 9

Local Rule 7.1(c)(2) ..................................................................................................................1

Fed. R. Civ. P. 8(a) ................................................................................................................2, 9

Defendants WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC ("BCW") (collectively, "WPP Defendants") respectfully submit this reply in further support of their motion to dismiss the Second Amended Complaint ("SAC").

## PRELIMINARY STATEMENT

In their motion to dismiss the SAC, WPP Defendants explained why Plaintiffs fail to establish jurisdiction over any WPP Defendant and why the SAC's allegations do not state a claim against them. After initially failing to respond to WPP Defendants' motion and then belatedly seeking an extension of time, Plaintiffs' opposition improperly exceeded the Court's page limitations.[1] Despite the extra pages, Plaintiffs still do not present any viable arguments in defense of their claims against WPP Defendants. The Court should grant WPP Defendants' motion.

In their opposition, Plaintiffs do not claim that WPP Defendants' alleged marketing activities made any use of or interacted at all with the allegedly confiscated property in Cuba. Nor do Plaintiffs contend that WPP Defendants had direct contacts with the United States related to any purported marketing of tobacco products that may have had some connection to the confiscated property. Plaintiffs instead argue that the Helms-Burton Act reaches "even the secondary, tertiary and more remote" parties who are paid by an entity that itself traffics in confiscated property and that WPP Defendants' use (through unnamed affiliated entities) of Twitter, Instagram, and YouTube subjects them to jurisdiction in this District. ECF No. 246 ("Opp.") 13. Neither argument has any merit.

*First*, there is no support in case law or legislative history for Plaintiffs' limitless reading of the statute. As discussed in WPP Defendants' motion and further in this reply, all authority is

---

[1] Plaintiffs' opposition was twenty-two (22) pages, exceeding without permission this Court's mandated page limit by two pages. ECF No. 216; S.D. Fl. Local Rule 7.1(c)(2). The Court did not grant excess pages for Plaintiffs' opposition brief. *See* ECF No. 216.

to the contrary.  Plaintiffs' unbounded definition of "trafficking" underscores that WPP Defendants have little, if any, connection to the facts underlying this litigation or to Plaintiffs' claim.

*Second*, WPP Defendants established that the exercise of general or specific jurisdiction in Florida is improper over each of the WPP Defendants—all of which are headquartered and incorporated outside of Florida.  Plaintiffs fail to respond substantively to much of WPP Defendants' personal jurisdiction argument.  Even after conducting extensive and expensive jurisdictional discovery—almost none of which was incorporated into the twice-amended operative complaint—Plaintiffs fail to allege any connection between WPP Defendants and Florida.

WPP Defendants also moved to dismiss the SAC because it improperly attributes conduct to a "WPP Group," which seems to include WPP Defendants, both named and unnamed WPP-related entities, and an unidentified number of third parties.  Plaintiffs fail to identify any legal theory for holding WPP Defendants liable for the acts of each other or of the undefined "WPP Group."  Rule 8(a) does not permit such imprecise group pleading.

Finally, Plaintiffs suggest but offer no support for transferring their claim against WPP Defendants to New York as an alternative to dismissal.  Plaintiffs fail to, because they cannot, explain why transfer would be in the interest of justice when Plaintiffs themselves filed successive complaints here even after learning this Court lacks jurisdiction.  *See, e.g.*, *Howe v. Samsung Elecs. Am., Inc.*, 2018 WL 2212982, at *6 (N.D. Fla. Jan. 5, 2018) (denying transfer as alternative to dismissal where plaintiffs "chose … to file their claims in Florida, to do so through a shotgun pleading, and to hold to that course through multiple amendments").  In addition, the transfer argument appears only in the final two pages, outside the permitted length of the filing.  The Court

should disregard it.  *Pharma Supply, Inc. v. Stein*, 2015 WL 3486469, at *9 (S.D. Fla. June 2, 2015) ("[T]he Court will disregard [pages] … in excess of the length permitted by the local rules.").

## ARGUMENT

### I.   PLAINTIFFS CANNOT DEMONSTRATE THAT WPP, Y&R, AND BCW UNLAWFULLY "TRAFFICKED" IN ALLEGEDLY CONFISCATED PROPERTY

In their motion, WPP Defendants demonstrated that the alleged advertising activity does not qualify as trafficking under the Helms-Burton Act.  *See* ECF No. 229 ("Mot.") 14-18.  In response, Plaintiffs put forward an interpretation of liability under the Helms-Burton Act that is effectively limitless—*any* actor who receives *any* money from a company alleged to be trafficking is, in Plaintiffs' view, liable for trafficking.  They go so far as to claim that the Helms-Burton Act was created to "deprive traffickers of profits related to the trafficked goods, even the secondary, tertiary and more remote traffickers) [sic] who profit from the wrongful seizures."  Opp. 13.

This is simply not true.  There is consequently and unsurprisingly no support in the case law or legislative history for Plaintiffs' argument.  Plaintiffs attempt to rely on *de Fernandez v. Crowley Holdings, Inc.*, 2022 WL 860373, at *2, *5 (S.D. Fla. Mar. 23, 2022) (Gayles, J.), but that case does not support their position.  As WPP Defendants pointed out, Mot. 17, the *de Fernandez* defendants "dock[ed] their ships, load[ed] and unload[ed] containers, and use[d] the Container Terminal's services" at the allegedly confiscated property.  2022 WL 860373, at *2, *5.  The *de Fernandez* defendants thereby "profit[ted] from" trafficking by their direct use of the allegedly confiscated property.  22 U.S.C. § 6023(13)(A)(iii).  The SAC makes no similar allegation that WPP Defendants used the Ramón Rodriguez e Hijos Sociedad en Comandita ("RRHSC") Property nor even that WPP Defendants advertised the Property.  *See, e.g.*, SAC ¶ 14 (alleging WPP Defendants promoted "Cuban Cigar products and the Habanos Brand name").

Plaintiffs also incorrectly rely on *Glen v. American Airlines, Inc.*, 7 F.4th 331 (5th Cir. 2021), as support for their proposition that trafficking need not be connected to the confiscated property. *See* Opp. 13. In *Glen*, the court addressed standing, not the merits of the plaintiff's trafficking argument. *See* 7 F.4th at 335-36. And in *Glen*, defendant American Airlines' activities were not limited to "advertising ... hotels," as Plaintiffs claim. Opp. 13-14. Rather, American Airlines operated a hotel booking website, which allowed customers to reserve rooms directly at hotels located on the allegedly confiscated property. *See Glen*, 7 F.4th at 334. American Airlines' profits were thus a direct result of reservations made at the confiscated property. By contrast, here Plaintiffs do not allege that WPP Defendants' advertising activities allowed individuals to use the confiscated property nor to buy products from that property. Indeed, Plaintiffs do not allege that the advertising referenced the property in any way. Plaintiffs do not even claim that WPP Defendants derived profits from "trafficking"; rather, Plaintiffs appear to argue that WPP Defendants are liable even if they would have been paid regardless of whether a single cigar purportedly produced on the confiscated property was ever sold.

The RRHSC Property is comprised of two decades-old buildings located "at the corner of Calle 23 y 16 (23rd Street and 16th) in Havana, Cuba." Opp. at 2 (citing SAC ¶¶ 1-4). Plaintiffs allege that "Imperial's joint venture partner, Tabacuba ... and 'La Vega' (the Cuban state tobacco leaf monopoly company) have offices in the confiscated RRHSC Property." Opp. at 3 (citing SAC ¶ 2). Plaintiffs do not allege, despite having had three attempts and extensive discovery of WPP Defendants, that Tabacuba or La Vega were clients of any WPP entity; nor do Plaintiffs allege that any WPP entity had any contact with the RRHSC Property or performed any work to market or publicize the RRHSC Property. Their claims against WPP Defendants are based entirely on unnamed WPP "subsidiary advertising agencies'" alleged use of websites to promote tobacco

products that were purportedly "produced, shipped or stored at or from" the RRHSC Property.  *See id.*  No case supports a Helms-Burton Act claim on such attenuated facts.

WPP Defendants also argued in their motion that holding advertising companies liable for marketing activities would implicate First Amendment concerns, Mot. 17-18 (citing *Virginia State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc*., 425 U.S. 748, 760-70 (1976); *Ocheesee Creamery LLC v. Putnam*, 851 F.3d 1228, 1234 (11th Cir. 2017)), and that the doctrine of "constitutional avoidance" counsels against interpreting the Helms-Burton Act to regulate speech, *id.* (citing *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988)).  Plaintiffs respond that "the advertisements and other activities taken by the WPP Defendants are not fully before the court at this time" and that "advertisements which promote the use and purchase of trafficked goods ... are promoting illegal activities."  Opp. 20 (citing *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 389 (1973)).  That argument ignores how the doctrine of constitutional avoidance works.  Plaintiffs' reliance on *Pittsburgh Press* similarly skips the preliminary question:  whether Congress intended the Helms-Burton Act to regulate commercial speech.  The doctrine of constitutional avoidance advises against finding that Congress intended for Helms-Burton to implicate First Amendment activities at all.  *Edward J. DeBartolo Corp.*, 485 U.S. at 575 ("[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress.").

In sum, even assuming the truth of all the SAC's allegations, Plaintiffs identify no recognized statutory interpretation of the Helms-Burton Act, in case law or otherwise, to support their contention that WPP Defendants "trafficked" in the property at issue.  This was Plaintiffs'

third attempt to allege claims against WPP Defendants, and they cannot do so.  The Court should grant WPP Defendants' motion to dismiss *with prejudice*.

## II.     PLAINTIFFS FAIL TO ALLEGE PERSONAL JURISDICTION

WPP Defendants demonstrated that no WPP Defendant comes close to being "essentially at home" in Florida, such that they should be subject to general jurisdiction, and the SAC does not establish that WPP Defendants engaged in conduct in Florida to justify the exercise of specific jurisdiction.  Mot. 5-6.  Plaintiffs do not respond to WPP Defendants' argument that general personal jurisdiction in Florida is unwarranted.  They therefore concede that point.  *See Genterra Grp., LLC v. Sanitas USA, Inc.*, 2021 WL 148887, at *7 (S.D. Fla. Jan. 15, 2021) ("Failing to respond to an argument in a motion to dismiss is equal to conceding that argument.").  Plaintiffs' jurisdictional argument is instead that "the use of U.S.-based internet services run by U.S. companies (Twitter, Instagram and YouTube)" equates to "[c]ommitt[ing] a tortious act" sufficient for specific jurisdiction under Florida's long-arm statute.  *See* Opp. 10, 14-15.  This argument fails.

A wealth of case law confirms that merely accessing globally-available websites or using services maintained by U.S. companies, such as social media platforms, does not create personal jurisdiction in Florida.  *See* Mot. 11.  Plaintiffs refuse to acknowledge these cases and instead claim that using U.S. internet services violates the Cuban Asset Control Regulations ("CACR")*.  See* Opp. 15-16.  Even if Plaintiffs were right about the CACR, the CACR expressly permits U.S. businesses to provide social networking services to Cuban businesses, *see* 31 C.F.R. § 515.578(a)(1), including those controlled by the Cuban government, *see id.* § 515.578(a)(4)(ii)(A).  Further still, Plaintiffs do not explain how the CACR is relevant to personal jurisdiction.  Plaintiffs do not describe any activity taken by WPP Defendants in Florida related to marketing for Corporación Habanos, S.A., a Cuban joint venture ("Habanos") or Imperial Brands plc ("Imperial").  That is not an oversight.  Plaintiffs have had three

opportunities—including one informed by discovery—to explain their claim's relationship to Florida and have not.

Moreover, the Eleventh Circuit has expressly foreclosed Plaintiffs' argument that managing social media accounts counts as "a tortious act" in Florida just because Plaintiffs reside and allegedly suffered injury in Florida. *See Taylor v. Moskow*, 717 F. App'x 836, 841 (11th Cir. 2017) ("[T]he existence of an injury within Florida … is insufficient to support jurisdiction over an out-of-state tortfeasor."). Courts in this District have accordingly declined jurisdiction over defendants sued under the Helms-Burton Act in similar circumstances. *See* Mot. 7-8 (discussing *Del Valle v. Trivago GMBH*, 2020 WL 2733729, at *3 (S.D. Fla. May 26, 2020), *appeal filed*, (11th Cir. June 24, 2020)).

To support their argument that their residence in Florida supports jurisdiction over WPP Defendants, Plaintiffs rely on *Macrotrend Capital Group v. Edwards*, 2019 WL 2106421 (S.D. Fla. Mar. 4, 2019). *See* Opp. 15. *Macrotrend* is inapposite. There, the court held that the exercise of specific jurisdiction over the defendant was proper because, while the defendant did not reside in Florida, he "sen[t] defamatory e-mails to Florida companies and residents using confidential information stolen from Plaintiffs." *Macrotrend*, 2019 WL 2106421, at *4-*5. Thus, in *Macrotrend*, the cause of action arose from specific electronic communications consciously sent into Florida, which then caused injury in Florida. *See id.* Here, Plaintiffs do not allege that WPP Defendants directed any advertising into Florida, let alone advertising related to the facts of this case. Indeed, the Cuban cigar products supposedly being trafficked cannot be sold anywhere in the U.S., including Florida. Jurisdiction does not exist in Florida.

In addition, Plaintiffs fail to adequately respond to WPP Defendants' argument that exercising specific jurisdiction over WPP Defendants would violate due process. Mot. 10.

Plaintiffs appear to argue that jurisdiction in this Court over WPP Defendants is constitutional because, "[a]s *the* Ford Court held, the place of the plaintiff's injury can indeed be the Constitutionally appropriate forum." Opp. 18 (emphasis in original). Plaintiffs claim that, like the *Ford* plaintiffs, WPP Defendants have "deliberately exploited a market" by using U.S.-based social media platforms. Opp. 16-17. But *Ford* confirms that there must be "an affiliation between the forum and the underlying controversy" beyond plaintiff's residence. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021). There is no allegation that WPP Defendants' alleged advertising was directed at Florida, created in Florida, or even seen by Florida residents; without "an affiliation between the forum and the underlying controversy," the exercise of personal jurisdiction must fail for lack of due process. *Id.* at 1025.

Plaintiffs also contend that jurisdiction over WPP (but not BCW or Y&R) is proper under Federal Rule of Civil Procedure 4(k)(2). Plaintiffs assert that, because "WPP … has failed to identify a jurisdiction where it is subject to general jurisdiction, jurisdiction under Rule 4(k)(2) is appropriate," citing to *Oueiss v. Saud*, 2022 WL 1311114, at *12 (S.D. Fla. Mar. 29, 2022) and *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009). Opp. 19. But the *Oueiss* and *Oldfield* courts both *declined* to exercise Rule 4(k)(2) jurisdiction based on the defendants' lack of minimum contacts with the U.S., notwithstanding that neither of those defendants identified a state in which they were subject to general jurisdiction. *Oldfield*, 558 F.3d at 1222; *Oueiss*, 2022 WL 1311114, at *20.

While a defendant can defeat Rule 4(k)(2) jurisdiction by identifying a state in which it would be subject to suit, a defendant is not subject to Rule 4(k)(2) jurisdiction because it does not identify a state in which it is subject to suit. Plaintiffs bear the burden of demonstrating that "exercising jurisdiction is consistent with the United States Constitution and laws." *See* Fed. R.

Civ. P. 4(k)(2).  Moreover, the SAC itself defeats Rule 4(k)(2) jurisdiction.  Plaintiffs allege "Defendant WPP PLC … maintains a principal place of business in New York," SAC ¶ 36, and the Court should not entertain a theory for jurisdiction irreconcilable with Plaintiffs' complaint.

Plaintiffs also fail to adequately allege that any jurisdictional contacts of BCW, Y&R or any other WPP subsidiary may be imputed to WPP.  Plaintiffs argue that WPP Defendants and other unidentified subsidiaries "are part of a complex network that share[s] resources and operate[s] as a single entity," Opp. 4, but this is insufficient as a matter of law to disregard the separate legal existence of unidentified subsidiaries and to impute jurisdictional contacts to WPP, *see* Mot. 9.  Nor do Plaintiffs' claims that WPP, through certain of its subsidiaries, rents office space and employs U.S. residents, Opp. 19, establish this as an "exceptional" case justifying nationwide jurisdiction over a foreign corporation for any suit brought.  The Eleventh Circuit has declined Rule 4(k)(2) jurisdiction in nearly identical circumstances, *see, e.g.*, *Consol. Dev. Corp. v. Sherritt, Inc*., 216 F.3d 1286, 1292-93 (11th Cir. 2000), and the Court should likewise decline jurisdiction here.

## III.   PLAINTIFFS ENGAGE IN IMPROPER GROUP PLEADING THROUGH THEIR USE OF "WPP GROUP"

Throughout the SAC, Plaintiffs lump WPP Defendants together with an indefinite number of nonparties as the "WPP Group."  This practice constitutes impermissible group pleading in violation of Federal Rule of Civil Procedure 8(a), and Plaintiffs plead no basis for attributing the acts of distinct corporate entities to any one of the WPP Defendants.  *See* Mot. 18.

Plaintiffs fail to provide even a rote recitation of a legal theory permitting Y&R, BCW, or WPP to be held liable for the conduct of other distinct corporate entities.  Plaintiffs state—without support—that, "WPP has its subsidiaries operate under various names, and holds itself out as a

single entity is, on its face, clearly deceptive to the public."[2]  Opp. 21.  Read generously, this may

be an attempt to argue that the WPP's organization satisfies the requirement for alleging alter ego

liability.[3]  But the SAC contains no allegations that could form the basis for alter ego liability.

Plaintiffs do not allege that any WPP-related entity engaged in improper or fraudulent conduct

with respect to its corporate form.  Plaintiffs also state that WPP Defendants "are part of a complex

network that share[s] resources and operate[s] as a single entity," Opp. 4, but courts have

consistently disclaimed the idea that liability may be imputed between distinct legal entities merely

because they share resources with one another.  *See Unitedhealthcare of Fla., Inc. v. Am. Renal

Assocs. Holdings, Inc.*, 2017 WL 1832436, at *7 (S.D. Fla. May 8, 2017) (collecting cases); *see

also Hill Dermaceuticals, Inc. v. RX Sols*., 306 F. App'x 450, 454 (11th Cir. 2008) (holding related

corporate entities were not alter egos merely by "shar[ing] directors, profits, and resources").

## CONCLUSION

For the foregoing reasons, the Court should dismiss the SAC as against WPP Defendants

with prejudice.

---

[2] Plaintiffs argue that "[a]ny confusion claimed by the Defendants is a direct consequence of Defendants['] design to obfuscate and conflate corporate identities."  Opp. 21-22.  That is not correct.  WPP Defendants provided documents in jurisdictional discovery showing how these entities fit within the WPP structure.  *E.g.*, ECF No. 173 at 1 ("[T]here is no question that the WPP Defendants provided no services at all to Corporación Habanos, S.A.  Rather, two Spanish companies indirectly owned by WPP plc (but not by Y&R LLC or BCW LLC) provided certain marketing services to Habanos.").  Plaintiffs chose not to use what they learned to add greater precision to their pleadings and are obfuscating their allegations against WPP Defendants to downplay unfavorable facts learned in jurisdictional discovery.  Their inability to adequately allege jurisdiction over any WPP Defendant is apparent on the face of the SAC and warrants dismissal.

[3] "[T]he elements necessary to pierce the corporate veil or establish alter-ego liability [in Florida, Delaware, Pennsylvania, and New York] are essentially the same: (i) domination and control; (ii) improper or fraudulent use of the corporate form; and (iii) injury to the claimant as a result of the fraudulent or improper use of the corporate form."  *In re Fundamental Long Term Care, Inc*., 507 B.R. 359, 373 (Bankr. M.D. Fla. 2014).

Date: June 13, 2022

*s/Naim S. Surgeon*

NAIM S. SURGEON
Florida Bar No. 101682
E-Mail: nsurgeon@stroock.com
**STROOCK & STROOCK & LAVAN LLP**
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 789-9360
Fax: (305) 789-9302

PEDRO FREYRE
Florida Bar No. 192140
E-Mail: pedro.freyre@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Tel: (305) 982-5507
Fax: (305) 374-5095

CHRISTOPHER DAVIES (*pro hac vice*)
E-Mail: christopher.davies@wilmerhale.com
JESSICA LUTKENHAUS (*pro hac vice*)
E-Mail: jessica.lutkenhaus@wilmerhale.com
JOSEPH HUTTON MARSHALL (*pro hac vice*)
E-Mail: hutton.marshall@wilmerhale.com
ASHLEY MCLAUGHLIN LEEN (*pro hac vice*)
E-Mail: ashley.leen@wilmerhale.com
**WILMER CUTLER PICKERING HALE
    AND DORR LLP**
1875 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

CHRISTOPHER CASAMASSIMA (*pro hac vice*)
E-Mail: chris.casamassima@wilmerhale.com
**WILMER CUTLER PICKERING HALE
    AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300

*Attorneys for Defendants WPP PLC, YOUNG &
RUBICAM LLC, and BCW LLC*