UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23287-CIV-GAYLES/OTAZO-REYES

LUIS MANUEL RODRIGUEZ, *et al.*,

    Plaintiffs,

v.

IMPERIAL BRANDS PLC, *et al.*,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions, designated collectively as "Defendants' Motions to Dismiss":

1. Defendant Corporación Habanos, S.A.'s ("Habanos") Motion to Dismiss the Second Amended Complaint (hereafter, "Habanos' Motion to Dismiss") [D.E. 225];

2. Defendant Imperial Brands plc's ("Imperial") Motion to Dismiss the Second Amended Complaint (hereafter, "Imperial's Motion to Dismiss") [D.E. 226];

3. Defendants WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC ("BCW") (WPP, Y&R, and BCW, together, "WPP Defendants")'s Motion to Dismiss the Second Amended Complaint (hereafter, "WPP Defendants' Motion to Dismiss") [D.E. 229]; and

4. Imperial, Habanos, and WPP Defendants (together, "Defendants")'s Motion to Dismiss the Second Amended Complaint (hereafter, "Joint Motion to Dismiss") [D.E. 227].

This case has been referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, "for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." See Paperless Order Referring Case [D.E. 167]. The undersigned held a hearing on Defendants' Motions to Dismiss on July 26, 2022 (hereafter, "Hearing"). For the reasons stated below, the undersigned respectfully recommends that Habanos' Motion to Dismiss [D.E. 225] be GRANTED for improper venue, pursuant to Federal Rule of Civil

Procedure 12(b)(3), and that this action be DISMISSED WITHOUT PREJUDICE to Plaintiffs refiling their action in a proper venue. In light of the foregoing, the undersigned further recommends that Imperial's Motion to Dismiss [D.E. 226], WPP Defendants' Motion to Dismiss [D.E. 229], and the Joint Motion to Dismiss [D.E. 227] be DENIED WITHOUT PREJUDICE AS MOOT.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 6, 2020, Plaintiffs Luis Manuel Rodriguez, Maria Teresa Rodriguez, Alfredo Ramon Forns, Ramon Alberto Rodriguez, Raul Lorenzo Rodriguez, Christina Conroy, and Francisco Ramon Rodriguez ("Plaintiffs") commenced this action against Defendants, asserting claims for violations of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. §§ 6021–6091 (hereafter, "Helms-Burton Act"). See Complaint [D.E. 1]. Following a limited stay of the case, see Paperless Order [D.E. 49], Imperial and the WPP Defendants moved to dismiss the Complaint [D.E. 71, 72, 74]. However, on March 22, 2021, Plaintiffs filed their Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), see Am. Compl. [D.E. 82], thereby mooting Imperial's and the WPP Defendants' Motions to Dismiss the Complaint. See Paperless Order [D.E. 84]. Thereafter, Defendants moved to dismiss the Amended Complaint [D.E. 88, 89, 91, 93]. After conducting court authorized jurisdictional discovery [D.E. 133], Plaintiffs filed a Motion for Leave to Amend the Amended Complaint (hereafter, "Motion to Amend") together with a proposed Second Amended Complaint [D.E. 168, 168-1]. On March 9, 2022, the undersigned granted Plaintiffs' Motion to Amend, see Order [D.E. 207], and Plaintiffs filed their Second Amended Complaint [D.E. 208], thereby mooting Defendants' Motions to Dismiss the Amended Complaint. See Paperless Order [D.E. 209].

In their Second Amended Complaint, Plaintiffs allege that Defendants have trafficked in Plaintiffs' property, which was confiscated by the Cuban government in 1961, and are therefore liable to them under Title III of the Helms-Burton Act, 22 U.S.C. §§ 6081–6085 (hereafter, "Title III"). See

Sec. Am. Compl. [D.E. 208 ¶¶ 3, 19]. Plaintiffs' property consists of a building known as the Partagás factory and a modern mixed-use building adjacent and connected to the Partagás factory (collectively, "the Property"). Id. ¶¶ 1–2. Specifically, Plaintiffs allege that Imperial, through Habanos, other joint-venture entities, and Non-party Tabacuba, has used and continues to use the Property without compensation to or authorization from Plaintiffs. Id. ¶¶ 17–18. These alleged uses include the production and shipment of millions of hand-rolled cigars manufactured and/or processed at the Property and their marketing through online portals on the U.S.-based social media platforms Twitter, YouTube, and Instagram. Id. ¶¶ 17–18, 22–23. Plaintiffs seek to recover from Defendants the money damages allowed by Title III, 22 U.S.C. § 6082(a), plus court costs and reasonable attorneys' fees. Id. ¶¶ 103–04.

Defendants' Motions to Dismiss, filed on April 20, 2022, seek the following relief:[1]

- ➢ Habanos moves to dismiss on the grounds that: venue is improper in the Southern District of Florida; the Foreign Sovereign Immunities Act ("FSIA") divests this Court of subject matter jurisdiction; Plaintiffs have failed to establish that this Court has personal jurisdiction over Habanos; due process prohibits the application of Title III to Habanos; Habanos was not properly served; and, alternatively, a more definite statement is required, see Habanos' Motion to Dismiss [D.E. 225];

- ➢ Imperial moves to dismiss on the grounds that: Plaintiffs have failed to establish that this Court has personal jurisdiction over Imperial; and due process prohibits the application of Title III to Imperial, see Imperial's Motion to Dismiss [D.E. 226];

- ➢ WPP Defendants move to dismiss on the grounds that: Plaintiffs have failed to establish that this Court has personal jurisdiction over the WPP Defendants; and the Second Amended Complaint fails to state a claim, see WPP Defendants' Motion to Dismiss [D.E. 229]; and

- ➢ Defendants jointly move to dismiss on the grounds that: Plaintiffs lack Article III standing; and the Second Amended Complaint fails to state a claim, see Joint Motion to Dismiss [D.E. 227].

---

[1] Pursuant to the government's Supplemental Statement of Interest [D.E. 271], the undersigned has held in abeyance and does not discuss herein Defendants' additional arguments challenging the constitutionality of Title III. See Paperless Order [D.E. 272].

On May 21, 2022, Plaintiffs filed their Responses in Opposition to the Joint Motion to Dismiss, WPP Defendants' Motion to Dismiss, and Imperial's Motion to Dismiss; and on June 9, 2022, Plaintiffs filed their Response in Opposition to Habanos' Motion to Dismiss. See Responses [D.E. 245–47, 263].  On June 13, 2022, Imperial filed its Reply in Support of its Motion to Dismiss [D.E. 264]; Defendants filed their Joint Reply in Support of their Motion to Dismiss [D.E. 265]; and the WPP Defendants filed their Reply in Support of their Motion to Dismiss [D.E. 266]; and on July 1, 2022, Habanos filed its Reply in Support of its Motion to Dismiss [D.E. 267].  Thereafter, the parties filed several Notices of Supplemental Authority [D.E. 269, 276, 277, 280, 283] and responses to same [D.E. 278, 281, 282, 284].

Among the plethora of arguments proffered by Defendants, the undersigned initially addresses Habanos' contention that venue is improper in the Southern District of Florida and its concomitant request for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(3) (hereafter, "Rule 12(b)(3)") and Title 28, United States Code, Sections 1391(f)&(b).  Habanos proposes the District of Columbia, California, and New York as alternative venues where Plaintiffs could have filed their action.  See Habanos' Motion to Dismiss [D.E. 225 at 18].  Habanos argues that, given the dispositive nature of this argument, "[t]he Court need go no further than venue to dismiss this action".  Id. Finding that venue is improper in this district, the undersigned "begins—and ends—[the] analysis with the venue issue." Glen v. Am. Airlines, Inc., No. 19-23994-CIV, 2020 WL 13119933, at *1 (S.D. Fla. May 13, 2020) (citation omitted).

## APPLICABLE LAW

Title 28, United States Code, Section 1391(f) (hereafter, "Section 1391(f)") provides that a civil action against a foreign state may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

4

>    (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
>
>    (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
>
>    (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. §§ 1391(f)(1)-(4).

As noted by Habanos, under Plaintiffs' theory of the case, venue as to Habanos must be governed by Section 1391(f) because Plaintiffs allege that Habanos is an "agency or instrumentality of the Cuban government" under the FSIA, and "Section 1391(f) controls venue in every case where a foreign state is named as a defendant." See Habanos' Motion to Dismiss [D.E. 225 at 14] (quoting Rodriguez v. Pan Am. Health Org., No. 18-cv-24995, 2020 WL 1666757, at *9 (S.D. Fla. Apr. 3, 2020)).[2]

Additionally, venue is generally governed by Title 28, United States Code, Section 1391(b) (hereafter, "Section 1391(b)"), which provides that a civil action may be brought in:

>    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1391(b)(1)-(3).

---

[2] The FSIA defines a "foreign state" to include an agency or instrumentality of a foreign state. See 28 U.S.C. § 1603(a). In the Second Amended Complaint, Plaintiffs allege that, "[p]ursuant to Fed. R. Civ. P. 4(j)(1) and 28 U.S.C. § 1608, as an agency or instrumentality of the Cuban government, Habanos is properly served by 'Serving a Foreign, State, or Local Government.'" See Sec. Am. Compl. [D.E. 208 ¶ 43].

Rule 12(b)(3) authorizes a party to move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). In such a circumstance, Title 28, United States Code, Section 1406(a) (hereafter, "Section 1406(a)") provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Pursuant to Section 1406(a), "it is in the sound discretion of a district court to determine if it 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Pac. Solar Energy, S.A. de C.V. v. United States Dep't of the Treasury, No. 16-25324-CV, 2017 WL 6730069, at *5 (S.D. Fla. Dec. 29, 2017) (citing 28 U.S.C. § 1406(a)).

## DISCUSSION

Habanos argues that the Second Amended Complaint fails to establish that venue is proper in this district under either Section 1391(f) or Section 1391(b).[3] Specifically, Habanos relies for its venue arguments on Sections 1391(f)(1), (b)(2), and (f)(4), and Plaintiffs limit their response accordingly. See Habanos' Motion to Dismiss [D.E. 225 at 14–18]; Response [D.E. 263 at 3–6]. Initially, the undersigned notes that venue is evidently improper in the Southern District of Florida under Section 1391(f)(4), as that section provides for venue against a foreign state or political subdivision thereof in the District of Columbia. Moreover, as discussed below with regard to Sections 1391(f)(1) and 1391(b)(2), the undersigned concludes that venue is improper in the Southern District

---

[3] Although the other Defendants did not move to dismiss for improper venue, Habanos' venue argument is dispositive as to all Defendants, as more fully discussed below. See, e.g., Habanos' Motion to Dismiss [D.E. 225 at 15–18] (discussing impropriety of venue in the Southern District of Florida as to all Defendants). The parties also had an opportunity at the Hearing to present their arguments about venue in this district and their respective positions on transferring or dismissing the case. See, e.g., Corrected Hearing Tr. [D.E. 285 at 10:25–17:21, 49:7–50:16, 92:5–93:8, 110:11–19, 144:4–146:20]. Thus, the Court may also consider dismissal of this case *sua sponte* for lack of venue as to the non-moving Defendants. See Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc., 432 F.3d 1343, 1345 (11th Cir. 2005) ("[W]hile a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so 'without first giving the parties an opportunity to present their views on the issue.'") (quoting Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988)).

of Florida under those venue provisions. Finally, as further discussed, the undersigned finds that transfer of this case is not warranted, and that it should be dismissed without prejudice pursuant to Rule 12(b)(3).

1. ***Whether venue lies in the Southern District of Florida under Sections 1391(f) or 1391(b).***

Habanos argues that Plaintiffs cannot satisfy the requirements of Section 1391(f)(1), which mandate that "a substantial part of the events or omissions giving rise to the claim occurred" in this district, because the Second Amended Complaint "alleges *no* event or omission in the [Southern District of Florida] giving rise to [the Helms-Burton Act] claim; to the contrary, its allegations foreclose venue here." See Habanos' Motion to Dismiss [D.E. 225 at 14]. Habanos further argues that, in the event that Habanos is not an agency or instrumentality of Cuba and the FSIA does not apply, Plaintiffs cannot satisfy the similar standard set forth in Section 1391(b)(2), the provision pursuant to which Plaintiffs allege that venue in this district is proper as to all Defendants. Id.; see also Sec. Am. Compl. [D.E. 208 ¶ 71] (alleging that "a substantial part of the events or omissions giving rise to Plaintiff[s'] claims occurred in the Southern District of Florida"). In support of its argument that Plaintiffs fail to satisfy the requirements for venue in this district under the similar standards of Section 1391(f)(1) and Section 1391(b)(2), Habanos proffers the following six reasons:

1. Twitter, YouTube, and Instagram—the online portals via which Defendants purportedly marketed Habanos' products—are located in California, not the Southern District of Florida;

2. Marketing on globally accessible websites is insufficient to establish venue in any district;

3. The Second Amended Complaint does not allege that marketing by any other means took place in the Southern District of Florida;

4. The Second Amended Complaint alleges that Y&R and BCW have their principal places of business in New York and that WPP is co-headquartered in New York and London, and the WPP Defendants did not engage in any acts in the Southern District of Florida related to Plaintiffs' claim;

5. The WPP Defendants' use of general, back-end networking and other technological services are not alleged to have anything to do with the Southern District of Florida; and

6. Plaintiffs' residence in the Southern District of Florida does not establish venue. See Habanos' Motion to Dismiss [D.E. 225 at 15–17] (citations omitted).

In their Response, Plaintiffs largely focus on personal jurisdiction, arguing that a claim under the Helms-Burton Act is in the nature of an intentional tort and that, in this case, the "specific conduct at issue is the promotion and advertisement of Habanos' products via U.S. internet services operated by U.S. corporations (co-defendants [Y&R] and BCW) who maintained offices in Miami, Florida." See Response [D.E. 263 at 4–5]. Thus, according to Plaintiffs, Habanos "deliberately entered Florida in order to further its unlawful conduct." Id. at 5. Plaintiffs reiterated this position at the Hearing. See Corrected Hearing Tr. [D.E. 285 at 41:17–21] ("[T]hese activities were directed specifically towards [the] United States, and specifically the Southern District of Florida where the Cuban diaspora, the largest support for the Cuban diaspora exists now."). However, these arguments do not address the propriety of venue in this district. Although personal jurisdiction and venue are closely related, "[v]enue is distinct from jurisdiction", and "[v]enue may be proper or improper, independent of questions of subject matter or personal jurisdiction." Driscoll v. New Orleans Steamboat Co., 633 F.2d 1158, 1159 n.1 (5th Cir. 1981); see also Fed. Trade Comm. v. Alternatel, Inc., No. 08-21433-CIV, 2008 WL 11333090, at *3 (S.D. Fla. Oct. 27, 2008) ("It has long been recognized that the question of a federal court's competence to exercise personal jurisdiction over a defendant is distinct from the question of venue.").

As noted above, to lay venue in this district under Section 1391(f)(1) and Section 1391(b)(2), Plaintiffs must allege that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Florida. 28 U.S.C. §§ 1391(f)(1) & (b)(2). "[C]ourts have required extensive events or omissions giving rise to a claim to occur in the forum in order for venue to be appropriate under [Section 1391(f)(1)]." Segal v. PEMEX, No. 8:05-cv-2390-T-26MAP, 2009 WL 10670372, at *3 (M.D. Fla. Feb. 9, 2009). Similarly, the venue analysis under Section 1391(b)(2)

"focuses on whether a substantial part of the events or omissions giving rise to the claim occurred in this district" as well as on the "relevant activities of the defendant, not of the plaintiff." Robey v. JPMorgan Chase Bank, N.A., 343 F. Supp. 3d 1304, 1314 (S.D. Fla. 2018) (quotation marks and citations omitted); see also Silver v. Karp, No. 14-80447-CIV, 2014 WL 4248227, at *3 (S.D. Fla. Aug. 27, 2014) ("[T]he Eleventh Circuit has stated that 'only the events that directly give rise to a claim are relevant' and that 'of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered.'") (quoting Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003)). Plaintiffs allege, in relevant part: that Non-party Tabacuba and Habanos used the Property in Cuba to manage, produce, store, and ship hand-rolled cigars and other tobacco products without authorization from Plaintiffs; that Imperial and Habanos marketed and publicized Habanos' products; that Imperial and Non-party Tabacuba retained agents to market and publicize Habanos' products, including WPP through its advertising agency subsidiaries, Y&R and BCW; and that these entities established social media accounts on Twitter, YouTube, and Instagram to facilitate the marketing of Habanos' products. See Sec. Am. Compl. [D.E. 208 ¶¶ 78–79, 82]. However, Plaintiffs do not allege that any of the Defendants undertook these alleged activities in the Southern District of Florida.

Thus, the allegations in the Second Amended Complaint "reveal[] that no events giving rise to the claim[] occurred in this District and, as a consequence, venue does not properly lie" here under Section 1391(f)(1) or Section 1391(b)(2). Segal, 2009 WL 10670372, at *3; see also Robey, 343 F. Supp. 3d at 1317 ("Plaintiffs have not satisfied their burden of establishing transactional venue under § 1391(b)(2).").

2. ***Whether this case should be dismissed for improper venue or transferred.***

Given that venue in this district is improper, the undersigned next considers whether the case should be "dismiss[ed], or if it be in the interest of justice, transfer[red] . . . to any district or division

9

in which it could have been brought." See 28 U.S.C. § 1406(a). When assessing whether to transfer a case, some courts interpret the language in 28 U.S.C. § 1406(a) to require that the transferee district have "subject matter jurisdiction over the action, [that] venue is proper [in the transferee district], and [that] the parties are amenable to service of process [there]." Glen, 2020 WL 13119933, at *3 (internal quotation marks omitted) (citing Hight v. United States Dep't of Homeland Security, 391 F. Supp. 3d 1178, 1183–84 (S.D. Fla. June 23, 2019)). Other courts interpret the statute to require that both venue and personal jurisdiction are proper in the transferee district. See Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc., 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009) (citing Hoffman v. Blaski, 363 U.S. 335, 344 (1960)).

Significantly, the propriety of venue in the transferee district is fundamental under both standards. At the Hearing, Plaintiffs argued that "New York may be the appropriate venue, as opposed to [the District of Columbia], as the agents acting on behalf of Habanos are also in New York". See Corrected Hearing Tr. [D.E. 285 at 49:17–19]. However, Imperial stated that it does not consent to a transfer and argued that "there is no basis for a transfer as to Imperial"; and the WPP Defendants argued that transfer to New York would be futile. Id. at 92:5–11, 145:1–3.

Although the undersigned is cognizant that "[t]he interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it", see Silver, 2014 WL 4248227, at *5 (quoting Hemispherx Biopharma, 669 F. Supp. 2d at 1359), Plaintiffs' Second Amended Complaint is devoid of allegations affirmatively establishing that venue would be proper in New York. In fact, Plaintiffs "do not allege [that] any of Defendants' purported tortious conduct occurred" in New York, Silver, 2014 WL 4248227, at *5, or that a substantial part of the events or omissions giving rise to the claim occurred in New York for venue purposes under Section 1391(f)(1) or Section 1391(b)(2). Therefore, the undersigned "is not prepared to transfer the case to another district where venue in that district is not affirmatively established in the [Second Amended]

10

Complaint." Silver, 2014 WL 4248227, at *5.

In their Response, Plaintiffs also contend that "[d]ismissal of th[is] action would materially prejudice [them] as they would be barred from asserting claims for trafficking that occurred more than two years prior to the date of commencing [the] new action". See Response [D.E. 263 at 6] (citing 22 U.S.C. § 6084). Specifically, Plaintiffs state that "[s]ince the action was first commenced, Imperial has divested itself of its interest in Habanos, and it is unknown if Y&R or BCW have continued to traffic in the last two years." Id. at 6 n.6. Thus, they argue that "[j]ustice requires that if venue is inappropriate [in this district], the Court transfer the action to a court of proper venue". Id. at 6. Although Title 22, United States Code, Section 6084 provides that "[a]n action under [the Helms-Burton Act] may not be brought more than 2 years after the trafficking giving rise to the action has ceased to occur", Plaintiffs have represented, both in the Second Amended Complaint and at the Hearing, that Defendants' use of the Property has continued. See, e.g., Sec. Am. Compl. [D.E. 208 ¶¶ 10–11, 80]; see also Corrected Hearing Tr. [D.E. 285 at 124:22–25] ("So I think there is plenty of allegations in the [S]econd [A]mended [C]omplaint . . . that makes it clear that the trafficking is ongoing to today."). Given Plaintiffs' posture that the alleged trafficking is ongoing, their prejudice claim is insufficient to warrant transfer of this action.

## **RECOMMENDATION**

In accordance with the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Habanos' Motion to Dismiss [D.E. 225] be GRANTED pursuant to Rule 12(b)(3); that this action be DISMISSED WITHOUT PREJUDICE to Plaintiffs refiling their action in a proper venue; and that Imperial's Motion to Dismiss [D.E. 226], WPP Defendants' Motion to Dismiss [D.E. 229], and the Joint Motion to Dismiss [D.E. 227] be DENIED WITHOUT PREJUDICE AS MOOT.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date

of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 2nd day of November, 2022.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:      United States District Judge Darrin P. Gayles
         Counsel of Record