UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-23287(DPG)(AMO)

LUIS MANUEL RODRIGUEZ, et al.,

                          Plaintiffs,

    v.

IMPERIAL BRANDS PLC, et al.,

                          Defendants.

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND
PLAINTIFFS' OBJECTIONS TO THE
REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiffs, by and through undersigned counsel, hereby respectfully move this Court grant Plaintiff's leave to amend their previously filed timely Objections (the "Objections" [D.E. 287]) to the Honorable Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation dated November 2, 2022 (the "R&R" [D.E. 286]) dismissing the Second Amended Complaint ("SAC" [D.E. 208]), and state as follows:

## PROCEDURAL BACKGROUND[1]

On November 2, 2022, Magistrate Judge Alicia M. Otazo-Reyes issued her R&R recommending dismissal of the action without prejudice against all Defendants due to the alleged improper venue for Defendant Corporación Habanos, S.A. ("Habanos"). Habanos, in its motion, argued, *inter alia,* that venue was improper as Habanos was served with process under the Foreign Sovereign Immunity Act as an extension of the Cuban government[2], and as such, venue was only proper in either California, the District of Columbia or New York. [D.E. 225 at 18]. The Magistrate recommended that Habanos' Motion to Dismiss be granted (without prejudice) for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and that the action against all the remaining defendants be dismissed (without prejudice) - notwithstanding that the remaining defendants had waived venue by not raising the issue in their motions to dismiss. R&R at 2-3, 6 n.3. As the R&R dismissed the defendants on the basis of venue, the R&R did not rule on any of the other issues raised in the defendants' motions to dismiss, including issues pertaining to personal jurisdiction.

On November 16, 2022, Plaintiffs filed their Objections [D.E. 287] focusing on two points:

---

[1] The following is an abbreviated version of the facts and as such does not encompass all of the allegations in the SAC. The omission of any fact and/or allegation found in the SAC is not intended waive or put in to dispute such allegation.

[2] Habanos also explicitly denied that it was/is an extension of the Cuban government.

1

(1) the Magistrate erred in dismissing the remaining (other than Habanos) defendants due to improper venue as (i) the remaining defendants waived venue and (ii) even had the defendants not waived venue it was improper to *sua sponte* rule on venue without providing the parties an opportunity to submit argument; and (2) that in the alternative, if venue was found to be improper for the remaining defendants, the Magistrate erred by not transferring the case to the Southern District of New York as the Second Amended Complaint sufficiently alleges that (i) venue is appropriate in the Southern District of New York and (ii) that Plaintiffs stand to be substantially prejudiced if the action were dismissed and the case required to be re-filed.

On November 21, 2022, Defendants moved for an extension of time to file their response to the Objections [D.E. 288] and on November 22, 2022, the Court, by paperless order granted defendants' motion and extended Defendants time to file their response to the Objections on or before December 7, 2022 [D.E. 291][3]. On the same date, November 22, 2022, the 11th Circuit Court of Appeals published their decision in *Del Valle v. Trivago GMBH*, 20-12407, 2022 WL 17101160 (11th Cir. Nov. 22, 2022). Similar to the instant action, *Del Valle* revolves around claims asserted under the Helms-Burton Act (the "HBA") and bears directly on the instant Action. More to the point, the ruling in *Del Valle* directly addresses the issue discussed by the Magistrate in her R&R, as well as the arguments in the underlying motions to dismiss, and supports Plaintiffs' contentions that the Magistrate erred in her decision. In light of the *Del Valle* ruling, Plaintiffs wish to amend their R&R as set forth herein.

---

[3] A meet and confer was held on November 29, 2022 and the Defendants declined to agree to the relief requested herein. Although the instant motion may effect Defendants' anticipated response to the Objections, Defendants were made aware of this motion and the relief sought.

**LEGAL ARGUMENT**

I. **THE COURT MAY CONSIDER THE OBJECTIONS SET FORTH IN THIS MOTION**

The deadline imposed by Fed. R. Civ. P. 72(b)(3) is not jurisdictional, and a Court may consider late objections. *Kruger v. Apfel*, 214 F.3d 784, 786–87 (7th Cir. 2000). Further as demonstrated by this Court in its November 22, 2022 order, the Court may extend the deadlines set forth in Fed. R. Civ. P. 72 including the deadline to submit objections. In the instant matter, the Plaintiffs respectfully request that the Court extend Plaintiffs' time to submit objections to the R&R based on the new legal precedent set forth in the *Del Valle* case. Filing a Notice of Supplemental Authority would be insufficient as a Notice of Supplemental Authority is limited to 200 words, under Local Rule 7.8. Furthermore, granting the instant motion does not prejudice the Defendants at all – Defendants will still have an opportunity to file their response to the Objections as amended.

II. **PLAINTIFFS' AMENDMENTS/SUPPLEMENT TO THE OBJECTIONS**

Plaintiffs seek to amend the Objections in two respects. *First*, in light of the Objections and the decision in *Del Valle*, Plaintiffs respectfully request that, upon recognizing the validity of the Plaintiffs' Objections, the Court remand the matter back to the Magistrate for further consideration and to review the matter in accordance with the ruling set forth in *Del Valle*, and that the Court allow the parties to submit an additional briefing based on the ruling in *Del Valle*[4].

Second, Plaintiffs seek to clarify Plaintiffs' objection to the Magistrate's recommendation that the action be dismissed and not transferred to the Southern District of New York. While

---

[4] The additional briefing is necessary as a Notice of Supplemental Authority under Local Rule 7.8 is limited to 200 words, which is insufficient to properly explore the effect of the Del Valle case.

Plaintiffs continue to maintain that the R&R is in error, Plaintiffs' request to transfer to the Southern District of New York should be considered as a request in the alternative only in the event that the Court either agrees with the Magistrate's finding as to venue for the remaining defendants, or in the alternative that the Court, upon de novo review, finds jurisdiction to be lacking over the remaining defendants.

## CONCLUSION

Wherefore, Plaintiffs respectfully request that the Court amend the Plaintiffs' Objections to incorporate the amendments stated herein.

| | |
|---|---|
| **RODRIGUEZ TRAMONT & NUÑEZ P.A.** | **BERENTHAL & ASSOCIATES, P.A.** |
| By:    /s/ Paulino A. Núñez Jr. | By::    /s/ David W. Berenthal |
| Paulino A. Núñez Jr. | David W. Berenthal |
| Florida Bar No. 814806 | Florida Bar No. 159220 |
| Primary email: pan@rtgn-law.com | E-mail: dwb@berenthalaw.com |
| 255 Alhambra Circle | 255 Alhambra Circle |
| Suite 1150 | Suite 1150 |
| Coral Gables, FL 33134 | Coral Gables, FL 33134 |
| Telephone: (305) 350-2300 | Telephone: (212) 302-9494 |

**CERTIFICATE OF GOOD FAITH CONFERENCE;**
**CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsels for the movant have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but have been unable to resolve the issues.

                                              /s/ David W. Berenthal
                                                 David W. Berenthal, Esq.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing to all counsel and parties of record.

                                               /s/ David W. Berenthal
                                               David W. Berenthal, Esq.