UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23287-GAYLES/OTAZO-REYES

**LUIS MANUEL RODRIGUEZ, et al.**,

    Plaintiffs,

v.

**IMPERIAL BRANDS PLC, et al.**,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendant Corporación Habanos, S.A.'s ("Habanos") Motion to Dismiss the Second Amended Complaint [ECF No. 225]; Defendant Imperial Brands plc's ("Imperial") Motion to Dismiss the Second Amended Complaint [ECF No. 226]; Defendants WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC's ("BCW") (collectively, the "WPP Defendants") Motion to Dismiss the Second Amended Complaint [ECF No. 229]; and Imperial, Habanos, and WPP Defendants' (collectively, the "Defendants") Motion to Dismiss the Second Amended Complaint [ECF No. 227]. Defendants' Motions to Dismiss, [ECF Nos. 225, 226, 227, 229], were referred to Magistrate Judge Alicia M. Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation. [ECF No. 167]. Judge Otazo-Reyes held a hearing on Defendants' Motions to Dismiss on July 26, 2022, [ECF No. 273], and on November 2, 2022, she issued her Report and Recommendation. ("Report"), [ECF No. 286]. Plaintiffs timely objected to the Report (the "Objections"), [ECF No. 294], and Defendants filed responses to the Objections, [ECF Nos. 295, 296].

I. **BACKGROUND**[1]

Plaintiffs Luis Manuel Rodriguez, Maria Teresa Rodriguez, Alfredo Ramon Forns, Ramon Alberto Rodriguez, Raul Lorenzo Rodriguez, Christina Conroy, and Francisco Ramon Rodriguez (collectively, the "Plaintiffs") filed this action following the Trump Administration's activation of Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. § 6021, *et seq.* (the "Helms-Burton Act"). Plaintiffs seek compensation under the Helms-Burton Act from Defendants, alleging that they have profited from using property in Cuba that Plaintiffs owned before the Cuban revolution.

Plaintiffs' property consists of a building known as the Partagás factory and a modern mixed-use building adjacent to the Partagás factory (the "Confiscated Property"). Plaintiffs allege that Defendants trafficked in the Confiscated Property in violation of the Act. Plaintiffs claim that Defendants have used and continue to use the Confiscated Property without compensation or authorization from Plaintiffs. These uses include the production and shipment of millions of hand-rolled cigars manufactured and processed at the Confiscated Property and their marketing through online portals on the United States-based social media platforms Twitter, YouTube, and Instagram.

As fully detailed in the Report, the parties' roles in the alleged trafficking scheme are as follows: Habanos and non-party Tabacuba, the Cuban tobacco monopoly company, used the Confiscated Property in Cuba to manage, produce, store, and ship hand-rolled cigars and other tobacco products without authorization from Plaintiffs; Imperial and Habanos marketed and publicized Habanos' products; Imperial and Tabacuba retained agents to market and publicize Habanos' products, including WPP through its advertising agency subsidiaries, Y&R and BCW;

---

[1] The Court incorporates the Report's Procedural and Factual Background. [ECF No. 286 at 2–4].

and Defendants established social media accounts on Twitter, YouTube, and Instagram to facilitate the marketing of Habanos' products. [ECF No. 286 at 9].

Following jurisdictional discovery, a hearing on Defendants' Motions to Dismiss, and post-hearing briefing, Judge Otazo-Reyes issued her Report. The Report recommends dismissal as to all Defendants because venue is not proper in the Southern District of Florida and because the Second Amended Complaint does not contain sufficient allegations to transfer the action to a particular district. [ECF No. 286]. In particular, the Report made the following findings:

I. Venue is improper in the Southern District of Florida under 28 U.S.C. § 1391(f)(4), as that section provides for venue against a foreign state or political subdivision thereof in the District of Columbia;

II. Under 28 U.S.C. §§ 1391(f)(1) and 1391(b)(2), venue is improper in the Southern District of Florida because Plaintiffs do not allege that any of the Defendants undertook these alleged activities in the Southern District of Florida; and

III. Transfer of this case to New York is not warranted, and it should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because Plaintiffs' Second Amended Complaint is devoid of allegations establishing that Defendants' purported tortious conduct occurred in New York, or that a substantial part of the events or omissions giving rise to the claims occurred in New York for venue purposes under 28 U.S.C. §§ 1391(f)(1) or 1391(b)(2).

*Id.* at 6–7.

Plaintiffs do not object to the Report's finding that venue in the Southern District of Florida is improper as to Habanos. However, in their Objections, Plaintiffs argue that Judge Otazo-Reyes erred by (1) recommending dismissal against the Imperial and the WPP Defendants because they

3

waived venue and only Habanos moved to dismiss for improper venue; (2) raising the issue of venue *sua sponte* as to Imperial and the WPP Defendants; (3) not addressing all of Imperial's and the WPP Defendants' arguments for dismissal; and (4) recommending dismissal of the action as to Imperial and the WPP Defendants, rather than transfer of the action against them to the Southern District of New York, as the remedy for improper venue. *See* [ECF No. 294]. In response, Imperial and the WPP Defendants contend that (1) Plaintiffs had fair notice and a full opportunity to oppose dismissal of the entire action; (2) the Report correctly recommends dismissal rather than transfer to another venue; and (3) Plaintiffs' objection that the Court erred by not addressing all their arguments does not constitute a valid objection. [ECF No. 296 at 2–4].

## II.   LEGAL STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## III.   DISCUSSION

In her Report, Judge Otazo-Reyes finds that the Southern District of Florida is not the proper venue for this action and that this case should be dismissed without prejudice. Although Imperial and the WPP Defendants did not move to dismiss for improper venue, Judge Otazo-Reyes found that Habanos' venue argument was dispositive as to all Defendants. [ECF No. 286 at 6 n.

4

3]. However, the Report does not specifically address whether Imperial and the WPP Defendants waived the improper venue issue by failing to raise it in their initial motions to dismiss. *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988). Indeed, the Court may consider dismissal of this case *sua sponte* for lack of venue as to the WPP Defendants as long as the parties are given an opportunity to present their views on the issue. [ECF No. 286 at 6 n. 3]; *Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (citing *Lipofsky*, 861 F.2d at 1259). However, the Eleventh Circuit Court of Appeals held that a district court may dismiss a suit *sua sponte* for lack of venue only "in the absence of a waiver." *Lipofsky*, 861 F.2d at 1259.

Based on its *de novo* review of the record, including the Report, Plaintiffs' objections, and Defendants' responses, this Court agrees with Judge Otazo-Reyes's analysis and finding that venue is improper as to Habanos. However, the Court finds that remand is appropriate to give the Magistrate Judge an opportunity to consider whether Imperial and the WPP Defendants have waived the improper venue issue.

### IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Alicia M. Otazo-Reyes's Report and Recommendation, [ECF No. 286], is **AFFIRMED and ADOPTED in part** and incorporated into this Order by reference;

2. Defendant Habanos' Motion to Dismiss, [ECF No. 225], is **GRANTED**;

3. This matter is **REMANDED** to Magistrate Judge Otazo-Reyes for further proceedings and a report and recommendation as to whether Defendant Imperial and the WPP Defendants waived the defense of improper venue. The Magistrate

Judge may address other issues if warranted; and

4. This case is **STAYED** pending a Report and Recommendation on the remanded issues.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of March, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record