# WPP – 3

# DECLARATION OF JIM BELLINGHAUSEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUIS MANUEL RODRIGUEZ,
MARIA TERESA RODRIGUEZ, a/k/a
MARIA TERESA LANDA,
ALFREDO RAMON FORNS,
RAMON ALBERTO RODRIGUEZ,
RAUL LORENZO RODRIGUEZ,
CHRISTINA CONROY, and
FRANCISCO RAMON RODRIGUEZ,

Plaintiffs,

v.

IMPERIAL BRANDS PLC,
CORPORACIÓN HABANOS, S.A.,
WPP PLC, YOUNG & RUBICAM LLC,
and BCW LLC, a/k/a BURSON COHN &
WOLFE LLC,

Defendants.

Case No.: 1:20-cv-23287-DPG

## DECLARATION OF JIM BELLINGHAUSEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

I, Jim Bellinghausen, hereby declare under penalty of perjury the truth of the following statements based upon personal knowledge and knowledge gained from the review of corporate records of VML, LLC and Young & Rubicam LLC ("Y&R"), d/b/a VMLY&R ("VMLY&R" or the "Company") and from discussions with others with such knowledge:

1. I am an adult and competent to testify to the matters below. I make this Declaration to set forth discrete facts relevant to Y&R's motion to dismiss the March 22, 2021 Amended Complaint ("Amended Complaint") filed in the above-captioned litigation.

2. I am the North American Chief Financial Officer ("CFO") at VMLY&R. I have knowledge of the matters set forth herein based upon my position at VMLY&R.

3. To the extent information is not based on first-hand knowledge, such information was gathered by: i) conferring with a subject matter expert within the Company; and/or ii) reviewing VMLY&R business records and public information.

1

4. Y&R is a corporation organized under the laws of Delaware and with its headquarters in New York, New York.

5. Y&R is a U.S.-based indirect subsidiary of WPP plc, which is a co-defendant in the above-captioned litigation.

6. Y&R and VML, LLC began doing business as VMLY&R in November 2018. Although the companies remain separate legal entities, I oversee both in my role at VMLY&R.

7. The name and brand Y&R are also used by several distinct and legally separate subsidiaries of WPP plc that operate outside of the U.S. These distinct companies offer marketing services to their customers in, for example, Latin America, Europe, and Asia.

8. None of the distinct, non-U.S. corporate entities that use the Y&R name and brand has been named as a defendant in the above-captioned litigation. The information that I provide in this Declaration applies to VMLY&R, the business for which I serve as CFO, in support of Y&R's motion to dismiss.

## VMLY&R's Minimal Contacts in South Florida

9. VMLY&R has about 1,950 employees across the U.S. as of the end of 2020; about 119 of those employees work in Miami, Florida. Thus, Miami accounts for approximately 6 percent of VMLY&R's nationwide total.

10. Other than the Miami office, VMLY&R maintains a regional group in Miami to oversee its Latin American operations. This group had fewer than 10 employees at the end of 2020.

11. By contrast, about 636 VMLY&R employees sit in VMLY&R's New York office. Thus, New York accounts for approximately 32 percent of the Company's nationwide total headcount.

12. In 2020, VMLY&R's Miami office accounted for less than 5 percent of the Company's total revenue.

13. By contrast, the New York office accounted for almost 20 percent of VMLY&R's total U.S. revenue in 2020.

## Y&R in the United States Performed No Work for Habanos or Imperial

14. In order to prepare this Declaration, I reviewed VMLY&R's billing system and financial reporting system to determine whether either Corporación Habanos S.A. ("Habanos") or Imperial Brands plc ("Imperial") was in the systems as a current or former client, and if so, which VMLY&R office performed work for either company.

15. This billing system and financial reporting system reflect both Y&R's pre-November 2018 data and VMLY&R's post-November 2018 data.

16. I also queried our billing system and financial reporting system to confirm whether VMLY&R Miami had ever had Habanos or Imperial as a client. VMLY&R Miami has not provided service to either Habanos or Imperial. Nor has VMLY&R's Miami office received any revenue from Habanos or Imperial.

17. If a U.S. office of VMLY&R had worked for a client, that client would need to be set up in the financial systems, even if invoicing were undertaken by another office or even by some other WPP-affiliated company. Thus, I am confident that VMLY&R's Miami office did not perform the work at issue in the Amended Complaint in the above-captioned litigation.

18. Similarly, for VMLY&R's offices in the U.S., I used our billing system and financial reporting system to assess whether VMLY&R had ever had Habanos or Imperial as a client. VMLY&R has provided service to neither Habanos nor Imperial. Nor has VMLY&R received any revenue in the U.S. from Habanos or Imperial.

19. I reviewed revenue reports from all U.S.-based VMLY&R offices to determine whether VMLY&R had performed marketing services for products made in or imported from Cuba. Based on my review of our billing system and our financial reporting system, I found no work related to marketing any type of products from Cuba.

20. The conclusions above are based on financial data that goes back more than a decade to 2010. As previously stated, VMLY&R's billing system and financial reporting system include legacy data from Y&R as well as from VMLY&R. I therefore am confident that from 2010 to present, VMLY&R has not performed any work in the U.S. for Habanos or Imperial.

21. Plaintiff's Amended Complaint refers to an e-mail address, press.habanos@yr.com. Am. Compl. ¶ 56. No U.S.-based employees of any WPP-affiliated entities have or have ever had access to send or receive e-mails from the e-mail address, press.habanos@yr.com.

### Prior Marketing Work for Habanos Performed by Distinct Foreign Corporation in Spain

22. I am aware that Plaintiffs filed the Amended Complaint after reading my initial declaration in which I stated that we have confirmed that VMLY&R did not perform marketing work for Habanos or Imperial. In fact, Plaintiffs quote from my initial Declaration for the correct proposition that the name and brand Y&R are also used by several distinct and legally separate subsidiaries of WPP plc that operate outside of the United States.

23. Possibly in response to this fact, Plaintiffs now speculate in their Amended Complaint that marketing work for Habanos and/or Imperial must have been performed by a subsidiary of Y&R or BCW. Am. Compl. ¶ 32. However, Plaintiffs' speculation is not correct.

3

24. During my inquiry into this matter, I have been able to confirm that a distinct foreign corporation called "VMLY&R Madrid S.L." (hereinafter "VMLY&R of Spain") previously had Habanos as a client.

25. VMLY&R of Spain is incorporated pursuant to the laws of Spain and is headquartered in Spain. This foreign corporation has its own employees who work out of offices in Madrid and Barcelona, Spain. It has no offices in the United States.

26. VMLY&R of Spain is not a direct or indirect subsidiary of the U.S.-headquartered company VMLY&R. VMLY&R of Spain is not currently found anywhere in the corporate chain of ownership for VMLY&R.

27. Almost 20 years ago, VMLY&R undertook a corporate restructuring in which Y&R S.L. of Spain, which is now known as VMLY&R of Spain, was moved out from VMLY&R's corporate chain. I have recently reviewed the tax documents dated 2003 that were part of this corporate restructuring.

28. Thus, it is my understanding that between 2003 and the present, Y&R S.L. of Spain and its successor VMLY&R of Spain have existed as indirect subsidiaries of WPP plc. It is also my understanding that VMLY&R of Spain flows up a corporate chain of ownership that leads to WPP plc without ever touching the U.S.-headquartered company VMLY&R or its separate corporate chain. Thus, since 2003, neither Y&R S.L. of Spain nor its successor VMLY&R of Spain has been a subsidiary or parent of either VMLY&R or Y&R.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Executed on April 28, 2021, in Kansas City, Kansas.

_____
Jim Bellinghausen

4