UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-23287-GAYLES

**LUIS MANUEL RODRIGUEZ**, *et al.*,

    Plaintiffs,

v.

**IMPERIAL BRANDS PLC**, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon Defendant Corporación Habanos, S.A.'s ("Habanos") Motion to Dismiss the Second Amended Complaint (hereafter, "Habanos' Motion to Dismiss") [ECF No. 225]; Defendant Imperial Brands plc's ("Imperial") Motion to Dismiss the Second Amended Complaint (hereafter, "Imperial's Motion to Dismiss") [ECF No. 226]; Defendants WPP plc ("WPP"), Young & Rubicam LLC ("Y&R"), and BCW LLC's ("BCW") (WPP, Y&R, and BCW, together, "WPP Defendants") Motion to Dismiss the Second Amended Complaint (hereafter, "WPP Defendants' Motion to Dismiss") [ECF No. 229]; and Imperial, Habanos, and WPP Defendants' Motion to Dismiss the Second Amended Complaint (hereafter, "Joint Motion to Dismiss") [ECF No. 227]. The action was referred to Magistrate Judge Alicia M. Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 234].

On November 2, 2022, Judge Otazo-Reyes issued her Report (the "2022 Report") recommending that Habanos' Motion to Dismiss be granted for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and that Imperial's Motion to Dismiss, WPP Defendants'

Motion to Dismiss, and the Joint Motion to Dismiss be denied as moot. [ECF No. 286]. The Plaintiffs timely objected to the 2022 Report [ECF No. 294]. On March 31, 2023, the Court adopted the 2022 Report as to Judge Otazo-Reyes' finding that venue is improper as to Habanos but remanded the case "for further proceedings and a report and recommendation as to whether Imperial and the WPP Defendants waived the defense of improper venue" and to "address other issues if warranted." [ECF No. 307 at 5–6].

Judge Otazo-Reyes subsequently ordered the parties to brief the issues on remand. [ECF No. 316]. The WPP Defendants and Imperial filed their post-remand briefs on May 19, 2023, [ECF Nos. 318, 319, 320]. Plaintiffs filed their Responses on July 22, 2023, to which Defendants subsequently replied on August 11, 2023. [ECF Nos. 328, 329, 330, 333, 334, 335].

On September 28, 2023, Judge Otazo-Reyes held a Post-Remand Hearing. [ECF Nos. 340, 341]. After the hearing, Plaintiffs filed a Notice of Supplemental Authority to which Defendants responded. [ECF Nos. 342, 343, 344]. On November 28, 2023, Judge Otazo-Reyes entered her Supplemental Report and Recommendation ("Supplemental Report") which vacated the recommendations in her 2022 Report except as to Habanos' Motion to Dismiss. [ECF No. 345]. In her Supplemental Report, Judge Otazo-Reyes recommended that Imperial's Motion to Dismiss and the WPP Defendants' Motion to Dismiss be granted in part for lack of personal jurisdiction and that the Joint Motion to Dismiss be granted in part for failure to state a claim. *Id*. Plaintiffs subsequently filed their objections to the Supplemental Report, and Defendants' filed responses to those objections. [ECF Nos. 347, 350, 351, 352]. Plaintiffs filed their reply is support of the objections to the Supplemental Report on February 2, 2024. [ECF No. 357].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Upon *de novo* review, the Court agrees with Judge Otazo-Reyes' well-reasoned analysis and conclusion that the exercise of personal jurisdiction over Imperial and WPP Defendants would be improper. Given that the Court previously dismissed the claims against Defendant Habanos on improper venue grounds and because the Court finds that it lacks jurisdiction over the remaining defendants, it need not reach Judge Otazo-Reyes' additional recommendations. *See Posner v. Essex*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014) (vacating portion of district court's order addressing merits after finding lack of personal jurisdiction). Defendants' Joint Motion to Dismiss is therefore denied as moot.

## CONCLUSION

After careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes' Supplemental Report and Recommendation, [ECF No. 345], is **ADOPTED in part;** and

(2) Imperial's Motion to Dismiss [ECF No. 226] is GRANTED IN PART for lack of personal jurisdiction;

(3) WPP Defendants' Motion to Dismiss [ECF No. 229] is GRANTED IN PART for lack of personal jurisdiction; and

(4)  The Joint Motion to Dismiss [ECF No. 227] is DENIED as moot.

(5)  This action is DISMISSED without prejudice.

(6)  This case is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE